IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VISHVA DESAI on behalf of herself and others similarly situated,<br>　　Plaintiff,<br><br>　　　　v.<br><br>ADT SECURITY SERVICES, INC.,<br>　　Defendant. | )<br>)　1:11-cv-1925<br>)<br>)<br>)<br>)<br>)<br>)<br>)　JURY DEMANDED<br>) |

## COMPLAINT

## CLASS ACTION

1.　Plaintiff Vishva Desai brings this action against ADT Security Services, Inc. ("ADT") to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.　The defendant corporation has engaged in an annoying and impermissible advertising campaign for its security products, including the making of automatic telephone dialing system and prerecorded/artificial message telephone calls to cellular telephones.

## JURISDICTION AND VENUE

3.　The Court has federal question jurisdiction over the TCPA claims. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

4.　Venue is proper because a substantial portion of the events complained of occurred in this District.

## PARTIES

5.　Plaintiff is an individual who resides in this District.

1

6.     ADT Security Services, Inc. is a Delaware corporation that is engaged in selling, home security systems. It is based in the South Bend, Indiana area, and its registered agent in Illinois is CT Corporation System, Inc., 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

## FACTS

7.     On or about February 27, 2011, at approximately 4:21 central time plaintiff received a telephone call on her cellular telephone, phone number xxx-xxx-9079.

8.     Plaintiff's cellular telephone voice mail answered the call.

9.     The following automated message was then played on plaintiff's voice mail:

[unintelligible] With an alarm system from ADT, you'll have total protection. Soon, because it's obvious that you have an alarm, you significantly reduce the possibility of burglary or [unintelligible] robbery. To get this free in-home system, press 1 now and we can schedule your installation. You just pay the monthly monitoring fee.

Press 1 now. Press 1 now. Press 1 and get protected. Press 1.

10.     The caller identification for the call indicated telephone number (574) 970-0866.

11.     Upon information and belief, based upon the content of the call ADT, or a party authorized by ADT, placed this call. ADT was the intended beneficiary of the advertising included in this call.

12.     Upon information and belief, this call was dialed by a machine, rather than by a human being.

13.     Plaintiff does not have any relationship with ADT.

14.     Upon information and belief, based upon the type of message and equipment used, defendant or some person in defendant's behalf, made more called more than 100 similar calls to cell phones, nationwide, during February 2011.

# COUNT I - TCPA

15. Plaintiff incorporates all paragraphs of this complaint.

16. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice message.

17. The violations of the TCPA were either willful or negligent.

18. Plaintiff and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system and/or artificial or prerecorded voice message.

## Class Allegations

19. Plaintiff brings Count II on behalf of a class, which consists of:

All persons nationwide, who defendant or some person on its behalf called on their cell phone using an automatic telephone dialing system and/or prerecorded voice message, where the recipient phone number had not been provided to the caller prior to the call, where any such call was made between an including March 15, 2007 and March 15, 2011.

20. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

    a. Whether defendant used an automatic telephone dialing system or prerecorded or artificial voice message as those terms are defined in the TCPA and applicable FCC regulations and orders; and

    b. Damages, including whether the violation was willful.

21. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing her claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

22. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

23. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

24. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

25. The identity of the class is likely readily identifiable from defendant's records.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of herself and the class and against defendant that provides the following relief:

      a.      Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

      b.      A permanent injunction prohibiting defendant from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message; and

      c.      Any other relief the Court finds just and proper.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

## JURY DEMAND

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, documents and all other tangible things that relate to plaintiff or the putative class members, or the sending of emails or making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke