IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VISHVA DESAI on behalf of herself and others similarly situated,<br>    Plaintiff,<br><br>    v.<br><br>ADT SECURITY SERVICES, INC.,<br>    Defendant. | 1:11-cv-1925<br><br>Judge Bucklo<br>Magistrate Judge Keys<br><br><br>JURY DEMANDED |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff respectfully requests that, pursuant to both Fed.R.Civ.P. 23(b)(2) and 23(b)(3), this Court certify this case as a class action for the following class of similarly situated persons:

> All persons nationwide, who defendant or some person on its behalf called on their cell phone using an automatic telephone dialing system and/or prerecorded voice message, where the recipient phone number had not been provided to the caller prior to the call, where any such call was made between an including March 15, 2007 and March 15, 2011.

Plaintiff further requests that the Court appoint plaintiff Vishva Desai as the class representative, and Burke Law Offices, LLC as class counsel.

In further support of this motion, plaintiff states:

1. Plaintiff Vishva Desai brings this action against ADT Security Services, Inc. ("ADT") to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. The TCPA, 47 U.S.C. §227(b) prohibits calling cell phones using autodialers and/or prerecorded messages; so-called "robocalls." *Sengenberger v. Credit Control Services, Inc.*, 2010 WL 1791270 (N.D.Ill. May 5, 2010) (Zagel, J.). The TCPA is a strict liability statute, and

1

there is no "bona fide error" defense available, *Hicks v. Client Services, Inc.*, 2009 WL 2365637 (S.D.Fla. June 9, 2009) (summary judgment entered in favor of plaintiff), although there is a "prior express consent" affirmative defense.

3. The defendant home security services company called plaintiff and left a prerecorded message on plaintiff's voice mail.

4. Plaintiffs bring this action on behalf of all persons whose cell phones defendant called using its autodialer or prerecorded message, who, like plaintiff, did not have a preexisting relationship with ADT, and from whom ADT did not have prior express consent to call using such equipment.

5. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met. Plaintiff files this motion to avoid the plaintiff from being "picked off" through a Rule 68 or individual settlement offer, as suggested by some court decisions. *Greisz v. Household Bank*, 176 F.3d 1012 (7th Cir. 1999).

6. Plaintiff requests that the Court either enter and continue this motion or set a briefing schedule sufficiently long so that plaintiff may take discovery.

7. <u>Numerosity</u>. Numerosity is evident through ADT's use of the proscribed equipment, which is designed to contact a large number of individuals through automated, unmanned calling. Joinder is therefore impracticable and satisfy numerosity for certification purposes. Fed.R.Civ.P. 23(a)(1).

8. <u>Common Questions Predominate</u>. There exist common questions of law and fact, which predominate over any individual questions. The class definition ensures that all of class members have identical claims; both factually and legally. Fed.R.Civ.P. 23(a)(2) & 23(b)(3).

9. <u>Typicality</u>. Similarly, the plaintiff's claims are typical of the other class members. All of the claims are based upon a substantially identical set of facts and circumstances. Fed.R.Civ.P. 23(a)(3).

10. <u>Adequacy</u>. Plaintiff and counsel will fairly and adequately represent the class. Plaintiff's interests in this litigation are aligned with those of the class, and they have hired a lawyer experienced in class action and consumer litigation. <u>Exhibit A</u>. Fed.R.Civ.P. 23(a)(4).

11. <u>Defendant's Actions Applicable Generally</u>. The defendant has acted or failed to act on grounds generally applicable to each class member, and it is these generalized actions around which this case revolves. Defendant called each class member, with whom defendant did not have a preexisting relationship, on his or her cellular telephone using an autodialer. Class-wide Injunctive relief under the TCPA 47 U.S.C. §227(b)(3)(A), along with corresponding declaratory relief is therefore appropriate. Fed.R.Civ.P. 23(b)(2). All class members, who are the incorrect party, would benefit from the cessation of these annoying calls and defendant's opt-out policy.

12. <u>Superiority</u>. It is desirable to have this case litigated as a class action because the class mechanism is superior to individual actions. Plaintiffs are not aware of any other cases alleging similar facts against these defendants; likely because the other members of the class are not aware that their rights have been violated. Further, a class action is necessary to determine that defendants' conduct is a violation of law and to redress the class members' statutory damages. Fed.R.Civ.P. 23(b)(3).

13. Because the prerequisites of Fed.R.Civ.P. 23(b)(2) and 23(b)(3) are satisfied, this Court should certify the class. Plaintiffs request that the Court set a briefing schedule for this

motion sufficient to permit time for service of the complaint, discovery and the filing of a supplemental memorandum in support of this motion.

WHEREFORE, plaintiffs respectfully request that this Court certify this case as a class action as to the class defined herein, and appoint plaintiff Vivsha Desai as class representative, and Burke Law Offices, LLC as class counsel.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VISHVA DESAI on behalf of herself and others similarly situated,<br>    Plaintiff,<br><br>v.<br><br>ADT SECURITY SERVICES, INC.,<br>    Defendant. | )<br>)  1:11-cv-1925<br>)<br>)  Judge Bucklo<br>)  Magistrate Judge Keys<br>)<br>)<br>)  JURY DEMANDED<br>) |

## DECLARATION OF ALEXANDER H. BURKE

I am Alexander H. Burke, manager of Burke Law Offices, LLC.

In September 2008, I opened Burke Law Offices, LLC. This firm concentrates on consumer class action and consumer work on the plaintiff side. Since the firm began, it has prosecuted cases for consumers under the Fair Debt Collection Practices Act, Fair Credit Reporting Act, Equal Credit Opportunity Act, Electronic Funds Transfer Act, Illinois Consumer Fraud Act, Truth in Lending Act and the Fair Labor Standards Act, among others. The firm also occasionally accepts mortgage foreclosure defense or credit card defense case. Except for debt collection defense cases, the firm works almost exclusively on a contingency basis.

My legal career began at Edelman, Combs, Latturner & Goodwin, LLC, in Chicago, Illinois, where I spent nearly three years litigating exclusively consumer cases. I estimate that approximately sixty-five percent of those cases were class actions. In 2007, I joined the Law Offices of Keith J. Keogh, Ltd., another consumer rights law firm, where my practice was again limited almost exclusively to consumer class action.

I make substantial efforts to remain current on the law, including class action issues. I attended the National Consumer Law Center Consumer Rights Litigation Conference in 2006, 2007, 2008 and 2009, and was an active participant in the Consumer Class Action Intensive Symposium at each of those conferences. In October 2009, I spoke on a panel of consumer class action attorneys welcoming newcomers to the conference. In addition to regularly attending Chicago Bar Association meetings and events, I am the vice-chair of the Chicago Bar Association's consumer protection section, and in November 2009, I moderated a panel of judges and attorneys discussing recent events and decisions concerning arbitration of consumer claims and class action bans in consumer contracts.

Some notable class actions that I have worked on include:

*Greene v. DirecTV, Inc.*, 2010 WL 1506730 (N.D.Ill. April 14, 2010) (motion to dismiss denied as to class TCPA and FCRA claims); *Donnelly v. NCO Financial Systems, Inc.*, 263 F.R.D. 500 (N.D.Ill. Dec. 16, 2009) Fed.R.Civ.P. 72 objections overruled in toto, --- F.Supp.2d ----, 2010 WL 308975 (N.D.Ill. Jan 13, 2010) (novel class action and TCPA discovery issues decided favorably to class); *Cicilline v. Jewel Food Stores, Inc.*, 542 F.Supp.2d 831 (N.D.Ill. 2008) (FCRA class certification granted); 542 F.Supp.2d 842 (N.D.Ill. 2008) (plaintiffs' motion for judgment on pleadings granted); *Harris v. Best Buy Co.*, 07 C 2559, 2008 U.S. Dist. LEXIS 22166 (N.D.Ill. March 20, 2008) (Class certification granted); *Matthews v. United Retail, Inc.*, 248 F.R.D. 210 (N.D.Ill. 2008) (FCRA class certification granted); *Redmon v. Uncle Julio's, Inc.*, 249 F.R.D. 290 (N.D.Ill. 2008) (FCRA class certification granted); *Harris v. Circuit City Stores, Inc.*, 2008 U.S. Dist. LEXIS 12596, 2008 WL 400862 (N.D. Ill. Feb. 7, 2008) (FCRA class certification granted); aff'd upon objection (Mar. 28, 2008); *Harris v. Wal-Mart Stores, Inc.*, 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. Oct. 10, 2007) (motion to dismiss in putative class action denied); *Barnes v. FleetBoston Fin. Corp.*, C.A. No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072 (D.Mass. Aug. 22, 2006) (appeal bond required for potentially frivolous objection to large class action settlement, and resulting in a $12.5 million settlement for Massachusetts consumers); *Longo v. Law Offices of Gerald E. Moore & Assocs.*, P.C., 04 C 5759, 2006 U.S. Dist. LEXIS 19624 (N.D.Ill. March 30, 2006) (class certification granted); *Nichols v. Northland Groups, Inc.*, case nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 U.S. Dist. LEXIS 15037 (N.D.Ill. March 31, 2006) (class certification granted for concurrent classes against same defendant for ongoing violations); *Lucas v. GC Services, L.P.*, case No. 2:03 cv 498, 226 F.R.D. 328 (N.D.Ind. 2004) (compelling discovery), 226 F.R.D. 337 (N.D.Ind. 2005) (granting class certification); *Murry v. America's Mortg. Banc, Inc.*, case nos. 03 C 5811, 03 C 6186, 2005 WL 1323364 (N.D. Ill. May 5, 2006) (Report and Recommendation granting class certification), aff'd, 2006 WL 1647531 (June 5, 2006); *Rawson v. Credigy Receivables, Inc.*, case no. 05 C 6032, 2006 U.S. Dist. LEXIS 6450 (N.D. Ill. Feb. 16, 2006) (denying motion to dismiss in class case against debt collector for suing on time-barred debts).

I graduated from Colgate University in 1997 (B.A. International Relations), and from Loyola University Chicago School of Law in 2003 (J.D.). During law school I served as an extern to the Honorable Robert W. Gettleman of the District Court for the Northern District of Illinois and as a law clerk for the Honorable Nancy Jo Arnold, Chancery Division, Circuit Court of Cook County. I also served as an extern for the United States Attorney for the Northern District of Illinois and was a research assistant to adjunct professor Honorable Michael J. Howlett, Jr.

I was the Feature Articles Editor of the Loyola Consumer Law Review and Executive Editor of the International Law Forum. My published work includes International Harvesting on the Internet: A Consumer's Perspective on 2001 Proposed Legislation Restricting the Use of Cookies and Information Sharing, 14 Loy. Consumer L. Rev. 125 (2002).

I became licensed to practice law in the State of Illinois in 2003 and the State of Wisconsin in March 2011, and am a member of the bar of the United States Court of Appeals for the Seventh and First Circuits, as well as the Northern District of Illinois, Central District of Illinois, Southern District of Illinois, Eastern District of Wisconsin, Northern District of Indiana and Southern District of Indiana. In 2009-10, I was the vice chair of the Consumer Protection

section of the Chicago Bar Association, and am the chair of that group for the 2010-2011 year. I am also a member of the Illinois State Bar Association, the Seventh Circuit Bar Association and the American Bar Association, as well as the National Association of Consumer Advocates.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Chicago, Illinois
March 21, 2011

                                   Alexander H. Burke