**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

VISHVA DESAI and Philip J. Charvaton behalf )
of themselves and others similarly situated, ) 1:11-cv-1925
    Plaintiffs, )
                               ) Judge Bucklo
v. ) Magistrate Judge Keys
                               )
ADT SECURITY SERVICES, INC., )
    Defendant. ) JURY DEMANDED
                               )

## REPORT OF PARTIES' PLANNING MEETING

**1.**    **Meeting.** Pursuant to FED. R. CIV. P. 26(f), a meeting was held on April 12, 2011

via teleconference attended by:

Alexander H. Burke for plaintiffs, and Michael E. Baughman and John A. Leja for

defendant.

**2.**    **Pre-trial Schedule.** The parties jointly propose to the court the following

discovery plan:

        a. Discovery will be needed on the following subjects:

Plaintiffs will need discovery regarding the nature of the calls to plaintiffs and the

class members, and any defenses claimed by ADT.

Defendant ADT believes that, in addition to the discovery identified by Plaintiffs,

its discovery will include, *inter alia*, the entity responsible for initiating the alleged calls,

whether the calls violated the law, the propriety of class certification, and damages.

        b. Discovery Schedule. Disclosures pursuant to FED. R. CIV. 26(a)(1) to be made

by May 6, 2011.

Defendant ADT believes that discovery should initially be limited to whether ADT is responsible for the calls under the Telephone Consumer Privacy Act's provision dealing with telemarketing through automated messages. ADT believes that it is undisputed (and initial subpoenas have shown) that ADT did not make any of the three calls at issue, and ADT maintains that whoever made the calls had no authority to market ADT's goods or services. As such, ADT believes that it cannot be sued for the calls as it did not "initiate" them. Plaintiffs' theory that ADT can be held liable for the conduct of others who are not acting at ADT's direction or under its control raises a threshold question of whether ADT is a proper party to this case which should be addressed first. Indeed, Plaintiff Charvat already lost this argument in a previous suit against Echostar Satellite, LLC ("Echostar"). That court held that Echostar "should [not] be held vicariously liable" for telemarketing calls made by its authorized retailers. *Charvat v. EchostarSatellite, LLC*, 676 F.Supp.2d 668, 676 (S.D. Ohio 2009).The case was appealed to the Sixth Circuit which referred the case to the FCC for further proceedings. Thus, the FCC is now considering issues about when a third party can be found to have "initiated" a call under the TCPA, and has not already decided the issue as plaintiffs claim. (The portion of a 1995 FCC Memorandum relied upon by plaintiffs was limited to a TCPA exemption for non-profit institutions; it did not address the general liability of parties for calls made on their behalf in violation of the TCPA. Moreover, whoever made the calls at issue here was not ADT's "agent" and was not acting on ADT's behalf, and had no authority to promote ADT's goods and services through the alleged telemarketing.) Finally, ADT has not violated any provision of its consent decree with

the FTC and, more pertinent for present purposes, plaintiffs have no standing to enforce that order. The answer to who, in fact, made the phone calls may also raise issues as to whether the plaintiff has joined necessary and/or indispensable parties under Rule 19, and whether the Court has jurisdiction over those entities to adjudicate the claims. Therefore, ADT believes that discovery should initially be limited to the issue of what persons or entities made the calls at issue and what, if any, connection those entities have to ADT. ADT believes that full blown (expensive) discovery as to ADT's general telemarketing practices is irrelevant and class certification is irrelevant, at least until it is shown that ADT is a proper party. ADT proposes that such discovery directed at the entity that initiated the calls, which has already commenced, be completed by September 1, 2011, at which point ADT anticipates that it will file a Motion for Summary Judgment on the issue of whether it is a proper party and any other ripe issues. If the anticipated Motion is denied, ADT believes that discovery on the remaining issues should commence.

Plaintiffs oppose any bifurcation or sequencing of discovery. First, sequencing discovery always creates more problems than it solves. Parties inevitably bicker more and file more motions in such cases than in cases where all discovery goes forward at once.

Second, ADT's reasoning for bifurcation is incorrect. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum Opinion and Order, 10 FCC

Rcd 12391,12397 ¶ 13 (1995) ("1995 Order"). Thus, "[c]allsplaced by an agent of a telemarketer are treated as if the telemarketer itself placed the call." Id. ADT's contention that it is not liable for these calls is incorrect. This FCC order is binding upon the parties, and is not reviewable by this Court. *CE Design, Ltd. v. Prism Business Media, Inc.*, 606 F.3d 443, 446 (7th Cir. 2010).Furthermore, ADT has known for years that its marketing partners have been bringing in customers through improper robocalls. In 2007, ADT entered into a consent decree with the FTC, whereby ADT paid a $2 million civil penalty, and agreed to monitor all of its marketing partners to make sure none of them were making impermissible robocalls. Despite this consent decree, the robocalls continue. Part of plaintiffs' discovery, and part of what ADT seeks to delay, is aimed at learning what ADT knew about these robocalls and what it did, if anything, to stop them. Discovery should not be bifurcated.

The parties agree that all discovery should be commenced in time to be completed by April 30, 2012.

c. <u>Depositions</u>. The plaintiffs expect they will need approximately 10 depositions, but may need more depositions depending upon information received from ADT and third parties. ADT does not yet know how many depositions it will need to conduct because it is unclear who made the calls at issue in the complaint or what their connection (if any) is to ADT. Further, if discovery is permitted to proceed beyond the identity of the person or entities that initiated the calls at issue in the complaint, the scope of discovery will depend on the plaintiffs' class theories, which have not yet been clearly articulated.

d. Experts. Reports from retained experts under Rule 26(a)(2) should be duefrom the party bearing the burden of proof as to the issues therein by May 30, 2012, response by June 30, 2012.

e. Dispositive and Class Certification Motions. Plaintiffs' Motion for Class Certification should be filed by December 1, 2011. The Court may schedule a hearing on the issue of class certification. ADT reserves the right to file a motion to strike the class allegations earlier. All other potentially dispositive motions should be filed by August 30, 2012, but may be filed earlier at the discretion of the parties.

f. Final pretrial order.Plaintiffswill prepare a proposed draft of the Final Pretrial Order by August 3, 2012; and the parties will file the Joint Final Pretrial Order by October 31, 2012.

g. Trial. The case should be ready for trial by November 30, 2012. Plaintiffs state that trial at this time is expected to take approximately four days. Defendant cannot reasonably estimate the time needed for trial at this time because it is unclear what issues would be tried.

**3. Settlement.** At least 14 days prior to the Rule 16(b) scheduling conference, plaintiffs are directed to make a written settlement demand to the defendant(s). At least 7 days prior to the scheduling conference defendant(s) is to respond in writing to the plaintiffs' settlement demand.

**4. Consent.** Parties do not consent unanimously to proceed before a Magistrate Judge.

Date: May 4, 2011

/s/ Alexander H. Burke


Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

/s/ John A. Leja

John A. Leja
Polsinelli Shughart PC
161 N. Clark Street, Suite 4200
Chicago, IL 60601
(312) 873-3670
(312) 819-1910 *facsimile*
Email: jleja@polsinelli.com

Of counsel:
Robert L. Hickok
Michael E. Baughman
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000
(215) 981-4750 *facsimile*
Email: hickokr@pepperlaw.com
          baughmanm@pepperlaw.com