# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1925 | **DATE** | 7/18/2011 |
| **CASE TITLE** | Desai vs. ADT Security Services, Inc. | | |

**DOCKET ENTRY TEXT**

Motion by defendant ADT Security Services, Inc. to dismiss Plaintiff's Amended Complaint [28] is denied. Ruling set for 7/19/11 is now vacated.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiffs Vishva Desai ("Desai") and Philip Charvat ("Charvat") sued ADT Security Systems ("ADT") for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that they received unsolicited pre-recorded telephone calls promoting ADT's products. Plaintiffs do not maintain that the calls were necessarily made by ADT. Instead, they allege that the calls were made "by or on behalf of ADT, and/or with ADT's knowledge, consent, approval and/or acquiescence." Compl. at 2. They argue that, so long as the calls were made on ADT's behalf, ADT can be held liable. They also contend that ADT can be held liable for the calls of its representatives on the basis of general agency principles.

ADT moves to dismiss the suit on several grounds. First, ADT argues that it can be held liable only if it "made" or "initiated" the calls in question. As ADT points out, the TCPA provisions invoked by plaintiffs make it unlawful (subject to exceptions not relevant here, "to **make** any [unauthorized] call . . . to any cellular telephone service," 47 U.S.C. § 227 (b)(1)(A)(iii) (emphasis added), or "to **initiate** any telephone call to any residential telephone line," 47 U.S.C. § 227 (b)(1)(B) (emphasis added). The "on behalf of" language that plaintiffs rely upon is found in a separate subsection of the Act, § 227(c)(5), which addresses violations of regulations regarding the Do-Not-Call list. ADT therefore argues that it cannot be held liable for calls merely made on its behalf. ADT also argues that there is no ground for holding it liable on the basis of traditional agency principles.

One problem with ADT's position is that it would frustrate the TCPA's

| | |
|---|---|
| | **STATEMENT** |

overriding purpose. *See, e.g., Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) ("The TCPA was enacted to protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile machines and automatic dialers. The TCPA was enacted in response to an increasing number of consumer complaints arising from the increased number of telemarketing calls. The consumers complained that such calls are a nuisance and an invasion of privacy.") (quotation marks and citations omitted). On ADT's view, a party could benefit from violations of the TCPA with impunity, so long as the task of actually making the phone calls were delegated to another entity.

Nor does the statutory test suggest that liability should be limited to parties that actually made the offending phone calls. On the contrary, subsection(b)(1)(B)'s prohibition on "initiating" phone calls, as opposed to subsection (b)(1)(A)(iii)'s prohibition on "making" calls, clearly indicates that liability does not require a party to make a call. The term "initiate" is broad enough to include cases where, as plaintiffs allege of ADT here, a party has encouraged or otherwise prompted its authorized dealers to make calls on its behalf. To be sure, ADT staunchly denies that it encouraged its dealers to make such calls. Indeed, ADT claims that it specifically forbade its authorized dealers from violating the TCPA and other laws. But whether this is so is a factual matter that cannot be resolved on a Rule 12(b)(6) motion.

ADT next argues that the suit must be dismissed under Fed. R. Civ. P. 12(b)(7) for failure to join indispensable parties in accordance with Fed. R. Civ. P. 19. "Rule 19 sets up a two-step inquiry. First, the court must determine whether a party is one that should be joined if feasible." *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999). (citations omitted). "To answer that question, the court must consider (1) whether complete relief can be accorded among the parties to the lawsuit without joinder, (2) whether the absent person's ability to protect its interest in the subject-matter of the suit will be impaired, and (3) whether any existing parties might be subjected to a substantial risk of multiple or inconsistent obligations unless the absent person joins the suit." *Id.* "Only if the court concludes, based on those factors, that the party should be included in the action but it cannot be, must it go on to decide whether the litigation can proceed at all in the party's absence." *Id.* "If there is no way to structure a judgment in the absence of the party that will protect both the party's own rights and the rights of the existing litigants, the unavailable party is regarded as "indispensable" and the action is subject to dismissal upon a proper motion under Federal Rule of Civil Procedure 12(b)(7)." *Id.* "In ruling on a Rule 12(B)(7) motion to dismiss for failure to join an indispensable party under Rule 19, the court must accept the allegations of the complaint as true." *Bab Systems, Inc. v. Pilatus Inv. Group, Inc.*, No. 05 C 3038, 2005 WL 2850119, at *4 (N.D. Ill. Oct. 27,

## STATEMENT

2005). "The court may, however, look outside of the pleadings and consider extrinsic evidence." *Id.* "The burden is on the party bringing the Rule 12(b)(7) motion to show that joinder necessary under Rule 19. *Mamacita, Inc. v. Colborne Acquisition Co., LLC.*, No. 10 C 6861, 2011 WL 881654, at *8 (N.D. Ill. Mar. 11, 2011)

In light of the factual record before me, ADT has failed to meet its burden. *See, e.g.*, *Anderson v. Hall*, 755 F. Supp. 2, 5 (D.D.C. 1991) (denying Rule 12(b)(7) motion to dismiss because factual record was unclear as to whether party was indispensable). The question whether the parties in question are necessary or indispensable depends on the nature of their relationship with ADT. As already noted, this question is fiercely contested. Indeed, even ADT's own arguments on this point are decidedly tentative. It argues that it is "unclear whether joinder will be possible" because the identities of the entities that made the calls "are not pleaded and not definitively known." Mem. at 13. It also argues that personal jurisdiction is "likely" to pose difficulties in the case of the parties who made the alleged calls to plaintiff Charvat. ADT claims that since the calls to Charvat were placed to Ohio, and since "it appears that the entities responsible for the calls are not located in Illinois, there may be significant personal jurisdiction issues to suing them here." Mem. at 13. ADT has failed to show that the third parties are indispensable under Rule 19.

Lastly, ADT moves to dismiss Charvat's claims on the ground that they have been improperly joined with Desai's. ADT claims that the calls took place on different dates, were made by different callers, and were received in different states (Desai in Illinois, Charvat in Ohio). ADC also accuses Charvat of forum shopping, noting that he has filed numerous TCPA suits in the past, and originally filed suit on the basis of the instant claims in Ohio. "Rule 20(a) provides for permissive joinder when two requirements are met: (1) the cases to be joined must contain a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) there must be a question of law or fact common to all the plaintiffs." *Rudd v. Lux Products Corporation Emerson Climate Technologies Braeburn Systems, LLC*, No. 09-cv-6957, 2011 WL 148052, at *1 (N.D. Ill. Jan. 12, 2011). Notably, the standard under Rule 20 is a liberal one. *Eclipse Mfg. Co. v. M and M Rental Center, Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007). "In assessing whether the requirements of Rule 20(a)(2) are met, courts must accept the factual allegations in a plaintiff's complaint as true." *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009). Here, plaintiffs' claims are alleged to have arisen out of the same series of occurrences (the calls all sought to promote ADT goods and services are alleged to be part of the same "massive illegal telemarketing campaign"); and the claims turn on common questions of law and fact (e.g., the nature of the relationship between ADT and the third-party callers, and whether, in virtue of that relationship, ADT can be held vicariously liable for the third parties' actions). As a result,

## STATEMENT

Charvat's claims are not improperly joined and I decline to dismiss them.