UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VISHVA DESAI and PHILIP J. CHARVAT, on behalf of themselves and others similarly situated | Case No. 1:11-cv-1925 |
| Plaintiffs, | |
| vs. | Judge Bucklo |
| ADT SECURITY SERVICES, INC. | Magistrate Judge Keys |
| Defendant. | JURY DEMANDED |

## ADT SECURITY SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

Defendant ADT Security Services, Inc. ("ADT"), by and through its undersigned counsel, submits this Answer and Affirmative Defenses to Plaintiffs Vishva Desai and Philip J. Charvat's ("Plaintiffs") Amended Class Action Complaint:

The introductory paragraphs of Plaintiffs' Amended Complaint violate Federal Rule of Civil Procedure 10(b) and should be stricken. To the extent a response is required, the allegations are denied as conclusions of law and an incomplete and inaccurate summary of the content of the Amended Complaint.

### THE PARTIES

1. The allegations in paragraph 1 are legal conclusions and therefore no response is required.

2. After reasonable investigation, ADT is without knowledge or information sufficient to form a belief as to the truth of paragraph 2. The allegations are deemed denied.

3. After reasonable investigation, ADT is without knowledge or information sufficient to form a belief as to the truth of paragraph 3. The allegations are deemed denied.

-2-

4. The allegations of fact contained in paragraph 4 are admitted only to the extent that ADT is a Delaware corporation. By way of further response, ADT denies that it is located at 2711 Centerville Road in Wilmington, DE 19808.

5. ADT admits the allegations in paragraph 5.

6. The allegations of fact contained in paragraph 6 are admitted only to the extent that ADT is licensed and regularly conducts business in Illinois. All other allegations in paragraph 6 are denied.

## JURISDICTION

7. The allegations in paragraph 7 are legal conclusions and therefore no response is required.

8. The allegations in paragraph 8 are legal conclusions and therefore no response is required.

## THE LEGAL BASIS OF THE CLASS CLAIMS

9. The allegations in paragraph 9 are legal conclusions and therefore no response is required. To the extent an answer may be required, ADT denies the allegations in paragraph 9.

10. The allegations in paragraph 10 purport to describe the contents of a law, which is in writing and speaks for itself. ADT denies the description of the statute, and any legal conclusions based on the statute and refers to the statute, which is in writing, for its contents.

11. The allegations in paragraph 11 purport to describe the contents of a law, which is in writing and speaks for itself. ADT denies the description of the statute, and any legal conclusions based on the statute and refers to the statute, which is in writing, for its contents.

12. The allegations in paragraph 12 are legal conclusions and therefore no response is required. To the extent an answer may be required, ADT denies the allegations in paragraph 12.

13. The allegations in paragraph 13 purport to describe the contents of a writing which speaks for itself. ADT denies the description of the writing, and any legal conclusions based on the writing, and refers to the writing for its contents.

14. The allegations in paragraph 14 purport to describe the contents of a writing which speaks for itself. ADT denies the description of the writing, and any legal conclusions based on the writing, and refers to the writing for its contents.

15. The allegations in paragraph 15 are legal conclusions and therefore no response is required. To the extent an answer may be required, ADT denies the allegations in paragraph 15.

16. ADT denies the first sentence of paragraph 16. The allegations in the second sentence in paragraph 16 are legal conclusions and therefore no response is required. To the extent an answer may be required to the second sentence in paragraph 16, ADT denies the allegations.

17. The allegations in paragraph 17 are legal conclusions and therefore no response is required. To the extent an answer may be required, ADT denies the allegations in paragraph 17.

18. The allegations in paragraph 18 purport to describe the contents of a federal regulation, which is in writing and speaks for itself. ADT denies the description of the regulation, and any conclusions of law based on the regulation and refers to the regulation, which is in writing, for its contents.

19. The allegations in paragraph 19 are legal conclusions and therefore no response is required. To the extent an answer may be required, ADT denies the allegations in paragraph 19.

## FACTUAL ALLEGATIONS

20. ADT admits that it is the world's largest provider of residential and commercial electronic security services with millions of customers. Any remaining allegations in paragraph 20 are denied as stated.

21. The allegations of fact contained in paragraph 21 are admitted only to the extent that ADT has an authorized dealer program. The specifics of the relationship between ADT and its dealers are governed by contracts that are writings and speak for themselves. Any remaining allegations are denied.

22. ADT denies the allegations in paragraph 22.

23. ADT denies the allegations in paragraph 23 as stated. The specifics of the relationship between ADT and its dealers are governed by contracts that are writings and speak for themselves.

24. The allegations of fact contained in paragraph 24, and the allegations in subsections (a)-(e) that comprise paragraph 24, are admitted only to the extent that ADT has an authorized dealer program. The specifics of the relationship between ADT and its dealers are governed by contracts that are writings and speak for themselves. Any remaining allegations are denied as stated.

25. The allegations of fact contained in paragraph 25 are admitted only to the extent that ADT sells its security alarm systems through its own call center. ADT denies that it sells security alarm systems through its authorized dealers' call centers. Any remaining allegations are denied as stated.

-5-

26. ADT admits that it promotes its services through a variety of marketing methods, including legal telemarketing. ADT admits that it places restrictions on dealer use of marketing material and telemarketing as part of the contractual relationship between the dealer and ADT. Any remaining allegations are denied as stated.

27. The allegations of fact contained in paragraph 27 are admitted only to the extent that ADT has an authorized dealer program. The specifics of the relationship between ADT and its dealers are governed by contracts that are writings and speak for themselves. Any remaining allegations are denied as stated.

28. ADT admits only that the FTC brought an action against ADT, which resulted in the Consent Decree. ADT denies the Plaintiffs' description of the lawsuit, which is in writing and speaks for itself. Any remaining allegations contained in paragraph 28 are denied.

29. ADT admits only that the FTC brought an action against ADT, which resulted in the Consent Decree. ADT denies the Plaintiffs' description of the lawsuit, which is in writing and speaks for itself. Any remaining allegations contained in paragraph 29 are denied.

30. ADT admits only that the FTC brought an action against ADT, which resulted in the Consent Decree. ADT denies the Plaintiffs' description of the lawsuit, which is in writing and speaks for itself. Any remaining allegations contained in paragraph 30 are denied.

31. The Consent Decree with the Federal Trade Commission is a writing which speaks for itself. ADT denies the description of the Consent Decree and any legal conclusions based on the Consent Decree. Any remaining allegations are denied.

32. The Consent Decree with the Federal Trade Commission is a writing which speaks for itself. ADT denies the description of the Consent Decree, including Plaintiffs' description of what ADT agreed to, and any legal conclusions based on the Consent Decree and refers to the Consent Degree for its contents. Any remaining allegations are denied.

-6-

33. ADT denies the allegations in paragraph 33.

34. The Consent Decree with the Federal Trade Commission is a writing which speaks for itself. ADT denies the description of the Consent Decree, including Plaintiffs' description of what ADT agreed to, and any legal conclusions based on the Consent Decree and refers to the Consent Decree for its contents. Any remaining allegations are denied.

35. The Consent Decree with the Federal Trade Commission is a writing which speaks for itself. ADT denies the description of the Consent Decree, including Plaintiffs' description of what ADT agreed to, and any legal conclusions based on the Consent Decree and refers to the Consent Decree for its consents. Any remaining allegations are denied.

36. ADT denies the allegations in paragraph 36.

37. ADT denies the allegations in paragraph 37.

38. ADT denies the allegations in paragraph 38.

39. ADT denies the allegations in paragraph 39.

40. ADT denies the allegations in paragraph 40.

41. ADT denies the allegations in paragraph 41.

42. ADT denies the allegations in paragraph 42.

43. ADT denies the allegations in paragraph 43.

44. ADT admits only that it has received complaints regarding telemarketing, to which it appropriately responded. ADT denies the remaining allegations in paragraph 44.

45. ADT denies the allegations in paragraph 45.

46. ADT denies the allegations in paragraph 46.

## FACTUAL ALLEGATIONS AS TO THE REPRESENTATIVE PLAINTIFF

47. After reasonable investigation, ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47. The allegations are deemed denied.

48. After reasonable investigation, ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48. The allegations are deemed denied.

49. After reasonable investigation, ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49. The allegations are deemed denied.

50. After reasonable investigation, ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50. The allegations are deemed denied.

51. ADT denies the allegations in paragraph 51.

52. After reasonable investigation, ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52. The allegations are deemed denied.

53. After reasonable investigation, ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53. The allegations are deemed denied.

54. ADT denies the allegations in paragraph 54.

55. After reasonable investigation, ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55. The allegations are deemed denied.

56. After reasonable investigation, ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56. The allegations are deemed denied.

57. After reasonable investigation, ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57. The allegations are deemed denied.

58. After reasonable investigation, ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58. The allegations are deemed denied.

59. ADT denies that the person on the line was an ADT agent. ADT lacks sufficient information to admit or deny the remaining allegations in paragraph 59.

60. ADT denies that the person on the line was an ADT agent. ADT lacks sufficient information to admit or deny the remaining allegations in paragraph 60.

61. ADT denies the allegations in paragraph 61.

62. The allegations in paragraph 62 purport to describe the contents of a web site, which is in writing and speaks of itself. ADT denies the description, and any remaining allegations in paragraph 62.

63. The allegations in paragraph 63 purport to describe the contents of a web site, which is in writing and speaks for itself. ADT denies the description, and any remaining allegations in paragraph 63.

64. ADT denies the allegations in paragraph 64.

65. After reasonable investigation, ADT lacks information sufficient to form a belief as to the truth of the allegations in paragraph 65. The allegations are deemed denied.

66. ADT denies the allegations in paragraph 66.

67. The allegations in paragraph 67 purport to describe the contents of a web site, which is in writing and speaks of itself. ADT denies the description, and any remaining allegations in paragraph 67.

68. ADT admits only that it has a contractual relationship with The Elephant Group. ADT denies that its relationship with The Elephant Group has anything to do with the allegations in this case and ADT has no knowledge or information concerning any affiliation between Direct Savings and The Elephant Group. Any remaining allegations are denied.

69. ADT denies the allegations in paragraph 69.

70. ADT denies the allegations in paragraph 70.

71. After reasonable investigation, ADT lacks information sufficient to form a belief as to the truth of allegations in paragraph 71. The allegations are deemed denied.

72. ADT denies the allegations in paragraph 72.

73. ADT denies the allegations in paragraph 73.

74. ADT denies the allegations in paragraph 74.

75. After reasonable investigation, ADT lacks information sufficient to form a belief as to the truth of the allegations in paragraph 75. The allegations are deemed denied.

76. After reasonable investigation, ADT lacks information sufficient to form a belief as to the truth of the allegations in paragraph 76. The allegations are deemed denied.

77. After reasonable investigation, ADT lacks information sufficient to form a belief as to the truth of the allegations in paragraph 77. The allegations are deemed denied.

78. After reasonable investigation, ADT lacks information sufficient to form a belief as to the truth of the allegations in paragraph 78. The allegations are deemed denied.

79. After reasonable investigation, ADT lacks information sufficient to form a belief as to the truth of the allegations in paragraph 79. The allegations are deemed denied.

80. After reasonable investigation, ADT lacks information sufficient to form a belief as to the truth of the allegations in paragraph 80. The allegations are deemed denied.

81. After reasonable investigation, ADT lacks information sufficient to form a belief as to the truth of the allegations in paragraph 81. The allegations are deemed denied.

## CLASS ALLEGATIONS

82. The allegations in paragraph 82 are legal conclusions and therefore no response is required. To the extent an answer may be required, ADT denies the allegations in paragraph 82.

83. ADT denies the allegations in paragraph 83.

84. ADT denies the allegations in paragraph 84.

85. ADT denies the allegations in paragraph 85.

86. The allegations in paragraph 86 are legal conclusions and therefore no response is required. To the extent an answer may be required, ADT denies the allegations in paragraph 86.

87. The allegations in paragraph 87 are legal conclusions and therefore no response is required. To the extent an answer may be required, ADT denies the allegations in paragraph 87.

88. The allegations in paragraph 88 are legal conclusions and therefore no response is required. To the extent an answer may be required, ADT denies the allegations in paragraph 88.

89. The allegations in paragraph 89 are legal conclusions and therefore no response is required. To the extent an answer may be required, ADT denies the allegations in paragraph 89.

-11-

90. The allegations in paragraph 90 are legal conclusions and therefore no response is required. To the extent an answer may be required, ADT denies the allegations in paragraph 90.

91. The allegations in paragraph 91, and the allegations in subsections (a)-(c) that comprise paragraph 91, are legal conclusions and therefore no response is required. To the extent an answer may be required, ADT denies the allegations in paragraph 91.

92. The allegations in paragraph 92 are legal conclusions and therefore no response is required. To the extent an answer may be required, ADT denies the allegations in paragraph 92.

93. The allegations in paragraph 93 are legal conclusions and therefore no response is required. To the extent an answer may be required, ADT denies the allegations in paragraph 93.

94. The allegations in paragraph 94 are legal conclusions and therefore no response is required. To the extent an answer may be required, ADT denies the allegations in paragraph 94.

95. The allegations in paragraph 95 are legal conclusions and therefore no response is required. To the extent an answer may be required, ADT denies the allegations in paragraph 95.

96. The allegations in paragraph 96 are legal conclusions and therefore no response is required. To the extent an answer may be required, ADT denies the allegations in paragraph 96.

97. The allegations in paragraph 97 are legal conclusions and therefore no response is required. To the extent an answer may be required, ADT denies the allegations in paragraph 97.

131756.1

-12-

98. The allegations in paragraph 98 are legal conclusions and therefore no response is required. To the extent an answer may be required, ADT denies the allegations in paragraph 98.

## CAUSES OF ACTION

### COUNT I: NEGLIGENT VIOLATION OF THE TCPA
### SENDING UNSOLICITED PRERECORDED PHONE MESSAGES

99. ADT incorporates by reference its answers to paragraphs 1 through 98 as set forth above.

100. ADT denies the allegations in paragraph 100.

101. The allegations in paragraph 101 purport to describe the contents of a law, which is in writing and speaks for itself. ADT denies the description of the law and any legal conclusions based on the law and any remaining allegations in paragraph 101.

### COUNT II: KNOWING VIOLATION OF THE TCPA
### SENDING UNSOLICITED PRERECORDED PHONE MESSAGES

102. ADT incorporates by reference its answers to paragraphs 1 through 101 as set forth above.

103. ADT denies the allegations in paragraph 103.

104. The allegations in paragraph 104 purport to describe the contents of a law, which is in writing and speaks for itself. ADT denies the description of the law and any legal conclusions based on the law, and any remaining allegations in paragraph 104.

### COUNT III: INJUNCTIVE RELIEF
### TO BAR FUTURE TCPA VIOLATIONS

105. ADT incorporates by reference its answers to paragraphs 1 through 104 as set forth above.

131756.1

106. The allegations in paragraph 106 purport to describe the contents of a law, which is in writing and speaks for itself. ADT denies the description of the law and any legal conclusions based on the law.

107. ADT denies the allegations in paragraph 107.

## COUNT IV: INJUNCTIVE RELIEF
## PRESERVATION OF EVIDENCE

108. ADT incorporates by reference its answers to paragraphs 1 through 107 as set forth above.

109. ADT denies the allegations in paragraph 109.

## AFFIRMATIVE DEFENSES

110. The Amended Class Action Complaint fails to state facts sufficient to constitute a cause of action against ADT.

111. ADT's actions, if any, were not the cause in fact or the proximate cause of any harm to Plaintiffs.

112. The damages suffered due to the allegations in Plaintiffs' Amended Complaint, if any, were not caused by ADT, but were instead caused by the acts, omissions, and/or conduct of parties, persons, corporations and/or entities other than ADT and ADT is not responsible for the actions of those parties, persons, corporations and/or entities.

113. Plaintiffs have not suffered any damages as a result of any actions taken by ADT.

114. Plaintiffs' claims may be barred in whole or part by the doctrines of laches, waiver, estoppel or the equitable "clean hands" doctrine.

115. Plaintiffs' claims may be barred in whole or part by the principles of res judicata and/or collateral estoppel.

116. Plaintiffs' claims may be barred in whole or part because Plaintiffs' damages, if any, were caused by third parties over whom ADT had no control and for which it is not liable.

117. Plaintiffs failed to join persons needed for just adjudication of his claims.

118. Plaintiffs failed to use reasonable efforts to minimize and mitigate their damages, if any.

119. Plaintiffs' claims may be barred in whole or part because they are not the real party in interest and/or lack standing to bring these claims.

120. Plaintiffs' claims should be dismissed as frivolous, and Plaintiffs should be assessed costs and sanctions for their frivolous claims.

121. ADT has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations pursuant to 47 U.S.C. 227(c)(5).

122. The Amended Complaint fails to plead or satisfy the prerequisites for class certification under Fed. R. Civ. P. 23.

123. In the event a class is certified, ADT reserves the right to assert individual defenses with respect to each individual class member as well as those absent from the class.

124. ADT contends that this lawsuit should not proceed as a class action on the grounds that, *inter alia*, the class cannot be identified, the named plaintiffs do not and cannot fairly and adequately represent the putative plaintiff class; the named plaintiffs' claims are not typical of those of other members of the putative plaintiff class; and questions of law and fact common to members of the putative plaintiff class do not predominate over questions affecting only individual members of the class; and a class action will not be a superior to other methods available for adjudication of this controversy. Certifying a class in this case would violate ADT's due process rights.

125. ADT reserves the right to assert such additional defenses as are warranted in the event that discovery indicates that such defenses would be appropriate. Among other things, because ADT did not make any of the calls at issue, and does not now know what "class" Plaintiffs will seek to certify, it does not know whether the entities that made the calls had prior consent to make the calls or an established business relationship under 47 U.S.C. § 227. If the evidence discovered from plaintiffs or through third-party discovery supports such defenses, ADT intends to raise those defenses at trial.

Dated: August 11, 2011                             Respectfully submitted,

/s/ John A. Leja
John A. Leja
Polsinelli Shughart PC
161 N. Clark Street, Suite 4200
Chicago, IL 60601
(312) 873-3670
(312) 819-1910 *facsimile*
Email: jleja@polsinelli.com

Of Counsel:
Robert L. Hickok
Michael E. Baughman
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
(215) 981-4000
(215) 981-4750 *facsimile*
E-mail: hickokr@pepperlaw.com
          baughmanm@pepperlaw.com

*Attorneys for Defendant, ADT Security Services, Inc.*

## CERTIFICATE OF SERVICE

I, John A. Leja, do hereby certify that on August 11, 2011, a true and correct copy of Defendant ADT Security Services Inc.'s Answer and Affirmative Defenses to Plaintiffs' Amended Complaint was served via this Court's CM/ECF system, which will serve each of the parties electronically.

/s/ John A. Leja<br>
John A. Leja

131756.1