## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| VISHVA DESAI and PHILIP J. CHARVAT, | : | |
| | : | |
| Plaintiffs, | : | Case No. 1:11-CV-1925 |
| | : | |
| v. | : | JUDGE BUCKLO |
| | : | |
| ADT SECURITY SERVICES, INC., | : | Magistrate Judge Keys |
| | : | |
| Defendant/Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PETE TOLMAN, LEADS DIRECT | : | |
| MARKETING, VOICE TEL CORPORATION, | : | |
| CHRISTOPHER LONG, EMI, INC., JMB | : | |
| ENTERPRISES, CITY VIP, LLC, DIRECT | : | |
| SAVINGS, USA, INC., OSCAR MONTENEGRO, | : | |
| EVERSAFE SECURITY SYSTEMS, INC., SAFE | : | |
| STREETS USA, LLC, AND UNKNOWN JOHN | : | |
| DOE DEFENDANTS I THROUGH XX, | : | |
| | : | |
| Third-Party Defendants, | : | |
| | : | |
| SAFE STREETS USA, LLC, SUCCESSOR | : | |
| BY MERGER TO EVERSAFE SECURITY | : | |
| SYSTEMS, INC., | : | |
| | : | |
| Fourth-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DIRECT SAVINGS USA, LLC, | : | |
| | : | |
| Fourth-Party Defendant. | : | |

## ANSWER, CROSS-CLAIM, AND FOURTH-PARTY COMPLAINT OF
## THIRD-PARTY DEFENDANT SAFE STREETS USA, LLC, SUCCESSOR BY MERGER
## TO EVERSAFE SECURITY SYSTEMS, INC.

Now comes Third-Party Defendant Safe Streets USA, LLC, successor by merger to Eversafe Security Systems, Inc. (hereafter "Eversafe/Safe Streets"), and for its Answer to ADT Security Services, Inc.'s Third-Party Complaint hereby responds and avers as follows:

1. Upon information and belief, Plaintiff Vishva Desai ("Desai") is an individual who resides in the Northern District of Illinois.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 1 of the Complaint and therefore denies same.

2. Upon information and belief, Plaintiff Philip J. Charvat ("Charvat") is an individual who resides in Westerville, Ohio.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 2 of the Complaint and therefore denies same.

3. Defendant and Third Party Plaintiff ADT is a Delaware corporation with its principal place of business located at 1501 Yamato Road, Boca Raton, Florida 33431.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 3 of the Complaint and therefore denies same.

4. Upon information and belief, Third Party Defendant Mr. Pete Tolman ("Mr. Tolman") is an individual who resides at 4344 Gold Run Dr., Oakley, California 94561.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 4 of the Complaint and therefore denies same.

5. Upon information and belief, Third Party Defendant Leads Direct Marketing ("Leads Direct Marketing") is a California corporation with its corporate headquarters located at 4344 Gold Run Dr., Oakley, California 94561.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 5 of the Complaint and therefore denies same.

6. Upon information and belief, Third Party Defendant Voice Tel Corporation ("Voice Tel") is a California corporation with its corporate headquarters located at 4344 Gold Run Dr., Oakley, California 94561.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 6 of the Complaint and therefore denies same.

7. Upon information and belief, Third Party Defendant Mr. Christopher Long ("Mr. Long") is an individual who resides at 14281 Spring Vista Lane, Chino Hills, California 91709.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 7 of the Complaint and therefore denies same.

8. Upon information and belief, Third Party Defendant EMI, Inc. ("EMI") is a California corporation with its corporate headquarters located at 14281 Spring Vista Lane, Chino Hills, California 91709.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 8 of the Complaint and therefore denies same.

9. Upon information and belief, Third Party Defendant City VIP, LLC ("City VIP") is an Iowa corporation with its corporate headquarters located at 736 Federal St. Ste. 2420, Davenport, Iowa 52803.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 9 of the Complaint and therefore denies same.

3

10. Upon information and belief, Third Party Defendant JMB Enterprises ("JMB Enterprises") is an Iowa corporation with its corporate headquarters located at 736 Federal St. Ste. 2420, Davenport, Iowa 52803.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 10 of the Complaint and therefore denies same.

11. Upon information and belief, Third Party Defendant Direct Savings USA, Inc. ("Direct Savings") is a Florida corporation with its corporate headquarters located at 6245 Powerline Road, Fort Lauderdale, Florida 33309.

**ANSWER:** Eversafe/Safe Streets admits the allegations contained in paragraph 11 of the Complaint.

12. Upon information and belief, Third Party Defendant Mr. Oscar Montenegro ("Mr. Montenegro") is the President of Direct Savings USA, Inc., resides in the State of Florida, and is located at 5747 N. University Drive, Tamarac, Florida 33321.

**ANSWER:** Eversafe/Safe Streets admits that Oscar Montenegro is the President of Direct Savings USA, Inc. Eversafe/Safe Streets is without sufficient information to admit or deny the remaining allegations contained in paragraph 12 of the Complaint and therefore denies same.

13. Upon information and belief, Third Party Defendant the Unknown John Doe Defendants ("John Doe Defendants") are business entities and/or individuals that were or are improperly and illegally using ADT's trademark and/or name in telemarketing calls without ADT's authorization. Each of the John Doe Defendants is subject to the jurisdiction of this Court by virtue of his, her, or its business in this jurisdiction. ADT does not presently have

sufficient information to identify the John Doe Defendants but will do so through discovery or otherwise.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 13 of the Complaint and therefore denies same.

14. Mr. Tolman, Leads Direct Marketing, Voice Tel, Mr. Long, EMI, City VIP, JMB Enterprises, Direct Savings, Mr. Montenegro, and John Doe Defendants are collectively referred to as "Unauthorized Third Party Defendants." Counts I through VI in this Third Party Complaint are against the Unauthorized Third Party Defendants.

**ANSWER:** Paragraph 14 of the Complaint makes no factual allegations and therefore no response is required. To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 14 of the Complaint.

15. Third Party Defendant Eversafe Security Systems, Inc. is a New Jersey corporation with its principal place of business located at 475 Market St., 3rd Fl., Elmwood Park, New Jersey 07407.

**ANSWER:** Eversafe/Safe Streets admits the allegations contained in paragraph 15 of the Complaint.

16. Third Party Defendant Safe Streets USA, LLC ("Safe Streets") is a limited liability company registered in Delaware with its principal place of business located at 5305 Raynor Road, Suite 100, Garner, NC 27529, and, upon information and belief, is the corporate successor of Eversafe Security Systems, Inc. Eversafe Security Systems, Inc. and Safe Streets USA, LLC are collectively referred to as "Eversafe." Count VII in this Third Party Complaint is against Eversafe.

5

**ANSWER:**     Eversafe/Safe Streets admits the allegations contained in paragraph 16 of the Complaint.

17.     This Court has supplemental jurisdiction of the joinder claims in this Third Party Complaint pursuant to 28 U.S.C. § 1367(a) because the claims asserted in this Third Party Complaint are part of the same case in controversy as the claims stated in Plaintiffs' Amended Complaint.

**ANSWER:**     Eversafe/Safe Streets admits the allegations contained in paragraph 17 of the Complaint.

18.     The District Court also has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332 over some or all of the claims.

**ANSWER:**     Eversafe/Safe Streets denies the allegations contained in paragraph 18 of the Complaint.

19.     This Court has jurisdiction over the Unauthorized Third Party Defendants and Third Party Eversafe because they have engaged in conduct relevant to the claims at issue in this case in the State of Illinois and/or have systematic and continuous contacts with the State of Illinois and have otherwise availed themselves to the jurisdiction of Illinois.

**ANSWER:**     Eversafe/Safe Streets admits that it is subject to personal jurisdiction. Eversafe/Safe Streets is without sufficient information to admit or deny the remaining allegations contained in paragraph 19 of the Complaint and therefore denies same.

20.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims at issue occurred within this district.

**ANSWER:** Eversafe/Safe Streets admits the allegations contained in paragraph 20 of the Complaint.

21. On or about March 21, 2011, Plaintiff Vishva Desai commenced this action against ADT alleging that she received a call on her cellular phone purportedly made "on behalf of" Defendant ADT using a pre-recorded message and automatic dialing equipment.

**ANSWER:** Eversafe/Safe Streets admits the allegations contained in paragraph 21 of the Complaint.

22. On or about April 18, 2011, Desai amended her complaint to incorporate plaintiff Philip Charvat's claims. A true and correct copy of Plaintiffs' Amended Complaint is attached hereto as Exhibit A.

**ANSWER:** Eversafe/Safe Streets admits the allegations contained in paragraph 22 of the Complaint.

23. In their Amended Complaint, Plaintiffs claim that they received three separate, unsolicited telephone calls using pre-recorded messages, purportedly promoting the services of Defendant ADT and purportedly made "on behalf of" ADT. (*See* Exh. A at ¶¶ 47, 54, 74).

**ANSWER:** Eversafe/Safe Streets avers that the allegations in Plaintiffs' Complaint speak for themselves. Eversafe/Safe Streets denies the remaining allegations contained in paragraph 23 of the Complaint.

24. Plaintiffs allege that the calls violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b), and seek to represent a class of similarly situated persons. (*See* Exh. A at ¶¶ 9-19).

**ANSWER:** Eversafe/Safe Streets avers that the allegations in Plaintiffs' Complaint speak for themselves. Eversafe/Safe Streets denies the remaining allegations contained in paragraph 24 of the Complaint.

25. On or about August 11, 2011, ADT filed its Answer and Affirmative Defenses to Plaintiffs' Amended Complaint.

**ANSWER:** Eversafe/Safe Streets admits the allegations contained in paragraph 25 of the Complaint.

26. None of the calls were made by ADT or "on behalf of" ADT and ADT denies all liability for the allegations in Plaintiffs' Amended Complaint.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 26 of the Complaint and therefore denies same.

27. As described below, ADT avers that any liability resulting from this lawsuit arises from the acts, errors, omissions, and/or other conduct of the Unauthorized Third Party Defendants and that ADT is entitled to contractual indemnity from Eversafe.

**ANSWER:** Eversafe/Safe Streets avers that the allegations in Plaintiffs' Complaint speak for themselves. Eversafe/Safe Streets denies the remaining allegations contained in paragraph 27 of the Complaint.

28. Plaintiff Desai alleges that on or about February 27, 2011, she received a telephone call utilizing a pre-recorded message on her cellular telephone, and that the call was placed using an automated dialing system ("Desai Call"). (*See* Exh. A at ¶ 47).

**ANSWER:** Eversafe/Safe Streets avers that the allegations in Plaintiffs' Complaint speak for themselves. Eversafe/Safe Streets denies the remaining allegations contained in paragraph 28 of the Complaint.

29.     Desai's cellular phone number that received the call is 415-326-xxxx.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 29 of the Complaint and therefore denies same.

30.     Desai claims that the caller identification for the Desai Call indicated that the Desai Call originated from the telephone number (574) 970-0866.  (*See* Exh. A at ¶ 50).

**ANSWER:**     Eversafe/Safe Streets avers that the allegations in Plaintiffs' Complaint speak for themselves.  Eversafe/Safe Streets denies the remaining allegations contained in paragraph 30 of the Complaint.

31.     Desai pleads that the message in the Desai Call mentions ADT's name.  (*See* Exh. A at ¶ 49).

**ANSWER:**     Eversafe/Safe Streets avers that the allegations in Plaintiffs' Complaint speak for themselves.  Eversafe/Safe Streets denies the remaining allegations contained in paragraph 31 of the Complaint.

32.     ADT did not initiate, make or authorize the Desai Call.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 32 of the Complaint and therefore denies same.

33.     On or about April 8, 2011, plaintiff Desai served a subpoena on EngageTel, Inc. ("Engagetel"), a company to whom the number which placed the Desai Call had been assigned, requesting "all documents concerning, and communications with, any entity or entities associated with the 'Desai Call'" and "[a]ll documents concerning ADT Security Services, Inc., or any agent, subsidiary or affiliate thereof."  In response to this subpoena, EngageTel stated it "does not have a relationship with ADT Security" and that the "end user" of the telephone number associated with the Desai Call was EMI, Inc. and its president Christopher Long.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 33 of the Complaint and therefore denies same.

34.     ADT has no association with EMI and ADT did not authorize it to conduct telemarketing on its behalf.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 34 of the Complaint and therefore denies same.

35.     EMI is not authorized to conduct any activities on behalf of ADT or to hold itself out as associated with ADT in any way.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 35 of the Complaint and therefore denies same.

36.     ADT has no association with Mr. Long and ADT did not authorize him to conduct telemarketing on its behalf.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 36 of the Complaint and therefore denies same.

37.     Mr. Long is not authorized to conduct any activities on behalf of ADT or to hold himself out as associated with ADT in any way.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 37 of the Complaint and therefore denies same.

38.     Upon information and belief, EMI initiated or made the Desai Call.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 38 of the Complaint and therefore denies same.

39.     Upon information and belief, EMI initiated or made similar calls to others.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 39 of the Complaint and therefore denies same.

40. Upon information and belief, Mr. Christopher Long initiated or made the Desai Call.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 40 of the Complaint and therefore denies same.

41. Upon information and belief, Mr. Christopher Long initiated or made similar calls to others.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 41 of the Complaint and therefore denies same.

42. Upon information and belief, some of the Unknown John Doe Defendants initiated or made the Desai Call.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 42 of the Complaint and therefore denies same.

43. Upon information and belief, some of the Unknown John Doe Defendants initiated or made similar calls to others.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 43 of the Complaint and therefore denies same.

44. None of the John Doe Defendants were authorized to conduct any activities on behalf of ADT or to hold themselves out as associated with ADT in any way.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 44 of the Complaint and therefore denies same.

45. Upon information and belief, any liability resulting from the Desai Call or similar calls arises from the acts, errors, omissions, and/or other conduct of EMI.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 45 of the Complaint and therefore denies same.

46. Upon information and belief, any liability resulting from the Desai Call or similar calls arises from the acts, errors, omissions, and/or other conduct of Mr. Long.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 46 of the Complaint and therefore denies same.

47. Upon information and belief, any liability resulting from the Desai Call or similar calls arises from the acts, errors, omissions, and/or other conduct of the Unknown John Doe Defendants.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 47 of the Complaint and therefore denies same.

48. Plaintiff Charvat alleges that on or about September 7, 2010, he received a pre-recorded message on his residential phone line ("First Charvat Call"). (*See* Exh. A at ¶ 54).

**ANSWER:** Eversafe/Safe Streets avers that the allegations in Plaintiffs' Complaint speak for themselves. Eversafe/Safe Streets denies the remaining allegations contained in paragraph 48 of the Complaint.

49. Charvat's residential telephone number that received the First Charvat Call is 614-895-xxxx.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 49 of the Complaint and therefore denies same.

50.     Charvat alleges that the call identification for the First Charvat Call indicated that the call originated from the telephone number (401) 558-0010.

**ANSWER:**     Eversafe/Safe Streets avers that the allegations in Plaintiffs' Complaint speak for themselves.  Eversafe/Safe Streets denies the remaining allegations contained in paragraph 50 of the Complaint.

51.     Charvat alleges the First Charvat Call promoted ADT's goods and services.  (*See* Exh. A at ¶¶ 55).

**ANSWER:**     Eversafe/Safe Streets avers that the allegations in Plaintiffs' Complaint speak for themselves.  Eversafe/Safe Streets denies the remaining allegations contained in paragraph 51 of the Complaint.

52.     ADT did not initiate, make or authorize the First Charvat Call.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 52 of the Complaint and therefore denies same.

53.     On or about April 27, 2011, plaintiff Charvat served a subpoena on EngageTel, a company to whom the number which placed the First Charvat Call had been assigned, requesting all documents relating to the First Charvat Call.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 53 of the Complaint and therefore denies same.

54.     On or about May 10, 2011, EngageTel responded to the subpoena by naming Leads Direct Marketing as the company that used the phone number associated with the First Charvat Call.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 54 of the Complaint and therefore denies same.

55. Upon information and belief, Leads Direct Marketing is associated with Voice Tel Corporation and both companies are owned by Mr. Pete Tolman.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 55 of the Complaint and therefore denies same.

56. ADT has no association with Mr. Tolman and ADT did not authorize him to conduct telemarketing on its behalf.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 56 of the Complaint and therefore denies same.

57. Mr. Tolman is not authorized to conduct any activities on behalf of ADT or to hold himself out as associated with ADT in any way.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 57 of the Complaint and therefore denies same.

58. ADT has no association with Leads Direct Marketing and ADT did not authorize it to conduct telemarketing on its behalf.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 58 of the Complaint and therefore denies same.

59. Leads Direct Marketing is not authorized to conduct any activities on behalf of ADT or to hold itself out as associated with ADT in any way.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 59 of the Complaint and therefore denies same.

60. ADT has no association with Voice Tel Corporation and ADT did not authorize it to conduct telemarketing on its behalf.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 60 of the Complaint and therefore denies same.

61. Voice Tel Corporation is not authorized to conduct any activities on behalf of ADT or to hold itself out as associated with ADT in any way.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 61 of the Complaint and therefore denies same.

62. Upon information and belief, Mr. Pete Tolman initiated or made the First Charvat Call.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 62 of the Complaint and therefore denies same.

63. Upon information and belief, Mr. Pete Tolman initiated or made similar calls to others.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 63 of the Complaint and therefore denies same.

64. Upon information and belief, Leads Direct Marketing initiated or made the First Charvat Call.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 64 of the Complaint and therefore denies same.

65. Upon information and belief, Leads Direct Marketing initiated or made similar calls to others.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 65 of the Complaint and therefore denies same.

66. Upon information and belief, Voice Tel initiated or made the First Charvat Call.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 66 of the Complaint and therefore denies same.

67.     Upon information and belief, Voice Tel initiated or made similar calls to others.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 67 of the Complaint and therefore denies same.

68.     Upon information and belief, some of the John Doe Defendants initiated or made the First Charvat Call.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 68 of the Complaint and therefore denies same.

69.     Upon information and belief, some of the John Doe Defendants initiated or made similar calls to others.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 69 of the Complaint and therefore denies same.

70.     None of the John Doe defendants are authorized to conduct any activities on behalf of ADT or to hold themselves out as associated with ADT in any way.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 70 of the Complaint and therefore denies same.

71.     Upon information and belief, any liability resulting from the First Charvat Call or similar calls arises from the acts, errors, omissions, and/or other conduct of Mr. Pete Tolman.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 71 of the Complaint and therefore denies same.

72.     Upon information and belief, any liability resulting from the First Charvat Call or similar calls arises from the acts, errors, omissions, and/or other conduct of Leads Direct Marketing.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 72 of the Complaint and therefore denies same.

73.     Upon information and belief, any liability resulting from the First Charvat Call or similar calls arises from the acts, errors, omissions, and/or other conduct of Voice Tel Corporation.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 73 of the Complaint and therefore denies same.

74.     Upon information and belief, any liability resulting from the First Charvat Call or similar calls arises from the acts, errors, omissions, and/or other conduct of some of the Unknown John Doe Defendants.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 74 of the Complaint and therefore denies same.

75.     Charvat further alleges that when he received the First Charvat Call he followed the instructions of the pre-recorded message to reach a live operator and that the live operator informed him that he worked for Direct Savings USA, Inc.  (*See* Exh. A at ¶ 59).

**ANSWER:**     Eversafe/Safe Streets avers that the allegations in Plaintiffs' Complaint speak for themselves.  Eversafe/Safe Streets denies the remaining allegations contained in paragraph 75 of the Complaint.

76.     ADT has no association with Direct Savings USA, Inc. and ADT did not authorize Direct Savings USA, Inc. to conduct telemarketing on its behalf.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 76 of the Complaint and therefore denies same.

77. Direct Savings USA, Inc. is not authorized to conduct any activities on behalf of ADT or to hold itself out as associated with ADT in any way.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 77 of the Complaint and therefore denies same.

78. Upon information and belief, Mr. Oscar Montenegro is the President of Direct Savings USA, Inc.

**ANSWER:** Eversafe/Safe Streets admits the allegations contained in paragraph 78 of the Complaint.

79. ADT has no association with Mr. Oscar Montenegro and ADT did not authorize him to conduct telemarketing on its behalf.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 79 of the Complaint and therefore denies same.

80. Mr. Oscar Montenegro is not authorized to conduct any activities on behalf of ADT or to hold himself out as associated with ADT in any way.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 80 of the Complaint and therefore denies same.

81. Upon information and belief, Mr. Oscar Montenegro initiated or made the First Charvat Call.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 81 of the Complaint and therefore denies same.

82.     Upon information and belief, Mr. Oscar Montenegro initiated or made similar calls to others.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 82 of the Complaint and therefore denies same.

83.     Upon information and belief, Direct Savings USA, Inc. initiated or made the First Charvat Call.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 83 of the Complaint and therefore denies same.

84.     Upon information and belief, Direct Savings USA, Inc. initiated or made similar calls to others.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 84 of the Complaint and therefore denies same.

85.     Upon information and belief, any liability resulting from the First Charvat Call or similar calls arises from the acts, errors, omissions, and/or other conduct of Mr. Oscar Montenegro.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 85 of the Complaint and therefore denies same.

86.     Upon information and belief, any liability resulting from the First Charvat Call or similar calls arises from the acts, errors, omissions, and/or other conduct of Direct Savings USA, Inc.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 86 of the Complaint and therefore denies same.

87.     Eversafe is an Authorized Dealer of ADT.  Pursuant to the terms of the Authorized Dealer Agreement between ADT and Eversafe, Eversafe is an independent contractor and not an agent of ADT.

**ANSWER:**     Eversafe/Safe Streets admits the allegations contained in paragraph 87 of the Complaint and therefore denies same.

88.     The Authorized Dealer Agreement between ADT and Eversafe requires Eversafe to follow all federal state and local laws concerning their activities, including all laws concerning telemarketing.

**ANSWER:**     Eversafe/Safe Streets avers that the Authorized Dealer Agreement speaks for itself.  Eversafe/Safe Streets denies the remaining allegations contained in paragraph 88 of the Complaint.

89.     The Authorized Dealer Agreement contains an Indemnity Provision that states "[Eversafe] and Owner shall, jointly and severally, indemnify and hold ADT, its respective Affiliates, officers, directors, employees and agents (collectively the 'ADT Group') harmless from and against any and all damages, costs (including court costs and attorneys' fees (including costs of in-house attorney services)), losses, fees and expenses suffered by the ADT group resulting from (i) Authorized Dealer's failure to comply with any of the terms and conditions of this Agreement, the Alarm Services Agreements, and the Servicing Agreements; and (ii) any claims by a third party(ies) arising from or relating to [Eversafe's] (or any Representative of Affiliate thereof) or Owner's action or conduct related to or arising from this Agreement."

**ANSWER:**     Eversafe/Safe Streets avers that the Authorized Dealer Agreement speaks for itself.  Eversafe/Safe Streets denies the remaining allegations contained in paragraph 89 of the Complaint.

90.     On October 7, 2010, Eversafe's owner, Todd Herman, signed and notarized an ADT Authorized Dealer Certification of Telemarketing Compliance, which is incorporated into the Authorized Dealer Agreement.

**ANSWER:**     Eversafe/Safe Streets avers that the Authorized Dealer Agreement speaks for itself.  Eversafe/Safe Streets denies the remaining allegations contained in paragraph 90 of the Complaint.

91.     Section (i) of the Certification of Telemarketing Compliance states "[Eversafe] has established and implemented effective written policies and procedures for compliance with the requirements of the Telephone Consumer Protection Act of 1991 ("TCPA"), the Telemarketing Sales Rule ("TSR"), and of all other federal, state and local laws, statutes ordinances, rules and regulations regulating telemarketing and advertising."

**ANSWER:**     Eversafe/Safe Streets avers that the Authorized Dealer Agreement speaks for itself.  Eversafe/Safe Streets denies the remaining allegations contained in paragraph 91 of the Complaint.

92.     Section (ii) of the Certification of Telemarketing Compliance states "[Eversafe] maintains written telemarketing policies and procedures for compliance with the TCPA and the TSR; provides a copy of its telemarketing policy to consumers upon request; has trained its telemarketing personnel on the requirements of the TCPA and the TSR; and has established a reliable procedure for recording Do-Not-Call ("DNC") requests for ensuring that individuals who request that they not be called are in fact not called in the future."

**ANSWER:**     Eversafe/Safe Streets avers that the Authorized Dealer Agreement speaks for itself.  Eversafe/Safe Streets denies the remaining allegations contained in paragraph 92 of the Complaint.

93.     Section (vii) of the Certification of Telemarketing Compliance states "[Eversafe] will always clearly and unequivocally identify itself only by its true and correct company name and will never, expressly or impliedly, identify itself as ADT, as an ADT Authorized Dealer or utilize the ADT name, trade name, trademark, service mark, or any direct or indirect reference to ADT in any telemarketing advertising."

**ANSWER:**     Eversafe/Safe Streets avers that the Authorized Dealer Agreement speaks for itself.  Eversafe/Safe Streets denies the remaining allegations contained in paragraph 93 of the Complaint.

94.     Section (ix) of the Certification of Telemarketing Compliance states "[t]o the extent that Dealer uses and third-parties, including but not limited to any employees, agents or subcontractors, to perform any telemarketing or advertising services for [Eversafe], [Eversafe] will ensure that such third-parties will perform such services in accordance with this certification, and [Eversafe] assumes all responsibility for the acts or omissions of such third-parties."

**ANSWER:**     Eversafe/Safe Streets avers that the Authorized Dealer Agreement speaks for itself.  Eversafe/Safe Streets denies the remaining allegations contained in paragraph 94 of the Complaint.

95.     Section (x) of the Certification of Telemarketing Compliance states "[Eversafe] agrees to indemnify and hold harmless ADT, and its officers, directors, employees, agents, parents and subsidiaries, against any and all claims losses, costs, damages, expenses, fines, penalties, and assessments, including but not limited to attorneys' fees and court costs, or whatever kind and nature, resulting directly or indirectly from [Eversafe's] breach of any of the above covenants, representations, warranties and certifications."

**ANSWER:** Eversafe/Safe Streets avers that the Authorized Dealer Agreement speaks for itself. Eversafe/Safe Streets denies the remaining allegations contained in paragraph 95 of the Complaint.

96. Eversafe had a contractual relationship with Direct Savings and its president Mr. Montenegro. ADT is not a party to the contract, was not involved in the negotiation or course of performance of the contract, and had no involvement in Eversafe's selection of Direct Savings to perform any work for Eversafe.

**ANSWER:** Eversafe/Safe Streets admits it formerly had a contractual relationship with Direct Savings. Eversafe/Safe Streets denies it had a contractual relationship with Montenegro. Eversafe/Safe Streets admits ADT was not party to its contract with Direct Savings. Eversafe/Safe Streets denies the remaining allegations contained in paragraph 96 of the Complaint.

97. The contract between Eversafe and Direct Savings required Direct Savings to comply with the TCPA and forbade Direct Savings from using ADT's name in any telemarketing or using pre-recorded messages in telemarketing without Eversafe's approval.

**ANSWER:** Eversafe/Safe Streets avers that its contract with Direct Savings speaks for itself. Eversafe/Safe Streets denies the remaining allegations contained in paragraph 97 of the Complaint.

98. Charvat also alleges that on or about January 18, 2011, he received a second call containing a pre-recorded message on his residential phone line ("Second Charvat Call"). (*See* Exh. A at ¶ 74).

**ANSWER:** Eversafe/Safe Streets avers that the allegations in Plaintiffs' Complaint speak for themselves. Eversafe/Safe Streets denies the remaining allegations contained in paragraph 98 of the Complaint.

99. Charvat's residential telephone number that received the Second Charvat Call is 614-895-xxxx.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 99 of the Complaint and therefore denies same.

100. Charvat alleges that the caller identification for the Second Charvat Call indicated that the call originated from the telephone number (918)-442-0937.

**ANSWER:** Eversafe/Safe Streets avers that the allegations in Plaintiffs' Complaint speak for themselves. Eversafe/Safe Streets denies the remaining allegations contained in paragraph 100 of the Complaint.

101. Charvat alleges the Second Charvat Call promoted ADT's goods and services. (*See* Exh. A at ¶ 75).

**ANSWER:** Eversafe/Safe Streets avers that the allegations in Plaintiffs' Complaint speak for themselves. Eversafe/Safe Streets denies the remaining allegations contained in paragraph 101 of the Complaint.

102. ADT did not initiate, make or authorize the Second Charvat Call.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 102 of the Complaint and therefore denies same.

103. On or about March 29, 2011, plaintiff Charvat served a subpoena on Fulltel, Inc. ("Fulltel"), whom records indicated was assigned the phone number that made the Second

Charvat Call, for all documents identifying what entity or entities initiated the Second Charvat Call.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 103 of the Complaint and therefore denies same.

104. On or about April 22, 2011, FullTel responded to the subpoena by stating that the phone number associated with the Second Charvat Call is part of a block of numbers used by its customer TM Caller ID.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 104 of the Complaint and therefore denies same.

105. On or about April 28, 2011, Plaintiffs served a subpoena on TM Caller ID requesting all documents relating to the Second Charvat Call.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 105 of the Complaint and therefore denies same.

106. On or about May 29, 2011, TM Caller ID responded to the subpoena by stating the telephone number associated with the Second Charvat Call was used by City VIP, LLC.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 106 of the Complaint and therefore denies same.

107. Upon information and belief, City VIP shares office space with JMB Enterprises, which is described on its website as "one of the top Voice Message Broadcast provider [sic] available today. We have been in this industry for over ten years, [and] are committed to getting your message out to the greatest number of people in the least amount of time."

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 107 of the Complaint and therefore denies same.

108.    ADT has no association with City VIP and ADT did not authorize it to conduct telemarketing on its behalf.

**ANSWER:**    Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 108 of the Complaint and therefore denies same.

109.    City VIP is not authorized to conduct any activities on behalf of ADT or to hold itself out as associated with ADT in any way.

**ANSWER:**    Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 109 of the Complaint and therefore denies same.

110.    ADT has no association with JMB Enterprises and ADT did not authorize it to conduct telemarketing on its behalf.

**ANSWER:**    Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 110 of the Complaint and therefore denies same.

111.    JMB Enterprises is not authorized to conduct any activities on behalf of ADT or to hold itself out as associated with ADT in any way.

**ANSWER:**    Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 111 of the Complaint and therefore denies same.

112.    Upon information and belief, City VIP initiated or made the Second Charvat Call.

**ANSWER:**    Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 112 of the Complaint and therefore denies same.

113.    Upon information and belief, City VIP initiated or made similar calls to others.

**ANSWER:**    Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 113 of the Complaint and therefore denies same.

114.     Upon information and belief, JMB Enterprises initiated or made the Second Charvat Call.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 114 of the Complaint and therefore denies same.

115.     Upon information and belief, JMB Enterprises initiated or made similar calls to others.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 115 of the Complaint and therefore denies same.

116.     Upon information and belief, some of the Unknown John Doe Defendants initiated or made the Second Charvat Call.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 116 of the Complaint and therefore denies same.

117.     Upon information and belief, some of the Unknown John Doe Defendants initiated or made similar calls to others.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 117 of the Complaint and therefore denies same.

118.     None of the John Doe defendants are authorized to conduct any activities on behalf of ADT or to hold themselves out as associated with ADT in any way.

**ANSWER:**     Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 118 of the Complaint and therefore denies same.

119.     Upon information and belief, any liability resulting from the Second Charvat Call or similar calls arises from the acts, errors, omissions, and/or other conduct of City VIP.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 119 of the Complaint and therefore denies same.

120. Upon information and belief, any liability resulting from the Second Charvat Call or similar calls arises from the acts, errors, omissions, and/or other conduct of JMB Enterprises.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 120 of the Complaint and therefore denies same.

121. Upon information and belief, any liability resulting from the Second Charvat Call or similar calls arises from the acts, errors, omissions, and/or other conduct of some of the Unknown John Doe Defendants.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 121 of the Complaint and therefore denies same.

122. Today, no less than 7.4 million commercial, government and residential customers throughout the world receive security services provided under ADT's name. In the United States alone, ADT receives over 16 million alarm signals per year warning of a threat to people and property.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 122 of the Complaint and therefore denies same.

123. Purchasers rely upon ADT's name for high-quality, reliable security services and trust their safety and personal property to security services provided under ADT's name.

**ANSWER:** Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 123 of the Complaint and therefore denies same.

124. The Unauthorized Third Party Defendants who initiated the Desai Call, First Charvat Call, and Second Charvat Call engaged in false, misleading and deceptive business

practices by making calls to Desai, Charvat and, upon information and belief, others, and holding themselves out as being associated in some way with ADT when, in fact, those entities are not associated with ADT, have no right to conduct any business on behalf of ADT, no right to telemarket on behalf of ADT, and no right to engage in telemarketing using pre-recorded messages.  To the contrary, to the extent that these entities engaged in telemarketing activities that violated the TCPA, they were acting contrary to ADT's expressly stated policy and instructions that any telemarketing involving ADT's products and services be done in strict accordance with the TCPA and other laws.

**ANSWER:**    Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 124 of the Complaint and therefore denies same.

125.    The Unauthorized Third Party Defendants initiated or made each of the calls willfully and with a wanton disregard for ADT's rights.

**ANSWER:**    Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 125 of the Complaint and therefore denies same.

126.    ADT has been and will continue to be irreparably harmed if the Unauthorized Third Party Defendants are permitted to continue to engage in unlawful business practices and deceit.

**ANSWER:**    Eversafe/Safe Streets is without sufficient information to admit or deny the allegations contained in paragraph 126 of the Complaint and therefore denies same.

<u>**COUNT I – INDEMNIFICATION**</u>
(AGAINST UNAUTHORIZED THIRD-PARTY DEFENDANTS)

127.    ADT sets forth the foregoing paragraphs as though fully set forth herein.

**ANSWER:**    Eversafe/Safe Streets incorporates by reference the foregoing paragraphs as if fully restated herein.

128.    ADT denies the allegations in Plaintiffs' Amended Complaint.

**ANSWER:**    Count I of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 128 of the Complaint.

129.    The allegations in Plaintiffs' Amended Complaint were the direct and proximate result of the conduct, actions and omissions of the Unauthorized Third Party Defendants and/or their agents, representatives and employees and were in no way the result of any conduct, act or omission by ADT.

**ANSWER:**    Count I of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 129 of the Complaint.

130.    In the event that ADT is found liable to Plaintiffs or any class, the Unauthorized Third Party Defendants are wholly liable over to the Plaintiffs or any class, and the Unauthorized Third Party Defendants are wholly liable over to ADT to indemnify ADT for any claims, lawsuits, or liability including costs and attorneys' fees incurred as a result of the alleged losses suffered by the Plaintiffs and the class of persons they seek to represent.

**ANSWER:**    Count I of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 130 of the Complaint.

## <u>COUNT II – CONTRIBUTION</u>
(AGAINST UNAUTHORIZED THIRD-PARTY DEFENDANTS)

131.    ADT incorporates the foregoing paragraphs as though fully set forth herein>

**ANSWER:**    Eversafe/Safe Streets incorporates by reference the foregoing paragraphs as if fully restated herein.

132.    ADT denies any liability to Plaintiffs.

**ANSWER:**    Count II of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 132 of the Complaint.

133.    The allegations in Plaintiffs' Amended Complaint were the direct and proximate result of the conduct, actions and omissions of the Unauthorized Third Party Defendants and/or their agents, representatives and employees and were in no way the result of any conduct, act or omission by ADT.

**ANSWER:**    Count II of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 133 of the Complaint.

134.    If ADT is found liable to Plaintiffs, the Unauthorized Third Party Defendants are also liable for the same wrongful conduct, and ADT has a right of contribution from the Unauthorized Third Party Defendants.

**ANSWER:**    Count II of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is

required, Eversafe/Safe Streets denies the allegations contained in paragraph 134 of the Complaint.

### COUNT III – UNFAIR COMPETITION UNDER THE LANHAM ACT
### 15 U.S.C. § 1125(A) ET SEQ.
(AGAINST UNAUTHORIZED THIRD-PARTY DEFENDANTS)

135.    ADT incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

**ANSWER:**    Eversafe/Safe Streets incorporates by reference the preceding allegations as if fully restated herein.

136.    ADT is the Licensee of numerous United States Federal Trademark Registrations in and to the ADT name, including, but not limited to, Registration Nos. 710, 708, 3,445,423 and 3,485,321.

**ANSWER:**    Count III of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 137 of the Complaint.

137.    Unauthorized Third Party Defendants have attempted to sell their goods and services by making false and deceptive representations to consumers.

**ANSWER:**    Count III of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 137 of the Complaint.

138.    Specifically, Unauthorized Third Party Defendants have falsely implied that ADT has an affiliation with Unauthorized Third Party Defendants when no such affiliation exists.

32

**ANSWER:**     Count III of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 138 of the Complaint.

139.     Upon information and belief, Unauthorized Third Party Defendants have falsely implied that their telemarketing activities are on behalf of, with authorization from, and/or as an agent of, ADT.

**ANSWER:**     Count III of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 139 of the Complaint.

140.     Unauthorized Third Party Defendants have made each of the false and/or deceptive statements with the intent of deceiving consumers as to the origin, connection, association, affiliation, or sponsorship between ADT and Unauthorized Third Party Defendants.

**ANSWER:**     Count III of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 140 of the Complaint.

141.     Upon information and belief, Unauthorized Third Party Defendants have falsely misrepresented themselves as agents, affiliates, and/or authorized dealers of ADT.

**ANSWER:**     Count III of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is

required, Eversafe/Safe Streets denies the allegations contained in paragraph 141 of the

Complaint.

142.    Unauthorized Third Party Defendants' false and misleading statements regarding

ADT will create a likelihood of confusion, mistake, or deception among consumers.

**ANSWER:**    Count III of the Third-Party Complaint does not state a claim against

Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is

required, Eversafe/Safe Streets denies the allegations contained in paragraph 142 of the

Complaint.

143.    To that end, Plaintiffs' Amended Complaint evidences actual confusion among

consumers as to an association, affiliation, or sponsorship between ADT and Unauthorized Third

Party Defendants.

**ANSWER:**    Count III of the Third-Party Complaint does not state a claim against

Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is

required, Eversafe/Safe Streets denies the allegations contained in paragraph 143 of the

Complaint.

144.    To the extent that the Unauthorized Third Party Defendants have engaged in

illegal telemarketing while holding themselves out as associated with ADT, that activity is false,

misleading and deceptive in that these entities have no authority to engage in any such activity

and any such illegal telemarketing is contrary to ADT's express policy and instructions that any

telemarketing involving ADT's products and services be done in strict accordance with the

TCPA and other laws.

**ANSWER:**    Count III of the Third-Party Complaint does not state a claim against

Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is

required, Eversafe/Safe Streets denies the allegations contained in paragraph 144 of the Complaint.

145.    ADT has been and will continue to be injured as a result of the Unauthorized Third Party Defendants' false statements by a lessening of the reputation and goodwill associated with ADT's name.

**ANSWER:**    Count III of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 145 of the Complaint.

146.    ADT has and will suffer irreparable damage to its business and goodwill by reason of the Unauthorized Third Party Defendants' unlawful acts unless Unauthorized Third Party Defendants are restrained and enjoined therefrom.

**ANSWER:**    Count III of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 146 of the Complaint.

147.    It will be difficult or impossible to determine the amount of compensation that would afford ADT complete and adequate relief from Unauthorized Third Party Defendants' continuing unlawful conduct, therefore, ADT is without an adequate remedy at law.

**ANSWER:**    Count III of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 147 of the Complaint.

### COUNT IV – VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT – FLA. STAT. § 501.201. et seq. AND/OR THE COMMON LAW OR OTHER APPLICABLE STATE STATUTES
(AGAINST UNAUTHORIZED THIRD-PARTY DEFENDANTS)

148.    ADT incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

**ANSWER:**    Eversafe/Safe Streets incorporates by reference the preceding allegations as if fully restated herein.

149.    Upon information and belief, Unauthorized Third Party Defendants are using ADT's name in order to mislead the public into believing that Unauthorized Third Party Defendants' actions, products and/or services have been authorized and/or sponsored by ADT.

**ANSWER:**    Count IV of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 149 of the Complaint.

150.    Unauthorized Third Party Defendants' acts are likely to cause confusion, mistake, or deception as to the origin, connection, association, sponsorship, or approval of Unauthorized Third Party Defendants' goods and services.

**ANSWER:**    Count IV of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 150 of the Complaint.

151.    Unauthorized Third Party Defendants' acts are willful, deliberate, false, and misleading representations of fact as to the right to use ADT's name.

**ANSWER:** Count IV of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required. To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 151 of the Complaint.

152. Upon information and belief, Unauthorized Third Party Defendants have falsely misrepresented themselves as agents, affiliates, and/or authorized dealers of ADT.

**ANSWER:** Count IV of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required. To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 152 of the Complaint.

153. Unauthorized Third Party Defendants' conduct constitutes unfair or deceptive acts or practices.

**ANSWER:** Count IV of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required. To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 153 of the Complaint.

154. As a direct and proximate result of Unauthorized Third Party Defendants' unlawful acts and practices, ADT has suffered and will continue to suffer irreparable harm.

**ANSWER:** Count IV of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required. To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 154 of the Complaint.

## COUNT V - COMMERCIAL DISPARAGEMENT
### (AGAINST UNAUTHORIZED THIRD-PARTY DEFENDANTS)

155. ADT incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Eversafe/Safe Streets incorporates by reference the preceding allegations as if fully restated herein.

156. Unauthorized Third Party Defendants' telemarketing calls, which were published to one or more parties, contain statements and/or implications about ADT that are false, including the false statements and/or implication that the Unauthorized Third Party Defendants are authorized by ADT to engage in the telemarketing calls they have made or are making.

**ANSWER:** Count V of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required. To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 156 of the Complaint.

157. Unauthorized Third Party Defendants' false and misleading statements demean the quality of ADT's services.

**ANSWER:** Count V of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required. To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 157 of the Complaint.

158. Unauthorized Third Party Defendants' statements and actions were made with knowledge that they were false, reckless disregard as to their falsity, and/or negligence.

**ANSWER:** Count V of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is

38

required, Eversafe/Safe Streets denies the allegations contained in paragraph 158 of the Complaint.

159.     Unauthorized Third Party Defendants' false and misleading statements have caused and will cause harm to ADT's reputation and good will, and ADT will suffer damages.

**ANSWER:**     Count V of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 159 of the Complaint.

160.     Unauthorized Third Party Defendants' actions were malicious, wanton, purposeful and made with reckless disregard for ADT's rights, entitling ADT to punitive damages.

**ANSWER:**     Count V of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required.  To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 160 of the Complaint.

**COUNT VI – INJUNCTIVE RELIEF**
(AGAINST UNAUTHORIZED THIRD-PARTY DEFENDANTS)

161.     ADT incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

**ANSWER:**     Eversafe/Safe Streets incorporates by reference the preceding allegations as if fully restated herein.

162.     ADT respectfully asks that this Court enter a permanent injunction against Unauthorized Third Party Defendants to stop the Unauthorized Third Party Defendants' ongoing wrongful conduct, including an order that Unauthorized Third Party Defendants be prohibited

from making any representations or conducting any telemarketing that suggest or imply an association, sponsorship, connection, or relationship with ADT.

**ANSWER:** Count VI of the Third-Party Complaint does not state a claim against Eversafe/Safe Streets, and therefore no response is required. To the extent a response is required, Eversafe/Safe Streets denies the allegations contained in paragraph 162 of the Complaint.

## <u>COUNT VII – CONTRACTUAL INDEMNIFICATION</u>
### (AGAINST EVERSAFE/SAFE STREETS ONLY)

163. ADT incorporates the allegations of the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Eversafe/Safe Streets incorporates by reference the preceding allegations as if fully restated herein.

164. ADT entered into an Authorized Dealer Agreement with Eversafe.

**ANSWER:** Eversafe/Safe Streets admits the allegations contained in paragraph 164 of the Complaint.

165. The Authorized Dealer Agreement with Eversafe requires Eversafe to comply with all federal, state and local laws, including all laws regarding telemarketing.

**ANSWER:** Eversafe/Safe Streets avers that the Authorized Dealer Agreement speaks for itself. Eversafe/Safe Streets denies the remaining allegations contained in paragraph 165 of the Complaint.

166. The Authorized Dealer Agreement between ADT and Eversafe contains an Indemnity Provision that states "[Eversafe] and Owner shall, jointly and severally, indemnify and hold ADT, its respective Affiliates, officers, directors, employees and agents (collectively the 'ADT Group') harmless from and against any and all damages, costs (including court costs

and attorneys' fees (including costs of in-house attorney services)), losses, fees and expenses suffered by the ADT group resulting from (i) Authorized Dealer's failure to comply with any of the terms and conditions of this Agreement, the Alarm Services Agreements, and the Servicing Agreements, and (ii) any claims by a third party(ies) arising from or relating to [Eversafe's] or any Representative of Affiliate thereof) or Owner's action or conduct related to or arising from this Agreement."

**ANSWER:** Eversafe/Safe Streets avers that the Authorized Dealer Agreement speaks for itself. Eversafe/Safe Streets denies the remaining allegations contained in paragraph 166 of the Complaint.

167. On October 7, 2010, Eversafe's owner, Todd Herman, signed and notarized an ADT Authorized Dealer Certification of Telemarketing Compliance which is incorporated into the Authorized Dealer Agreement.

**ANSWER:** Eversafe/Safe Streets avers that the Authorized Dealer Agreement speaks for itself. Eversafe/Safe Streets denies the remaining allegations contained in paragraph 167 of the Complaint.

168. Section (i) of the Certification of Telemarketing Compliance states "[Eversafe] has established and implemented effective written policies and procedures for compliance with the requirements of the Telephone Consumer Protection Act of 1991 ("TCPA"), the Telemarketing Sales Rule ("TSR"), and of all other federal, state and local laws, statutes ordinances, rules and regulations regulating telemarketing and advertising."

**ANSWER:** Eversafe/Safe Streets avers that the Authorized Dealer Agreement speaks for itself. Eversafe/Safe Streets denies the remaining allegations contained in paragraph 168 of the Complaint.

169.     Section (ii) of the Certification of Telemarketing Compliance states "[Eversafe] maintains written telemarketing policies and procedures for compliance with the TCPA and the TSR; provides a copy of its telemarketing policy to consumers upon request; has trained its telemarketing personnel on the requirements of the TCPA and the TSR; and has established a reliable procedure for recording Do-Not-Call ("DNC") requests for ensuring that individuals who request that they not be called are in fact not called in the future."

**ANSWER:**     Eversafe/Safe Streets avers that the Authorized Dealer Agreement speaks for itself.  Eversafe/Safe Streets denies the remaining allegations contained in paragraph 169 of the Complaint.

170.     Section (vii) of the Certification of Telemarketing Compliance states "[Eversafe] will always clearly and unequivocally identify itself only by its true and correct company name and will never, expressly or impliedly, identify itself as ADT, as an ADT Authorized Dealer or utilize the ADT name, trade name, trademark, service mark, or any direct or indirect reference to ADT in any telemarketing advertising."

**ANSWER:**     Eversafe/Safe Streets avers that the Authorized Dealer Agreement speaks for itself.  Eversafe/Safe Streets denies the remaining allegations contained in paragraph 170 of the Complaint.

171.     Section (ix) of the Certification of Telemarketing Compliance states "[t]o the extent that Dealer uses and third-parties, including but not limited to any employees, agents or subcontractors, to perform any telemarketing or advertising services for [Eversafe], [Eversafe] will ensure that such third-parties will perform such services in accordance with this certification, and [Eversafe] assumes all responsibility for the acts or omissions of such third-parties."

**ANSWER:** Eversafe/Safe Streets avers that the Authorized Dealer Agreement speaks for itself. Eversafe/Safe Streets denies the remaining allegations contained in paragraph 171 of the Complaint.

172. Section (x) of the Certification of Telemarketing Compliance states "[Eversafe] agrees to indemnify and hold harmless ADT, and its officers, directors, employees, agents, parents and subsidiaries, against any and all claims losses, costs, damages, expenses, fines, penalties, and assessments, including but not limited to attorneys' fees and court costs, of whatever kind and nature, resulting directly or indirectly from [Eversafe's] breach of any of the above covenants, representations, warranties and certifications. . . ."

**ANSWER:** Eversafe/Safe Streets avers that the Authorized Dealer Agreement speaks for itself. Eversafe/Safe Streets denies the remaining allegations contained in paragraph 172 of the Complaint.

173. Pursuant to the terms of the Indemnity Provision, Eversafe is required to hold harmless ADT and indemnify ADT, keep indemnified, and exonerate ADT from any loss, claim, or expense stemming from any conduct by it or any third parties with which it is associated, including Direct Savings.

**ANSWER:** Eversafe/Safe Streets avers that the Authorized Dealer Agreement speaks for itself. Eversafe/Safe Streets denies the remaining allegations contained in paragraph 173 of the Complaint.

174. The plaintiffs' claims are premised, at least in part, on allegations concerning the conduct of Direct Savings, with whom Eversafe had a contractual relationship. To the extent that any of the liability in this case is premised on the conduct, actions or omissions of Eversafe or third parties with whom Eversafe contracted, including but not limited to Direct Savings,

43

Eversafe is required to indemnify ADT for all losses, liability, attorneys fees and other expenses associated with this action.

**ANSWER:** Eversafe/Safe Streets denies the allegations contained in paragraph 174 of the Complaint.

175. To date, Eversafe has refused to indemnify ADT for any amounts associated with this litigation, resulting in harm to ADT.

**ANSWER:** Eversafe/Safe Streets denies the allegations contained in paragraph 175 of the Complaint.

176. Eversafe/Safe Streets denies each and every allegation not expressly admitted herein.

## **AFFIRMATIVE DEFENSES**

177. The Third-Party Complaint fails to state a claim upon which relief may be granted.

178. The claims in the Third-Party Complaint are not yet ripe.

179. Plaintiff's claims against ADT arise from the conduct, misconduct, acts, or omissions other third parties unrelated to Eversafe/Safe Streets and for whom Eversafe/Safe Streets is not responsible or liable.

180. ADT's claims are barred by the doctrine of waiver and/or estoppel.

181. ADT's claims are barred by insufficient service of process and/or insufficient process.

182. Eversafe/Safe Streets reserves the right to assert any additional defenses that may be discovered or become known during discovery.

WHEREFORE, Eversafe/Safe Streets demands that the Third-Party Complaint be dismissed with prejudice, that Eversafe/Safe Streets be awarded its attorneys' fees and costs, and for such other relief the Court deems just and proper.

## CROSS-CLAIM AGAINST THIRD-PARTY DEFENDANTS
## DIRECT SAVINGS USA, INC. AND OSCAR MONTENEGRO
## AND
## FOURTH-PARTY COMPLAINT AGAINST DIRECT SAVINGS USA, LLC

1.     Safe Streets USA, LLC ("Eversafe/Safe Streets") hereby incorporates by reference the preceding paragraphs of its Answer as if fully restated herein.

2.     Eversafe/Safe Streets is the successor by merger to Eversafe Security System, Inc. ("Eversafe").  Eversafe/Safe Streets therefore has standing to assert all rights previously held by Eversafe.

3.     Direct Savings USA, Inc. ("Direct Savings, Inc.") is a Florida corporation with its principal place of business at 6245 Powerline Road, Ft. Lauderdale, Florida, 33309.

4.     Oscar Montenegro ("Montenegro" or "Oscar Montenegro") is President of Direct Savings, Inc.

5.     Direct Savings USA, LLC ("Direct Savings, LLC") is a Florida limited liability company that has its principal place of business at 2000 North State Road 7, Margate, Florida 33063.  Direct Savings LLC's managing member is Aldo Disorbo.   Direct Savings, LLC's registered agent is Steven C. Elkin, Esq., 7805 S.W. 6th Court, Plantation, Florida, 33324.

## COUNT I – BREACH OF MARKETING AGREEMENT
### (DIRECT SAVINGS, INC. AND DIRECT SAVINGS, LLC)

6.     Eversafe/Safe Streets hereby incorporates the preceding paragraphs as if fully restated herein.

7.       On August 1, 2010, Eversafe and Direct Savings, Inc. entered into a certain Marketing Agreement ("Marketing Agreement"), a true and accurate copy of which is attached hereto as Exhibit A.

8.       Since August 1, 2010, Direct Savings, LLC agreed to assume the obligations of Direct Savings, Inc. under the Marketing Agreement and performed under the Marketing Agreement.

9.       Section 7(a) of the Marketing Agreement required Direct Savings, Inc. and Direct Savings, LLC to comply "at all times" and "in all respects" with "all local, state, and federal laws, rules, regulations and order applicable to its performance" under the Marketing Agreement.

10.      Section 7(b) of the Marketing Agreement also required Direct Savings, Inc. and Direct Savings, LLC to comply "in all with respects with the rules and procedures established by [Eversafe/Safe Streets] regarding Internet and telecommunications marketing services . . .." These "rules and procedures," inter alia, require Direct Savings, Inc. to comply with the Telephone Consumer Protect Act (TCPA).

11.      Section 7(c) of the Marketing Agreement also required Direct Savings, Inc. and Direct Savings, LLC to "use its best efforts" to ensure that those performing services for Direct Savings, Inc. under the Marketing Agreement "are aware of and comply with Applicable Law and the Guidelines."

12.      Section 7(d) of the Marketing Agreement also required Direct Savings, Inc. and Direct Savings, LLC to render its services and materials "in a timely, efficient, and professional manner in accordance with the highest standards applicable to the marketing industry for similar goods and services."

13.     If it is proven that Direct Savings, Inc. and/or Direct Savings, LLC are responsible for the conduct set forth in Plaintiffs' Complaint, then such conduct constitutes a material breach of their obligations under the Marketing Agreement.

14.     Eversafe/Safe Streets complied with all of its obligations under the Marketing Agreement and did not otherwise materially breached the terms of the Marketing Agreement.

15.     As a direct result of breach of the Marketing Agreement by Direct Savings, Inc. and/or Direct Savings, LLC, Eversafe/Safe Streets has suffered damages, including but not limited to, incurring attorneys' fees and costs in defending this action.

WHEREFORE, Eversafe/Safe Streets demands judgment against Direct Savings, Inc. and Direct Savings, LLC, jointly and severally, as to Count I, plus attorneys' fees and costs, along with such other relief the Court deems just and proper.

## COUNT II – BREACH OF IMPLIED CONTRACT
(DIRECT SAVINGS, LLC)

16.     Eversafe/Safe Streets hereby incorporates the preceding paragraphs as if fully restated herein.

17.     As set forth previously, Direct Savings LLC's undertook to perform obligations to Eversafe/Safe Streets under the Marketing Agreement, which has caused to arise an implied-in-fact contract between Eversafe/Safe Streets and Direct Savings, LLC on the same terms as the Marketing Agreement.

18.     Direct Savings, LLC was aware of the obligations of Direct Savings, Inc. under the Marketing Agreement and had knowledge of its terms.

19.     Alternatively, Direct Savings, LLC entered into an implied-in-fact agreement with Eversafe/Safe Streets by virtue of its verbal agreement to perform obligations consistent with

those set forth in the Marketing Agreement, and its enjoyment of the privileges of such agreement.

20.     Eversafe/Safe Streets complied with all of its obligations under the parties' implied contract and did not otherwise materially breached the terms of the parties' implied contract.

21.     Direct Savings, LLC breached the parties' implied contract as set forth above.

22.     Enforcement of the implied-in-fact contract is necessary to ensure fairness and avoid injustice.

23.     As a direct result of breach of the parties' implied contract by Direct Savings, LLC, Eversafe/Safe Streets has suffered damages, including but not limited to, incurring attorneys' fees and costs in defending this action.

WHEREFORE, Eversafe/Safe Streets demands judgment against Direct Savings, Inc. and Direct Savings, LLC, jointly and severally, as to Count I, plus attorneys' fees and costs, along with such other relief the Court deems just and proper.

## COUNT III -- CONTRACTUAL INDEMNIFICATION
### (DIRECT SAVINGS, INC. AND DIRECT SAVINGS, LLC)

24.     Eversafe/Safe Streets hereby incorporates the preceding paragraphs as if fully restated herein.

25.     Pursuant to Section 8 of the Marketing Agreement, Direct Savings, Inc. and Direct Savings, LLC are required to "indemnify, defend, and hold harmless" Eversafe/Safe Streets from, from any claims—including attorney's fees of outside and in-house counsel— arising out of or resulting from (1) their inaccuracy in any representation or their breach of any warranty or covenant, and (2) their failure (or their subcontractors' failure) to perform or observe any term, provision, agreement, restriction, obligation, or condition in the Marketing Agreement.

48

26.     Defendant/Third-Party Plaintiff ADT Security Services, Inc. ("ADT") has filed a Third-Party Complaint against Eversafe/Safe Streets, alleging that the claims of the Plaintiffs against it in this action are based, at least in part, on the conduct, actions, or omissions of Direct Savings, Inc.

27.     ADT's Third-Party Complaint seeks indemnification from Eversafe/Safe Streets to the extent Plaintiffs' claims against ADT arise or result from the conduct, actions, or omissions of Direct Savings, Inc.

28.     To the extent any liability of Eversafe/Safe Streets results from the misconduct of Direct Savings, Inc. or Direct Savings, LLC, then they should be required to indemnify Eversafe/Safe Streets from such liabilities.

29.     The Marketing Agreement also requires Direct Savings, Inc. and Direct Savings, LLC to undertake the much broader obligation to defend Eversafe/Safe Streets from all claims and allegations against it arising from the breach of the Marketing Agreement.

30.     Under this obligation, Direct Savings, Inc. and Direct Savings, LLC are required to defend Eversafe/Safe Streets in this action, including to pay Eversafe/Safe Street's attorneys' fees incurred in this action.

31.     On April 14, 2011 and April 20, 2011, Eversafe/Safe Streets sent a written demand to Direct Savings, Inc., through its President Oscar Montenegro, that it indemnify and defend Eversafe/Safe Streets in this action.

32.     Direct Savings, Inc. has failed to respond to the foregoing demand for indemnity and defense.

33.     Eversafe/Safe Streets seeks an order from the Court that Direct Savings, Inc. and Direct Savings, LLC indemnify and defend it from any claims, allegations, and damages incurred by it in this action.

WHEREFORE, Eversafe/Safe Streets demands judgment against Direct Savings, Inc. and Direct Savings, LLC, jointly and severally, as to Count I, plus attorneys' fees and costs, along with such other relief the Court deems just and proper.

## COUNT IV – EQUITABLE INDEMNIFICATION
### (DIRECT SAVINGS, INC., OSCAR MONTENEGRO, AND DIRECT SAVINGS, LLC)

34.     Eversafe/Safe Streets hereby incorporates the preceding paragraphs as if fully restated herein.

35.     As a result of the Third-Party Complaint asserted against it by ADT, Eversafe/Safe Streets has suffered an injury, including but not limited to attorneys' fees and costs incurred in defending this action.

36.     To the extent it is determined that Direct Savings, Inc., Montenegro, and/or Direct Savings, LLC are solely or primarily responsible for the conduct alleged in Plaintiffs' Complaint, Direct Savings, Inc., Montenegro, and/or Direct Savings, LLC are liable to Eversafe/Safe Streets for any amounts that Eversafe/Safe Streets is required to pay in this action.

37.     Eversafe/Safe Streets was not engaged in the conduct complained of by Plaintiffs, and Eversafe/Safe Streets had no reason to anticipate such conduct.

38.     Eversafe/Safe Streets seeks an order from the Court that Direct Savings, Inc. and Direct Savings, LLC indemnify and defend it from any claims, allegations, and damages incurred by it in this action.

WHEREFORE, Eversafe/Safe Streets demands judgment against Direct Savings, Inc. and Direct Savings, LLC, jointly and severally, as to Count I, plus attorneys' fees and costs, along with such other relief the Court deems just and proper.

**SAFE STREETS USA, LLC, SUCCESSOR BY MERGER TO EVERSAFE SECURITY SYSTEMS, INC.**

By: /s/ Lorne T. Saeks

One of its attorneys

Lorne T. Saeks
**Much Shelist Denenberg
  Ament & Rubenstein, P.C.**
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606
312.521.2000

## <u>CERTIFICATE OF SERVICE</u>

I, Lorne T. Saeks, an attorney, certify that on September 21, 2011, I caused a copy of the **ANSWER, CROSS-CLAIM, AND FOURTH-PARTY COMPLAINT OF THIRD-PARTY DEFENDANT SAFE STREETS USA, LLC, SUCCESSOR BY MERGER TO EVERSAFE SECURITY SYSTEMS, INC.** to be electronically filed with the Clerk of Court using the CM/ECF system and served on the following persons:

Alexander Holmes Burke
Burke Law Offices, LLC
155 N. Michigan Avenue
Suite 9020
Chicago, IL 60601
ABurke@BurkeLawLLC.com

Brian Kevin Murphy
Murray Murphy Moul & Basil, LLP
1533 Lake Shore Drive
Columbus, OH 43204
Murphy@mmmb.com

John W. Barrett
Jonathan Rehe Marshall
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
jbarrett@baileyglasser.com
jmarshall@baileyglasser.com

Michael E. Baughman
Robert L. Hickok
Pepper Hamilton, LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
baughmanm@pepperlaw.com
hickokr@pepperlaw.com

Matthew Mccue
Law Office of Matthew Mccue
340 Union Ave.
Framigham, MA 01702
mmccue@massattorneys.net

Edward A. Broderick
Broderick Law, P.C.
727 Atlantic Avenue
Second Floor
Boston, MA 02111
ted@broderick-law.com

Jason Lawrence Pyrz
John A. Leja
Polsinelli Shughart, P.C.
161 N. Clark Street
Suite 4200
Chicago, IL 60601
jpyrz@polsinelli.com
jleja@polsinelli.com

/s/ Lorne T. Saeks