**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VISHVA DESAI and PHIL CHARVAT on behalf of themselves and others similarly situated, | ) ) ) | 1:11-cv-1925 |
| Plaintiffs, | ) ) | Judge Bucklo |
| | ) | Magistrate Judge Keys |
| v. | ) | |
| | ) | |
| ADT SECURITY SERVICES, INC., | ) | JURY DEMANDED |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO MOTION TO EXTEND TIME TO RESPOND TO
DISCOVERY, AND MOTION TO COMPEL ELEPHANT GROUP**

Plaintiffs respectfully request that this Court compel Elephant Group, LLC to respond to their discovery requests. In support of this motion, plaintiffs state:

1. This is a Telephone Consumer Protection Act, 47 U.S.C. §227(b) class action, alleging that defendant ADT Security Services, Inc. used improper robocalls and autodialers to call consumers' cellular and landline telephones. Plaintiffs are trying to learn precisely who is making the illegal calls on behalf of ADT. Not surprisingly, ADT has not been helpful in this endeavor.

2. Documents produced by ADT and obtained otherwise by plaintiffs demonstrate that Elephant Group has substantial information concerning robocalls made advertising ADT products and services. Elephant Group, which does business as Saveology, is a company that likely has a treasure trove of information regarding millions calls made by Saveology lead generators advertising ADT products.

3. Elephant Group has filed a motion requesting additional time to produce materials in response to discovery requests, because the company has moved offices. However, Elephant's motion does not mention that plaintiffs originally requested documents from it in May 2011

through a subpoena (before it was a party), and that Elephant Group, after an extension, has not responded to most of the requests for almost a year.

4.      While plaintiff does not wish to place an undue burden upon a defendant that is moving offices, Elephant Group should have already compiled and produced much of what plaintiffs requested in Exhibit A. The original subpoena is attached as Exhibit B. The original subpoena and the request for production of documents seek, in essence, the same documents. Further, plaintiff is concerned about a possible settlement between Elephant Group and ADT, intended to "moot" these requests and prevent plaintiffs from obtaining responses to full-blown document requests, interrogatories and requests for admission.

5.      Furthermore, although most of the documents plaintiffs seek should be available electronically (and should already have been preserved in the form of drive images), Elephant Group's motion states that it still needs to "retrieve" documents for production. Plaintiffs are thus deeply concerned that paper documents, or even some electronic materials, may become "lost" as a result of the move.

6.      Plaintiff requests that the Court compel Elephant to provide full responses without regard to objections, by date-certain. Plaintiff suggests that January 31, 2012, is a reasonable date, under the circumstances for Elephant Group to respond to the discovery.

WHEREFORE, plaintiffs respectfully request that this Court compel Elephant Group, to respond to their discovery requests.

Respectfully submitted,

/s/Alexander H. Burke

***Counsel for Plaintiffs:***

Alexander H. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)

Matthew P. McCue
The Law Office of Matthew P. McCue
340 Union Avenue
Framingham, MA  01790
(508) 620-1166
(508) 820-3311 (fax)

Brian K. Murphy
Joseph F. Murray
Murray Murphy Moul & Basil LLP
1533 Lake Shore Drive
Columbus, OH  43204
(614) 488-0400
(614) 488-0401 (fax)

John W. Barrett
Jonathan Marshall
Bailey & Glasser, LLP
227 Capitol Street
Charleston, WV  25301
(304) 345-6555
(304) 342-1110

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
727 Atlantic Avenue, Second Floor
Boston, MA  02111
(617) 738-7080
(617) 357-5030 (fax)

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VISHVA DESAI and PHILIP J. CHARVAT, on behalf of themselves and others similarly situated | |
| Plaintiffs, | Case No. 1:11-cv-1925 |
| vs. | |
| ADT SECURITY SERVICES, INC. | |
| Defendant/Third Party Plaintiff, | |
| MR. PETE TOLMAN, LEADS DIRECT MARKETING, DIRECT SAVINGS USA, INC., MR. CHRISTOPHER LONG, EMI, INC., JMB ENTERPRISES, CITY VIP, LLC, MR. OSCAR MONTENEGRO, EVERSAFE SECURITY SYSTEMS, INC., SAFE STREETS USA, LLC AND UNKNOWN JOHN DOE DEFENDANTS I THROUGH XX | |
| Third Party Defendants. | |

**Plaintiffs' First Set of Interrogatories and First Requests for
Production of Documents to Elephant Group, Inc.**

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, and subject to the following

definitions and instructions, Plaintiff Vishva Desai and Philip J. Charvat ("Plaintiffs") serve the

following First Set of Interrogatories ("Interrogatories") and First Request for the Production of

Documents on Third Party Defendant Elephant Group.  The requests shall be deemed continuing,

requiring amended responses if you obtain information which renders the responses incomplete

or inaccurate.

336354

### Definitions and Instructions

1.     When used in these requests for production, the term "Defendant," or "you" (or synonyms thereof) means Elephant Group, Inc., which operates a website www.buyadt.com, and is located at 3303 W. Commercial Blvd. in Fort Lauderdale, FL 33309 and its officers, directors and employees, affiliates, agents, parent companies and subsidiaries and any other entity from which you have the right or ability to obtain documents or information.

2.     "Consent Decree" refers to the Consent Decree and Order for Civil Penalties, Injunction and Other Relief, entered November 20, 2007 in *United States v. ADT Security Services, Inc.,* 07-81051 (S.D. Fla.).

3.     The term "auto-dialer" or "automatic telephone dialing systems" means any predictive dialer or equipment which has the capacity to dial telephone numbers.

4.     The term "pre-recorded voice message"  refers to prohibition against the use of telephone calls to residences or cell-phones using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party as set forth at 47 U.S.C. sec 227 (b)(1)(B) and 47 C.F.R. sec 64.1200(a)(2)..

5.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

6.     "Concerning" means referring to, describing, evidencing, or constituting.

7.     "Document" is any writing, drawing, graph, chart, photograph, sound recording, image and other data or data compilations, stored in any medium from which information can be obtained either directly or indirectly, or, if necessary, after translation by the responding party into a reasonably useful form.  "Document" includes electronically stored information.

8.    When requested to "identify" a document, give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) author(s), addressee(s), and recipient(s); and (iv) date the document was prepared.

9.    When requested to "identify" a person, give the person's full name and present or last known address.

10.    "Person" means any natural person or any business, legal or governmental entity or association.

11.    "Telemarketing" means selling and promoting goods or services by telephone.

12.    "Telemarketing Sales Rule" or "TSR" means the FTC Rule entitled "Telemarketing Sales Rule," 16 C.F.R. § 310.

13.    "Telephone Consumer Protection Act" or "TCPA" means the federal telemarketing statute codified at 47 U.S.C. § 227.

14.    "Third party monitoring service" refers to an independent third party monitoring service engaged in the business of monitoring and reporting on compliance with the Telemarketing Sales Rule.

15.    The time frame for all discovery requests is from November 1, 2007 to the present date.

16.    With respect to any document you withhold on a claim of privilege or immunity, provide a statement signed by Defendant's attorney setting forth as to each such document:

    a.    The name of the sender(s) of the document;

    b.    The name of the author(s) of the document;

    c.    The name of the person(s) to whom copies were sent or otherwise made available;

    d.    The job title of every person named in (a), (b) and (c) above;

      e.      The date of the document;

      f.      The date on which the document was received by each addressee or other recipient;

      g.      A brief description of the nature and subject matter of the document;

      h.      The statute, rule or decision which is claimed to give rise to the privilege; and

### Interrogatories

**Interrogatory No. 1:** Identify by name and address all persons who have or may have information or knowledge of any fact or claim alleged in Plaintiffs' Amended Complaint or ADT's Third Party Complaint and provide a detailed description of the information or knowledge possessed by each person.

Response:

**Interrogatory No. 2:** Describe in detail your relationship with Paramount Media Group and Savilo Support Services, and any other corporation contracted by you for lead generation or marketing in connection with ADT goods or services.

Response:

**Interrogatory No. 3:** Identify the person or persons responsible for receiving, maintaining, investigating and responding to consumer complaints submitted to you relating to the alleged illegal or inappropriate telemarketing being conducted by you, your marketers, lead generators, or any third parties concerning ADT good or services.

Response:

**Interrogatory No. 4:**  Identify by trade name and address, corporate name, e-mail, phone number and address, and by the name of principal, all ADT Authorized Dealers;

4

Authorized Marketers or Authorized Telemarketers that have engaged or consulted you in the last five years, including, but not limited to, Defender Security Company.

    <u>Response</u>:

**Interrogatory No. 5:**  Identify all Caller ID numbers and/or ANIs that appear on the outbound telemarketing calls that any entity identified in response to Interrogatory No. 2 has made since 2007 to the present date.  Include in this response to phone company(ies) utilized to transmit these calls, and the respective date you utilized these company(ies).

    <u>Response</u>:

**Interrogatory No. 6:** Identify all communications that relate to telemarketing of ADT products or services. Include the type of communication, the date/time of the communication, all persons involved, any document commemorating or recording the communication and the substance of the communication.

    A full response would include but not be limited to:

a) Internal communications, including emails, memos, telephone conversations and meetings;
b) Communications between you (your agents or lawyers) and ADT or its agents or lawyers;
c) Communications between you and Direct Savings USA;
d) Communications between you and Eversafe Security Systems;
e) Communications between you and any third party that made or allegedly made telemarketing calls regarding ADT products and services, WITHOUT REGARD to whether ADT was mentioned in the telemarketing message;
f) Communications between you and any person involved in any aspect of telemarketing, including but not limited to companies that communicate or administer "cloud" servers, providers of telephone, caller identification or ANI service, providers of do-not-call services, independent contractors, agents, sub-agents affiliates, persons who provided lists of telephone numbers to be called,

<u>Response</u>:

**Interrogatory No. 7:** Identify and provide the total number of calls, for any and all calls that fits into the following set:

- Any call advertising ADT goods or services (regardless of whether ADT was mentioned in the call), where a predictive dialer or prerecorded message or both was used, where the call was made at any time between April 18, 2007 and the present.

For purposes of this interrogatory, "identify" means to provide all information you have regarding the call, including but not limited to: who made the call, the phone number called, the date and time, the duration of the call and all sources from where the phone number called was obtained.

Response:

**Interrogatory No. 8:** If you contend that you had the recipient's "prior express consent" or that you had an "existing business relationship", or that you were privileged or permitted to make any call that is responsive to the previous interrogatory, please identify all documents, data, testimony, and all other types of facts and forms of proof that support or refute this contention for each call. Cite to BATES numbers. If documents, testimony or other things that relate to such defense are in the hands of some other party, identify the responsive items, and identify who is in custody, possession or control of such, and your relationship with such person.

Response:

**Interrogatory No. 9:** State whether any documents responsive to this Request for Production of Documents have been destroyed or lost, or cannot be accounted for. If your answer to the preceding is anything other than an unqualified negative, please:

(a) identify each and every document which was destroyed or lost, or is unaccounted for;
(b) state when the Plaintiff believes the document(s) was destroyed or lost, or became unaccounted for;
(c) state what reason or explanation the Plaintiff has, if any, for the destruction, loss, or inability to account for the document(s) identified in sub-part (a); and
(d) identify the persons who are most knowledgeable about the information in sub-parts (a) through (c) of this Interrogatory.

Response:

## Requests for Production of Documents

**Request No. 1:** All documents which identify the entity or individual who you retained, that has transmitted, or may be associated with any complaint made to you, regarding pre-recorded phone messages relating to ADT goods or services, at any time in the last five years.

Response:

**Request No. 2:** All documents, including correspondence, sent to, or received from, any individual or entity identified in Request No. 1, at any time in the past five years.

Response:

**Request No. 3:** A copy of any pre-recorded message utilized by you, your marketers, lead generators, or any third parties concerning ADT good or services at any time in the past five years.

Response:

**Request No. 4:** All documents relating to complaints made to you in any way relating to allegations of unlawful telemarketing that also relate to ADT goods or services.

Response:

**Request No. 5:** All documents concerning you, or any agent or third party, using auto-dialers or telemarketing via pre-recorded voice message.

Response:

**Request No. 6:** All correspondence between you and any other individual or entity concerning auto-dialer use or advertising via pre-recorded voice message, including, but not limited to, ADT.

Response:

**Request No. 7:** All documents concerning the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA"), including Complaints, as it relates to telemarketing done by you or any agent, marketers, lead generators, or any third parties relating to ADT goods or services.

Response:

**Request No. 8:** All documents concerning internal investigations conducted by you or on your behalf concerning complaints regarding the TCPA or allegedly unlawful telemarketing calls done by you or any agent, marketers, lead generators, or any third parties relating to ADT goods or services.

Response:

**Request No. 9:** All documents reflecting or relating to any correspondence between you and your agents and/or lead generators with respect to telemarketing complaints concerning ADT goods or services. This includes, but is not limited to, Paramount Media Group and Savilo Support Services.

Response:

**Request No. 10:** All contracts and documents concerning agreements entered into between you and any person who has ever used telemarketing with regard to ADT good or services, including, but not limited to Paramount Media Group and Savilo Support Services.

Response:

**Request No. 11:** All documents concerning your record-retention policies regarding telemarketing.

Response:

**Request No. 12:** All documents relating to any sales awards or recognition in any way relating to ADT.

Response:

**Request No. 13:** All documents concerning ADT and telemarketing. A full response will include but not be limited to correspondence and communications between you and ADT, communications between your lawyers and ADT's lawyers, regarding this or any other lawsuit, settlement, allegation or demand relating to telemarketing calls advertising ADT products or services.

Response:

**Request No. 14:** All documents concerning any call that fits into the following set:

- Any call advertising ADT goods or services (regardless of whether ADT was mentioned in the call), where a predictive dialer or prerecorded message or both was used, where the call was made at any time between April 18, 2007 and the present.

Response:

**Request No. 15:** For any call responsive to document request 14, please provide all documents that relate to the idea that you, ADT or any other relevant party had the recipient's prior express consent to receive such call(s), or had an existing business relationship with the recipient.

Response:

**Request No. 16:** All documents that relate to any affirmative defense you raise.

Response:

**Request No. 17:** All documents received from or sent to the Federal Communications Commission or Federal Trade Commission concerning the TCPA or allegedly unlawful telemarketing calls.

Response:

**Request No. 18:** All documents that identify the names and web-sites of all entities with which you are affiliated in any way relating to ADT.

Response:

**Request No. 19:** All documents evidencing or relating to your maintenance of an internal Do Not Call list and all documents evidencing you providing that to any agent, marketers, lead generators, or any third parties relating to ADT goods or services.

Response:

**Request No. 20:** All documents concerning your monitoring of outbound telemarketing campaigns conducted by any person, including but not limited to, any agent, marketers, lead generators, or any third parties relating to ADT goods or services.

Response:

**Request No. 21:** All documents concerning any attempt by ADT to investigate you or any agent, marketers, lead generators, or any third parties relating to ADT goods or services.

Response:

**Request No. 22:** All documents sent to or received from any third party monitoring services used, including monthly reports from any such third-party monitoring service to you or any other person, as to ADT-related calls.

Response:

**Request No. 23:** All documents concerning ADT's due diligence investigations of any agent, marketers, lead generators, or any third parties relating to ADT goods or services before approving it for use.

Response:

**Request No. 24:** All documents concerning any agent, marketers, lead generators, or any third parties relating to ADT goods or services before approving it for use retention of a third-

10

party relating to ADT goods or services. This includes, but is not limited to, third party marketers and lead generators.

<u>Response:</u>

**Request No. 25:**

**Request No. 26:** All documents concerning reports of outbound telemarketing campaigns conducted by any agent, marketers, lead generators, or any third parties relating to ADT goods or services.

<u>Response:</u>

**Request No. 27:** All documents sent to or received from the FTC relating to the Consent Decree.

<u>Response:</u>

**Request No. 28:** All documents which identify by name, telephone number, e-mail and business address any of your agents, marketers, lead generators, or any third parties who has allegedly engaged in unlawful telemarketing in any way relating to ADT goods or services.

<u>Response:</u>

**Request No. 29:** Produce, for each person you may call as an expert witness, the following documents:

    (a)    All documents upon which the witness relied in forming his/her opinions in this matter.
    (b)    All documents reviewed by the witness in connection with this matter.
    (c)    All documents written or prepared by the witness (or under his/her supervision) in connection with this matter, including but not limited to any notes, reports or drafts of reports.
    (d)    All documents that the witness received from counsel in connection with this matter.
    (e)    All correspondence, including e-mails, with counsel.
    (f)    The witness's complete file pertaining to this matter.
    (g)    All documents reflecting or constituting any research the witness conducted in connection with this matter.
    (h)    The witness's current resume or curriculum vitae.

(i)      A list of cases in which the witness has testified, either at trial or in deposition, in the last four years.

(j)      A list of all academic, scientific or other literature or any other source of information upon which the witness has relied on in reaching his/her opinions.

(k)      A list of all publications by the witness, if not included on the curriculum vitae.

(l)      All invoices sent to counsel in this matter.

<u>Response</u>:

PLAINTIFFS, VISHVA DESAI and PHIL CHARVAT,
By their attorneys,

Edward A. Broderick, *pro hac vice*
Broderick Law, P.C.
727 Atlantic Ave., Second Floor
Boston, MA 02111
(617) 738-7080
(617) 314-7783 *facsimile*

Alexander E. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 6060

Brian K. Murphy
Joseph F. Murray
Murray Murphy Moul & Basil LLP
1533 Lake Shore Drive
Columbus, OH 43204
(614) 488-0400
(614) 488-0401 *facsimile*

John W. Barrett, Esq. *Pro Hac Vice*
Jonathan Marshall, Esq.
Bailey & Glasser, LLP
227 Capitol Street
Charleston, West Virginia 25301
(304) 345-6555
(304) 342-1110 *facsimile*

Matthew P. McCue, Esq. Pro Hac Vice
The Law Office of Matthew P. McCue
340 Union Avenue
Framingham, MA 01790
(508) 620-1166
(508) 820-3311 facsimile

## CERTIFICATE OF SERVICE

I, Edward A. Broderick, do hereby certify that on November 18, 2011 a true and correct

copy of foregoing was served via First Class Mail upon the following:

Saman Behman
Law Offices of Saman Behnam
400 Oceangate, Suite 800
Long Beach, CA 90802
*Counsel for EMI, Inc.*

Michael E. Baughman
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
*Counsel for ADT Security Services, Inc.*

Peter Tolman
Leads Direct Marketing
Voicetel, Inc.
4344 Gold Run Drive
Oakley, CA 94561

Christopher T. Long
14281 Spring Vista Lane
Chino Hills, CA 91709

Rebecca Bratter
GreenspoonMarder
700 Trade Centre South
100 West Cypress Creek Road
Fort Lauderdale, Florida 33309
*Counsel for Paramount Media Group*

Quintin F. Lindsmith
Bricker & Eckler LLP
100 South Third Street
Columbus, OH 43215
*Counsel for Eversafe Security Systems, Inc.
and Safe Streets USA, LLC*

Oscar Montenegro
Direct Savings USA, Inc.
3176 Stirling Road, Apartment 3
Hollywood, FL 33021

Robert Baker
City VIP, LLC
2132 Grove St.
Davenport, IA 52803

Joshua L. Spoont
Richman Greer, P.A.
Miami Center, Suite 1000
Miami, FL 33131
*Counsel for Elephant Group and Saveology*

Edward A. Broderick

# Exhibit B

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| Desai and Charvat | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:11-cv-1925 |
| | ) |
| ADT Security Services, Inc. | ) (If the action is pending in another district, state where: |
| *Defendant* | ) Northern District of Illinois ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Elephant Group, Inc., 3303 W. Commercial Blvd, Ft. Lauderdale, FL 33309

&#x2611; *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

    See attached Schedule A.

| Place: All Broward Process Corp. 701 N. Fig Tree Lane | Date and Time: |
|---|---|
| Plantation, FL 33317 | |
| Or directly to undersigned counsel | 05/26/2011 12:00 pm |

&#x274f; *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   05/10/2011

       *CLERK OF COURT*

                      OR

_____    _____
  *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   _____

Plaintiffs Desai and Charvat                        , who issues or requests this subpoena, are:

BURKE LAW OFFICES, LLC, 155 N. Michigan Ave., Suite 9020, Chicago, IL 60601; (312) 729-5288; ABurke@BurkeLawLLC.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:11-cv-1925

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

### INSTRUCTIONS

1. You are required to search not only for hard copy documents, but for electronically generated., maintained or stored information, including data that exist on your computer's hard drive, on computer servers to which you have access, in email accounts, in text messaging accounts, and all other places in which responsive electronic data may be stored.

2. Where possible, all electronically generated, maintained or stored information should be produced in its native format and in a formal compatible to litigation-support databases and review systems. Where possible, such documents should contain searchable text and searchable metadata in a load file format.

3. Should you refuse, in whole or in part, to produce documents responsive hereto in reliance on a claim of privilege, please state:

    a.    The name of the sender(s) of the document;

    b.    The name of the author(s) of the document;

    c.    The name of the person(s) to whom copies were sent or otherwise made available;

    d.    The job title of every person named in (a), (b) and (c) above;

    e.    The date of the document;

    f.    The date on which the document was received by each addressee or other recipient;

    g.    A brief description of the nature and subject matter of the document;

    h.    The statute, rule or decision which is claimed to give rise to the privilege; and

    i.    The detailed factual basis for the claim of privilege.

DEFINITIONS

1.     When used in these requests, the term "ADT Security Systems, Inc.," "ADT" (or synonyms thereof) means ADT Security Systems, Inc., and its officers, directors and employees.

2.     When used in these requests, the term "Elephant Group, Inc." "Elephant Group" or "you" (or synonyms thereof) includes but is not limited to Saveology.com, LLC, located at 3303 W. Commercial Blvd, in Ft. Lauderdale, FL 33309, and its officers, directors and employees as well as any other former corporate entity of Elephant Group in the four years prior to the filing of the Complaint in this action.   The term "you" also refers to any ADT related entity or business which you control or are affiliated with in any manner.

3.     The term "auto-dialer" or "automatic telephone dialing systems" means equipment which has the capacity (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers.  47 U.S.C. § 227.

4.     The term "pre-recorded voice message"  refers to prohibition against the use of telephone calls to residences or cell-phones using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party as set forth at 47 U.S.C. sec 227 (b)(1)(B) and 47 C.F.R. sec 64.1200(a)(2)..

5.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

6.     "Concerning" means referring to, describing, evidencing, or constituting.

7.     "Document" is any writing, drawing, graph, chart, photograph, sound recording, image and other data or data compilations, stored in any medium from which information can be obtained either directly or indirectly, or, if necessary, after translation by the responding party into a reasonably useful form.  "Document" includes electronically stored information.

8.     "Telemarketing" means selling and promoting goods or services by telephone.

9.     "Telemarketing Sales Rule" or "TSR" means the FTC Rule entitled "Telemarketing Sales Rule," 16 C.F.R. § 310.

10.     "Telephone Consumer Protection Act" or "TCPA" means the federal telemarketing statute codified at 47 U.S.C. § 227.

11.     The time frame for all discovery requests is from February of 2007 to the present date.

12.     With respect to any document you withhold on a claim of privilege or immunity, provide a statement signed by Defendant's attorney setting forth as to each such document:

     a.     The name of the sender(s) of the document;

     b.     The name of the author(s) of the document;

     c.     The name of the person(s) to whom copies were sent or otherwise made available;

     d.     The job title of every person named in (a), (b) and (c) above;

     e.     The date of the document;

     f.     The date on which the document was received by each addressee or other recipient;

     g.     A brief description of the nature and subject matter of the document;

     h.     The statute, rule or decision which is claimed to give rise to the privilege; and

     ii.     The detailed factual basis for the claim of privilege.

## DOCUMENTS TO BE PRODUCED

**Request No. 1:** All documents relating to ADT advertising.

Response:

**Request No. 2:** All contracts relating to ADT advertising.

Response:

**Request No. 3:** A copy of all contractual agreements relating to ADT.

Response:

**Request No. 4:** All contracts between you and Direct Savings USA.

Response:

**Request No. 5:** All documents that explain the relationship between you and the ADT business Direct Savings USA, and/or the entity operating the web site www.directsavingsusa.com.

Response:

**Request No. 6:** All documents relating to the license "Elephant Group: 11212" listed on the web site www.directsavingsusa.com.

Response:

**Request No. 7:** All contracts between you and any other entity that is affiliated with ADT.

Response:

**Request No. 8:** All documents that identify all other trade names you use, or web-sites, in any way relating to ADT.

Response:

**Request No. 9:**. All documents relating to any telemarketing conducted by you, or by any agent or third party, in any way relating to ADT.

Response:

**Request No. 10:** All documents relating to telemarketing conducted by you, or by any agent or third party, conducted by pre-recorded message in any way relating to ADT

Response:

**Request No. 11:** All documents which identify any entity or individual who retained you to transmit pre-recorded phone messages relating to ADT goods or services, at any time in the past four years.

**Request No. 12:** All documents sent to or received from any individual or entity identified in Request No. 11, at any time in the past four years.

**Request No. 13:** All documents which identify the number of pre-recorded messages transmitted by you, or on your behalf, to consumers throughout the United States, in any way relating to ADT, at any time in the past four years.

**Request No. 14:**. All documents which identify the phone numbers contacted by pre-recorded message by you, or on your behalf, in any way relating to ADT, at any time in the past four years.

**Request No. 15:** All documents which identify the name and/or address of any consumer contacted by you, by pre-recorded message, in any way relating to ADT, at any time in the past four years.

**Request No. 16:** A copy of any ADT related pre-recorded message(s) utilized by you at any time in the past four years.

**Request No. 17:** All documents relating to billing sent by you to any individual or entity in any way relating to ADT telemarketing.

**Request No. 18:** All documents which evidence prior consent provided to you, or to ADT, by any consumer prior to your transmission to such consumer of an ADT related pre-recorded message.

**Request No. 19:** All documents which evidence an established business relationship between you or ADT, by any consumer, that was in existence prior to your transmission to such consumer of an ADT related pre-recorded message.

**Request No. 20:** All documents which identify the name and/or address of any consumer contacted by you by pre-recorded message, in any way relating to ADT, who you claim consented to such call in any manner.

**Request No. 21:** All documents relating to the phone list(s) utilized by you, or by someone acting on your behalf, to engage in pre-recorded telemarketing relating to ADT, at any time in the past four years.

**Request No. 22:** All documents relating to the source from which the phone numbers were obtained that you utilized to engage in pre-recorded telemarketing relating to ADT, at any time in the past four years.

**Request No. 23:** All contracts and documents concerning agreements entered into between you and the entities or individuals disclosed in response to Request No. 11.

**Request No. 24:** All documents concerning the individuals or entities identified in response to Request No. 11.

**Request No. 25:** All communications with the individuals or entities identified in response to Request No. 11.

**Request No. 26:** All communications received from or sent to ADT, or its representatives including its counsel, in any way relating to telemarketing.

Response:

**Request No. 27:** Identify all documents concerning any communications with ADT or the individual or entities identified in response to Request No. 11 that are not being produced in response to these requests.

Response:

**Request No. 28:** All documents that identify all other trade names or web-sites you use in any way relating to ADT.

Response:

**Request No. 29:** All documents relating to allegations of unlawful telemarketing in any way relating to ADT.

Response:

**Request No. 30:** All documents that identify all entities involved in advertising or telemarketing on behalf of ADT via pre-recorded message.

Response:

**Request No. 31:** All documents relating to any investigations or response to consumers' complaints or allegations of unlawful telemarketing in any way relating to ADT goods or services.

Response:

**Request No. 32:** All documents sent to ADT, or any entity acting on behalf of ADT, in any way relating to consumers' complaints or allegations of unlawful telemarketing in any way relating to ADT goods or services.

Response:

**Request No. 33:** All documents received from ADT, or any entity acting on behalf of ADT, in any way relating to consumers' complaints or allegations of unlawful telemarketing in any way relating to ADT goods or services.

Response:

**Request No. 34:** All documents sent to any third party in any way relating to consumers' complaints or allegations of unlawful telemarketing in any way relating to ADT goods or services.

Response:

**Request No. 35:** All documents concerning or regarding any consumer who has asked not to be contacted regarding ADT's products and services.

Response:

**Request No. 36:** All settlement agreements relating to ADT telemarketing.

Response:

**Request No. 37:** All demand letters or lawsuits relating to ADT telemarketing.

Response:

**Request No. 38:** All documents concerning telemarketing via pre-recorded voice message.

Response:

**Request No. 39:** All documents concerning training to ensure compliance with the TCPA, the TSR, and state telemarketing laws.

Response:

**Request No. 40:** All documents that identify individuals or entities engaged in promoting ADT's goods and services via auto-dialer or pre-recorded message.

Response:

**Request No. 41:** All correspondence between you and any other individual or entity concerning autodialer use or advertising via pre-recorded voice message on behalf of ADT.

Response:

**Request No. 42:** All documents relating to any third party lead generator hired by you to generate ADT sales leads.

Response:

**Request No. 43:** All communications between you and the Plaintiff.

Response:

**Request No. 44:** All documents concerning the Plaintiff.

Response:

**Request No. 45:** All communications between you and the Defendant.

Response:

**Request No. 46:** All documents concerning the Defendant.

Response:

**Request No. 47:** All documents relating to any sales awards or recognition in any way relating to ADT.

Response:

**Request No. 48:** All documents concerning ADT telemarketing and Matthew Donaca.

Response:

**Request No. 49:** All documents concerning ADT telemarketing and Stuart Abramson.

Response:

**Request No. 50:** All settlement agreements relating to ADT telemarketing.

Response:

**Request No. 51:** All demand letters or lawsuits relating to ADT telemarketing.

Response: