IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VISHVA DESAI, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11 C 1925 |
| ADT SECURITY SERVICES, INC., | ) ) | |
| Defendant. | ) | |

**THIRD-PARTY DEFENDANT ELEPHANT GROUP, INC.'S MOTION TO DISMISS ADT SECURITY SERVICES, INC.'S THIRD PARTY COMPLAINT [D.E. 121]**

   Third-Party Defendant, ELEPHANT GROUP, INC. ("Elephant Group"), by and through undersigned counsel, hereby moves to dismiss Counts X, XI, and XII of Defendant/Third-Party Plaintiff ADT SECURITY SERVICES, INC.'S ("ADT") Corrected First Amended Third Party Complaint [D.E. 121] ("ADT's Third Party Complaint"). In support thereof, Elephant Group submits the accompanying Memorandum of Law and further states as follows:

   1.  Plaintiffs Desai and Charvat brought this action against ADT for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") arising out of telemarketing calls allegedly made to Plaintiffs "on behalf of ADT" using pre-recorded messages and an autodialing system. *See* [D.E. 15], ¶ 16 ("Plaintiffs' Amended Complaint"). ADT denied all liability for these telemarketing calls, alleging that it (ADT) did not make any of the telemarketing calls alleged in Plaintiffs' Amended Complaint, and that any such calls were unauthorized and not made "on behalf of ADT." *See* [D.E. 121], ¶ 28 ("ADT's Third Party Complaint").

1

2. ADT filed a third-party complaint against Elephant Group for contractual indemnification (Count X), common law indemnification (Count XI), and common law contribution (Count XII) arising from these alleged telemarketing calls.

3. This Court should dismiss ADT's Third Party Complaint against Elephant Group in its entirety. With regard to Count X for contractual indemnification, the two indemnification provisions in the operative agreement between ADT and Elephant Group do *not* trigger a right to indemnification under the facts as alleged in ADT's Third Party Complaint. The first indemnification provision does not cover the acts of third parties (such as EMI) who are not an "Affiliate" of Elephant Group, as that term is defined in the agreement. The second provision is limited to indemnification for Elephant Group's breach of the contract's telemarketing provisions.

4. With regard to Counts XI and XII for common law indemnification and contribution, respectively, those claims fail as a matter of law. ADT's claims are do not survive given this Court's holdings in *Garrett v. Ragle Dental Laboratory, Inc.*, 2011 WL 2637227 (N.D. Ill. July 6, 2011) (Bucklo, J.), holding that the TCPA does not create an affirmative cause of action for indemnification or contribution, and federal common law does not recognize such causes of action, and *Glen Ellyn Pharmacy, Inc. v. Meda Pharmaceuticals, Inc.*, 2011 WL 6156800 (N.D. Ill. December 9, 2011) (Gottschall, J.)

WHEREFORE, Third Party Defendant, Elephant Group, Inc., respectfully requests this Court dismiss Counts X, XI, and XII of Third Party Plaintiff ADT Security Services, Inc.'s Corrected First Amended Third Party Complaint [D.E. 121] and for any further relief this Court deems just and appropriate.

2

Respectfully submitted,

BEERMANN PRITIKIN MIRABELLI SWERDLOVE, LLP
*Attorneys for Third-Party Defendant, Elephant Group, Inc.*
161 N. Clark Street, Ste. 2600
Chicago, IL 60601
Telephone: (312) 621-9700

By: /s/ Howard L. Teplinsky
　　HOWARD L. TEPLINSKY
　　Illinois Bar No. 6197501
　　hteplinsky@beermannlaw.com

- and -

RICHMAN GREER, P.A.
*Attorneys for Third-Party Defendant, Elephant Group, Inc.*
250 Australian Avenue South, Ste. 1504
West Palm Beach, FL 33401
Telephone: (561) 803-3500
Facsimile: (561) 820-1608

By: /s/ Gary S. Betensky
　　GARY S. BETENSKY
　　Florida Bar No. 0434302
　　gbetensky@richmangreer.com
　　JOSHUA L. SPOONT
　　Florida Bar No. 053263
　　jspoont@richmangreer.com
　　***ADMITTED PRO HAC VICE***

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on January 31, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the Master Service List, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

                                                /s/ Howard L. Teplinsky
                                                HOWARD L. TEPLINSKY