**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VISHVA DESAI and PHIL CHARVAT on behalf of themselves and others similarly situated, | ) ) ) | 1:11-cv-1925 |
| Plaintiffs, | ) ) | Judge Bucklo |
| | ) | Magistrate Judge Keys |
| v. | ) | |
| | ) | |
| ADT SECURITY SERVICES, INC., | ) | JURY DEMANDED |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR RULE TO SHOW CAUSE
AND FOR AN ORDER HOLDING EMI, INC. AND CHRISTOPHER LONG IN
<u>CONTEPMT</u>**

Plaintiffs respectfully request that this Court order third party defendants EMI, Inc., and its president Christopher Long in contempt of court for failure to comply with this Court's January 23, 2012, order compelling production of documents and information. In support of this motion, plaintiffs state:

1.      This is a Telephone Consumer Protection Act, 47 U.S.C. §227(b) class action, alleging that defendant ADT Security Services, Inc. used improper robocalls and autodialers to call consumers' cellular and landline telephones.

2.      Christopher Long, while acting as president of telemarketing company EMI, Inc. made millions of prerecorded telemarketing calls selling ADT products and services during the class period. Long and EMI were hired by authorized ADT dealers and authorized ADT telemarketers.

3.      On January 23, 2012, Judge Keys entered an order compelling third party defendants EMI, Inc. and Christopher Long to respond to plaintiffs' discovery requests. <u>Exhibit A</u>. The discovery requests are attached as <u>Exhibit B</u>.

4.     When served with that order, Long and EMI's lawyer, Saman Benham faxed a notice of bankruptcy to plaintiffs' counsel, Exhibit C, which threatened that plaintiffs could be penalized for violations of the bankruptcy automatic stay if they further pursue the discovery. On April 10, 2012, the Bankruptcy Court granted plaintiffs' motion to lift the bankruptcy stay. Exhibit D at docket entry 28.

5.     Mr. Long, as president of the now defunct EMI, Inc., is in possession, custody or control of substantial materials responsive to plaintiffs' discovery requests that he has not yet produced. During his Bankruptcy Rule 341(a) hearing, Mr. Long testified that he had a computer he used while working for EMI, along with the books and records of EMI, Inc. in a "storage facility," the address of which he did not remember. Exhibit E at 13-14. After some coaxing, Mr. Long admitted that the "storage facility" was really located in his brother Nick Long's home. Id. at 14.

6.     These materials are in Mr. Long and EMI's possession, custody and control because the materials are in the possession of his agent, and because he has the practical ability, and the right, to obtain them … from a family member, no less. *Thayer v. Chiczewski*, 2009 WL 2957317, at *6 (N.D.Ill. Sept. 11, 2009).

7.     It is apparent that Mr. Long, assisted by his lawyer Mr. Behnam, is attempting to evade the two rulings ordering production of telemarketing materials.

8.     Plaintiffs thus request that the Court issue a rule to show cause and/or hold Mr. Long and EMI, Inc. in contempt of court. Plaintiffs also request that the Court order Long and EMI's counsel, Mr. Saman Behnam, who is Mr. Long's lawyer in the bankruptcy action in the Central District of California and who has used the bankruptcy matter to evade this Court's ruling, to appear in court, or alternatively order him to cooperate in production of all responsive materials.

**CONCLUSION**

For the reasons herein, plaintiffs respectfully request that this Court issue an order holding third party defendants EMI, Inc., and its former president Christopher Long in contempt of court for failure to comply with this Court's January 23, 2012, order compelling production of documents and information.

Respectfully submitted,

/s/Alexander H. Burke

*Counsel for Plaintiffs:*

Alexander H. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)

Matthew P. McCue
The Law Office of Matthew P. McCue
340 Union Avenue
Framingham, MA 01790
(508) 620-1166
(508) 820-3311 (fax)

Brian K. Murphy
Joseph F. Murray
Murray Murphy Moul & Basil LLP
1533 Lake Shore Drive
Columbus, OH 43204
(614) 488-0400
(614) 488-0401 (fax)

John W. Barrett
Jonathan Marshall
Bailey & Glasser, LLP
227 Capitol Street
Charleston, WV 25301
(304) 345-6555
(304) 342-1110

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
727 Atlantic Avenue, Second Floor
Boston, MA 02111
(617) 738-7080
(617) 357-5030 (fax)

# Exhibit A

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 4.2
### Eastern Division

Vishva Desai, et al.

                              Plaintiff,

v.                                           Case No.: 1:11–cv–01925
                                                Honorable Elaine E. Bucklo

ADT Security Services, Inc.

                              Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, January 23, 2012:

        MINUTE entry before Honorable Arlander Keys: Motion hearing held on Plaintiffs Motion to Compel third party defendants EMI, Inc. and Christopher Long to respond to their discovery requests. The Court notes that defendants EMI, Inc. and Christopher Long were properly noticed. Counsel for plaintiffs has satisfied the court that the responses to the discovery request deadline has past. Therefore, the motion to compel is granted [#143]. All objections are waived. Those documents to be produced by 2//13/2012 to plaintiffs. Motion hearing held on Third Party Defendant The Elephant Groups motion for an extension of time to complete discovery. The motion is granted [157]. The Elephant Group is granted until 2/12/2012 to fully answer the outstanding discovery. The objections are not waived, as discussed on the record. Status hearing held; continued to 2/24/2012 at 9:00 a.m. Mailed notice(ac, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

VISHVA DESAI and PHILIP J. CHARVAT, on
behalf of themselves and others similarly
situated

               Plaintiffs,                      Case No. 1:11-cv-1925

vs.

ADT SECURITY SERVICES, INC.

               Defendant/Third Party Plaintiff,


MR. PETE TOLMAN, LEADS DIRECT
MARKETING, VOICE TEL CORPORATION,
MR. CHRISTOPHER LONG, EMI, INC., JMB
ENTERPRISES, CITY VIP, LLC, DIRECT
SA VINGS USA, INC., MR. OSCAR
MONTENEGRO, EVERSAFE SECURITY
SYSTEMS, INC., SAFE STREETS USA, LLC
AND UNKNOWN JOHN DOE
DEFENDANTS I THROUGH XX

               Third Party Defendants.

**Plaintiffs' First Set of Interrogatories and First Requests for**
**Production of Documents to Christopher Long**

      Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, and subject to the following

definitions and instructions, Plaintiff Vishva Desai and Philip J. Charvat ("Plaintiffs") serve the

following First Set of Interrogatories ("Interrogatories") and First Request for the Production of

Documents on Third Party Defendant Christopher Long.  These requests shall be deemed

continuing, requiring amended responses if you obtain information which renders the responses

incomplete or inaccurate.

336354

**Definitions and Instructions**

1.      The term "auto-dialer" or "automatic telephone dialing systems" means any predictive dialer or equipment which has the capacity to dial telephone numbers.

2.      The term "pre-recorded voice message"  refers to prohibition against the use of telephone calls to residences or cell-phones using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party as set forth at 47 U.S.C. sec 227 (b)(1)(B) and 47 C.F.R. sec 64.1200(a)(2)..

3.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

4.      "Concerning" means referring to, describing, evidencing, or constituting.

5.      "Document" is any writing, drawing, graph, chart, photograph, sound recording, image and other data or data compilations, stored in any medium from which information can be obtained either directly or indirectly, or, if necessary, after translation by the responding party into a reasonably useful form.  "Document" includes electronically stored information.

6.      When requested to "identify" a document, give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) author(s), addressee(s), and recipient(s); and (iv) date the document was prepared.

7.      "Amended Complaint" means the Amended Complaint filed by Plaintiffs Vishva Desai and Philip J. Charvat.

8.      When requested to "identify" a person, give the person's full name and present or last known address.

9.      "Person" means any natural person or any business, legal or governmental entity or association.

10.      "Telemarketing" means selling and promoting goods or services by telephone.

11.      "Telemarketing Sales Rule" or "TSR" means the FTC Rule entitled "Telemarketing Sales Rule," 16 C.F.R. § 310.

12.      "Telephone Consumer Protection Act" or "TCPA" means the federal telemarketing statute codified at 47 U.S.C. § 227.

13.      "Third party monitoring service" refers to an independent third party monitoring service engaged in the business of monitoring and reporting on compliance with the Telemarketing Sales Rule.

14.      The time frame for all discovery requests is from November 1, 2007 to the present date.

15.      "Gross Income" means total income from all sources before deductions, exemptions, or other tax reductions.

16.      With respect to any document you withhold on a claim of privilege or immunity, provide a statement signed by Defendant's attorney setting forth as to each such document:

      a.      The name of the sender(s) of the document;

      b.      The name of the author(s) of the document;

      c.      The name of the person(s) to whom copies were sent or otherwise made available;

      d.      The job title of every person named in (a), (b) and (c) above;

      e.      The date of the document;

      f.      The date on which the document was received by each addressee or other recipient;

g.  A brief description of the nature and subject matter of the document;

h.  The statute, rule or decision which is claimed to give rise to the privilege; and

## Interrogatories

**Interrogatory No. 1:** Identify by name and address all persons who have or may have information or knowledge of any fact or claim alleged in Plaintiffs' Amended Complaint or ADT's Third Party Complaint and provide a detailed description of the information or knowledge possessed by each person.

Response:

**Interrogatory No. 2:** Describe in detail your relationship with Saveology, LLC, The Elephant Group, Inc. and Paramount Media Group of Florida.  Include in your response, an explanation of your relationship and a summary of each contact you had with each entity.

Response:

**Interrogatory No. 3:** Describe in detail every business in which you have ever held an ownership interest that has had any contracts or other dealings with ADT or any of ADT's authorized dealers, including but not limited to: the name of the business; the date the business was formed; the date the business began to operate; whether the business currently operates; the start/end dates when you held an ownership interest in each business; the percentage of the business you own; the nature of the business; the goods and services that each business provides; whether the business provides telemarketing services.  This interrogatory includes, but is not limited to, EMI, Inc. and Europe Media International.

Response:

**Interrogatory No. 4:** State the annual gross income generated from 2007 through 2011 (to date) by all the entities described in response to interrogatory No. 3.

Response:

**Interrogatory No. 5:** Identify the person or persons responsible for receiving, maintaining, investigating and responding to consumer complaints submitted to you relating to the alleged illegal or inappropriate telemarketing being conducted by you, or your Authorized Dealer's, Authorized Telemarketers, or Authorized Marketers concerning ADT good or services.

Response:

**Interrogatory No. 6:** Identify by trade name and address, corporate name, e-mail, phone number and address, and by the name of principal, all ADT Authorized Dealers; Authorized Marketers or Authorized Telemarketers that have engaged or consulted you in the last five years.

Response:

**Interrogatory No. 7:** Identify all Caller ID numbers and/or ANIs that appear on the outbound telemarketing calls that any entity identified in response to Interrogatory No. 2, has made since 2007 to the present date. Include in this response to phone company(ies) utilized to transmit these calls, and the respective date you utilized these company(ies).

Response:

**Interrogatory No. 8:** Confirm that the following documents that were provided to counsel for the Plaintiffs were utilized in a pre-recorded telephone call advertisement campaign that intended to promote ADT good and services:

        a) EMI1claimoffer139977.wav

        b) EMI2claimoffer139977.wav

<u>Response</u>:

**Interrogatory No. 9:** Confirm that the following documents that were provided to counsel for the Plaintiffs reflect telephone numbers that were contacted by EMI, Inc. promoting ADT good and services:

    a)  call_log_18790_16954_1769437.zip

    b)  call_log_18790_16954_1784335.zip

    c)  pmg9.zip

<u>Response</u>:

**Interrogatory No. 10:** Confirm that the following documents that were provided to counsel for the Plaintiffs reflect Do Not Call requests that EMI received in connection with a pre-recorded telephone call advertisement campaign that intended to promote ADT good and services:

    a)  Untitledattachment00120.eml

    b)  Untitledattachment00126.eml

    c)  Untitledattachment00132.eml

    d)  Untitledattachment00138.eml

    e)  Untitledattachment00144.eml

    f)  Untitledattachment00150.eml

    g)  Untitledattachment00156.eml

    h)  Untitledattachment00162.eml

    i)  Untitledattachment00168.eml

    j)  Untitledattachment00174.eml

    k)  Untitledattachment00180.eml

    l)  Untitledattachment00186.eml

    m)  Untitledattachment00192.eml

    n)  Untitledattachment00198.eml

    o)  Untitledattachment00204.eml

    p)  Untitledattachment00210.eml

    q)  Untitledattachment00216.eml

r)  Untitledattachment00222.eml

s)  Untitledattachment00228.eml

t)  Untitledattachment00234.eml

u)  Untitledattachment00240.eml

v)  Untitledattachment00246.eml

w)  Untitledattachment00252.eml

x)  Untitledattachment00258.eml

y)  Untitledattachment00264.eml

z)  Untitledattachment00270.eml

aa) Untitledattachment00276.eml

bb) Untitledattachment00282.eml

cc) Untitledattachment00288.eml

dd) Untitledattachment00294.eml

ee) Untitledattachment00300.eml

ff)  Untitledattachment00306.eml

gg) Untitledattachment00312.eml

hh) Untitledattachment00318.eml

ii)  Untitledattachment00324.eml

jj)  Untitledattachment00330.eml

kk) Untitledattachment00336.eml

ll)  Untitledattachment00342.eml

mm)         Untitledattachment00348.eml

nn) Untitledattachment00354.eml

oo) Untitledattachment00360.eml

pp) Untitledattachment00366.eml

Response:

**Interrogatory No. 11:** Identify all communications that relate to telemarketing of ADT products or services. Include the type of communication, the date/time of the communication, all persons involved, any document commemorating or recording the communication and the substance of the communication.

7

A full response would include but not be limited to:

    a) Internal communications, including emails, memos, telephone conversations and meetings;
    b) Communications between you (your agents or lawyers) and ADT or its agents or lawyers;
    c) Communications between you and Saveology, LLC and The Elephant Group, Inc.;
    d) Communications between you and Paramount Media Group;
    e) Communications between you and any third party that made or allegedly made telemarketing calls regarding ADT products and services, WITHOUT REGARD to whether ADT was mentioned in the telemarketing message;
    f) Communications between you and any person involved in any aspect of telemarketing, including but not limited to companies that communicate or administer "cloud" servers, providers of telephone, caller identification or ANI service, providers of do-not-call services, independent contractors, agents, sub-agents affiliates, persons who provided lists of telephone numbers to be called,

Response:

**Interrogatory No. 12:** Identify and provide the total number of calls, for any and all calls

that fits into the following set:

- Any call advertising ADT goods or services (regardless of whether ADT was mentioned in the call), where a predictive dialer or prerecorded message or both was used, where the call was made at any time between April 18, 2007 and the present.

For purposes of this interrogatory, "identify" means to provide all information you have regarding the call, including but not limited to: who made the call, the phone number called, the date and time, the duration of the call and all sources from where the phone number called was obtained.

Response:

**Interrogatory No. 13:** If you contend that you had the recipient's "prior express

consent" or that you had an "existing business relationship", or that you were privileged or

permitted to make any call that is responsive to the previous interrogatory, please identify all

documents, data, testimony, and all other types of facts and forms of proof that support or refute

this contention for each call. Cite to BATES numbers. If documents, testimony or other things

that relate to such defense are in the hands of some other party, identify the responsive items, and identify who is in custody, possession or control of such, and your relationship with such person.

Response:

**Interrogatory No. 14:** State whether any documents responsive to this Request for Production of Documents have been destroyed or lost, or cannot be accounted for. If your answer to the preceding is anything other than an unqualified negative, please:

(a) identify each and every document which was destroyed or lost, or is unaccounted for;
(b) state when the Plaintiff believes the document(s) was destroyed or lost, or became unaccounted for;
(c) state what reason or explanation the Plaintiff has, if any, for the destruction, loss, or inability to account for the document(s) identified in sub-part (a); and
(d) identify the persons who are most knowledgeable about the information in sub-parts (a) through (c) of this Interrogatory.

Response:

### Requests for Production of Documents

**Request No. 1:** All documents which identify the entity or individual who retained you to transmit pre-recorded phone messages relating to ADT goods or services, at any time in the last five years.

Response:

**Request No. 2:** All documents, including correspondence, sent to, or received from, any individual or entity identified in Request No. 1, at any time in the past five years.

Response:

**Request No. 3:** A copy of any pre-recorded message utilized by you at any time in the past five years.

Response:

**Request No. 4:** All documents relating to complaints made to you in any way relating to allegations of unlawful telemarketing that also relate to ADT goods or services.

Response:

**Request No. 5:** All documents concerning you, or any agent or third party, using auto-dialers or telemarketing via pre-recorded voice message.

Response:

**Request No. 6:** All documents concerning the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") as it relates to telemarketing done by you or any agent or third party done on your behalf.

Response:

**Request No. 7:** All documents concerning complaints, formal or informal, made to you, or any agent or third party allegedly or actually conducting telemarketing on your behalf, by any individual or entity regarding the TCPA or allegedly unlawful or unwelcome telemarketing calls.

Response:

**Request No. 8:** All documents concerning internal investigations conducted by you or on your behalf concerning complaints regarding the TCPA or allegedly unlawful telemarketing calls.

Response:

**Request No. 9:** All documents reflecting or relating to any correspondence between you and Paramount Media Group.

Response:

**Request No. 10:** All documents reflecting or relating to any correspondence between you and Saveology, LLC and/or The Elephant Group, Inc.

**Request No. 11:** All contracts and documents concerning agreements entered into between you and any person who has ever used telemarketing with regard to Paramount Media Group.

Response:

**Request No. 12:** All documents concerning your record-retention policies regarding telemarketing.

Response:

**Request No. 13:** All documents relating to any sales awards or recognition in any way relating to ADT.

Response:

**Request No. 14:** All documents, correspondence and communications between you and ADT, including, but not limited to their counsel since the inception of this litigation.

Response:

**Request No. 15:** All documents concerning ADT and telemarketing. A full response will include but not be limited to correspondence and communications between you and ADT, communications between your lawyers and ADT's lawyers, regarding this or any other lawsuit, settlement, allegation or demand relating to telemarketing calls advertising ADT products or services.

Response:

**Request No. 16:** All documents concerning any call that fits into the following set:

- Any call advertising ADT goods or services (regardless of whether ADT was mentioned in the call), where a predictive dialer or prerecorded message or both was used, where the call was made at any time between April 18, 2007 and the present.

Response:

**Request No. 17:** For any call responsive to document request 16, please provide all documents that relate to the idea that you, ADT or any other relevant party had the recipient's prior express consent to receive such call(s), or had an existing business relationship with the recipient.

Response:

**Request No. 18:** All documents that relate to any affirmative defense you raise.

Response:

**Request No. 19:** All documents that identify the names and web-sites of all entities with which you are affiliated in any way relating to ADT.

Response:

**Request No. 20:** Produce, for each person you may call as an expert witness, the

following documents:

(a)     All documents upon which the witness relied in forming his/her opinions in this matter.

(b)     All documents reviewed by the witness in connection with this matter.

(c)     All documents written or prepared by the witness (or under his/her supervision) in connection with this matter, including but not limited to any notes, reports or drafts of reports.

(d)     All documents that the witness received from counsel in connection with this matter.

(e)     All correspondence, including e-mails, with counsel.

(f)     The witness's complete file pertaining to this matter.

(g)     All documents reflecting or constituting any research the witness conducted in connection with this matter.

(h)     The witness's current resume or curriculum vitae.

(i)     A list of cases in which the witness has testified, either at trial or in deposition, in the last four years.

(j)     A list of all academic, scientific or other literature or any other source of information upon which the witness has relied on in reaching his/her opinions.

(k)     A list of all publications by the witness, if not included on the curriculum vitae.

(l)     All invoices sent to counsel in this matter.

Response:

PLAINTIFFS, VISHVA DESAI and PHIL CHARVAT,
By their attorneys,

Edward A. Broderick, Esq. *Pro Hac Vice*
Broderick Law, P.C.
727 Atlantic Avenue, Second Floor
Boston, MA 02111
(617) 738-7080
(617) 314-7783 *facsimile*

Alexander E. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 6060

Brian K. Murphy
Joseph F. Murray
Murray Murphy Moul & Basil LLP
1533 Lake Shore Drive
Columbus, OH 43204
(614) 488-0400
(614) 488-0401 *facsimile*

John W. Barrett, Esq. *Pro Hac Vice*
Jonathan Marshall, Esq.
Bailey & Glasser, LLP
227 Capitol Street
Charleston, West Virginia 25301
(304) 345-6555
(304) 342-1110 *facsimile*

Matthew P. McCue, Esq. *Pro Hac Vice*
The Law Office of Matthew P. McCue
340 Union Avenue
Framingham, MA 01790
(508) 620-1166
(508) 820-3311 *facsimile*

## CERTIFICATE OF SERVICE

I, Edward A. Broderick, do hereby certify that on November 16, 2011, a true and correct

copy of the above was served upon the following:

Saman Behman
Law Offices of Saman Behnam
400 Oceangate, Suite 800
Long Beach, CA 90802
*Counsel for EMI, Inc.*

Quintin F. Lindsmith
Bricker & Eckler LLP
100 South Third Street
Columbus, OH 43215
*Counsel for Eversafe Security Systems, Inc.
and Safe Streets USA, LLC*

Michael E. Baughman
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
*Counsel for ADT Security Services, Inc.*

Oscar Montenegro
Direct Savings USA, Inc.
3176 Stirling Road, Apartment 3
Hollywood, FL 33021

Peter Tolman
Leads Direct Marketing
Voicetel, Inc.
4344 Gold Run Drive
Oakley, CA 94561

Robert Baker
City VIP, LLC
2132 Grove St.
Davenport, IA 52803

Christopher T. Long
14281 Spring Vista Lane
Chino Hills, CA 91709

Edward A. Broderick

15

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VISHVA DESAI and PHILIP J. CHARVAT, on behalf of themselves and others similarly situated<br><br>        Plaintiffs,<br><br>vs.<br><br>ADT SECURITY SERVICES, INC.<br><br>        Defendant/Third Party Plaintiff,<br><br><br>MR. PETE TOLMAN, LEADS DIRECT MARKETING, VOICE TEL CORPORATION, MR. CHRISTOPHER LONG, EMI, INC., JMB ENTERPRISES, CITY VIP, LLC, DIRECT SA VINGS USA, INC., MR. OSCAR MONTENEGRO, EVERSAFE SECURITY SYSTEMS, INC., SAFE STREETS USA, LLC AND UNKNOWN JOHN DOE DEFENDANTS I THROUGH XX<br><br>        Third Party Defendants. | Case No. 1:11-cv-1925 |

**Plaintiffs' First Set of Interrogatories and First Requests for
Production of Documents to EMI, Inc.**

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, and subject to the following

definitions and instructions, Plaintiff Vishva Desai and Philip J. Charvat ("Plaintiffs") serve the

following First Set of Interrogatories ("Interrogatories") and First Request for the Production of

Documents on Third Party Defendant EMI, Inc.  These requests shall be deemed continuing,

requiring amended responses if you obtain information which renders the responses incomplete

or inaccurate.

336354

## Definitions and Instructions

1.　　When used in these requests for production, the term "Defendant," or "you" (or synonyms thereof) means EMI, Inc. and its officers, directors and employees, affiliates, agents, parent companies and subsidiaries and any other entity from which you have the right or ability to obtain documents or information.

2.　　The term "auto-dialer" or "automatic telephone dialing systems" means any predictive dialer or equipment which has the capacity to dial telephone numbers.

3.　　The term "pre-recorded voice message" refers to prohibition against the use of telephone calls to residences or cell-phones using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party as set forth at 47 U.S.C. sec 227 (b)(1)(B) and 47 C.F.R. sec 64.1200(a)(2)..

4.　　"Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5.　　"Concerning" means referring to, describing, evidencing, or constituting.

6.　　"Document" is any writing, drawing, graph, chart, photograph, sound recording, image and other data or data compilations, stored in any medium from which information can be obtained either directly or indirectly, or, if necessary, after translation by the responding party into a reasonably useful form. "Document" includes electronically stored information.

7.　　When requested to "identify" a document, give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) author(s), addressee(s), and recipient(s); and (iv) date the document was prepared.

8.　　"Amended Complaint" means the Amended Complaint filed by Plaintiffs Vishva Desai and Philip J. Charvat.

9.      When requested to "identify" a person, give the person's full name and present or last known address.

10.     "Person" means any natural person or any business, legal or governmental entity or association.

11.      "Telemarketing" means selling and promoting goods or services by telephone.

12.     "Telemarketing Sales Rule" or "TSR" means the FTC Rule entitled "Telemarketing Sales Rule," 16 C.F.R. § 310.

13.     "Telephone Consumer Protection Act" or "TCPA" means the federal telemarketing statute codified at 47 U.S.C. § 227.

14.     "Third party monitoring service" refers to an independent third party monitoring service engaged in the business of monitoring and reporting on compliance with the Telemarketing Sales Rule.

15.     The time frame for all discovery requests is from November 1, 2007 to the present date.

16.     "Gross Income" means total income from all sources before deductions, exemptions, or other tax reductions.

17.     With respect to any document you withhold on a claim of privilege or immunity, provide a statement signed by Defendant's attorney setting forth as to each such document:

      a.      The name of the sender(s) of the document;

      b.      The name of the author(s) of the document;

      c.      The name of the person(s) to whom copies were sent or otherwise made available;

      d.      The job title of every person named in (a), (b) and (c) above;

      e.      The date of the document;

  f.  The date on which the document was received by each addressee or other recipient;

  g.  A brief description of the nature and subject matter of the document;

  h.  The statute, rule or decision which is claimed to give rise to the privilege; and

## **Interrogatories**

**Interrogatory No. 1:** Identify by name and address all persons who have or may have information or knowledge of any fact or claim alleged in Plaintiffs' Amended Complaint or ADT's Third Party Complaint and provide a detailed description of the information or knowledge possessed by each person.

Response:

**Interrogatory No. 2:** Describe in detail your relationship with Saveology, LLC, The Elephant Group, Inc. and Paramount Media Group of Florida. Include in your response, an explanation of your relationship and a summary of each contact you had with each entity.

Response:

**Interrogatory No. 3:** Identify the person or persons responsible for receiving, maintaining, investigating and responding to consumer complaints submitted to you relating to the alleged illegal or inappropriate telemarketing being conducted by you, or your Authorized Dealer's, Authorized Telemarketers, or Authorized Marketers concerning ADT good or services.

Response:

**Interrogatory No. 4:** Identify by trade name and address, corporate name, e-mail, phone number and address, and by the name of principal, all ADT Authorized Dealers;

Authorized Marketers or Authorized Telemarketers that have engaged or consulted you in the last five years.

Response:

**Interrogatory No. 5:**  Identify all Caller ID numbers and/or ANIs that appear on the outbound telemarketing calls that EMI, Inc., has made since 2007 to the present date.  Include in this response to phone company(ies) utilized to transmit these calls, and the respective date you utilized these company(ies).

Response:

**Interrogatory No. 6:** Confirm that the following documents that were provided to counsel for the Plaintiffs were utilized in a pre-recorded telephone call advertisement campaign that intended to promote ADT good and services:

   a)  EMI1claimoffer139977.wav
   b)  EMI2claimoffer139977.wav

Response:

**Interrogatory No. 7:** Confirm that the following documents that were provided to counsel for the Plaintiffs reflect telephone numbers that were contacted by EMI, Inc. promoting ADT good and services:

   a)  call_log_18790_16954_1769437.zip
   b)  call_log_18790_16954_1784335.zip
   c)  pmg9.zip

Response:

**Interrogatory No. 8:** Confirm that the following documents that were provided to counsel for the Plaintiffs reflect Do Not Call requests that EMI received in connection with a pre-recorded telephone call advertisement campaign that intended to promote ADT good and services:

a) Untitledattachment00120.eml

b) Untitledattachment00126.eml

c) Untitledattachment00132.eml

d) Untitledattachment00138.eml

e) Untitledattachment00144.eml

f) Untitledattachment00150.eml

g) Untitledattachment00156.eml

h) Untitledattachment00162.eml

i) Untitledattachment00168.eml

j) Untitledattachment00174.eml

k) Untitledattachment00180.eml

l) Untitledattachment00186.eml

m) Untitledattachment00192.eml

n) Untitledattachment00198.eml

o) Untitledattachment00204.eml

p) Untitledattachment00210.eml

q) Untitledattachment00216.eml

r) Untitledattachment00222.eml

s) Untitledattachment00228.eml

t) Untitledattachment00234.eml

u) Untitledattachment00240.eml

v) Untitledattachment00246.eml

w) Untitledattachment00252.eml

x) Untitledattachment00258.eml

y) Untitledattachment00264.eml

z) Untitledattachment00270.eml

aa) Untitledattachment00276.eml

bb) Untitledattachment00282.eml

cc) Untitledattachment00288.eml

dd) Untitledattachment00294.eml

ee) Untitledattachment00300.eml

ff) Untitledattachment00306.eml

gg) Untitledattachment00312.eml

hh) Untitledattachment00318.eml

ii)  Untitledattachment00324.eml

jj)  Untitledattachment00330.eml

kk) Untitledattachment00336.eml

ll)  Untitledattachment00342.eml

mm)        Untitledattachment00348.eml

nn) Untitledattachment00354.eml

oo) Untitledattachment00360.eml

pp) Untitledattachment00366.eml

<u>Response</u>:

**<u>Interrogatory No. 9:</u>** Identify all communications that relate to telemarketing of ADT products or services. Include the type of communication, the date/time of the communication, all persons involved, any document commemorating or recording the communication and the substance of the communication.

A full response would include but not be limited to:

a)  Internal communications, including emails, memos, telephone conversations and meetings;
b)  Communications between you (your agents or lawyers) and ADT or its agents or lawyers;
c)  Communications between you and Direct Savings USA;
d)  Communications between you and Eversafe Security Systems;
e)  Communications between you and any third party that made or allegedly made telemarketing calls regarding ADT products and services, WITHOUT REGARD to whether ADT was mentioned in the telemarketing message;
f)  Communications between you and any person involved in any aspect of telemarketing, including but not limited to companies that communicate or administer "cloud" servers, providers of telephone, caller identification or ANI service, providers of do-not-call services, independent contractors, agents, sub-agents affiliates, persons who provided lists of telephone numbers to be called,

<u>Response</u>:

**<u>Interrogatory No. 10:</u>** Identify and provide the total number of calls, for any and all calls that fits into the following set:

- Any call advertising ADT goods or services (regardless of whether ADT was mentioned in the call), where a predictive dialer or prerecorded message or both was used, where the call was made at any time between April 18, 2007 and the present.

For purposes of this interrogatory, "identify" means to provide all information you have regarding the call, including but not limited to: who made the call, the phone number called, the date and time, the duration of the call and all sources from where the phone number called was obtained.

Response:

**Interrogatory No. 11:** If you contend that you had the recipient's "prior express consent" or that you had an "existing business relationship", or that you were privileged or permitted to make any call that is responsive to the previous interrogatory, please identify all documents, data, testimony, and all other types of facts and forms of proof that support or refute this contention for each call. Cite to BATES numbers. If documents, testimony or other things that relate to such defense are in the hands of some other party, identify the responsive items, and identify who is in custody, possession or control of such, and your relationship with such person.

Response:

**Interrogatory No. 12:** State whether any documents responsive to this Request for Production of Documents have been destroyed or lost, or cannot be accounted for. If your answer to the preceding is anything other than an unqualified negative, please:

(a) identify each and every document which was destroyed or lost, or is unaccounted for;
(b) state when the Plaintiff believes the document(s) was destroyed or lost, or became unaccounted for;
(c) state what reason or explanation the Plaintiff has, if any, for the destruction, loss, or inability to account for the document(s) identified in sub-part (a); and
(d) identify the persons who are most knowledgeable about the information in sub-parts (a) through (c) of this Interrogatory.

Response:

**<u>Requests for Production of Documents</u>**

**<u>Request No. 1:</u>** All documents which identify the entity or individual who retained you to transmit pre-recorded phone messages relating to ADT goods or services, at any time in the last five years, including, but not limited to, Paramount Media Group.

<u>Response</u>:

**<u>Request No. 2:</u>** All documents, including correspondence, sent to, or received from, any individual or entity identified in Request No. 1, at any time in the past five years.

<u>Response</u>:

**<u>Request No. 3:</u>** A copy of any pre-recorded message utilized by you at any time in the past five years.

<u>Response</u>:

**<u>Request No. 4:</u>** All documents relating to complaints made to you in any way relating to allegations of unlawful telemarketing that also relate to ADT goods or services.

<u>Response</u>:

**<u>Request No. 5:</u>** All documents concerning you, or any agent or third party, using auto-dialers or telemarketing via pre-recorded voice message.

<u>Response</u>:

**<u>Request No. 6:</u>** All documents concerning the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA") as it relates to telemarketing done by you or any agent or third party done on your behalf.

<u>Response</u>:

**Request No. 7:** All documents concerning complaints, formal or informal, made to you, or any agent or third party allegedly or actually conducting telemarketing on your behalf, by any individual or entity regarding the TCPA or allegedly unlawful or unwelcome telemarketing calls.

Response:

**Request No. 8:** All documents concerning internal investigations conducted by you or on your behalf concerning complaints regarding the TCPA or allegedly unlawful telemarketing calls.

Response:

**Request No. 9:** All documents reflecting or relating to any correspondence between you and Paramount Media Group.

Response:

**Request No. 10:** All documents reflecting or relating to any correspondence between you and Saveology, LLC and/or The Elephant Group, Inc.

**Request No. 11:** All contracts and documents concerning agreements entered into between you and any person who has ever used telemarketing with regard to Paramount Media Group.

Response:

**Request No. 12:** All documents concerning your record-retention policies regarding telemarketing.

Response:

**Request No. 13:** All documents relating to any sales awards or recognition in any way relating to ADT.

Response:

**Request No. 14:** All documents, correspondence and communications between you and ADT, including, but not limited to their counsel since the inception of this litigation.

Response:

**Request No. 15:** All documents concerning ADT and telemarketing. A full response will include but not be limited to correspondence and communications between you and ADT, communications between your lawyers and ADT's lawyers, regarding this or any other lawsuit, settlement, allegation or demand relating to telemarketing calls advertising ADT products or services.

Response:

**Request No. 16:** All documents concerning any call that fits into the following set:

- Any call advertising ADT goods or services (regardless of whether ADT was mentioned in the call), where a predictive dialer or prerecorded message or both was used, where the call was made at any time between April 18, 2007 and the present.

Response:

**Request No. 17:** For any call responsive to document request 16, please provide all documents that relate to the idea that you, ADT or any other relevant party had the recipient's prior express consent to receive such call(s), or had an existing business relationship with the recipient.

Response:

**Request No. 18:** All documents that relate to any affirmative defense you raise.

Response:

**Request No. 19:** All documents that identify the names and web-sites of all entities with which you are affiliated in any way relating to ADT.

Response:

**Request No. 20:** Produce, for each person you may call as an expert witness, the

following documents:

       (a)      All documents upon which the witness relied in forming his/her opinions in this matter.

       (b)      All documents reviewed by the witness in connection with this matter.

       (c)      All documents written or prepared by the witness (or under his/her supervision) in connection with this matter, including but not limited to any notes, reports or drafts of reports.

       (d)      All documents that the witness received from counsel in connection with this matter.

       (e)      All correspondence, including e-mails, with counsel.

       (f)      The witness's complete file pertaining to this matter.

       (g)      All documents reflecting or constituting any research the witness conducted in connection with this matter.

       (h)      The witness's current resume or curriculum vitae.

       (i)      A list of cases in which the witness has testified, either at trial or in deposition, in the last four years.

       (j)      A list of all academic, scientific or other literature or any other source of information upon which the witness has relied on in reaching his/her opinions.

       (k)      A list of all publications by the witness, if not included on the curriculum vitae.

       (l)      All invoices sent to counsel in this matter.

Response:

PLAINTIFFS, VISHVA DESAI and PHIL CHARVAT,
By their attorneys,

Edward A. Broderick, Esq. *Pro Hac Vice*
Broderick Law, P.C.
727 Atlantic Avenue, Second Floor
Boston, MA 02111
(617) 738-7080
(617) 314-7783 *facsimile*

Alexander E. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 6060

Brian K. Murphy
Joseph F. Murray
Murray Murphy Moul & Basil LLP
1533 Lake Shore Drive
Columbus, OH 43204
(614) 488-0400
(614) 488-0401 *facsimile*

John W. Barrett, Esq. *Pro Hac Vice*
Jonathan Marshall, Esq.
Bailey & Glasser, LLP
227 Capitol Street
Charleston, West Virginia 25301
(304) 345-6555
(304) 342-1110 *facsimile*

Matthew P. McCue, Esq. *Pro Hac Vice*
The Law Office of Matthew P. McCue
340 Union Avenue
Framingham, MA 01790
(508) 620-1166
(508) 820-3311 *facsimile*

## CERTIFICATE OF SERVICE

I, Edward A. Broderick, do hereby certify that on November 16, 2011, a true and correct

copy of the above was served upon the following:

Saman Behman
Law Offices of Saman Behnam
400 Oceangate, Suite 800
Long Beach, CA 90802
*Counsel for EMI, Inc.*

Quintin F. Lindsmith
Bricker & Eckler LLP
100 South Third Street
Columbus, OH 43215
*Counsel for Eversafe Security Systems, Inc.
and Safe Streets USA, LLC*

Michael E. Baughman
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
*Counsel for ADT Security Services, Inc.*

Oscar Montenegro
Direct Savings USA, Inc.
3176 Stirling Road, Apartment 3
Hollywood, FL 33021

Peter Tolman
Leads Direct Marketing
Voicetel, Inc.
4344 Gold Run Drive
Oakley, CA 94561

Robert Baker
City VIP, LLC
2132 Grove St.
Davenport, IA 52803

Christopher T. Long
14281 Spring Vista Lane
Chino Hills, CA 91709

Edward A. Broderick

# Exhibit C

LAW OFFICES OF

# SAMAN BEHNAM

All correspondence:                             ORANGE COUNTY
400 OCEANGATE, 8TH FLOOR                   8544 EAST CHAPMAN, SUITE B
                                                             ORANGE CA 92868

TEL: (562) 436-7858                         TEL: (714) 547-4040
FAX: (562) 590-9379                         MOBILE: (714) 865-8000

# FACSIMILE FAX

TO: Burke Law Offices ,LLC.
ATTN: Alexander H. Burke

DATE: 01/23/12

NUMBER: (312)729-5289

FROM: Lynda Padilla  (Legal Secretary)

RE: Desai v. ADT Security Services Inc.
CASE No. 1:11-cv-1925 (N.D. Ill)
**Notice of Commencement**

Please call (562)436-7858 in the event that this transmission is impaired.

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT
IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER
APPLICABLE LAW.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED
RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING
THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE NOTIFIED THAT ANY
DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS
STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN
ERROR, PLEASE NOTIFY US IMMEDIATELY.

1  **SAMAN BEHNAM (SBN 195310)**
   **LAW OFFICES OF SAMAN BEHNAM**
2  **400 OCEANGATE, 8ᵀᴴ FLOOR**
   **LONG BEACH, CA 90802**
3
   **(562) 436-7858**
4
   **Attorneys for Defendant/Debtor**
5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**
               **FOR THE NORTHEN DISTRICT OF ILLINOIS**
9                        **EASTERN DIVISION**

10

11 VISHVA DESAI and PHILIP J. CHARVAT,
   on behalf of themselves and others
12 similarly situated
                                    **CASE NO. 1:11-cv-1925 (N.D.III)**
13                                  )
            Plaintiff              )
14 vs.                            )
                                   ) **NOTICE OF COMMENCEMENT OF**
15 ADT Security Services, INC..    ) **BANKRUPTCY PROCEEDINGS UNDER**
                                   ) **CHAPTER 7 OF THE UNITED STATES**
16                                 ) **BANKRUPTCY CODE AND AUTOMATIC**
                                   ) **STAY OF PROCEEDING**
17          Defendant.             )
                                   )
18     **TO: UNITED STATES DISTRICT COURT FOR THE NORTHEN DISTRICT OF**

19 **ILLINOIS EASTERN DIVISION, AND ALL INTERESTED PARTIES AND THEIR**

20 **ATTORNEYS OF RECORD:**

21     PLEASE TAKE NOTICE that a Chapter 7 bankruptcy case

22 concerning defendant, **Christopher Thomas Long was filed January**

23 **12,2012** in the United States Bankruptcy Court, Central District

24 of California, Santa Ana Branch, as In Re: Christopher Thomas

25 Long Case No. 2:12-bk-10473-MW.

26     PLEASE TAKE FURTHER NOTICE that, pursuant to the provisions

27 of 11 U.S.C. §362, the filing of the bankruptcy petition under

28 this section operates as a stay, applicable to all entities, of:

   (1) the commencement or continuation, including the issuance or

                              1

1  employment of process, of a judicial, administrative, or other
2  action or proceeding against the debtor; (2) the enforcement,
3  against the debtor or against the property of the estate; (3) any
4  act to obtain possession of property of the estate or of property
5  from the estate or to exercise control over property of the
6  estate; (4) an act to create, perfect, or enforce any lien
7  against the property of the estate; (5) any act to create,
8  perfect, or enforce any lien against the property of the debtor;
9  (7) the offset of any debt owing to the debtor; and (8) the
10  commencement or continuation of any proceeding before the Unite
11  Tax Court concerning the debtor. Any parties and/or entities
12  taking actions in violation of the United States Bankruptcy Code
13  may be penalized by the applicable United Sates Bankruptcy Court.

14

15  Date:  1/23/12                        LAW OFFICES OF SAMAN   BEHNAM

16

17

18                                        By:
19                                        SAMAN BEHNAM, Attorney for
                                          Debtor

20

21

22

23

24

25

26

27

28

                                2

1                      **PROOF OF SERVICE**

2      1.  I am over the age of 18 and not a party to this action.
      I am a resident of or employed in the county where the
3      mailing occurred.

4
     2.  My residence or business address is: 400 Oceangate, 8th
5      Floor, Long Beach, California 90802.

6      3.  I served the following document:

7      **NOTICE OF COMMENCEMENT**

8      by enclosing a copy in an envelope addressed as shown below
     and depositing the sealed envelope with the United States
9      Postal Service with the postage fully prepaid.

10      4.  a:  Date of Deposit:     $1/23$ , 2012
          b:  Place of Deposit:   Long Beach, CA
11           c:  Addressed as follows:

12      5 [ (By Facsimile) I served a true and correct copy by
     facsimile during regular business hours to the number(s)
13      listed above. Said transmission was reported complete and
     without error.
14

15 Alexander H. Burke
16 BURKE LAW OFFICES, LLC.
     155 N. Michigan Ave., Suite 9020
17 Chicago, IL 60601

18 United States District Court
19 Northen District
     Eastern Division
20 219 South Dearborn Street
     Chicago, IL 60604
21

22

23      5.  I am readily familiar with the business practice at my
24      place of business for collection and processing or
     correspondence for mailing with the United States Postal
25      Service.  Correspondence so collected and processed is
     deposited with the United States Postal Service that same
26      day in the ordinary course of business.

27      6.  I declare under penalty of perjury under the laws of the
28      State of California that the foregoing is true and correct.

                         3

1   DATED: |·23 , 2012

Lynda Padilla

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# Exhibit D

PRVDISM

# U.S. Bankruptcy Court
## Central District Of California (Santa Ana)
## Bankruptcy Petition #: 8:12-bk-11252-CB

*Date filed:* 01/31/2012

*Assigned to:* Catherine E. Bauer
Chapter 7
Voluntary
No asset

<table>
<tr><td>

***Debtor***
**Christopher Thomas Long**
20402 Santa Ana avenue #19
Newport Beach, CA 92660
ORANGE-CA
562-436-7858
SSN / ITIN: xxx-xx-5362

</td><td>

represented by **Saman Behnam**
400 Oceangate, Ste.800
Long Beach, CA 90802
562-436-7858
Fax : 562-590-9379
Email: behnamlaw@yahoo.com

</td></tr>
</table>

***Trustee***
**Karen S Naylor (TR)**
P.O. Box 504
Santa Ana, CA 92702-0504
(949) 262-1748

***U.S. Trustee***
**United States Trustee (SA)**
411 W Fourth St., Suite 9041
Santa Ana, CA 92701-4593

| Filing Date | # | Docket Text |
|---|---|---|
| 01/31/2012 | 1 | Chapter 7 Voluntary Petition . Fee Amount $306 Filed by Christopher Thomas Long (Behnam, Saman) (Entered: 01/31/2012) |
| 01/31/2012 | | Receipt of Voluntary Petition (Chapter 7)(8:12-bk-11252) [misc,volp7] ( 306.00) Filing Fee. Receipt number 25086995. Fee amount 306.00. (U.S. Treasury) (Entered: 01/31/2012) |
| 01/31/2012 | 2 | Certificate of Credit Counseling Filed by Debtor Christopher Thomas Long. (Behnam, Saman) (Entered: 01/31/2012) |
| 01/31/2012 | | Statement of Social Security Number(s) Form B21 Filed by Debtor Christopher Thomas Long. (Behnam, Saman) (Entered: |

| 01/31/2012 | 3 | 01/31/2012) |
| --- | --- | --- |
| 01/31/2012 | 4 | Meeting of Creditors with 341(a) meeting to be held on 03/14/2012 at 10:00 AM at RM 3-110, 411 W Fourth St., Santa Ana, CA 92701. Objections for Discharge due by 05/14/2012. Cert. of Financial Management due by 05/14/2012 for Debtor and Joint Debtor (if joint case) (Behnam, Saman) (Entered: 01/31/2012) |
| 02/01/2012 | 5 | Notice of Requirement to Complete Course in Financial Management (BNC) . (Pineda, Anabel) (Entered: 02/01/2012) |
| 02/03/2012 | 6 | BNC Certificate of Notice (RE: related document(s)4 Meeting (AutoAssign Chapter 7)) No. of Notices: 5. Notice Date 02/03/2012. (Admin.) (Entered: 02/03/2012) |
| 02/03/2012 | 7 | BNC Certificate of Notice (RE: related document(s)5 Notice of Requirement to Complete Course in Financial Management (BNC)) No. of Notices: 1. Notice Date 02/03/2012. (Admin.) (Entered: 02/03/2012) |
| 02/17/2012 | 8 | In accordance with the Administrative Order 12-01 dated 2/9/12, this case is hereby reassigned from Judge Robert N. Kwan to Judge Catherine E. Bauer. (Corona, Heidi) (Entered: 02/17/2012) |
| 02/27/2012 | 9 | Request for special notice Filed by Creditor HSBC Bank Nevada, N.A.. (Bass, Patti) (Entered: 02/27/2012) |
| 03/11/2012 | 10 | Notice of Motion and Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c)(4)(A)(ii) Personal Property and Estate Property subject to discovery . Fee Amount $176, Filed by Creditor Vishva Desai (Attachments: # 1 Exhibit Exhibit A# 2 Exhibit Exhibit 1# 3 Exhibit Exhibit 2# 4 Exhibit Exhibit 3# 5 Exhibit Exhibit 4# 6 Exhibit Exhibit 5# 7 Exhibit Exhibit 6# 8 Exhibit Exhibit 7# 9 Exhibit Exhibit 8# 10 Exhibit Exhibit 9# 11 Exhibit Exhibit 10# 12 Exhibit Exhibit 11# 13 Exhibit Exhibit 12# 14 Exhibit Exhibit 13) (Altman, Anerio) (Entered: 03/11/2012) |
| 03/11/2012 | | Receipt of Motion for Relief - Order Confirming Termination of Stay or That no Stay is in Effect(8:12-bk-11252-CB) [motion,nmts] ( 176.00) Filing Fee. Receipt number 25868837. Fee amount 176.00. (U.S. Treasury) (Entered: 03/11/2012) |
| | | Notice of motion and motion for relief from automatic stay with |

| | | |
|---|---|---|
| 03/11/2012 | 11 | supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Books, Records and other discoverable material . Fee Amount $176, Filed by Creditor Vishva Desai (Attachments: # 1 Exhibit Exhibit A# 2 Exhibit Exhibit 1# 3 Exhibit Exhibit 2# 4 Exhibit Exhibit 3# 5 Exhibit Exhibit 4# 6 Exhibit Exhibit 5# 7 Exhibit Exhibit 6# 8 Exhibit # 9 Exhibit Exhibit 8# 10 Exhibit Exhibit 9# 11 Exhibit Exhibit 10# 12 Exhibit Exhibit 11# 13 Exhibit Exhibit 12# 14 Exhibit Exhibit 13# 15 Exhibit Exhibit B) (Altman, Anerio) (Entered: 03/11/2012) |
| 03/11/2012 | | Receipt of Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM(8:12-bk-11252-CB) [motion,nman] ( 176.00) Filing Fee. Receipt number 25868951. Fee amount 176.00. (U.S. Treasury) (Entered: 03/11/2012) |
| 03/11/2012 | 12 | Hearing Set (RE: related document(s)10 Motion for Relief - Order Confirming Termination of Stay or That no Stay is in Effect filed by Creditor Vishva Desai) The Hearing date is set for 4/10/2012 at 10:30 AM at Crtrm 5D, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Catherine E. Bauer (Kent, Susan) (Entered: 03/13/2012) |
| 03/11/2012 | 13 | Hearing Set (RE: related document(s)11 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Vishva Desai) The Hearing date is set for 4/10/2012 at 10:30 AM at Crtrm 5D, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Catherine E. Bauer (Kent, Susan) (Entered: 03/13/2012) |
| | | Chapter 7 Trustee's Report of No Distribution: I, Karen S Naylor (TR), having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months. Assets Abandoned (without deducting any secured claims): $ 453.95, Assets Exempt: $ 14147.82, Claims Scheduled: $ 81177.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 81177.00. Filed by Trustee Karen S |

| | | |
|---|---|---|
| 03/14/2012 | | Naylor (TR) (RE: related document(s)4 Meeting of Creditors with 341). (Naylor (TR), Karen) (Entered: 03/14/2012) |
| 03/23/2012 | 14 | Motion *Opposition to Motion for Relief from Stay* Filed by Debtor Christopher Thomas Long (Attachments: # 1 Exhibit Exhibit 1) (Behnam, Saman)[WARNING: Item subsequently amended by docket entry no: 15 Modified on 3/23/2012 (Kent, Susan). (Entered: 03/23/2012) |
| 03/23/2012 | 15 | Notice to Filer of Error and/or Deficient Document **Incorrect event code was used to file this document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT EVENT.** (RE: related document(s)14 Generic Motion filed by Debtor Christopher Thomas Long) [THIS IS NOT A MOTION - THIS IS AN OPPOSITION] (Kent, Susan) (Entered: 03/23/2012) |
| 03/26/2012 | 16 | Response to motion for order to terminate, annul, modify or condition the automatic stay and declaration(s) in support (related document(s): 10 Notice of Motion and Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c)(4)(A)(ii) Personal Property and Estate Property subject to discovery . Fee Amoun filed by Creditor Vishva Desai, 11 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Books, Records and other discoverable material . Fee Amount $176, filed by Creditor Vishva Desai) Filed by Debtor Christopher Thomas Long (Attachments: # 1 Exhibit 1) (Behnam, Saman) WARNING: Item subsequently amended by docket entry no: 17 . Modified on 3/27/2012 (Mccall, Audrey). (Entered: 03/26/2012) |
| 03/27/2012 | 17 | Notice to Filer of Error and/or Deficient Document **Incorrect event code was used to file this document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT EVENT. BK-Answer/Response>Reference an Existing motion/application>Opposition. Copy of the Notice of Electronic Filing document should not be the first document.** (RE: related document(s)16 Response to motion for order to terminate, annul, modify or condition the automatic stay and declaration(s) in support filed by Debtor Christopher Thomas Long) (Mccall, Audrey) (Entered: 03/27/2012) |
| | | Reply to (related document(s) 10 Notice of Motion and Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c)(4)(A)(ii) Personal Property and Estate Property |

| | | |
|---|---|---|
| 04/03/2012 | 18 | subject to discovery filed by Creditor Vishva Desai (Altman, Anerio) WARNING: Item subsequently amended by docket entry no: 19 Modified on 4/4/2012 (Lyons, Maeve). (Entered: 04/03/2012) |
| 04/04/2012 | 19 | Notice to Filer of Correction Made/No Action Required: **Other - INCORRECTLY RELATED TO DOCUMENT NUMBER 16 IN PLACE OF DOCUMENT NUMBER 10. COURT HAS CORRECTED THIS. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)18 Reply filed by Creditor Vishva Desai) (Lyons, Maeve) (Entered: 04/04/2012) |
| 04/06/2012 | 20 | Motion for Relief from Stay *//Notice of Motion and Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362*. Fee Amount $176, Filed by Creditor ADT Security Services, Inc. (Attachments: # 1 Exhibit A# 2 Memorandum of Points and Authorities# 3 Proof of Service) (Goldman, Jeffrey) (Entered: 04/06/2012) |
| 04/06/2012 | | Receipt of Motion for Relief From Stay(8:12-bk-11252-CB) [motion,mrlfsty] ( 176.00) Filing Fee. Receipt number 26418023. Fee amount 176.00. (U.S. Treasury) (Entered: 04/06/2012) |
| 04/06/2012 | 21 | Application shortening time *//Application for Order Setting Hearing on Shortened Notice* Filed by Creditor ADT Security Services, Inc. (Attachments: # 1 Declaraion of Jeffrey M. Goldman# 2 Proof of Service) (Goldman, Jeffrey) (Entered: 04/06/2012) |
| 04/06/2012 | 22 | Response to (related document(s): 11 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Books, Records and other discoverable material . Fee Amount $176, filed by Creditor Vishva Desai) *//Response of Creditor ADT Security Services, Inc. to Vishva A Desai's Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362* Filed by Creditor ADT Security Services, Inc. (Attachments: # 1 Proof of Service) (Goldman, Jeffrey) (Entered: 04/06/2012) |
| 04/06/2012 | 23 | Proof of service *Proof of Service of Proposed Order Regarding Application for Order Setting Hearing on Shortened Notice* Filed by Creditor ADT Security Services, Inc.. (Goldman, Jeffrey) (Entered: 04/06/2012) |
| 04/09/2012 | 24 | Amended Schedule B Filed by Debtor Christopher Thomas Long. (Behnam, Saman) (Entered: 04/09/2012) |

| 04/09/2012 | 25 | Statement of Financial Affairs *Amended* Filed by Debtor Christopher Thomas Long. (Behnam, Saman) (Entered: 04/09/2012) |
| 04/09/2012 | 26 | Notice *of Intent to Appear by Telephone at Hearing* Filed by Creditor ADT Security Services, Inc.. (Goldman, Jeffrey) (Entered: 04/09/2012) |
| 04/10/2012 | 27 | Hearing Held - Motion Denied (cr: gome) (RE: related document(s)10 Motion for Relief - Order Confirming Termination of Stay or That no Stay is in Effect filed by Creditor Vishva Desai) (Kent, Susan) (Entered: 04/11/2012) |
| 04/10/2012 | 28 | Hearing Held - Motion Granted as to discovery disputes (cr: gome) (RE: related document(s)11 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Vishva Desai) (Kent, Susan) (Entered: 04/11/2012) |
| 04/12/2012 | 29 | Financial Management Course Certificate Filed by Debtor Christopher Thomas Long (RE: related document(s)4 Meeting (AutoAssign Chapter 7)). (Behnam, Saman) (Entered: 04/12/2012) |
| 04/12/2012 | 30 | Order Granting Motion For Relief From Stay under 11 U.S.C. Section 362 (Action in Non-bankruptcy Forum (Related Doc # 20) Signed on 4/12/2012.(I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Mccall, Audrey) (Entered: 04/12/2012) |

| **PACER Service Center** | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 04/13/2012 06:26:52 | | | |
| **PACER Login:** | bu0621 | **Client Code:** | adt |
| **Description:** | Docket Report | **Search Criteria:** | 8:12-bk-11252-CB Fil or Ent: filed From: 1/13/2011 To: 4/13/2012 Doc From: 0 Doc To: 99999999 Term: included Format: html |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# Exhibit E

Page 1

1

2    UNITED STATES BANKRUPTCY COURT

3    CENTRAL DISTRICT OF CALIFORNIA

4    SANTA ANA DIVISION

5    Case No. 8:12-bk-11252-RK

6    - - - - - - - - - - - - - - - - - - - - -x

7    In the Matter of:

8

9    CHRISTOPHER THOMAS LONG,

10

11                    Debtor.

12

13   - - - - - - - - - - - - - - - - - - - - -x

14

15                    Section 341 Meeting of Creditors

16

17

18

19

20

21

22

23

24

25

Page 2

1    A P P E A R A N C E S :

2    BURD & NAYLOR

3           Chapter 7 Trustee

4           PO Box 504

5           Santa Ana, CA 92702

6

7    BY:   KAREN S. NAYLOR, ESQ.

8

9    BURKE LAW OFFICES, LLC

10          Attorneys for Creditor

11          155 North Michigan Avenue

12          Suite 9020

13          Chicago, IL 60601

14

15   BY:   ALEXANDER H. BURKE, ESQ.

16

17   LAKE FOREST BANKRUPTCY

18          Attorneys for Creditor

19          27031 Vista Terrace #201

20          Lake Forest, CA 92630

21

22   BY:   ANERIO V. ALTMAN, ESQ.

23

24

25

Page 3

1                    P R O C E E D I N G S

2          MS. NAYLOR:  The next matter, Christopher Long.

3     Creditors on this case?  And can I have you both -- sorry.

4          Can I have you, sir, raise your right hand.

5        (Debtor sworn)

6          MS. NAYLOR:  Okay.  And sir, can I have you state your

7     name and your address for me, please?

8          MR. LONG:  Yeah, it's Christopher Thomas Long, 20402

9     Santa Ana Avenue, Newport Beach, California 92660, number 19.

10          DEBTOR'S COUNSEL:  Migda (ph.) Su (ph.) appearing for

11     the debtor.

12          MS. NAYLOR:  For the record, the debtor has provided

13     me with his Social Security card.  The number on the Social

14     Security is the same as that set forth in the notice of

15     commencement.  And sir, did you sign that I'm the -- or did you

16     review the U.S. Trustee handout?

17          MR. LONG:  Yes.

18          MS. NAYLOR:  Did you sign your bankruptcy documents?

19          MR. LONG:  Yes.

20          MS. NAYLOR:  Did you review them carefully before you

21     signed them?

22          MR. LONG:  Yes.

23          MS. NAYLOR:  Are you personally familiar with the

24     information contained in these documents?

25          MR. LONG:  Yes.

1          MS. NAYLOR:  To the best of your knowledge, is

2    everything in here true and correct?

3          MR. LONG:  Yes.

4          MS. NAYLOR:  Did you list everything you own?

5          MR. LONG:  Yes.

6          MS. NAYLOR:  Did you list all your creditors?

7          MR. LONG:  Yes.

8          MS. NAYLOR:  Have you ever filed bankruptcy before?

9          MR. LONG:  No.

10          MS. NAYLOR:  Do you know of any changes at all that

11    need to be made to your documents?

12          MR. LONG:  Not that I know of.  No.

13          MS. NAYLOR:  Okay.  The DH Concepts LLC, what's that?

14          MR. LONG:  It used to be a debt consolidation firm.

15    But we've been out of business for a few years.  But we have

16    some residual income coming in a month, about 300 dollars,

17    roughly.

18          MS. NAYLOR:  And are you sole shareholder of that?

19          MR. LONG:  Um-hum.

20          MS. NAYLOR:  So you're receiving about 300 dollars a

21    month?

22          MR. LONG:  If that, yeah.  But that's --

23          MS. NAYLOR:  There's no more other -- that's not going

24    to increase?

25          MR. LONG:  No.

Page 5

 1          MS. NAYLOR:  Okay.  First Source Merchants?  What's
 2   that?
 3          MR. LONG:  It's a merchant card processing company.
 4          MS. NAYLOR:  Merchant card processing?
 5          MR. LONG:  Yeah.
 6          MS. NAYLOR:  Okay.
 7          MR. LONG:  (Indiscernible).
 8          MS. NAYLOR:  Is that still operating?
 9          MR. LONG:  Yes.
10          MS. NAYLOR:  And what does it do?
11          MR. LONG:  What is it -- I'm sorry?
12          MS. NAYLOR:  And so -- I'm sorry --
13          MR. LONG:  I'm not involved anymore.  My partnership's
14   down to like ten percent, if that.  And it's in the red.
15          MS. NAYLOR:  So have you received any income from
16   that?
17          MR. LONG:  No.
18          MS. NAYLOR:  When was the last time you received any
19   income?
20          MR. LONG:  I never received income.
21          MS. NAYLOR:  And how -- it says here that you have a
22   hundred percent interest, but you say you only have ten?
23          MR. LONG:  When I -- the point -- when I filled it
24   out, it was.  And then my partners said that I hadn't worked
25   there in a few months, so they basically said just ten percent.

1   And I thought that was changed.  I notified counsel of that.

2         MS. NAYLOR:  How did -- they just unilaterally told

3   you, you went from a hundred percent -- how did your --

4         MR. LONG:  Because I was working full-time there, and

5   then I didn't work there anymore.  I was legally --

6         MS. NAYLOR:  But how could you have a hundred percent

7   and then somebody else tell you you went down?

8         MR. LONG:  I never -- it was a hundred percent legally

9   on paper, but it was always as partners that were -- you know,

10   were on the paperwork.  But we had agreements.

11         MS. NAYLOR:  Has that company ever made money?

12         MR. LONG:  It's like in a hole, like 150,000 dollars.

13         MS. NAYLOR:  So the liabilities exceed the assets by

14   150,000?

15         MR. LONG:  About 100,000, yeah.  Something like that.

16         MS. NAYLOR:  Are you married?

17         MR. LONG:  No.

18         MS. NAYLOR:  Do you owe any child support or spouse

19   support?

20         MR. LONG:  No.

21         MS. NAYLOR:  Name and address for your employer?

22         MR. LONG:  Battery Specialties, 3530 Cadillac Avenue,

23   Newport -- sorry, Costa Mesa, California 92626.

24         MS. NAYLOR:  What's the name of the company?

25         MR. LONG:  Battery Specialties.

```
                                                        Page 7
 1              MS. NAYLOR:  Are you an employee?

 2              MR. LONG:  Yes.

 3              MS. NAYLOR:  Okay, I'm sorry, what's the address again

 4   of that?

 5              MR. LONG:  3530 Cadillac Avenue, Costa Mesa 92626.

 6              MS. NAYLOR:  Are you expecting a refund for 2011?

 7              MR. LONG:  Not that I know of.

 8              MS. NAYLOR:  Okay.  Did you have some questions, sir?

 9   And actually, can I get your name, first?

10              MR. BURKE:  My name is Alexander Burke.  My client is

11   Mushfa Disai (ph.) who's the plaintiff in a class action in

12   Chicago.

13              MS. NAYLOR:  Okay.

14              MR. BURKE:  The class action is against ADT Security.

15   And I'm seeking information on documents pursuant to a subpoena

16   and discovery requests.  Mr. Long, and a company that I believe

17   he's been involved with called EMI Incorporated, are third-

18   party defendants in that lawsuit.

19              MS. NAYLOR:  Okay.  Are you -- let me just check here.

20   Are you affiliated with EMI?

21              MR. LONG:  Yes.

22              MS. NAYLOR:  It's not listed here.

23              Counsel, I don't see -- actually they have -- question

24   18 is "none".

25              MR. BURKE:  My information says that Mr. Long is or
```

Page 8

```
 1    was the president of EMI Incorporated.

 2              MS. NAYLOR:  Are you, sir?

 3              MR. LONG:  Was.  The company hasn't been operating

 4    since April.

 5              MS. NAYLOR:  So why isn't that business listed in

 6    here?

 7              MR. LONG:  I'm not sure.  It should have been.

 8              MS. NAYLOR:  It's not listed in B or it's not listed

 9    in 18.

10              DEBTOR'S COUNSEL:  Leave to amend financial affair 18

11    as --

12              MS. NAYLOR:  Is that business still operating?

13              MR. LONG:  No.

14              MS. NAYLOR:  Are there any assets in that business?

15              MR. LONG:  No.

16              MS. NAYLOR:  Yeah, they need to put those other two

17    businesses in question 18 too.

18              DEBTOR'S COUNSEL:  Yeah, I made note of that.

19              MR. BURKE:  We have information that he also is

20    involved with a company called Nationwide Media Incorporated.

21              MS. NAYLOR:  Is that true, sir?

22              MR. LONG:  Involved?  I was a broker of theirs -- sub-

23    broker, but I was never involved.

24              MS. NAYLOR:  So you were just a broker, but you didn't

25    have any ownership interest?
```

Page 9

1              MR. LONG:  Never.

2              MS. NAYLOR:  I'm sorry, I didn't mean to interrupt

3       you.

4              MR. BURKE:  May I do some questioning?

5              MS. NAYLOR:  Sure.

6              MR. BURKE:  Okay.  What is EMI Incorporated, or what

7       was it?

8              MR. LONG:  It was a telemarketing firm.

9              MR. BURKE:  Did EMI do telemarketing for ADT Security

10      Services Inc.?

11             MR. LONG:  Never for ADT Inc.

12             MR. BURKE:  For -- did EMI do telemarketing for

13      Paramount Media, Incorporated?

14             MR. LONG:  Yes.

15             MR. BURKE:  Are you aware that Paramount Media

16      Incorporated was affiliated through lead generations with ADT?

17             MR. LONG:  They were a -- from what I understood, they

18      were an authorized ADT retailer, yes.

19             MR. BURKE:  So were the phone calls that you made

20      through EMI Incorporated indirectly advertising ADT products

21      and services?

22             MR. LONG:  I was -- it was advertising home security

23      systems.

24             DEBTOR'S COUNSEL:  Excuse me.  I'm going to instruct

25      the client not to answer any further questions unless they are

Page 10

1   with respect to the assets.  Attorney is not asking questions

2   which shows there are assets.  He's asking some other questions

3   for his other litigation, which I'm going to tell debtor not to

4   answer.  If there is anything with respect to any asset, that

5   he will answer those questions.

6           MS. NAYLOR:  Okay.  But I can tell you, it doesn't

7   look so swift that he doesn't even list them on the --

8           DEBTOR'S COUNSEL:  Absolutely.  I agree.

9           MS. NAYLOR:  They're obviously a big issue.

10          MR. BURKE:  I'm trying to figure out what information,

11  what documents, what data exists.  There's a court order from

12  Chicago from a federal magistrate judge ordering EMI and Mr.

13  Long to turn over all documents having to do with the

14  telemarketing business.

15          MS. NAYLOR:  Well, why don't we maybe just jump

16  straight to that part.  I mean, I agree with counsel to a

17  point -- I mean, the problem is, this is not supposed to be

18  used for other litigation.  I mean, if you think it's going to

19  lead to assets for this estate -- but I don't know if it is.

20          So who has the books and records of EMI?

21          MR. LONG:  I have to check, but I think I have some.

22  I mean, I should have own records, yes.  Right.

23          MS. NAYLOR:  So do you -- you're maintaining the --

24          MR. LONG:  Maintain the book -- the business is done.

25  So I just filed these last year's taxes and then, you know, no

Page 11

1   longer -- there's nothing else going on.

2          MS. NAYLOR:  So why wasn't this company listed?

3          MR. LONG:  Is it under O.C. Financial?  It was a d/b/a

4   of O.C. Financial.

5          MS. NAYLOR:  I didn't see -- well, there's nothing

6   under 18.  But if we go back to B --

7          MR. LONG:  The lawsuit should be stated in there too,

8   as well.

9          MS. NAYLOR:  I don't see any.  These are the business

10  you have listed.  Just those two we talked about.  The --

11         DEBTOR'S COUNSEL:  What other names?

12         MS. NAYLOR:  I don't see any other names.

13         MR. LONG:  Was it supposed to be within the last five

14  years or -- because it hasn't --

15         MS. NAYLOR:  Well, six years.

16         MR. LONG:  Okay.

17         MS. NAYLOR:  You listed here "versus Disai".  You

18  listed those two.  But you still have to list the interest in a

19  business.

20         So you maintain all the books and records of EMI?

21         MR. LONG:  Um-hum.

22         MS. NAYLOR:  Was that a yes?

23         MR. LONG:  Yes.

24         MR. BURKE:  Are there -- is there a computer for EMI?

25         MR. LONG:  No.

```
                                                        Page 12
 1            MR. BURKE:  Was there ever a computer for EMI?
 2            MR. LONG:  As in what kind of computer?  Like that we
 3    operated off of?  I mean, I ran multiple businesses off my
 4    computer, but it was never owned by EMI.
 5            MR. BURKE:  Do you still have that computer?
 6            MR. LONG:  I'd have to check storage.  I don't know.
 7            MS. NAYLOR:  Are these books and records located at a
 8    storage unit or at your house?
 9            MR. LONG:  They're at a storage unit.
10            MS. NAYLOR:  And where's the storage unit -- the name
11    of the storage unit?
12            MR. LONG:  It's at the old office.  I have to check
13    with my landlord and see, make sure he still has it.
14            MR. BURKE:  What's the office address?
15            MR. LONG:  I don't recall.
16            MS. NAYLOR:  Do you have a city or a street name?
17            MR. LONG:  It's in Costa Mesa.
18            MS. NAYLOR:  What street?
19            MR. LONG:  That's a good question.  I don't know.  I
20    honestly don't know.  I haven't worked there since April.
21            MR. BURKE:  My information tells me that --
22            MS. NAYLOR:  But you can't remember the street that
23    you worked at.
24            MR. BURKE:  -- he's the president of this company.
25            MS. NAYLOR:  You have no idea of the street?
```

1         MR. LONG:  It's off Redhill (ph.) -- and I draw a

2  blank on the other street.  It's off Redhill, just north of

3  the -- just north of the 73 Freeway.

4         MS. NAYLOR:  North of the 73 Freeway?

5         MR. LONG:  Yes.

6         MR. BURKE:  Who's paying for the storage?

7         MR. LONG:  Should be the old landlord.

8         MR. BURKE:  The landlord's paying for the storage?

9         MR. LONG:  It was in the -- it was in his storage, in

10  the old landlord's storage.

11         MR. BURKE:  What was his name, the old landlord?

12         MR. LONG:  Nick.

13         MR. BURKE:  Nick what?

14         MR. LONG:  Long.  My brother.

15         MR. BURKE:  Last summer you e-mailed me call logs of

16  several million calls.  Do you remember that?

17         MR. LONG:  Does that pertain to the assets?  Yes.

18         MR. BURKE:  Where did those call records come from?

19         MR. LONG:  From the dialing company.

20         MR. BURKE:  What dialing company?

21         MR. LONG:  The dialing company that I did business

22  with was Dynamic.

23         MR. BURKE:  Was that the full name?

24         MR. LONG:  I think.  I have to recall, but I think

25  it's Dynamic Internet Interactive, I believe.

1       MR. BURKE:  Where is Dynamic Interactive?

2       MR. LONG:  They were located in Costa Mesa.

3       MR. BURKE:  Who's your contact at Dynamic Internet

4  Interactive?

5       MR. LONG:  Stephanie.  I don't know the last name.

6       MR. BURKE:  Where was Dynamic Interactive located?

7       MR. LONG:  In --

8       MR. BURKE:  Other than -- I mean, do you have a street

9  or an address in Costs Mesa?

10       MR. LONG:  Anton.

11       MR. BURKE:  The records that you produced, were those

12  all records of pre-recorded message calls?

13       MR. LONG:  Clarify "pre-recorded message calls".

14       MR. BURKE:  Like a message that had been recorded

15  ahead of time that was played during the call.

16       MR. LONG:  Yes.

17       MR. BURKE:  And they were advertising security

18  services, right?

19       MR. LONG:  Yes.

20       MR. BURKE:  And the client was Paramount Media.  Was

21  that right?

22       MR. LONG:  Um-hum.  Correct

23       MR. BURKE:  When did EMI go under?

24       MR. LONG:  I'd say late April.

25       MS. NAYLOR:  Of 2011?

```
                                                        Page 15
 1              MR. LONG:  Yes.

 2              MR. BURKE:  Why did EMI go under?

 3              MR. LONG:  Because we lost all our clients.

 4              MR. BURKE:  Why did you lose all your clients?

 5              DEBTOR'S COUNSEL:  Again, is that discovery of the

 6      asset or are you building up the other case here?

 7              MR. BURKE:  I'm trying to learn about where these

 8      records went.  I had a subpoena that was issued to EMI and to

 9      Mr. Long around April 2011.  And I've gotten partial responses.

10              MS. NAYLOR:  Let me ask you a question.  Do you still

11      have access to that storage unit?

12              MR. LONG:  I'd have to make a phone call.  But I don't

13      know.

14              MS. NAYLOR:  You would -- you don't know whether you

15      can get to those records that have been subpoenaed that are in

16      that storage unit?

17              MR. LONG:  As far as I know, my counsel handed over

18      all the information we had for the subpoena.

19              MS. NAYLOR:  Okay.  But I'm just saying -- if all the

20      rest -- but you could get access to that storage unit, since

21      your brother has it, right?

22              MR. LONG:  Sure.

23              MR. BURKE:  Is there any other place, other than the

24      storage unit, where there may be records for EMI Incorporated?

25              MR. LONG:  No.
```

```
                                                    Page 16
 1              MR. BURKE:  Who's Chris Lopez?

 2              MR. LONG:  Was a broker.

 3              MR. BURKE:  For EMI Incorporated?

 4              MR. LONG:  Yes.

 5              MR. BURKE:  Might Chris Lopez have documents or data

 6      having to do with EMI Incorporated?

 7              MR. LONG:  He may.  I don't know.

 8              MR. BURKE:  Do you know his address?

 9              MR. LONG:  I don't.

10              MR. BURKE:  Do you know generally where he lives?

11              MR. LONG:  Last time I spoke to him, it was Huntington

12      Beach.

13              MS. NAYLOR:  You might pick your favorite questions.

14      We've got a roomful.

15              I know somebody else had questions.

16              MR. ALTMAN:  No, actually, I'm with him.

17              MS. NAYLOR:  Okay.

18              MR. ALTMAN:  I'll see if there's any -- decide.  I

19      have some brief questions.

20              Does anyone else have any ownership interest in EMI,

21      or did they have any ownership interest in EMI, other than you?

22              MR. LONG:  No.

23              MR. ALTMAN:  Okay.  Did anyone else have access to the

24      books and records while EMI was operating, as of 2010?

25              MR. LONG:  Books and records as in what?
```

Page 17

1        DEBTOR'S COUNSEL:  Of EMI.

2        MR. ALTMAN:  Of EMI?

3        MR. LONG:  Of like the accounts like --

4        MR. ALTMAN:  Yeah.

5        MR. LONG:  -- a QuickBooks account or anything like

6   that?

7        MR. ALTMAN:  Anything, yes.

8        MR. LONG:  Yeah.  The lady that ran the business.

9        MR. ALTMAN:  Okay.  Who was that?

10       MR. LONG:  Samantha Omar.

11       MR. ALTMAN:  Okay.  Do you know where she's located?

12       MR. LONG:  Last I spoke she was in Orange County,

13   southern Orange County, Orange County somewhere.

14       MR. ALTMAN:  Okay.  Do you know her phone number?

15       MR. LONG:  I don't.

16       MR. ALTMAN:  Do you have it in your cell phone right

17   now?

18       MR. LONG:  I'd have to check it.  I haven't talked to

19   her in a while, but yes.

20       MR. ALTMAN:  Would you please check?

21       DEBTOR'S COUNSEL:  Trustee, after this, I'm going to

22   tell the debtor not to answer any questions.  They are fishing

23   off their other case and using bankruptcy court for that, which

24   is not the right thing to do at this time.

25       MR. ALTMAN:  Well, we're creditors as to this

Page 18

1    information and these documents, and we're trying to find

2    information about them.  We have no affirmative money claims

3    against Mr. Long or against EMI.

4           MR. BURKE:  At this time.

5           MR. ALTMAN:  At this time.  We're just interested in

6    this information --

7           MS. NAYLOR:  Once you get the information you told me

8    you were going to give him, I would just hand the phone over

9    and just write it down.  Because I don't want to put somebody's

10   phone number on a record.

11          DEBTOR'S COUNSEL:  Let's write it down.  Can you give

12   me your card?  We can write it on the paper.

13          MS. NAYLOR:  Do you have some other questions while

14   he's looking it up?

15          MR. LONG:  I turned it off because I thought we were

16   supposed to.

17          MS. NAYLOR:  You're right.  You're supposed to.

18          DEBTOR'S COUNSEL:  If you have it write it, if you

19   don't have it, that's fine.

20          MS. NAYLOR:  Do you have any other questions while

21   he's looking that up?  Is it turning on?  It's still thinking.

22          DEBTOR'S COUNSEL:  We can do that in hallway.

23          MS. NAYLOR:  Okay.  Any other questions?

24          MR. BURKE:  Not at this time.

25          MS. NAYLOR:  Okay.  The 2010 -- 2009 and 2010 tax

Page 19

1   returns, sir, you provided me, are those -- are you expecting a

2   refund for 2011?

3           MR. LONG:  I have to file still, so I don't know.  I'm

4   expecting no.

5           MS. NAYLOR:  Did you pay any money into the taxing

6   authorities?

7           MR. LONG:  In what year, 2009 --

8           MS. NAYLOR:  For 2011?  Have you filed you 2010s?

9           MR. LONG:  Yes.

10          MS. NAYLOR:  Okay.  You got 1,500 dollars -- owe

11  1,500.  Are you expecting more than 1,500 dollars for 2011?

12          MR. LONG:  I don't think so, no.  But if I do, I'll

13  make sure --

14          MS. NAYLOR:  Let me know.

15          MR. LONG:  -- it's in an amendment.

16          MS. NAYLOR:  Okay.  Are these the ones -- the tax

17  returns you gave to me, are these true and correct copies of

18  the ones you sent to the taxing authorities?

19          MR. LONG:  Yes.

20          MS. NAYLOR:  I can give these back to you.  You'll get

21  that stuff to them?

22          DEBTOR'S COUNSEL:  If we find the number, we will give

23  it to him.

24          MS. NAYLOR:  Okay.

25          MR. BURKE:  I'd also ask for his brother's phone

1    number and any one of the other -- these people we mentioned

2    today.

3            DEBTOR'S COUNSEL:  We are not going to give his

4    brother's phone number if he doesn't want to.

5            MR. BURKE:  I think it's responsive to my subpoena and

6    these discovery requests.

7            DEBTOR'S COUNSEL:  That you can go to the other court.

8    I will not let bankruptcy court be used for that.

9            MS. NAYLOR:  I'll let you guys discuss that off the

10   record.

11           MR. BURKE:  Okay.

12           DEBTOR'S COUNSEL:  Thank you.

13           MS. NAYLOR:  Thank you.

14       (Whereupon these proceedings were concluded)

15

16

17

18

19

20

21

22

23

24

25

Page 21

C E R T I F I C A T I O N

1

2

3

4       I, Penina Wolicki, hereby certify that

5   the foregoing is a true and correct

6   transcription, to the best of my ability, of

7   the sound recorded proceedings submitted for

8   transcription.

9

10      I further certify that I am not employed

11  by nor related to any party to this action.

12

13      In witness whereof, I hereby sign this

14  date:

15  March 27, 2012.

16

17      _____

18              Penina Wolicki

19      AAERT Certified Electronic Transcriber

20                CET**D-569

21

22

23

24

25

| & |
| --- |
| **&** 2:2 |

| 1 |
| --- |
| **1,500** 19:10,11,11 |
| **100,000** 6:15 |
| **11252** 1:5 |
| **150,000** 6:12,14 |
| **155** 2:11 |
| **18** 7:24 8:9,10,17 11:6 |
| **19** 3:9 |

| 2 |
| --- |
| **2009** 18:25 19:7 |
| **201** 2:19 |
| **2010** 16:24 18:25,25 |
| **2010s** 19:8 |
| **2011** 7:6 14:25 15:9 19:2,8,11 |
| **2012** 21:15 |
| **20402** 3:8 |
| **27** 21:15 |
| **27031** 2:19 |

| 3 |
| --- |
| **300** 4:16,20 |
| **341** 1:15 |
| **3530** 6:22 7:5 |

| 5 |
| --- |
| **504** 2:4 |
| **569** 21:20 |

| 6 |
| --- |
| **60601** 2:13 |

| 7 |
| --- |
| **7** 2:3 |
| **73** 13:3,4 |

| 8 |
| --- |
| **8:12** 1:5 |

| 9 |
| --- |
| **9020** 2:12 |
| **92626** 6:23 7:5 |
| **92630** 2:20 |

**92660** 3:9
**92702** 2:5

| a |
| --- |
| **aaert** 21:19 |
| **ability** 21:6 |
| **absolutely** 10:8 |
| **access** 15:11,20 16:23 |
| **account** 17:5 |
| **accounts** 17:3 |
| **action** 7:11,14 21:11 |
| **address** 3:7 6:21 7:3 12:14 14:9 16:8 |
| **adt** 7:14 9:9,11,16 9:18,20 |
| **advertising** 9:20,22 14:17 |
| **affair** 8:10 |
| **affiliated** 7:20 9:16 |
| **affirmative** 18:2 |
| **agree** 10:8,16 |
| **agreements** 6:10 |
| **ahead** 14:15 |
| **alexander** 2:15 7:10 |
| **altman** 2:22 16:16 16:18,23 17:2,4,7,9 17:11,14,16,20,25 18:5 |
| **amend** 8:10 |
| **amendment** 19:15 |
| **ana** 1:4 2:5 3:9 |
| **anerio** 2:22 |
| **answer** 9:25 10:4,5 17:22 |
| **anton** 14:10 |
| **anymore** 5:13 6:5 |
| **appearing** 3:10 |
| **april** 8:4 12:20 14:24 15:9 |
| **asking** 10:1,2 |
| **asset** 10:4 15:6 |
| **assets** 6:13 8:14 10:1 10:2,19 13:17 |

| attorney | 10:1 |
| --- | --- |
| **attorneys** | 2:10,18 |
| **authorities** | 19:6,18 |
| **authorized** | 9:18 |
| **avenue** | 2:11 3:9 6:22 7:5 |
| **aware** | 9:15 |

| b |
| --- |
| **b** 8:8 11:3,6 |
| **back** 11:6 19:20 |
| **bankruptcy** 1:2 2:17 3:18 4:8 17:23 20:8 |
| **basically** 5:25 |
| **battery** 6:22,25 |
| **beach** 3:9 16:12 |
| **believe** 7:16 13:25 |
| **best** 4:1 21:6 |
| **big** 10:9 |
| **bk** 1:5 |
| **blank** 13:2 |
| **book** 10:24 |
| **books** 10:20 11:20 12:7 16:24,25 |
| **box** 2:4 |
| **brief** 16:19 |
| **broker** 8:22,23,24 16:2 |
| **brother** 13:14 15:21 |
| **brother's** 19:25 20:4 |
| **building** 15:6 |
| **burd** 2:2 |
| **burke** 2:9,15 7:10 7:10,14,25 8:19 9:4 9:6,9,12,15,19 10:10 11:24 12:1,5 12:14,21,24 13:6,8 13:11,13,15,18,20 13:23 14:1,3,6,8,11 14:14,17,20,23 15:2 15:4,7,23 16:1,3,5,8 16:10 18:4,24 19:25 20:5,11 |

| business | 4:15 8:5,12 |
| --- | --- |
| 8:14 10:14,24 11:9 |
| 11:19 13:21 17:8 |
| **businesses** | 8:17 12:3 |

| c |
| --- |
| **c** 2:1 3:1 21:2,2 |
| **ca** 2:5,20 |
| **cadillac** 6:22 7:5 |
| **california** 1:3 3:9 6:23 |
| **call** 13:15,18 14:15 15:12 |
| **called** 7:17 8:20 |
| **calls** 9:19 13:16 14:12,13 |
| **card** 3:13 5:3,4 18:12 |
| **carefully** 3:20 |
| **case** 1:5 3:3 15:6 17:23 |
| **cell** 17:16 |
| **central** 1:3 |
| **certified** 21:19 |
| **certify** 21:4,10 |
| **cet** 21:20 |
| **changed** 6:1 |
| **changes** 4:10 |
| **chapter** 2:3 |
| **check** 7:19 10:21 12:6,12 17:18,20 |
| **chicago** 2:13 7:12 10:12 |
| **child** 6:18 |
| **chris** 16:1,5 |
| **christopher** 1:9 3:2 3:8 |
| **city** 12:16 |
| **claims** 18:2 |
| **clarify** 14:13 |
| **class** 7:11,14 |
| **client** 7:10 9:25 14:20 |
| **clients** 15:3,4 |

come   13:18
coming   4:16
commencement
  3:15
company   5:3 6:11
  6:24 7:16 8:3,20
  11:2 12:24 13:19,20
  13:21
computer   11:24
  12:1,2,4,5
concepts   4:13
concluded   20:14
consolidation   4:14
contact   14:3
contained   3:24
copies   19:17
correct   4:2 14:22
  19:17 21:5
costa   6:23 7:5 12:17
  14:2
costs   14:9
counsel   3:10 6:1
  7:23 8:10,18 9:24
  10:8,16 11:11 15:5
  15:17 17:1,21 18:11
  18:18,22 19:22 20:3
  20:7,12
county   17:12,13,13
court   1:2 10:11
  17:23 20:7,8
creditor   2:10,18
creditors   1:15 3:3
  4:6 17:25

d
d   3:1 11:3 21:20
data   10:11 16:5
date   21:14
debt   4:14
debtor   1:11 3:5,11
  3:12 10:3 17:22
debtor's   3:10 8:10
  8:18 9:24 10:8
  11:11 15:5 17:1,21
  18:11,18,22 19:22

20:3,7,12
decide   16:18
defendants   7:18
dh   4:13
dialing   13:19,20,21
didn't   6:5
disai   7:11 11:17
discovery   7:16 15:5
  20:6
discuss   20:9
district   1:3
division   1:4
documents   3:18,24
  4:11 7:15 10:11,13
  16:5 18:1
dollars   4:16,20 6:12
  19:10,11
draw   13:1
dynamic   13:22,25
  14:1,3,6

e
e   2:1,1 3:1,1 13:15
  21:2
electronic   21:19
emi   7:17,20 8:1 9:6
  9:9,12,20 10:12,20
  11:20,24 12:1,4
  14:23 15:2,8,24
  16:3,6,20,21,24
  17:1,2 18:3
employed   21:10
employee   7:1
employer   6:21
esq   2:7,15,22
estate   10:19
exceed   6:13
excuse   9:24
exists   10:11
expecting   7:6 19:1,4
  19:11

f
f   21:2
familiar   3:23

far   15:17
favorite   16:13
federal   10:12
figure   10:10
file   19:3
filed   4:8 10:25 19:8
filled   5:23
financial   8:10 11:3
  11:4
find   18:1 19:22
fine   18:19
firm   4:14 9:8
first   5:1 7:9
fishing   17:22
five   11:13
foregoing   21:5
forest   2:17,20
forth   3:14
freeway   13:3,4
full   6:4 13:23
further   9:25 21:10

g
g   3:1
generally   16:10
generations   9:16
give   18:8,11 19:20
  19:22 20:3
go   11:6 14:23 15:2
  20:7
going   4:23 9:24 10:3
  10:18 11:1 17:21
  18:8 20:3
good   12:19
gotten   15:9
guys   20:9

h
h   2:15
hallway   18:22
hand   3:4 18:8
handed   15:17
handout   3:16
hole   6:12
home   9:22

honestly   12:20
house   12:8
hum   4:19 11:21
  14:22
hundred   5:22 6:3,6
  6:8
huntington   16:11

i
idea   12:25
il   2:13
income   4:16 5:15,19
  5:20
incorporated   7:17
  8:1,20 9:6,13,16,20
  15:24 16:3,6
increase   4:24
indirectly   9:20
indiscernible   5:7
information   3:24
  7:15,25 8:19 10:10
  12:21 15:18 18:1,2
  18:6,7
instruct   9:24
interactive   13:25
  14:1,4,6
interest   5:22 8:25
  11:18 16:20,21
interested   18:5
internet   13:25 14:3
interrupt   9:2
involved   5:13 7:17
  8:20,22,23
issue   10:9
issued   15:8
i'm   9:2,24 10:10
  15:7,19

j
judge   10:12
jump   10:15

k
karen   2:7
kind   12:2

**know**  4:10,12 6:9
  7:7 10:19,25 12:6
  12:19,20 14:5 15:13
  15:14,17 16:7,8,10
  16:15 17:11,14 19:3
  19:14
**knowledge**  4:1

**l**

**lady**  17:8
**lake**  2:17,20
**landlord**  12:13 13:7
  13:11
**landlord's**  13:8,10
**late**  14:24
**law**  2:9
**lawsuit**  7:18 11:7
**lead**  9:16 10:19
**learn**  15:7
**leave**  8:10
**legally**  6:5,8
**liabilities**  6:13
**list**  4:4,6 10:7 11:18
**listed**  7:22 8:5,8,8
  11:2,10,17,18
**litigation**  10:3,18
**lives**  16:10
**llc**  2:9 4:13
**located**  12:7 14:2,6
  17:11
**logs**  13:15
**long**  1:9 3:2,8,8,17
  3:19,22,25 4:3,5,7,9
  4:12,14,19,22,25
  5:3,5,7,9,11,13,17
  5:20,23 6:4,8,12,15
  6:17,20,22,25 7:2,5
  7:7,16,21,25 8:3,7
  8:13,15,22 9:1,8,11
  9:14,17,22 10:13,21
  10:24 11:3,7,13,16
  11:21,23,25 12:2,6
  12:9,12,15,17,19
  13:1,5,7,9,12,14,14
  13:17,19,21,24 14:2

14:5,7,10,13,16,19
  14:22,24 15:1,3,9
  15:12,17,22,25 16:2
  16:4,7,9,11,22,25
  17:3,5,8,10,12,15,18
  18:3,15 19:3,7,9,12
  19:15,19
**longer**  11:1
**look**  10:7
**looking**  18:14,21
**lopez**  16:1,5
**lose**  15:4
**lost**  15:3

**m**

**magistrate**  10:12
**mailed**  13:15
**maintain**  10:24
  11:20
**maintaining**  10:23
**march**  21:15
**married**  6:16
**matter**  1:7 3:2
**mean**  9:2 10:16,17
  10:18,22 12:3 14:8
**media**  8:20 9:13,15
  14:20
**meeting**  1:15
**mentioned**  20:1
**merchant**  5:3,4
**merchants**  5:1
**mesa**  6:23 7:5 12:17
  14:2,9
**message**  14:12,13,14
**michigan**  2:11
**migda**  3:10
**million**  13:16
**money**  6:11 18:2
  19:5
**month**  4:16,21
**months**  5:25
**multiple**  12:3
**mushfa**  7:11

**n**

**n**  2:1 3:1 21:2
**name**  3:7 6:21,24
  7:9,10 12:10,16
  13:11,23 14:5
**names**  11:11,12
**nationwide**  8:20
**naylor**  2:2,7 3:2,6
  3:12,18,20,23 4:1,4
  4:6,8,10,13,18,20,23
  5:1,4,6,8,10,12,15
  5:18,21 6:2,6,11,13
  6:16,18,21,24 7:1,3
  7:6,8,13,19,22 8:2,5
  8:8,12,14,16,21,24
  9:2,5 10:6,9,15,23
  11:2,5,9,12,15,17,22
  12:7,10,16,18,22,25
  13:4 14:25 15:10,14
  15:19 16:13,17 18:7
  18:13,17,20,23,25
  19:5,8,10,14,16,20
  19:24 20:9,13
**need**  4:11 8:16
**never**  5:20 6:8 8:23
  9:1,11 12:4
**newport**  3:9 6:23
**nick**  13:12,13
**north**  2:11 13:2,3,4
**note**  8:18
**notice**  3:14
**notified**  6:1
**number**  3:9,13
  17:14 18:10 19:22
  20:1,4

**o**

**o**  3:1 21:2
**o.c.**  11:3,4
**obviously**  10:9
**office**  12:12,14
**offices**  2:9
**okay**  3:6 4:13 5:1,6
  7:3,8,13,19 9:6 10:6
  11:16 15:19 16:17

16:23 17:9,11,14
  18:23,25 19:10,16
  19:24 20:11
**old**  12:12 13:7,10,11
**omar**  17:10
**once**  18:7
**ones**  19:16,18
**operated**  12:3
**operating**  5:8 8:3,12
  16:24
**orange**  17:12,13,13
**order**  10:11
**ordering**  10:12
**owe**  6:18 19:10
**owned**  12:4
**ownership**  8:25
  16:20,21

**p**

**p**  2:1,1 3:1
**paper**  6:9 18:12
**paperwork**  6:10
**paramount**  9:13,15
  14:20
**part**  10:16
**partial**  15:9
**partners**  5:24 6:9
**partnership's**  5:13
**party**  7:18 21:11
**pay**  19:5
**paying**  13:6,8
**penina**  21:4,18
**people**  20:1
**percent**  5:14,22,25
  6:3,6,8
**personally**  3:23
**pertain**  13:17
**ph**  3:10,10 7:11 13:1
**phone**  9:19 15:12
  17:14,16 18:8,10
  19:25 20:4
**pick**  16:13
**place**  15:23
**plaintiff**  7:11

[played - vista]

**played** 14:15
**please** 3:7 17:20
**po** 2:4
**point** 5:23 10:17
**pre** 14:12,13
**president** 8:1 12:24
**problem** 10:17
**proceedings** 20:14
  21:7
**processing** 5:3,4
**produced** 14:11
**products** 9:20
**provided** 3:12 19:1
**pursuant** 7:15
**put** 8:16 18:9

**q**

**question** 7:23 8:17
  12:19 15:10
**questioning** 9:4
**questions** 7:8 9:25
  10:1,2,5 16:13,15
  16:19 17:22 18:13
  18:20,23
**quickbooks** 17:5

**r**

**r** 2:1 3:1 21:2
**raise** 3:4
**ran** 12:3 17:8
**recall** 12:15 13:24
**received** 5:15,18,20
**receiving** 4:20
**record** 3:12 18:10
  20:10
**recorded** 14:12,13
  14:14 21:7
**records** 10:20,22
  11:20 12:7 13:18
  14:11,12 15:8,15,24
  16:24,25
**red** 5:14
**redhill** 13:1,2
**refund** 7:6 19:2
**related** 21:11

**remember** 12:22
  13:16
**requests** 7:16 20:6
**residual** 4:16
**respect** 10:1,4
**responses** 15:9
**responsive** 20:5
**rest** 15:20
**retailer** 9:18
**returns** 19:1,17
**review** 3:16,20
**right** 3:4 10:22
  14:18,21 15:21
  17:16,24 18:17
**rk** 1:5
**roomful** 16:14
**roughly** 4:17

**s**

**s** 2:1,7 3:1
**samantha** 17:10
**santa** 1:4 2:5 3:9
**saying** 15:19
**says** 5:21 7:25
**section** 1:15
**security** 3:13,14
  7:14 9:9,22 14:17
**see** 7:23 11:5,9,12
  12:13 16:18
**seeking** 7:15
**sent** 19:18
**services** 9:10,21
  14:18
**set** 3:14
**shareholder** 4:18
**shows** 10:2
**sign** 3:15,18 21:13
**signed** 3:21
**sir** 3:4,6,15 7:8 8:2
  8:21 19:1
**six** 11:15
**social** 3:13,13
**sole** 4:18
**somebody** 6:7 16:15

**somebody's** 18:9
**sorry** 3:3 5:11,12
  6:23 7:3 9:2
**sound** 21:7
**source** 5:1
**southern** 17:13
**specialties** 6:22,25
**spoke** 16:11 17:12
**spouse** 6:18
**state** 3:6
**stated** 11:7
**states** 1:2
**stephanie** 14:5
**storage** 12:6,8,9,10
  12:11 13:6,8,9,10
  15:11,16,20,24
**straight** 10:16
**street** 12:16,18,22
  12:25 13:2 14:8
**stuff** 19:21
**su** 3:10
**sub** 8:22
**submitted** 21:7
**subpoena** 7:15 15:8
  15:18 20:5
**subpoenaed** 15:15
**suite** 2:12
**summer** 13:15
**support** 6:18,19
**supposed** 10:17
  11:13 18:16,17
**sure** 8:7 9:5 12:13
  15:22 19:13
**swift** 10:7
**sworn** 3:5
**systems** 9:23

**t**

**t** 21:2,2
**talked** 11:10 17:18
**tax** 18:25 19:16
**taxes** 10:25
**taxing** 19:5,18
**telemarketing** 9:8,9
  9:12 10:14

**tell** 6:7 10:3,6 17:22
**tells** 12:21
**ten** 5:14,22,25
**terrace** 2:19
**thank** 20:12,13
**theirs** 8:22
**thing** 17:24
**think** 10:18,21
  13:24,24 19:12 20:5
**thinking** 18:21
**third** 7:17
**thomas** 1:9 3:8
**thought** 6:1 18:15
**time** 5:18 6:4 14:15
  16:11 17:24 18:4,5
  18:24
**today** 20:2
**told** 6:2 18:7
**transcriber** 21:19
**transcription** 21:6,8
**true** 4:2 8:21 19:17
  21:5
**trustee** 2:3 3:16
  17:21
**trying** 10:10 15:7
  18:1
**turn** 10:13
**turned** 18:15
**turning** 18:21
**two** 8:16 11:10,18

**u**

**u.s.** 3:16
**um** 4:19 11:21 14:22
**understood** 9:17
**unilaterally** 6:2
**unit** 12:8,9,10,11
  15:11,16,20,24
**united** 1:2

**v**

**v** 2:22
**versus** 11:17
**vista** 2:19

| w |
|---|
| **want**  18:9 20:4 |
| **we've**  4:15 16:14 |
| **went**  6:3,7 15:8 |
| **whereof**  21:13 |
| **witness**  21:13 |
| **wolicki**  21:4,18 |
| **work**  6:5 |
| **worked**  5:24 12:20 |
|   12:23 |
| **working**  6:4 |
| **write**  18:9,11,12,18 |

| x |
|---|
| **x**  1:6,13 |

| y |
|---|
| **yeah**  3:8 4:22 5:5 |
|   6:15 8:16,18 17:4,8 |
| **year**  19:7 |
| **year's**  10:25 |
| **years**  4:15 11:14,15 |