**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

_____

| | |
|---|---|
| VISHVA DESAI and PHILIP J. CHARVAT, on behalf of themselves and others similarly situated<br><br>                 Plaintiffs,<br>vs.<br><br>ADT SECURITY SERVICES, INC.<br><br><br><br>              Defendant/Third Party Plaintiff<br><br>MR. PETE TOLMAN, LEADS DIRECT MARKETING, DIRECT SAVINGS USA, INC., MR. CHRISTOPHER LONG, EMI, INC., JMB ENTERPRISES, CITY VIP, LLC, MR. OSCAR MONTENEGRO, EVERSAFE SECURITY SYSTEMS, INC., SAFE STREETS USA, LLC AND UNKNOWN JOHN DOE DEFENDANTS I THROUGH XX<br><br>       Third Party Defendants. | Case No. 1:11-cv-1925 |

## PLAINTIFFS' SECOND MOTION TO COMPEL ELEPHANT GROUP, INC.

Plaintiffs respectfully request that this Court compel Elephant Group, LLC to produce all records of ADT installations, including any accompanying e-mail correspondence, through its affiliates Paramount Media Group, Inc. and Savilo Support Services, Inc., its insurance policies and documents in unredacted form. In support of this motion, Plaintiffs state:

1.      This is a Telephone Consumer Protection Act, 47 U.S.C. §227(b) class action, alleging that defendant ADT Security Services, Inc. used improper robocalls and autodialers to

call consumers' cellular and landline telephones. Responses to subpoenas issued by Plaintiffs to third parties Europe Media International, Inc. ("EMI, Inc.") and its software provider Dynamic Interactive Corp. ("Dynamic") show that authorized ADT marketers hired defendant EMI, Inc. to make tens of millions of prerecorded and autodialed "robocalls" advertising ADT goods and services in 2010 and 2011.

2.      ADT and Elephant Group deny that they had anything to do with these calls.

3.      However, documents received from Ryan Neill, the former President of Paramount Media Group ("PMG"), included a spreadsheet that was emailed from Elephant Group to PMG, which includes a list of apparent ADT security system installations, along with a "sale date" and contact information, including phone numbers, for each customer.  The sale date, in many cases, corresponds exactly with records of robocalls to the phone numbers associated with the installations.

4.      In other words, Elephant Group has records that demonstrate that some of EMI, Inc.'s robocalls resulted directly in ADT installations. Plaintiffs want those records.

5.      Elephant Group's February 13, 2012, responses to plaintiff's discovery requests are attached as Exhibit 1. The information sought is responsive to many of these requests, including, but not limited to, document requests 5, 10, 13, 26, and interrogatories 6 and 7.

6.      Plaintiffs have tried to get this information without filing a motion, including several emails, to no avail.  Most recently, the justification that Elephant Group has offered for not producing the documents is that new counsel has taken over discovery issues, and needs time to familiarize themselves with the file before responding.  The fact that more lawyers have been added to the case is not justification to delay production of clearly non-privileged and readily available information and documents.  Plaintiffs therefore file this motion to compel.

7.     Additionally, although it has been a defendant in this action for more than a year, Elephant Group has not yet produced any insurance policies to Plaintiffs. While its lawyers have promised to produce such, they have not yet done so. Plaintiffs request that the Court also compel production of all insurance policies in effect during the class period, if Elephant Group has not produced such by the time this motion is heard.

8.     Finally, Elephant Group has produced a number of documents that have been redacted because they are "confidential," or trade secrets, or for some reason other than attorney-client privilege. Such redaction is inappropriate, particularly in this case where a protective order has been entered. Plaintiffs ask that these documents be produced in full, unredacted, form.

WHEREFORE, Plaintiffs respectfully request that this Court compel Elephant Group, LLC to produce all records of ADT installations, including any accompanying e-mail correspondence, through its affiliates Paramount Media Group, Inc. and Savilo Support Services, Inc., its insurance policies and documents in unredacted form.

Respectfully submitted,

/s/Alexander H. Burke

*Counsel for Plaintiffs:*

Alexander H. Burke                           Matthew P. McCue
Burke Law Offices, LLC                       The Law Office of Matthew P. McCue
155 N. Michigan Ave., Suite 9020             340 Union Avenue
Chicago, IL 60601                            Framingham, MA  01790
(312) 729-5288                               (508) 620-1166
(312) 729-5289 (fax)                         (508) 820-3311 (fax)


Brian K. Murphy                              John W. Barrett
Joseph F. Murray                             Jonathan Marshall
Murray Murphy Moul & Basil LLP               Bailey & Glasser, LLP
1533 Lake Shore Drive                        227 Capitol Street

Columbus, OH  43204                    Charleston, WV  25301
(614) 488-0400                         (304) 345-6555
(614) 488-0401 (fax)                   (304) 342-1110


Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
727 Atlantic Avenue, Second Floor
Boston, MA  02111
(617) 738-7080

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VISHVA DESAI, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11 C 1925 |
| ADT SECURITY SERVICES, INC., | ) ) | |
| Defendant. | ) | |

**THIRD-PARTY DEFENDANT ELEPHANT GROUP, INC.'S
RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Third-Party Defendant, ELEPHANT GROUP, INC. ("Elephant Group"), by and through undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby responds to Plaintiffs' First Set of Interrogatories to Elephant Group, Inc. (attached hereto as **Exhibit "A."**)

Respectfully submitted,

RICHMAN GREER, P.A.
*Attorneys for Third-Party Defendant, Elephant Group, Inc.*
250 Australian Avenue South, Ste. 1504
West Palm Beach, FL 33401
Telephone: (561) 803-3500
Facsimile: (561) 820-1608

By: _____
GARY S. BETENSKY
Florida Bar No. 0434302
gbetensky@richmangreer.com
JOSHUA L. SPOONT
Florida Bar No. 053263
jspoont@richmangreer.com
***ADMITTED PRO HAC VICE***

- and -

1

BEERMANN PRITIKIN MIRABELLI
SWERDLOVE, LLP
*Attorneys for Third-Party Defendant, Elephant
Group, Inc.*
161 N. Clark Street, Ste. 2600
Chicago, IL 60601
Telephone: (312) 621-9700

By: _____
      HOWARD L. TEPLINSKY
      Illinois Bar No. 6197501
      hteplinsky@beermannlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 13, 2012, I served a true and correct copy of the foregoing, Third-Party Defendant Elephant Group, Inc.'s Responses to Plaintiffs' First Set of Interrogatories, to Edward A. Broderick, Broderick Law, P.C., 727 Atlantic Ave., Second Floor, Boston, MA 02111 via electronic mail (ted@broderick-law.com).

_____
GARY S. BETENSKY
JOSHUA L. SPOONT

2

## GENERAL OBJECTIONS

1.    In responding to Plaintiffs' First Set of Interrogatories, Elephant Group shall comply with the Federal Rules of Civil Procedure, and to the extent that Plaintiffs' Definitions and Instructions demand anything beyond that which is required in order to comply with the Federal Rules of Civil Procedure, Elephant Group objects.

2.    Elephant Group objects to Plaintiffs' interrogatories to the extent that they call for information protected from disclosure by the attorney-client privilege, the work product doctrine, any oral or written joint defense privilege, the common interest doctrine, and/or any other applicable privilege or doctrine.

3.    Elephant Group objects to Plaintiffs' interrogatories to the extent that they seek information already in the possession of, or otherwise available to, Plaintiffs.

4.    Elephant Group objects to Plaintiffs' interrogatories to the extent that they call for documents that are accessible from publicly available sources.

5.    Elephant Group objects to responding to interrogatories to the extent they seek information which pre-dates March 21, 2007 (*i.e.*, 4-years prior to the date Plaintiffs filed this lawsuit).  The Telephone Consumer Protection Act has a 4 year statute of limitations.  *See CE Design v. Beaty Const.*, Inc., 07 C 3340, 2009 WL 192481, *6 (N.D. Ill. Jan. 26, 2009). Moreover, Plaintiffs have defined the putative class as those persons who have received "unsolicited prerecorded telemarketing calls promoting ADT's goods or services, at any time within the four years prior to the filing of the instant Complaint." *See* [Dkt. 15] at ¶ 86.  Thus, Elephant Group also objects to answering interrogatories that bear no relevance to the class claims (*i.e.*, "unsolicited prerecorded telemarketing calls.")

6.    Elephant Group objects to responding to interrogatories to the extent they seek information which pre-dates September 1, 2009 in response to interrogatories concerning pre-recorded messages.  The Telephone Consumer Protection Act's ("TCPA") prohibition against using "pre-recorded messages" without the consumer's consent did not go into effect until September 1, 2009.  Thus, information concerning such practices before such date is wholly irrelevant to the allegations in Plaintiffs' Complaint.

7.    Elephant Group's decision, now or in the future, to provide information requested notwithstanding the objectionable nature of any of the Definitions, Instructions, or the interrogatories themselves should not be construed as: (i) an agreement that the material is relevant or admissible; (ii) a waiver of Elephant Group's General Objections or the objections asserted in response to specific requests; or (iii) an agreement that interrogatories for similar information in the future will be treated in the same manner.

8.    These General Objections shall apply to all of Plaintiffs' interrogatories whether or not said interrogatories have been otherwise objected to herein on separate grounds.

3

## RESPONSES TO INTERROGATORIES

1.      Elephant Group objects to speculating about who may possess information concerning the Plaintiffs' allegations and what information they may have, other than those persons employed by Elephant Group as follows:

      a.   Daphne Fernandes – Director of Business Operations – Ms. Fernandes is the director in charge of ADT marketing operations.  Ms. Fernandes has information regarding how Elephant Group (and its subsidiaries) conducts marketing on ADT's behalf, including compliance with ADT's telemarketing rules and regulations, as well as Elephant Group's compliance with the TCPA. Specifically, Ms. Fernandes has knowledge concerning Elephant Group's use of "opt-in" requests as the exclusive means of telephoning new consumers regarding ADT's products and services.  (Elephant Group does not conduct unsolicited pre-recorded telemarketing on behalf of ADT). Ms. Fernandes also has knowledge of complaints regarding ADT telemarketing.

      b.   Jeremy Torisk – ADT Account Manager – Mr. Torisk runs the day-to-day operations of ADT marketing and sales for Elephant Group's subsidiary, Saveology.com, LLC.  Mr. Torisk has knowledge about ADT sales, call center metrics, and our affiliate base.   Mr. Torisk also has knowledge concerning Elephant Group's compliance with ADT's and the TCPA's telemarketing rules and guidelines.

      c.   Michael Wallace – Executive Vice President & CFO – Mr. Wallace has limited information concerning certain complaints regarding ADT and telemarketing. Some complaints were addressed to Mr. Wallace in his capacity as the registered agent of Elephant Group (and its subsidiaries).

      d.   Joseph Bamira – Officer – Mr. Bamira has limited information concerning certain complaints regarding ADT and telemarketing.  Some complaints were addressed to Mr. Bamira in his capacity as an officer of Elephant Group (and its subsidiaries).

      e.   Robin Feinglas – In-house Legal Department Paralegal – Mrs. Feinglas has limited information concerning certain complaints regarding ADT and telemarketing.  Some complaints were addressed to Mrs. Feinglas in her capacity as a member of in-house legal team at Elephant Group (and its subsidiaries).  The overwhelming majority of Mrs. Feinglas's information concerning this lawsuit is protected by the attorney-client and work-product privileges, and was gained as a result of communications with undersigned counsel.

f.  (None of the foregoing persons (or anyone at Elephant Group) has any knowledge concerning the specific telephone calls alleged in Plaintiffs' complaint, as Elephant Group had no involvement with those telephone calls.)

2.    Every "affiliate" with whom Elephant Group contracts (including Savilo and Paramount) for ADT marketing is an independent contractor.  These independent contractors provide qualified consumers to Elephant Group's subsidiary for home security products and services.  Elephant Group objects to providing the identities of its independent contractor affiliates, other than those who have been associated with one or more complaints concerning ADT telemarketing and the alleged use of pre-recorded messages (whose identities will be produced in response to Plaintiffs' Request for Production #1).  This information is proprietary, trade secret, and highly confidential.  In this highly competitive industry, Elephant Group's success depends on its affiliates, and if this information was publicly available to Elephant Group's competitors, it would cause irreparable harm to Elephant Group.  Furthermore, this request is overly broad, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

3.    Please see Elephant Group's response to Interrogatory #1.

4.    Please see Elephant Group's response to Interrogatory #2.  The identity of these entities (dealers, marketers, telemarketers) is proprietary, trade secret, and highly confidential. Furthermore, this request seeks information that is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence (as set forth more fully in Elephant Group's General Objections #5 and #6, and because "ADT Authorized Dealers" have no role in Elephant Group's marketing – they are only involved in coordinating installation appointments with Elephant Group).

5. Elephant Group objects to this Interrogatory on the following grounds: this request is overly broad, unduly burdensome, and seeks information that is irrelevant, immaterial, and not likely to lead to the discovery of admissible evidence in this matter (as more fully set forth in Elephant Group's General Objections #5 and #6). Further, this information is proprietary, trade secret, and highly confidential. In this highly competitive industry, Elephant Group's success depends on its affiliates, and if this information was publicly available to Elephant Group's competitors, it would cause irreparable harm to Elephant Group. The identification of this information is tantamount to providing the identities of Elephant Group's affiliates.

6. Elephant Group objects to this Interrogatory on the following grounds: this request is overly broad, unduly burdensome, and seeks information that is irrelevant, immaterial, and not likely to lead to the discovery of admissible evidence in this matter (as more fully set forth in Elephant Group's General Objections #5 and #6). This request seeks the identification of communications that includes those with no relevancy, materiality, or probative value to this matter. By way of example, an e-mail from someone at ADT to someone at Elephant Group explaining a price change on one of ADT's services or any other immaterial matter would be encompassed in this request. Please see Elephant Group's response to Plaintiffs' Request for Production #13. (Upon resolution of Elephant Group's objections to that request, the documents produced would be those responsive to this Interrogatory).

7. Elephant Group objects to this Interrogatory on the following grounds: this request is overly broad, unduly burdensome, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in this matter (as more fully set forth in Elephant Group's General Objections #5 and #6, in addition to other

6

reasons specified herein).  Moreover, Plaintiffs' Complaint specifies that the class encompasses persons who received "unsolicited *prerecorded telemarketing calls* . . ." *See* [Dkt. 15] at ¶ 86 (emphasis added).  Yet this request seeks information concerning not only "prerecorded" calls, but also calls using a predictive dialer.  By the Plaintiffs' own pleadings, such information is wholly irrelevant, immaterial and unlikely to lead to the discovery of admissible evidence. Subject to the foregoing specific objections and the General Objections, Elephant Group will produce documents in its possession, custody, or control concerning complaints from individuals who allege that a pre-recorded message was used in connection with ADT telephone calls (as set forth in Elephant Group's response to Plaintiffs' First Request for Production #14).  Further, Elephant Group does not make unsolicited telemarketing calls using prerecorded messages on behalf of ADT.

8.     See Elephant Group's response to interrogatory #7, above.  Subject to those specific objections and the General Objections, Elephant Group will produce opt-in records for those complaining individuals identified in response to interrogatory #7 to the extent such opt-in records are currently in Elephant Group's possession, custody, or control (as set forth in Elephant Group's response to Plaintiffs' First Request for Production #15).

9.     Upon information and belief, no non-objectionable documents responsive to Plaintiffs' First Request for Production have been destroyed, lost, or are unaccounted for.

**Notarization**

By: _____

MICHAEL WALLACE, EVP & CFO

STATE OF _Florida_ )

COUNTY OF _Broward_ )ss
)

    I HEREBY CERTIFY, that the foregoing instrument was acknowledged before me on this date by _Michael Wallace_ who is personally known to me or who produced _____ as identification, and who did take an oath, and states that he/she executed the foregoing Answers to Interrogatories and that they are true to the best of his/her knowledge and belief.

    SWORN TO and SUBSCRIBED before me this _13th_ day of _February_, 2012.

_____

NOTARY PUBLIC, State of _Florida_
My Commission No.: PD 815307
My Commission Expires: 8/17/12

Notary Public State of Florida
Robin W Feingles
My Commission DD815307
Expires 08/17/2012

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

VISHVA DESAI and PHILIP J. CHARVAT, on
behalf of themselves and others similarly
situated

                         Plaintiffs,                      Case No. 1:11-cv-1925

vs.

ADT SECURITY SERVICES, INC.

                         Defendant/Third Party Plaintiff,

MR. PETE TOLMAN, LEADS DIRECT
MARKETING, DIRECT SAVINGS USA,
INC., MR. CHRISTOPHER LONG, EMI, INC.,
JMB ENTERPRISES, CITY VIP, LLC, MR.
OSCAR MONTENEGRO, EVERSAFE
SECURITY SYSTEMS, INC., SAFE
STREETS USA, LLC AND UNKNOWN
JOHN DOE DEFENDANTS I THROUGH XX

                    Third Party Defendants.

### Plaintiffs' First Set of Interrogatories and First Requests for Production of Documents to Elephant Group, Inc.

       Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, and subject to the following

definitions and instructions, Plaintiff Vishva Desai and Philip J. Charvat ("Plaintiffs") serve the

following First Set of Interrogatories ("Interrogatories") and First Request for the Production of

Documents on Third Party Defendant Elephant Group. The requests shall be deemed continuing,

requiring amended responses if you obtain information which renders the responses incomplete

or inaccurate.

336354



Exhibit "A"

**Definitions and Instructions**

1.     When used in these requests for production, the term "Defendant," or "you" (or synonyms thereof) means Elephant Group, Inc., which operates a website www.buyadt.com, and is located at 3303 W. Commercial Blvd. in Fort Lauderdale, FL 33309 and its officers, directors and employees, affiliates, agents, parent companies and subsidiaries and any other entity from which you have the right or ability to obtain documents or information.

2.     "Consent Decree" refers to the Consent Decree and Order for Civil Penalties, Injunction and Other Relief, entered November 20, 2007 in *United States v. ADT Security Services, Inc.,* 07-81051 (S.D. Fla.).

3.     The term "auto-dialer" or "automatic telephone dialing systems" means any predictive dialer or equipment which has the capacity to dial telephone numbers.

4.     The term "pre-recorded voice message" refers to prohibition against the use of telephone calls to residences or cell-phones using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party as set forth at 47 U.S.C. sec 227 (b)(1)(B) and 47 C.F.R. sec 64.1200(a)(2)..

5.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

6.     "Concerning" means referring to, describing, evidencing, or constituting.

7.     "Document" is any writing, drawing, graph, chart, photograph, sound recording, image and other data or data compilations, stored in any medium from which information can be obtained either directly or indirectly, or, if necessary, after translation by the responding party into a reasonably useful form. "Document" includes electronically stored information.

8.     When requested to "identify" a document, give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) author(s), addressee(s), and recipient(s); and (iv) date the document was prepared.

9.     When requested to "identify" a person, give the person's full name and present or last known address.

10.     "Person" means any natural person or any business, legal or governmental entity or association.

11.     "Telemarketing" means selling and promoting goods or services by telephone.

12.     "Telemarketing Sales Rule" or "TSR" means the FTC Rule entitled "Telemarketing Sales Rule," 16 C.F.R. § 310.

13.     "Telephone Consumer Protection Act" or "TCPA" means the federal telemarketing statute codified at 47 U.S.C. § 227.

14.     "Third party monitoring service" refers to an independent third party monitoring service engaged in the business of monitoring and reporting on compliance with the Telemarketing Sales Rule.

15.     The time frame for all discovery requests is from November 1, 2007 to the present date.

16.     With respect to any document you withhold on a claim of privilege or immunity, provide a statement signed by Defendant's attorney setting forth as to each such document:

a.     The name of the sender(s) of the document;

b.     The name of the author(s) of the document;

c.     The name of the person(s) to whom copies were sent or otherwise made available;

d.     The job title of every person named in (a), (b) and (c) above;

3

e.     The date of the document;

f.     The date on which the document was received by each addressee or other
       recipient;

g.     A brief description of the nature and subject matter of the document;

h.     The statute, rule or decision which is claimed to give rise to the privilege;
       and

### Interrogatories

**Interrogatory No. 1:** Identify by name and address all persons who have or may have
information or knowledge of any fact or claim alleged in Plaintiffs' Amended Complaint or
ADT's Third Party Complaint and provide a detailed description of the information or knowledge
possessed by each person.

Response:

**Interrogatory No. 2:** Describe in detail your relationship with Paramount Media Group
and Savilo Support Services, and any other corporation contracted by you for lead generation or
marketing in connection with ADT goods or services.

Response:

**Interrogatory No. 3:** Identify the person or persons responsible for receiving,
maintaining, investigating and responding to consumer complaints submitted to you relating to
the alleged illegal or inappropriate telemarketing being conducted by you, your marketers, lead
generators, or any third parties concerning ADT good or services.

Response:

**Interrogatory No. 4:**   Identify by trade name and address, corporate name, e-mail,
phone number and address, and by the name of principal, all ADT Authorized Dealers;

4

Authorized Marketers or Authorized Telemarketers that have engaged or consulted you in the last five years, including, but not limited to, Defender Security Company.

 Response:

**Interrogatory No. 5:** Identify all Caller ID numbers and/or ANIs that appear on the outbound telemarketing calls that any entity identified in response to Interrogatory No. 2 has made since 2007 to the present date. Include in this response to phone company(ies) utilized to transmit these calls, and the respective date you utilized these company(ies).

 Response:

**Interrogatory No. 6:** Identify all communications that relate to telemarketing of ADT products or services. Include the type of communication, the date/time of the communication, all persons involved, any document commemorating or recording the communication and the substance of the communication.

 A full response would include but not be limited to:

 a) Internal communications, including emails, memos, telephone conversations and meetings;
 b) Communications between you (your agents or lawyers) and ADT or its agents or lawyers;
 c) Communications between you and Direct Savings USA;
 d) Communications between you and Eversafe Security Systems;
 e) Communications between you and any third party that made or allegedly made telemarketing calls regarding ADT products and services, WITHOUT REGARD to whether ADT was mentioned in the telemarketing message;
 f) Communications between you and any person involved in any aspect of telemarketing, including but not limited to companies that communicate or administer "cloud" servers, providers of telephone, caller identification or ANI service, providers of do-not-call services, independent contractors, agents, sub-agents affiliates, persons who provided lists of telephone numbers to be called,

 Response:

**Interrogatory No. 7:** Identify and provide the total number of calls, for any and all calls that fits into the following set:

- Any call advertising ADT goods or services (regardless of whether ADT was mentioned in the call), where a predictive dialer or prerecorded message or both was used, where the call was made at any time between April 18, 2007 and the present.

For purposes of this interrogatory, "identify" means to provide all information you have regarding the call, including but not limited to: who made the call, the phone number called, the date and time, the duration of the call and all sources from where the phone number called was obtained.

Response:

**Interrogatory No. 8:** If you contend that you had the recipient's "prior express consent" or that you had an "existing business relationship", or that you were privileged or permitted to make any call that is responsive to the previous interrogatory, please identify all documents, data, testimony, and all other types of facts and forms of proof that support or refute this contention for each call. Cite to BATES numbers. If documents, testimony or other things that relate to such defense are in the hands of some other party, identify the responsive items, and identify who is in custody, possession or control of such, and your relationship with such person.

Response:

**Interrogatory No. 9:** State whether any documents responsive to this Request for Production of Documents have been destroyed or lost, or cannot be accounted for. If your answer to the preceding is anything other than an unqualified negative, please:

- (a) identify each and every document which was destroyed or lost, or is unaccounted for;
- (b) state when the Plaintiff believes the document(s) was destroyed or lost, or became unaccounted for;
- (c) state what reason or explanation the Plaintiff has, if any, for the destruction, loss, or inability to account for the document(s) identified in sub-part (a); and
- (d) identify the persons who are most knowledgeable about the information in sub-parts (a) through (c) of this Interrogatory.

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VISHVA DESAI, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11 C 1925 |
| ADT SECURITY SERVICES, INC., | ) ) | |
| Defendant. | ) | |

**THIRD-PARTY DEFENDANT ELEPHANT GROUP, INC.'S RESPONSES
TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Third-Party Defendant, ELEPHANT GROUP, INC. ("Elephant Group"), by and through undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby responds to Plaintiffs' First Request for Production of Documents to Elephant Group, Inc. (attached hereto as **Exhibit "A."**)

## GENERAL OBJECTIONS

1.      In responding to Plaintiffs' First Request for Production, Elephant Group shall comply with the Federal Rules of Civil Procedure, and to the extent that Plaintiffs' Definitions and Instructions demand anything beyond that which is required in order to comply with the Federal Rules of Civil Procedure, Elephant Group objects.

2.      Elephant Group objects to Plaintiffs' requests to the extent that they call for information protected from disclosure by the attorney-client privilege, the work product doctrine, any oral or written joint defense privilege, the common interest doctrine, and/or any other applicable privilege or doctrine.

3.      Elephant Group objects to Plaintiffs' requests to the extent that they seek information already in the possession of, or otherwise available to, Plaintiffs.

4.      Elephant Group objects to Plaintiffs' requests to the extent that they call for documents that are accessible from publicly available sources.

5.      Elephant Group objects to producing any documents which pre-date March 21, 2007 (*i.e.*, 4-years prior to the date Plaintiffs filed this lawsuit). The Telephone Consumer Protection Act has a 4 year statute of limitations. *See CE Design v. Beaty Const.*, Inc., 07 C

1

3340, 2009 WL 192481, *6 (N.D. Ill. Jan. 26, 2009). Moreover, Plaintiffs have defined the putative class as those persons who have received "unsolicited prerecorded telemarketing calls promoting ADT's goods or services, at any time within the four years prior to the filing of the instant Complaint." *See* [Dkt. 15] at ¶ 86. Thus, in addition to not producing documents that pre-date the Complaint by more than 4 years, Elephant Group objects to producing documents that bear no relevance to the class claims (*i.e.*, "unsolicited prerecorded telemarketing calls.")

6.    Elephant Group objects to the production of documents and records that pre-date September 1, 2009 in response to requests for production concerning pre-recorded messages. The Telephone Consumer Protection Act's ("TCPA") prohibition against using "pre-recorded messages" without the consumer's consent did not go into effect until September 1, 2009. Thus, documents and records concerning such practices before such date are wholly irrelevant to the allegations in Plaintiffs' Complaint.

7.    Elephant Group's decision, now or in the future, to provide the items requested notwithstanding the objectionable nature of any of the Definitions, Instructions, or the requests themselves should not be construed as: (i) an agreement that the material is relevant or admissible; (ii) a waiver of Elephant Group's General Objections or the objections asserted in response to specific requests; or (iii) an agreement that requests for similar information in the future will be treated in the same manner.

8.    Any statement that items requested will be produced does not imply or mean that all of the requested items exist. Rather, it means that subject to and limited by these General Objections and any specific objection(s), the requested items will be produced to the extent they exist and to the extent Elephant Group is able to locate the requested items.

9.    These General Objections shall apply to all of Plaintiffs' production requests whether or not said production requests have been otherwise objected to herein on separate grounds.

## RESPONSES

1.    Elephant Group objects to this request on the following grounds: this request is overly broad, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in this matter (as more fully set forth in Elephant Group's General Objection #6).    Moreover, this request seeks information beyond the TCPA's statute of limitations and Plaintiffs' class allegations periods (as more fully set forth in Elephant Group's General Objection #5). Finally, this request is not clearly articulated.  Elephant Group does not understand exactly what Plaintiffs are requesting here.  If Plaintiffs are requesting documents which identify any entities that have been associated with any complaints regarding

2

ADT and "unsolicited prerecorded telemarketing calls", then Elephant Group (at Plaintiffs' discretion) will either: (1) produce one document per entity for the purpose of identifying these entities, or (2) create a list of these entities and produce it to Plaintiffs. Producing "*all* documents" (emphasis added) that identify entities implicated in this request would be duplicative, overly broad, and unnecessary to satisfy the purpose of this request – not to mention, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way example, an email between Elephant Group and an individual at one of these entities wishing the other a "happy birthday" would be encompassed in this request, even though it is entirely irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

2. Elephant Group objects to this request on the following grounds: this request is overly broad, unduly burdensome, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in this matter (as more fully set forth in Elephant Group's General Objection #6, in addition to other reasons specified herein). Moreover, this request seeks information beyond the TCPA's statute of limitations and Plaintiffs' class allegations periods (as more fully set forth in Elephant Group's General Objection #5). Further, this request would require the production of communications (including e-mails, *etc*.) that have no relevancy, materiality, or probative value to this matter, to ADT Security Services, Inc. ("ADT"), or to telemarketing at all (let alone to illegal telemarketing). By way of example, an e-mail from someone at Elephant Group to an individual at an entity identified in request #1 wishing them a "happy birthday" or any other immaterial matter would be encompassed in this request. Elephant Group will only produce documents upon a stipulation with Plaintiffs to narrow this request or upon order of the Court.

3

3. Elephant Group objects to this request on the following grounds: this request is overly broad, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in this matter (as more fully set forth in Elephant Group's General Objection #6). Moreover, this request seeks information beyond the TCPA's statute of limitations and Plaintiffs' class allegations periods (as more fully set forth in Elephant Group's General Objection #5). Subject to the foregoing specific objections and the General Objections, Elephant Group does not have any responsive documents in its possession, custody or control.

4. Elephant Group objects to this request on the following grounds: this request is overly broad, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in this matter (as more fully set forth in Elephant Group's General Objection #6). Subject to the foregoing specific objections and the General Objections, Elephant Group will produce responsive documents concerning complaints alleging the use of "unsolicited prerecorded telemarketing calls" and ADT (*see* Elephant Group's General Objection #5).

5. Elephant Group objects to this request on the following grounds: this request is overly broad, unduly burdensome, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in this matter (as more fully set forth in Elephant Group's General Objections #5 and #6, in addition to other reasons specified herein). Further, this request seeks information that has nothing to do with ADT (*i.e.*, it does not limit the request to ADT-related documents). Moreover, Plaintiffs' Complaint specifies that the class encompasses persons who received "unsolicited *prerecorded telemarketing calls* . . ." *See* [Dkt. 15] at ¶ 86 (emphasis added). Yet this request seeks information concerning not

4

only "prerecorded" calls, but also calls using an auto-dialer dialer. By the Plaintiffs' own pleadings, such information is wholly irrelevant, immaterial and unlikely to lead to the discovery of admissible evidence. Subject to the foregoing specific objections and the General Objections, Elephant Group will produce responsive documents that pertain to ADT and "pre-recorded voice message[s]."

6. Elephant Group objects to this request on the following grounds: this request is overly broad, unduly burdensome, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in this matter (as more fully set forth in Elephant Group's General Objection #6, in addition to other reasons specified herein). Further, this request seeks information that has nothing to do with ADT (*i.e.*, it does not limit the request to ADT-related documents). Moreover, Plaintiffs' Complaint specifies that the class encompasses persons who received "unsolicited *prerecorded telemarketing calls* . . ." *See* [Dkt. 15] at ¶ 86 (emphasis added). Yet this request seeks information concerning not only "prerecorded" calls, but also calls using an auto-dialer dialer. By the Plaintiffs' own pleadings, such information is wholly irrelevant, immaterial and unlikely to lead to the discovery of admissible evidence. Subject to the foregoing specific objections and the General Objections, Elephant Group will produce responsive documents (correspondences) that pertain to ADT and "pre-recorded voice message[s]."

7. Elephant Group objects to this request on the following grounds: this request is overly broad, unduly burdensome, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in this matter (as more fully set forth in Elephant Group's General Objection #6, in addition to other reasons specified herein). Further, requesting all documents "concerning the [TCPA]" is vague, ambiguous, and

5

overbroad. Subject to the foregoing specific objections and the General Objections, Elephant Group will produce all complaints it has received concerning ADT and the TCPA to the extent that such complaints relate to "unsolicited prerecorded telemarketing calls", as well as documents concerning TCPA compliance and ADT.

8.      Elephant Group objects to this request on the following grounds: this request is overly broad, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in this matter (as more fully set forth in Elephant Group's General Objections #5 and #6).    Subject to the foregoing specific objections and the General Objections, Elephant Group will produce responsive documents concerning complaints alleging "unsolicited prerecorded telemarketing calls" in connection with ADT.

9.      Elephant Group objects to this request on the following grounds: this request is overly broad, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in this matter (as more fully set forth in Elephant Group's General Objections #5 and #6).    Subject to the foregoing specific objections and the General Objections, Elephant Group will produce responsive documents relating to telemarketing complaints alleging "unsolicited prerecorded telemarketing calls" in connection with ADT.

10.      Elephant Group objects to this request on the following grounds: this request is overly broad, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in this matter (as more fully set forth in Elephant Group's General Objections #5 and #6).    Subject to the foregoing specific objections and the General Objections, Elephant Group will produce contracts with such persons.

11.     Elephant Group objects to this request on the following grounds: this request is overly broad, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in this matter (as more fully set forth in Elephant Group's General Objections #5 and #6).   Subject to the foregoing specific objections and the General Objections, Elephant Group will produce responsive documents.

12.     Elephant Group objects to this request on the following grounds: this request is overly broad, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in this matter (as more fully set forth in Elephant Group's General Objections #5 and #6).  Notwithstanding the foregoing specific objections and the General Objections, Elephant does not have any such documents in its possession, custody, or control.

13.     Elephant Group objects to this request on the following grounds: this request is overly broad, unduly burdensome, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in this matter (as more fully set forth in Elephant Group's General Objections #5 and #6, in addition to other reasons specified herein).   Further, this request would require the production of communications (including e-mails, *etc.*) that have no relevancy, materiality, or probative value to this matter.  By way of example, an e-mail from someone at ADT to someone at Elephant Group explaining a price change on one of ADT's services or any other immaterial matter would be encompassed in this request.  Elephant Group will only produce documents upon a stipulation with Plaintiffs to narrow this request or upon order of the Court.

14.     Elephant Group objects to this request on the following grounds: this request is overly broad, unduly burdensome, and seeks information that is irrelevant, immaterial, and not

reasonably calculated to lead to the discovery of admissible evidence in this matter (as more fully set forth in Elephant Group's General Objections #5 and #6, in addition to other reasons specified herein). Moreover, Plaintiffs' Complaint specifies that the class encompasses persons who received "unsolicited *prerecorded telemarketing calls . . .*" *See* [Dkt. 15] at ¶ 86 (emphasis added). Yet this request seeks information concerning not only "prerecorded" calls, but also calls using a predictive dialer. By the Plaintiffs' own pleadings, such information is wholly irrelevant, immaterial and unlikely to lead to the discovery of admissible evidence. Subject to the foregoing specific objections and the General Objections, Elephant Group will produce documents in its possession, custody, or control concerning complaints from individuals who allege that a pre-recorded message was used in connection with ADT telephone calls.

15.     See Elephant Group's response to request #14, above. Subject to those specific objections and the General Objections, Elephant Group will produce opt-in records for those complaining individuals identified in response to request #14 to the extent such opt-in records are currently in Elephant Group's possession, custody, or control.

16.     Elephant Group objects to this request on the following ground: this request is premature and cannot be answered at this time, since Elephant Group has not filed an answer or affirmative defenses to ADT's Third Party Complaint.

17.     Elephant Group does not have any responsive documents in its possession, custody, or control.

18.     Elephant Group objects to this request on the following grounds: this request is overly broad, unduly burdensome, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in this matter. Producing "*all* documents" (emphasis added) that identify the websites implicated in this request would be

duplicative and unnecessary to satisfy the purpose of this request – not to mention, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way example, an internal email between web developers discussing the color scheme on the www.buyadt.com website would be encompassed in this request, even though it is entirely irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing specific objections and the General Objections, Elephant Group (at Plaintiffs' discretion) will either: (1) produce one document per website for the purpose of identifying these websites, or (2) create a list of these websites and produce it to Plaintiffs.

19.      Elephant Group objects to this request on the following grounds: this request is overly broad, unduly burdensome, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in this matter. Plaintiffs' Complaint specifies that the class encompasses persons who received "unsolicited *prerecorded telemarketing calls . . .*" *See* [Dkt. 15] at ¶ 86 (emphasis added). This request seeks production of documents that bear no relevance whatsoever to the class plaintiffs' claims.

20.      Elephant Group will produce responsive documents in its possession, custody, or control.

21.      Elephant Group objects to this request on the following grounds: this request is overly broad, unduly burdensome, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in this matter. This request would require the production of documents (including e-mails, *etc.*) that have no relevancy, materiality, or probative value to this matter, or to telemarketing at all (let alone to illegal telemarketing). Subject to the foregoing specific objections and the General Objections, Elephant Group will produce responsive documents in its possession, custody, or control

9

concerning ADT "investigations" into telemarketing complaints concerning the use of unsolicited pre-recorded telemarketing calls.

22.     Elephant Group does not have any responsive documents in its possession, custody, or control.

23.     Elephant Group does not have any responsive documents in its possession, custody, or control.

24.     Elephant Group objects to this request on the following grounds: this request is unintelligible, vague and ambiguous; it is not clear as to exactly what Plaintiffs are requesting.

25.     Plaintiffs' Request for Production # 25 is blank.

26.     Elephant Group objects to this request on the following grounds: this request is unintelligible, vague and ambiguous; it is not clear as to exactly what Plaintiffs are requesting.

27.     Elephant Group does not have any responsive documents in its possession, custody, or control.

28.     Elephant Group objects to this request on the following grounds: this request is overly broad, unduly burdensome, and seeks information that is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence in this matter (as more fully set forth in Elephant Group's General Objections #5 and #6, in addition to other reasons specified herein).  Moreover, producing "*all* documents" (emphasis added) that identify these persons would be duplicative and unnecessary to satisfy the purpose of this request – not to mention, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. By way example, an email between someone at Elephant Group and someone at one of Elephant Group's affiliates (who "allegedly engaged in unlawful telemarketing")  wishing someone a "happy birthday" would be encompassed in this request, even though it is entirely irrelevant,

immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing specific objections and the General Objections, Elephant Group will produce one document per entity (in Elephant Group's possession, custody, or control) for the purpose of identifying these entities.

29. Elephant Group objects to this request on the following ground: this request is premature and cannot be answered at this time, since Elephant Group has not yet engaged any such expert witnesses.

Respectfully submitted,

RICHMAN GREER, P.A.
*Attorneys for Third-Party Defendant, Elephant Group, Inc.*
250 Australian Avenue South, Ste. 1504
West Palm Beach, FL 33401
Telephone: (561) 803-3500
Facsimile: (561) 820-1608

By: _____
GARY S. BETENSKY
Florida Bar No. 0434302
gbetensky@richmangreer.com
JOSHUA L. SPOONT
Florida Bar No. 053263
jspoont@richmangreer.com
*ADMITTED PRO HAC VICE*
- and -

BEERMANN PRITIKIN MIRABELLI
SWERDLOVE, LLP
*Attorneys for Third-Party Defendant, Elephant Group, Inc.*
161 N. Clark Street, Ste. 2600
Chicago, IL 60601
Telephone: (312) 621-9700

By: _____
HOWARD L. TEPLINSKY
Illinois Bar No. 6197501
hteplinsky@beermannlaw.com

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 13, 2012, I served a true and correct copy of the foregoing, Third-Party Defendant Elephant Group, Inc.'s Responses to Plaintiffs' First Request for Production of Documents, to Edward A. Broderick, Broderick Law, P.C., 727 Atlantic Ave., Second Floor, Boston, MA 02111 via electronic mail (ted@broderick-law.com).

GARY S. BETENSKY
JOSHUA L. SPOONT

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| VISHVA DESAI and PHILIP J. CHARVAT, on behalf of themselves and others similarly situated | |
| Plaintiffs, | Case No. 1:11-cv-1925 |
| vs. | |
| ADT SECURITY SERVICES, INC. | |
| Defendant/Third Party Plaintiff, | |
| MR. PETE TOLMAN, LEADS DIRECT MARKETING, DIRECT SAVINGS USA, INC., MR. CHRISTOPHER LONG, EMI, INC., JMB ENTERPRISES, CITY VIP, LLC, MR. OSCAR MONTENEGRO, EVERSAFE SECURITY SYSTEMS, INC., SAFE STREETS USA, LLC AND UNKNOWN JOHN DOE DEFENDANTS I THROUGH XX | |
| Third Party Defendants. | |

**Plaintiffs' First Set of Interrogatories and First Requests for Production of Documents to Elephant Group, Inc.**

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, and subject to the following definitions and instructions, Plaintiff Vishva Desai and Philip J. Charvat ("Plaintiffs") serve the following First Set of Interrogatories ("Interrogatories") and First Request for the Production of Documents on Third Party Defendant Elephant Group. The requests shall be deemed continuing, requiring amended responses if you obtain information which renders the responses incomplete or inaccurate.

336354

**Exhibit "A"**

## Definitions and Instructions

1.       When used in these requests for production, the term "Defendant," or "you" (or synonyms thereof) means Elephant Group, Inc., which operates a website www.buyadt.com, and is located at 3303 W. Commercial Blvd. in Fort Lauderdale, FL 33309 and its officers, directors and employees, affiliates, agents, parent companies and subsidiaries and any other entity from which you have the right or ability to obtain documents or information.

2.       "Consent Decree" refers to the Consent Decree and Order for Civil Penalties, Injunction and Other Relief, entered November 20, 2007 in *United States v. ADT Security Services, Inc.,* 07-81051 (S.D. Fla.).

3.       The term "auto-dialer" or "automatic telephone dialing systems" means any predictive dialer or equipment which has the capacity to dial telephone numbers.

4.       The term "pre-recorded voice message" refers to prohibition against the use of telephone calls to residences or cell-phones using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party as set forth at 47 U.S.C. sec 227 (b)(1)(B) and 47 C.F.R. sec 64.1200(a)(2)..

5.       "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

6.       "Concerning" means referring to, describing, evidencing, or constituting.

7.       "Document" is any writing, drawing, graph, chart, photograph, sound recording, image and other data or data compilations, stored in any medium from which information can be obtained either directly or indirectly, or, if necessary, after translation by the responding party into a reasonably useful form. "Document" includes electronically stored information.

8.    When requested to "identify" a document, give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) author(s), addressee(s), and recipient(s); and (iv) date the document was prepared.

9.    When requested to "identify" a person, give the person's full name and present or last known address.

10.    "Person" means any natural person or any business, legal or governmental entity or association.

11.    "Telemarketing" means selling and promoting goods or services by telephone.

12.    "Telemarketing Sales Rule" or "TSR" means the FTC Rule entitled "Telemarketing Sales Rule," 16 C.F.R. § 310.

13.    "Telephone Consumer Protection Act" or "TCPA" means the federal telemarketing statute codified at 47 U.S.C. § 227.

14.    "Third party monitoring service" refers to an independent third party monitoring service engaged in the business of monitoring and reporting on compliance with the Telemarketing Sales Rule.

15.    The time frame for all discovery requests is from November 1, 2007 to the present date.

16.    With respect to any document you withhold on a claim of privilege or immunity, provide a statement signed by Defendant's attorney setting forth as to each such document:

   a.    The name of the sender(s) of the document;

   b.    The name of the author(s) of the document;

   c.    The name of the person(s) to whom copies were sent or otherwise made available;

   d.    The job title of every person named in (a), (b) and (c) above;

3

  e.  The date of the document;

  f.  The date on which the document was received by each addressee or other recipient;

  g.  A brief description of the nature and subject matter of the document;

  h.  The statute, rule or decision which is claimed to give rise to the privilege; and

## Interrogatories

**Interrogatory No. 1:** Identify by name and address all persons who have or may have information or knowledge of any fact or claim alleged in Plaintiffs' Amended Complaint or ADT's Third Party Complaint and provide a detailed description of the information or knowledge possessed by each person.

 Response:

**Interrogatory No. 2:** Describe in detail your relationship with Paramount Media Group and Savilo Support Services, and any other corporation contracted by you for lead generation or marketing in connection with ADT goods or services.

 Response:

**Interrogatory No. 3:** Identify the person or persons responsible for receiving, maintaining, investigating and responding to consumer complaints submitted to you relating to the alleged illegal or inappropriate telemarketing being conducted by you, your marketers, lead generators, or any third parties concerning ADT good or services.

 Response:

**Interrogatory No. 4:** Identify by trade name and address, corporate name, e-mail, phone number and address, and by the name of principal, all ADT Authorized Dealers;

4

Response:

## Requests for Production of Documents

**Request No. 1:** All documents which identify the entity or individual who you retained, that has transmitted, or may be associated with any complaint made to you, regarding pre-recorded phone messages relating to ADT goods or services, at any time in the last five years.

Response:

**Request No. 2:** All documents, including correspondence, sent to, or received from, any individual or entity identified in Request No. 1, at any time in the past five years.

Response:

**Request No. 3:** A copy of any pre-recorded message utilized by you, your marketers, lead generators, or any third parties concerning ADT good or services at any time in the past five years.

Response:

**Request No. 4:** All documents relating to complaints made to you in any way relating to allegations of unlawful telemarketing that also relate to ADT goods or services.

Response:

**Request No. 5:** All documents concerning you, or any agent or third party, using auto-dialers or telemarketing via pre-recorded voice message.

Response:

**Request No. 6:** All correspondence between you and any other individual or entity concerning auto-dialer use or advertising via pre-recorded voice message, including, but not limited to, ADT.

Response:

7

**Request No. 7:** All documents concerning the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA"), including Complaints, as it relates to telemarketing done by you or any agent, marketers, lead generators, or any third parties relating to ADT goods or services.

Response:

**Request No. 8:** All documents concerning internal investigations conducted by you or on your behalf concerning complaints regarding the TCPA or allegedly unlawful telemarketing calls done by you or any agent, marketers, lead generators, or any third parties relating to ADT goods or services.

Response:

**Request No. 9:** All documents reflecting or relating to any correspondence between you and your agents and/or lead generators with respect to telemarketing complaints concerning ADT goods or services. This includes, but is not limited to, Paramount Media Group and Savilo Support Services.

Response:

**Request No. 10:** All contracts and documents concerning agreements entered into between you and any person who has ever used telemarketing with regard to ADT good or services, including, but not limited to Paramount Media Group and Savilo Support Services.

Response:

**Request No. 11:** All documents concerning your record-retention policies regarding telemarketing.

Response:

**Request No. 12:** All documents relating to any sales awards or recognition in any way relating to ADT.

8

Response:

**Request No. 13:** All documents concerning ADT and telemarketing. A full response will include but not be limited to correspondence and communications between you and ADT, communications between your lawyers and ADT's lawyers, regarding this or any other lawsuit, settlement, allegation or demand relating to telemarketing calls advertising ADT products or services.

Response:

**Request No. 14:** All documents concerning any call that fits into the following set:

- Any call advertising ADT goods or services (regardless of whether ADT was mentioned in the call), where a predictive dialer or prerecorded message or both was used, where the call was made at any time between April 18, 2007 and the present.

Response:

**Request No. 15:** For any call responsive to document request 14, please provide all documents that relate to the idea that you, ADT or any other relevant party had the recipient's prior express consent to receive such call(s), or had an existing business relationship with the recipient.

Response:

**Request No. 16:** All documents that relate to any affirmative defense you raise.

Response:

**Request No. 17:** All documents received from or sent to the Federal Communications Commission or Federal Trade Commission concerning the TCPA or allegedly unlawful telemarketing calls.

Response:

**Request No. 18:** All documents that identify the names and web-sites of all entities with which you are affiliated in any way relating to ADT.

Response:

**Request No. 19:** All documents evidencing or relating to your maintenance of an internal Do Not Call list and all documents evidencing you providing that to any agent, marketers, lead generators, or any third parties relating to ADT goods or services.

Response:

**Request No. 20:** All documents concerning your monitoring of outbound telemarketing campaigns conducted by any person, including but not limited to, any agent, marketers, lead generators, or any third parties relating to ADT goods or services.

Response:

**Request No. 21:** All documents concerning any attempt by ADT to investigate you or any agent, marketers, lead generators, or any third parties relating to ADT goods or services.

Response:

**Request No. 22:** All documents sent to or received from any third party monitoring services used, including monthly reports from any such third-party monitoring service to you or any other person, as to ADT-related calls.

Response:

**Request No. 23:** All documents concerning ADT's due diligence investigations of any agent, marketers, lead generators, or any third parties relating to ADT goods or services before approving it for use.

Response:

**Request No. 24:** All documents concerning any agent, marketers, lead generators, or any third parties relating to ADT goods or services before approving it for use retention of a third-

10

party relating to ADT goods or services. This includes, but is not limited to, third party marketers and lead generators.

   Response:

   **Request No. 25:**

   **Request No. 26:** All documents concerning reports of outbound telemarketing campaigns conducted by any agent, marketers, lead generators, or any third parties relating to ADT goods or services.

   Response:

   **Request No. 27:** All documents sent to or received from the FTC relating to the Consent Decree.

   Response:

   **Request No. 28:** All documents which identify by name, telephone number, e-mail and business address any of your agents, marketers, lead generators, or any third parties who has allegedly engaged in unlawful telemarketing in any way relating to ADT goods or services.

   Response:

   **Request No. 29:** Produce, for each person you may call as an expert witness, the following documents:

| | |
|---|---|
| (a) | All documents upon which the witness relied in forming his/her opinions in this matter. |
| (b) | All documents reviewed by the witness in connection with this matter. |
| (c) | All documents written or prepared by the witness (or under his/her supervision) in connection with this matter, including but not limited to any notes, reports or drafts of reports. |
| (d) | All documents that the witness received from counsel in connection with this matter. |
| (e) | All correspondence, including e-mails, with counsel. |
| (f) | The witness's complete file pertaining to this matter. |
| (g) | All documents reflecting or constituting any research the witness conducted in connection with this matter. |
| (h) | The witness's current resume or curriculum vitae. |

(i) A list of cases in which the witness has testified, either at trial or in deposition, in the last four years.

(j) A list of all academic, scientific or other literature or any other source of information upon which the witness has relied on in reaching his/her opinions.

(k) A list of all publications by the witness, if not included on the curriculum vitae.

(l) All invoices sent to counsel in this matter.

<u>Response:</u>