IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VISHVA DESAI and PHILIP J. CHARVAT, on behalf of themselves and others similarly situated, <br><br>   Plaintiffs, <br><br> v. <br><br>ADT SECURITY SYSTEMS, INC., et al., <br><br>   Defendant. <br>------------------------------------ <br>ADT SECURITY SYSTEMS, INC., <br>   Third-Party Plaintiff, <br><br> v. <br><br>MR. PETE TOLMAN; LEADS DIRECT MARKETING; VOICE TEL CORP.; MR. CHRISTOPHER LONG; EMI, INC.; CITY VIP, LLC; JMB ENTERPRISES; DIRECT SAVINGS USA, INC.; MR. OSCAR MONTENEGRO; EVERSAFE SECURITY SYSTEMS, INC.; SAFE STREETS USA, LLC; PARAMOUNT MEDIA GROUP; THE ELEPHANT GROUP, INC.; and UNKNOWN JOHN DOE DEFENDANTS I THROUGH XX, <br><br>   Third-Party Defendants. <br>------------------------------------ <br>SAFE STREETS USA, LLC, as successor to EVERSAFE SECURITY SYSTEMS, INC., <br><br>   Cross-Claimant and <br>   Third-Party Plaintiff <br><br> v. | No. 11 C 1925 |

```
                                          )
                                          )
DIRECT SAVINGS USA, INC.; MR. OSCAR       )
MONTENEGRO; DIRECT SAVINGS USA, LLC,      )
                                          )
         Cross-Defendants and             )
         Third-Party Defendants.
_____
```

## MEMORANDUM OPINION AND ORDER

I.

Plaintiffs Vishva Desai and Philip Charvat sued ADT Security Systems, Inc. ("ADT") for violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, after they allegedly received unsolicited pre-recorded telephone calls promoting ADT's products. The phone calls were allegedly made by EMI, Inc. ("EMI"). ADT had contracted with Elephant Group, Inc. ("Elephant Group") to provide marketing services for ADT dealers. In turn, Elephant Group contracted with Paramount Media Group ("Paramount") to conduct certain marketing of ADT products for Elephant Group. Finally, Paramount contracted with EMI to provide leads and to make phone calls marketing ADT products for Paramount. ADT filed its Corrected First Amended Third Party Complaint (the "third party complaint") against Elephant Group, among others, asserting claims for contractual indemnification (Count X), common law indemnification (Count XI) and common law contribution (Count XII). Elephant Group has filed a motion to dismiss Counts X - XII of ADT's third party complaint. For the

reasons explained below, the motion is granted in part and denied in part.

II.

To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a motion to dismiss, a court must accept all factual allegations contained in the complaint and draw all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). While "the bar to survive a motion to dismiss is not high, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal quotation marks omitted).

III.

Elephant Group seeks dismissal of ADT's claims against it on the grounds that the two indemnification provisions in the operative contract do not trigger a right to indemnification under the facts alleged in the third party complaint and that claims for common law indemnification and contribution are not recognized by the TCPA or the federal common law per *Garrett v. Ragle Dental Laboratory, Inc.*, No. 10 C 1315, 2011 WL 2637227

3

(N.D. Ill. July 6, 2011) (Bucklo, J.) and *Glen Ellyn Pharmacy, Inc. v. Meda Pharm., Inc.*, No. 09 C 4100, 2011 WL 6156800 (N.D. Ill. Dec. 9, 2011) (Gottschall, J.). As to its claims for common law indemnification and contribution, ADT counters that based on my denial of ADT's earlier motion to dismiss, the law of the case requires denial of Elephant Group's present motion. ADT also argues that the case before me is distinguishable from both *Garrett* and *Glen Ellyn Pharmacy*. As Elephant Group points out, ADT's argument is flawed on both accounts. My decision in my July 18, 2011, order was based on my construction of the TCPA, but ADT does not claim that it is entitled to indemnification and contribution based on that statute. In fact, in Counts XI and XII of its third party compliant, ADT only claims such an entitlement under the common law. Therefore, the July 18, 2011, order does not control the issues here.

    I have, however, previously considered the issue of whether a defendant is entitled to common law indemnification and contribution from a third party in *Garrett*, a case that is factually similar to the one before me now. In *Garrett*, the plaintiffs had filed a complaint alleging that the defendants, Ragle and Cadent, had sent, or caused to be sent, unsolicited faxes advertising Ragel's services and a Cadent product in violation of the TCPA. In turn, Ragle filed crossclaims against Cadent, alleging that Cadent was actually responsible for causing

4

the faxes to be sent and seeking common law indemnification and contribution. I held that the TCPA does not create an affirmative cause of action for indemnification or contribution and that federal common law does not allow for such a cause of action either.[1] *Garrett*, 2011 WL 2637227, at *1; *see also Glen Ellyn Pharmacy*, 2011 WL 6156800, at *3 (holding there is no right to contribution under the TCPA or the federal common law under facts that are almost identical to those presented here). ADT makes much of the fact that a defendant can be held liable for treble damages under § 227(b)(3), arguing that this is a reason for expanding the federal common law to include causes of action for indemnification and contribution. But as Judge Gottschall observed, the existence of treble damages "indicates that Congress had no intent to include a right of contribution." *Glen Ellyn Pharmacy*, 2011 WL 6156800, at *2 (citing *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 639-40, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981) (concluding that the existence of a treble damages provision combined with a lack of any reference to contribution in the legislative history meant that Congress did not intend to create a right to contribution)). Contrary to ADT's contentions, *Garrett* and *Glen Ellyn Pharmacy* are not distinguishable from this case, and the reasoning applied there

---

[1] In *Garrett*, I also held that federal, not state, law governs the issue of indemnification or contribution for TCPA claims. 2011 WL 2637227, at *2.

also applies here. Therefore, ADT cannot state a cause of action for indemnification or contribution under either the TCPA or the common law.

Elephant Group also seeks to dismiss ADT's contractual indemnification claim, arguing that the facts of this case do not trigger either of the two indemnification provisions in the operative contract. The first indemnification provision, paragraph 6(b), reads in relevant part: "Elephant Group shall indemnify, defend and hold ADT, its Affiliates, officers, directors, employees and agents (collectively the 'ADT Group') harmless from and against any and all damages, costs (including court costs and attorneys' fees), losses, fees and expenses suffered by the ADT Group resulting from or relating to, any negligence or intentional torts by Elephant Groups, its Affiliates, officers, directors, employees and agents...." (3d Party Def.'s Ex. A) (DN 170-1). In turn, Paragraph 4.1 of the operative contract between ADT and Elephant Group defines an affiliate as "any corporation or other person or entity that directly or indirectly controls, is controlled by, a successor-in-interest to, or alter ego of, or is under common control with, ADT or Elephant Group, respectively." (*Id.*)

Elephant Group maintains that ADT has not alleged "any negligence or intentional torts" in its third party complaint and, also, that EMI is not an "affiliate." However, the third

6

party complaint can reasonably be read to allege that EMI has committed negligence or an intentional tort by placing phone calls in violation of the TCPA and that Paramount was negligent in its use of EMI's services. Elephant Group does not deny that Paramount is an "affiliate" under the terms of the contract. Elephant Group also fails to offer a substantive response to ADT's contention that the complaint alleges facts to support a claim that Paramount itself was negligent. As such, I will not dismiss the claim for contractual indemnification.

IV.

For the foregoing reasons, Elephant Group's motion to dismiss is granted in part and denied in part. ADT's claims for common law indemnification and contribution are dismissed, but ADT's claim for contractual indemnification remains.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: September 26, 2012