IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**VISHVA DESAI and PHILIP J. CHARVAT, on behalf of themselves and others similarly situated,**

    Plaintiffs,

v.                                             Case No. 1:11-cv-1925

**ADT SECURITY SERVICES, INC.,**

    Defendant.

## PRELIMINARY APPROVAL ORDER

1WHEREAS, this Action is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*,

WHEREAS, a motion to dismiss was denied, substantial discovery has taken place in this matter, no motion for class certification has been ruled upon and the Court has not yet determined whether to certify a class;

WHEREAS, on or about February 11, 2013, the Plaintiffs filed an unopposed Motion for Preliminary Approval of a Class Wide Settlement (the "ÒMotion"), which included a Settlement Agreement (the "Settlement Agreement") which, together with the exhibits thereto, sets forth the terms and conditions for the settlement and release of certain claims, on a class wide basis, against ADT Security Services, Inc. (now known as The ADT Corporation or ADT, LLC (collectively "ADT" or "ADT Security Services, Inc.")) and others who may have been acting or purporting to act on ADT's behalf (the "Settling Defendants"), as more fully set forth below;

WHEREAS, the Court having carefully considered the Motion and the Settlement Agreement (which, unless otherwise stated, defines the capitalized terms used herein) and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination the Settlement Agreement appears fair, reasonable and adequate, and that the proposed plan of notice to the class is the best notice practicable under the circumstances and

consistent with Due Process, and that a hearing should and will be held after notice to the Settlement Class to confirm that the Settlement Agreement is fair, reasonable, and adequate, and to determine whether a judgment approving settlement and order of dismissal should be entered in this action based upon the Settlement Agreement;

1NOW, THEREFORE, IT IS HEREBY ORDERED:

1. For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

**Settlement Class Certification**

2. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and for the purposes of settlement only, the Settlement Class is preliminarily certified, consisting of the following class:

> All persons or entities who, at any time from January 1, 2007 through the date of the Settlement Agreement, received one or more Covered Calls. "Covered Calls" means either (1) a telemarketing call utilizing a pre-recorded message or (2) a telemarketing call to a cell phone that was made through the use of automated dialing equipment, where the call described in (1) and/or (2) relates in any way to ADT Security Services, Inc. Covered Calls include calls initiated or made by ADT or by someone acting or purporting to act on behalf of ADT, or calls initiated or made by someone seeking to sell products or services relating in any way to ADT, including calls made by ADT's Authorized Dealers, ADT's Authorized Telemarketers, ADT's Marketing Partners, or calls initiated or made by anyone seeking to sell leads relating to ADT, or any calls initiated or made by anyone seeking to sell leads relating to ADT to anyone else, where the lead sought to be generated from the call ultimately could have been sold to ADT, ADT's Authorized Dealers, ADT's Authorized Telemarketers, or ADT's Marketing Partners, including but not limited to any calls made or caused to be made by Christopher Long (or any entity associated with Christopher Long), Oscar Montenegro (or any entity associated with Oscar Montenegro), EMI, Inc. (also known as European Marketing International and European Media International and Nationwide Media, Inc.)

(collectively "EMI") (or anyone acting by, through, or with EMI), Direct Savings USA, LLC (or anyone acting by, through, or with Direct Savings USA, LLC), Direct Savings USA, Inc. (or anyone acting by, through, or with Direct Savings USA, Inc.), Paramount Media Group (or anyone acting by, through or with Paramount Media Group), Dynamic Interactive Corp. (or anyone acting by, through or with Dynamic Interactive Corp.), Pete Tolman, Leads Direct Marketing (or anyone acting by, through, or with Leads Direct Marketing), Voice Tel Corp. (or anyone acting by, through, or with Voice Tel Corp.), TM Caller ID (or anyone acting by, through, or with TM Caller ID), City VIP (or anyone acting by, through, or with City VIP), and JMB Enterprises (or anyone acting by, through, or with JMB Enterprises). Covered Calls included any such calls whether or not authorized by, approved by, or known by ADT.

      3.      For purposes of settlement only, the Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been preliminarily satisfied in that (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the class representatives are typical of the claims of the respective classes within the Settlement Class they seek to represent; (d) the class representatives will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds, for purposes of settlement only, that (A) the members of the class have a limited interest in individually prosecuting the claims

at issue; (B) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (C) it is desirable to concentrate the claims in this forum; and (D) it is unlikely that there will be difficulties encountered in administering this Settlement.

4. 1Pursuant to Fed. R. Civ. P. 23, and for settlement purposes only, plaintiffs Vishva Desai and Philip J. Charvat are hereby appointed class representatives and the following counsel are hereby appointed as Class Counsel:

> Edward A. Broderick
> Anthony I. Paronich
> Broderick Law, P.C.
> 125 Summer St., Suite 1030
> Boston, MA 02110
>
> Matthew P. McCue
> The Law Office of Matthew P. McCue
> 1 South Ave, Third Floor
> Natick, MA 01760

Alexander H. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601

Brian K. Murphy
Joseph F. Murray
Murray Murphy Moul + Basil LLP
1533 Lake Shore Drive
Columbus, OH  43204

John W. Barrett
Jonathan Marshall
Bailey & Glasser, LLP
227 Capitol Street
Charleston, West Virginia 25301

5. The foregoing determination regarding class certification is for purposes of settlement only. The Court recognizes that, pursuant to the Settlement Agreement, ADT retains its right to dispute that a class may be certified in this case, or that a class is reasonably ascertainable, should the Settlement not be finally approved. Therefore, as more fully set forth below, if the Settlement is not finally approved, and litigation resumes, this preliminary finding regarding class certification shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

**Notice and Administration**

6. The Court hereby approves Class Counsel's retention of AB Data, Ltd. as claims administrator to perform the duties of the Claims Administrator set forth in the Settlement Agreement, including providing Notice to Settlement Class Members, to perform such other functions and duties of the administrator as are set forth in the Settlement Agreement, and to provide such administration services as are reasonably necessary to facilitate the completion of the Settlement.

7. 1 The Court has carefully considered the plan for notice set forth in the Settlement

Agreement, including receiving briefs on the issue of the propriety of the notice. The Court understands that direct notice will be mailed to approximately 400,000 to 700,000 individuals who could be identified as receiving Covered Calls from records that were available to Class Counsel through discovery. The Court understands, however, that most Settlement Class Members could not be identified through records produced in discovery, as the Covered Calls were not made by ADT or individuals controlled by ADT. Therefore, most of the Settlement Class is receiving notice in the form of publication notice, as set forth in more detail below. The Court finds that the form and method set forth or identified herein of notifying the Settlement Class, and the members thereof, of the Settlement and its terms and conditions constitutes the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort, and satisfies fully the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process and any other applicable law, such that the Settlement Agreement and final judgment will be binding on all Class Members. The Court further understands that ADT is expending substantial sums to effectuate the notice described herein, relying on the fact that the Court has carefully considered and approved the plan of notice as consistent with Due Process in advance of the mailing of notice and Final Approval Hearing.

8. As to individual notice, the Court hereby approves the form, content and requirements of the Settlement Notice for Direct Mailing annexed to the Settlement Agreement as Exhibit 4 and the regime for notice set forth in the Settlement Agreement as Exhibit 2. Class Counsel shall cause the Notice to be mailed on or before twenty-one calendar days after the date of preliminary approval (March 12, 2013), to each Settlement Class Member for whom an address can be located out of the 1,407,712 individuals that could be identified who received calls that were successfully completed and delivered pre-recorded messages advertising ADT goods and services, which the Court finds constitutes reasonable effort to identify Settlement Class Members for purposes of making individual notice. Class Counsel shall, prior to the Final Approval Hearing, file with the Court proof of mailing of the Notice.

9. As to Settlement Notice for Publication Notice, 1the Court hereby approves the form, content and requirements of the publication notice annexed to the Settlement Agreement as Exhibit 5, and directs that such publication notice be published, as soon as is reasonably possible, after the date of preliminary approval as follows:

| PUBLICATION | CIRCULATION | NOTICE SIZE |
|---|---|---|
| *PARADE* | 33,000,000 | 2/5 page |
| *USA WEEKEND* | 22,250,000 | 2/5 page |
| *READER'S DIGEST* | 5,577,717 | Full page |
| *GOOD HOUSEKEEPING* | 4,346,757 | 1/3 page |
| *PEOPLE* | 3,563,035 | 1/3 page |
| *TV GUIDE* | 3,276,822 | 1/3 page |
| *SPORTS ILLUSTRATED* | 3,204,945 | 1/3 page |
| *TIME* | 2,010,879 | 1/3 page |
| *USA TODAY (FRIDAY)* | 1,981,016 | 1/6 page |

Class Counsel shall, no later than fourteen calendar days prior to the Final Approval Hearing, file with the Court proof of publication of the Settlement Notice for Publication Notice.

10. The Court hereby approves the form, content and requirements of the publication claim form attached to the Settlement Agreement as Exhibit 7. Class Counsel shall cause the publication claim form to be published, on or before twenty-one calendar days after the date of preliminary approval (March 12, 2013), on a website maintained by the Claims Administrator, and to be maintained on such website until at least fourteen days prior to the Final Approval Hearing. Class Counsel shall, no later than fourteen calendar days prior to the Final Approval Hearing, file with the Court proof of publication of the Publication Claim Form to the website in accordance with this paragraph.

11. 1 Settlement Class Members who wish to receive benefits under the Settlement Agreement must complete and submit a claim form in accordance with the instructions provided therein. The Court hereby approves as to form and content the claim form attached to the Settlement Agreement as Exhibit 6, which shall be included in the direct notice package, and as the claim form attached to the Settlement Agreement as Exhibit 7, which shall be available from the Claims Administrator, including on the claims website. All claim forms must be postmarked

or received by the Claims Administrator no later than 111 calendar days from the date of the Preliminary Approval Order (June 10, 2013).

12. All costs of providing Settlement Notice to the Settlement Class, processing proof-of-claim forms and administering distributions from the Settlement Fund according to a Court-approved procedure in the Final Approval Order, shall be paid out of the Settlement Fund, as provided by the Settlement Agreement.

**Exclusion / "Opt-Outs"**

13. 1Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Settling Defendants relating to the claims released pursuant to or covered by the terms of the Settlement.

14. A Settlement Class Member wishing to make a request for exclusion from the Settlement Class shall mail the request in written form, by first class mail, postage prepaid, and postmarked no later than 81 calendar days after the date of the Preliminary Approval Order (May 13, 2013), to the Claims Administrator at the address specified in the Notice. In the written request for exclusion, the Settlement Class Member must state his or her full name, address, telephone numbers that s/he maintains are Covered Calls, the number of calls s/he received, and whether each telephone number is a cellular phone or a residential landline. Further, the Settlement Class Member must include a statement in the written request for exclusion that he or she wishes to be excluded from the Settlement. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No Settlement Class Member,

or any person acting on behalf of or in concert or in participation with that Settlement Class Member, may request exclusion of any other Settlement Class Member from the Settlement Class.

15. Settlement Class Members who opt out of the Settlement will relinquish their rights to benefits under the Settlement and will not release their claims. However, Settlement Class Members who fail to submit a valid and timely request to exclude themselves from the class on or before the dates specified herein shall by bound by all terms of the Settlement Agreement and Final Approval Order, regardless of whether they have requested exclusion from the Settlement Agreement.

16. The Claims Administrator will promptly provide all Parties with copies of any Opt-Out requests, and Plaintiffs shall file a list of all who have opted out with the Court no later than ten (10) calendar days prior to the Fairness Hearing.

**Objections**

17. Any member of the Settlement Class who is not excluded from the Settlement Class and who objects to the approval of the proposed settlement must file with the Court and serve on all Parties a written statement with his or her full name, address, telephone numbers that s/he maintains are Covered Calls, and whether each telephone number is a cellular phone or a residential landline, all grounds for the objection with factual and legal support for the stated objection, the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing, which shall be attached. A member of the Settlement Class may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and/or the request for compensation awards to the Class Representatives are required to indicate in their written objection their intention to appear at the Fairness Hearing on their own behalf or through counsel.

18. 1The Court will consider comments and/or objections to the Settlement, the award of attorneys' fees and reimbursement of expenses, and the service award to the Class Representative only if, on or before 81 calendar days after the date of the Preliminary Approval Order (<u>May 13, 2013</u>), such comments or objections and any supporting papers are filed in writing with the Clerk of this Court. No Settlement Class Member shall be entitled to be heard and no objection shall be considered unless these requirements set forth in this Order are satisfied.

19. Any Settlement Class Member who does not make his objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

**Final Approval Hearing**

20. 1The Final Approval Hearing pursuant to Fed.R.Civ.P. 23(e) is hereby scheduled to be held before the Court on <u>June 21, 2013 at 1:30 pm</u> for the following purposes:

(a) 1to finally determine whether the applicable prerequisites for settlement class action treatment under Fed.R.Civ.P. 23(a) and (b) are met;

(b) 1to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c) 1to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d) 1to consider the application for an award of attorneys' fees, costs, and expenses of Class Counsel;

(e) to consider the application for compensation awards to the class representatives;

(f) to consider the distribution of the Settlement Fund pursuant to the Settlement Agreement; and

(g) 1to rule upon such other matters as the Court may deem appropriate.

21. Briefs and papers in support of the final approval of the proposed settlement shall be filed no later than fourteen calendar days before the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and Final Approval Order in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

22. On or before fourteen calendar days prior to the Final Approval Hearing, Class Counsel shall file and serve (i) a motion for final approval; (ii) any application for award of attorneys' fees and expenses; and (iii) any application for compensation awards to the Class Representatives. For clarity, the deadlines the Parties shall adhere to are as follows:

**Class Notice Mailed by:** <u>March 12, 2013</u>

**Objection/Exclusion:** <u>May 13, 2013</u>

**Final Approval Submissions:** <u>June 7, 2013</u>, 2013

**Final Approval Hearing:** <u>June 21, 2013 at 1:30 pm</u>

23. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

**Further Matters**

24. All discovery and other pretrial proceedings in the Action as between the Plaintiffs and ADT are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

25. The referral of all discovery matters to Magistrate Judge Keys is revoked.

26. Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

27. If the Settlement Agreement is not approved by the Court in complete accordance with its material terms, ADT shall have the option of terminating the Settlement Agreement and having the Action revert to its status as if the Settlement Agreement had not been negotiated, made or filed with the Court. In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon and this Preliminary Approval Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered.

28. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final

and no longer subject to appeal, then (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

29. 1The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

DATED: February 27, 2013

_____
District Court Judge Elaine E. Bucklo1