# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VISHVA DESAI and PHILIP J. CHARVAT, on behalf of themselves and others similarly situated,<br><br>     Plaintiffs<br><br>v.<br><br>ADT SECURITY SERVICES, INC.,<br><br>     Defendants. | Case No. 1:11-cv-1925 |

| | |
|---|---|
| **STATE OF WISCONSIN** | ) |
| | ) **ss** |
| **COUNTY OF MILWAUKEE** | ) |

## <u>AFFIDAVIT OF CHRISTINA PETERS-STASIEWICZ</u>

I, Christina Peters-Stasiewicz, being duly sworn, declare as follows:

1.     I am an Account Executive with A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data") in Milwaukee, Wisconsin; West Palm Beach, Florida; and New York, New York. My business address is 600 A.B. Data Drive, Milwaukee, WI 53217. My direct telephone number is 414-961-7527.

2.     I submit this affidavit (the "Affidavit") in connection with the class action notice and claims administration proceedings related to *Desai, et al. v. ADT Security Services, Inc.*, Case No. 1:11-cv-1925 (the "Action"), pending in the United States District Court for the Northern District of Illinois, Eastern Division (the "Court"), per the terms of the Preliminary Approval Order (the "Order").

3.     This Affidavit is based upon my personal knowledge and upon information provided by my associates and staff.

4.     A.B. Data was responsible for notice and claims administration in the Settlement[1] per the terms of the Settlement Agreement and Release (the "Settlement Agreement").  This Affidavit details the steps taken in the administration, which include:

   a. Preparing and serving the Class Action Fairness Act notice (the "CAFA Notice") as required by 28 U.S.C. § 1715;

   b. Distributing the Settlement Notice for Direct Mailing (the "Notice") and Proof of Claim Form (the "Claim Form") by First-Class Mail, postage prepaid to all potential Settlement Class Members for whom addresses could be located;

   c. Publishing the Publication Notice;

   d. Coordinating online banners;

   e. Establishing a case-specific toll-free telephone line with an interactive voice response (IVR) system and live operators;

   f. Establishing a case-specific website for the Settlement at robocallsettlement.com (the "Website");

   g. Processing Settlement Class Member requests for exclusion and objections; and

   h. Claims Processing.

## CAFA NOTICE

5.     On February 21, 2013, A.B. Data prepared and delivered CAFA Notices to the United States Postal Service (USPS) for delivery to the Attorney General of the United States and the Attorneys General of each state and U.S. territory.  A generic copy of the CAFA Notice is attached as Exhibit A.

## DIRECT MAIL NOTICE

6.     On or about October 17, 2012, A.B. Data received from Class Counsel a list containing 1,407,712 telephone numbers of potential Settlement Class Members from the telephone logs produced by Dynamic Interactive Corp., (the "Source List").

---

[1] Capitalized terms not defined in this Affidavit shall have the meaning provided in the Stipulation.

7.      On or about February 27, 2013, A.B. Data coordinated reverse-append research on the Source List based upon available records and databases to locate name and address information for potential Settlement Class Members.  As a result of this research, A.B. Data compiled the mailing list of names and addresses for 1,280,221 potential Settlement Class members who would receive direct mail notice (the "Mail List").[2]

8.      On or about March 5, 2013, A.B. Data caused the Mail List addresses to be standardized and updated using NCOALink®, a national database of address changes compiled by the USPS.

9.      On March 12, 2013, A.B. Data caused the Notice and Claim Form (together, the "Notice Packet") to be mailed to the potential Settlement Class Members on the Mail List by First-Class Mail, postage prepaid.  A copy of the Notice Packet is attached as Exhibit B.

10.     A.B. Data established the following mailing addresses for receipt of mail related to the Settlement:

   a.  Robocall Settlement Administrator, c/o A.B. Data, Ltd., PO Box 170600, Milwaukee, WI  53217, was established to receive Claim Forms and correspondence;

   b.  Robocall      Settlement      Administrator,      EXCLUSIONS/OBJECTIONS, c/o A.B. Data, Ltd.,  PO Box 170527,  Milwaukee, WI   53217, was established to receive exclusion requests and objections; and

   c.  Robocall  Settlement  Administrator,  c/o  A.B.  Data,  Ltd.,  PO Box 170400, Milwaukee, WI   53217, was established to receive Notice Packets returned to A.B. Data by the USPS as undeliverable as addressed (UAA).

11.     As of the date of this Affidavit, 359,864 Notice Packets have been returned by the USPS to A.B. Data as UAA.  Of those Notice Packets, 1,191 had a USPS forwarding address and were subsequently re-mailed.

---

2 Names and addresses were located for over 90% of the telephone numbers on the Source List.

12.     As of the date of this Affidavit, 921,548 Notice Packets have been mailed or re-mailed successfully.

**PUBLICATION NOTICE**

13.     On or about March 1, 2013, A.B. Data prepared the Publication Notice and the Publication Claim Form, attached to this Affidavit as Exhibit C and Exhibit D, respectively.  On March 12, 2013, the Publication Claim Form was posted on the Website.

14.     A.B. Data submitted the Publication Notice to the periodicals indicated in the table below for publication on the dates noted:

| PUBLICATION | ISSUE DATE | ON SALE DATE |
|---|---|---|
| *Parade* | April 21, 2013 and April 28, 2013 | April 21, 2013 and April 28, 2013 |
| *USA Weekend* | April 21, 2013 | April 21, 2013 |
| *Reader's Digest* | May 2013 | April 15, 2013 |
| *Good Housekeeping* | May 2013 | April 15, 2013 |
| *People* | April 8, 2013 | March 29, 2013 |
| *TV Guide* | April 22, 2013 | April 18, 2013 |
| *Sports Illustrated* | April 1, 2013 | March 27, 2013 |
| *Time* | April 1, 2013 | March 22, 2013 |
| *USA Today* | March 22, 2013 | March 22, 2013 |

The Affidavit of Publication is attached to this Affidavit as Exhibit E.

15.     A.B. Data caused copies of the Publication Claim Form to be printed for fulfillment of requests by potential Settlement Class Members.  As of the date of this Affidavit, 2,903 Publication Claim Forms have been mailed, by request, to potential Settlement Class Members.

**ONLINE BANNERS**

16.     Beginning on March 25, 2013, A.B. Data coordinated Internet banners to appear over a 45-day period on popular websites.  When clicked, the banners directed potential Settlement Class Members to the Website.  A sample Internet banner is attached to this Affidavit as Exhibit F.

17.     The table below indicates the number of banner views (or "impressions") generated. A total of more than 5,000,000 impressions were generated:

| WEBSITE | POSITIONING | IMPRESSIONS |
|---|---|---|
| Yahoo! | Inside Pages on Yahoo!/Run of Network | 3,426,220 |
| Microsoft/MSN | Inside Pages on MSN/Run of Network | 562,960 |
| NYTimes.com | Inside Pages/Run of Site | 1,052,632 |
| | **TOTAL** | **5,041,812** |

## CASE-SPECIFIC TOLL-FREE HELPLINE

18.     On March 12, 2013, a case-specific toll-free number, 800-513-1506, was established with an IVR system and live operators.  The automated attendant answered the calls and presented callers with a series of options which allowed callers to hear basic information and request a copy of the Notice and Claim Form.  If callers need further assistance, they have the option to be transferred to a live operator during business hours or to leave a voicemail after business hours.

19.     As of the date of this Affidavit, A.B. Data received 5,035 inbound calls and placed 1,702 outbound calls to return voicemail messages.

## CASE-SPECIFIC WEBSITE

20.     On March 12, 2013, A.B. Data established a case-specific website for the Settlement at robocallsettlement.com.  The Website includes general information and answers to frequently asked questions; allows visitors to file a claim online; and allows download of the Notice, the Publication Claim Form, the Complaint, the Amended Class Action Complaint, the Settlement Agreement, and the Order.  As of the date of this Affidavit, a total of 83,910 hits and the following Website activity was recorded:

    a.  the Notice has been downloaded 5,277 times;

    b.  the Publication Claim Form has been downloaded 21,366 times;

    c.  the Complaint has been downloaded 66,016 times;

    d.  the Amended Class Action Complaint has been downloaded 670 times;

e. the Settlement Agreement has been downloaded 1,688 times; and

f. the Order has been downloaded 983 times.

**EXCLUSION REQUESTS AND OBJECTIONS**

21. Exclusion requests were to be postmarked no later than May 13, 2013. Pursuant to the Settlement Agreement, those requesting exclusion were to state their full name, address, telephone number(s), whether each telephone number is a cellular phone or a residential landline, the number of telephone calls received, the name and case number of the case, and a statement of exclusion.

22. As of the date of this Affidavit, A.B. Data has received 57 timely-postmarked requests for exclusion and two untimely-postmarked requests. Attached to this Affidavit as Exhibit G is a list of those individuals who requested exclusion. Pursuant to the Settlement Agreement, copies of the exclusion requests have been provided to the Parties.

23. Class Members who object to the approval of the proposed Settlement were to file their written objections with the Court and forward a copy of the objection to A.B. Data postmarked by May 13, 2013. As of the date of this Affidavit, A.B. Data has received four timely-postmarked objections and no untimely-postmarked objections. Copies of each of the objections received are attached hereto in Exhibit H.

**CLAIMS PROCESSING**

24. Pursuant to the Order, the claims filing deadline is June 10, 2013. Claim forms are to be mailed to the address listed in the Notice Packet postmarked no later than June 10, 2013, submitted online no later than midnight on June 10, 2013, or emailed to the email address listed in the Notice Packet no later than midnight, U.S. Eastern Time on June 10, 2013.

25. As of the date of this Affidavit, A.B. Data has received 136,440 timely claim forms.

Processing and review of claim forms is currently in process. Audit reports to locate duplicate submissions are ongoing.

26.     The present number of timely claim forms received represents a response rate of greater than 10% of those individuals who were sent direct notice and greater than 14% of those who received direct notice. This is a high response rate relative to similar previous class actions, which have yielded an approximate 5% response rate.

27.     Based on the number of timely claim forms currently received, the presently estimated *pro rata* settlement award distribution per claim form is calculated to be approximately $48.37.[3]

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of June 2013.

Christina Peters-Stasiewicz

SUBSCRIBED and SWORN before me on the 6th day of June 2013.

Mary Rebekah Thigpen, Notary Public
My commission is permanent.

---

3 This calculation assumes a Net Settlement Fund of $6,600,000.

# Exhibit A

**A.B. DATA, LTD.**
Class Action Administration



February 21, 2013

«Institution_Name»
«ATTNDepartmentBuilding»
«Address_1»
«Address_2»
«City», «State»«Zip»

Re:     *Vishva Desai and Philip J. Charvat v. ADT Security Services, Inc.*
        United States District Court, Northern District of Illinois, Eastern Division, Case No. 1:11-cv-1925

Dear Sir or Madam:

Claims administrator A.B. Data, Ltd., on behalf of ADT Security Services, Inc. ("ADT"), the defendant in the above-referenced action, hereby provides the following notice pursuant to Section 1715 of the Class Action Fairness Act (28 U.S.C. § 1715).  The following are the items of information called for in Section 1715(b).

1. The Class Action Complaint and Amended Class Action Complaint are available via the Internet.  To access the documents, please navigate to abdataclassaction.com/cases.aspx and search for "ADT."  You may then navigate to the case listing to review the case documents, which are available for download.

2. The final approval hearing is scheduled for 1:30 p.m. on June 21, 2013, before the Honorable Elaine E. Bucklo, at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois.

3. The Notice of Class Action Lawsuit and Proposed Settlement filed with the Court on February 11, 2013, is attached as Exhibit A.4 to the Settlement Agreement and Release (the "Settlement Agreement"), and the Settlement Notice for Publication Notice is attached as Exhibit A.5 to the Settlement Agreement.  A copy of the Settlement Agreement (with all exhibits) is included on the enclosed compact disc.

4. Aside from the confidential side agreement between class counsel and counsel for ADT referenced in Paragraph 11.1 of the Settlement Agreement, there is no other agreement contemporaneously made between class counsel and counsel for ADT.

5. The Court's order preliminarily approving the Settlement Agreement is included on the enclosed compact disc.

6. It is not feasible to include the names of all class members who reside in each state, nor is it feasible to provide the estimated proportionate share of the claims of such members to the entire settlement, nor is it feasible to provide a reasonable estimate of the number of class members residing in each state or the estimated proportionate share of the claims of such members to the entire settlement.

7. There is not yet any final judgment or notice of dismissal.

Sincerely,

A.B. Data, Ltd.
Claims administrator on behalf of Defendant

Encl.
cc: Michael E. Baughman, counsel for Defendant
    Robert L. Hickok, counsel for Defendant
    Eric J. Goldberg, counsel for Defendant

"
"
"
"
"
"
"
"
"
"
"
"
"
"

"

# Gzj kdkv'D"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

VISHVA DESAI and PHILIP J. CHARVAT, on
behalf of themselves and others similarly situated,
      **Plaintiffs,**

v.

                                      **Case No. 1:11-cv-1925**

ADT SECURITY SERVICES, INC.,
      **Defendant.**

## NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT

### PLEASE READ THIS NOTICE CAREFULLY.
### IT EXPLAINS THAT YOU MAY BE ENTITLED TO RECEIVE A PAYMENT FROM SETTLEMENT FUNDS.
### THIS IS NOT NOTICE OF A LAWSUIT AGAINST YOU.

**WHY DID I GET THIS NOTICE?**

This is a Notice of a Proposed Settlement ("Notice") in a class action lawsuit. The Settlement would resolve a lawsuit brought on behalf of individuals who received telemarketing phone calls that either (1) delivered a pre-recorded message or (2) were made to a cell phone using automated dialing equipment (commonly referred to as "robocalls"), which allegedly were made by Persons or entities seeking to sell products and services of ADT Security Services, Inc. (now known as The ADT Corporation or ADT, LLC, collectively "ADT" or "ADT Security Services, Inc."). You were identified as someone who may have received one of these phone calls since January 1, 2007, based on telephone records obtained in the lawsuit.

**WHAT IS THIS LAWSUIT ABOUT?**

The lawsuit alleges that certain ADT Authorized Dealers or lead generators, seeking to sell ADT's products and services, made numerous calls that violate the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. ADT contests the claims in the Complaint and denies that it authorized or is responsible for the acts of those who made the phone calls.

**WHY IS THIS A CLASS ACTION?**

In a class action, one or more people, called "Class Representatives," sue on behalf of people who have similar claims. All of these people together are a "Class" or "Class Members." The Settlement, if approved by the Court, resolves the issues for all Class Members, except for those who exclude themselves from the Class.

**WHY IS THERE A SETTLEMENT?**

The Court did not decide in favor of the Plaintiffs or the Defendant. Instead, both sides have agreed to a settlement. This avoids the cost, risk and delay of trial. Under the Settlement, Class Members will have the opportunity to obtain a payment in exchange for giving up certain legal rights. The Class Representatives and their attorneys think the Settlement is best for all Class Members. ADT has not conceded it is liable for the calls by settling, but is instead agreeing to settle to avoid the costs and risks associated with litigation.

**WHAT DOES THE SETTLEMENT PROVIDE?**

The total amount of the Settlement Fund is $15,000,000.00. The lawyers who brought this lawsuit (listed below) will ask the Court to award them 33 1/3% of the Settlement Fund, plus expenses for the substantial time, costs, and effort they put into this case. The Class Representatives also will apply to the Court for payments, in the total amount of $30,000.00, each, for their service to the Class. Any amount awarded will be paid from the Settlement Fund. The Settlement Fund will also cover costs associated with notice and administration of the Settlement. These costs include the cost of publishing and mailing the Notice, as well as the costs of processing claims, maintaining the Settlement website, and mailing Settlement checks.

**WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?**

Unless you exclude yourself from this Settlement, you will be considered a member of the Class, which means you give up your right to sue or continue a lawsuit against ADT, its Authorized Dealers, and others, including anyone who made a call seeking to sell ADT's products or services ("Released Parties"), related to past phone calls and other communications that violate state or federal law and relate to ADT goods or services. Giving up your legal claims is called a release. Unless you formally exclude yourself from this Settlement, you will release your claims whether or not you submit a Claim Form and receive payment.

**WHAT ARE MY OPTIONS?**

(1) **Accept the Settlement**. To accept the Settlement, send in a complete and timely Claim Form. A Claim Form is enclosed with this Notice. You also may obtain a Claim Form at RobocallSettlement.com or submit an online claim at the same website. You also may email the Claim Form to the Settlement Administrator at info@RobocallSettlement.com. If the Settlement is approved, a check will be mailed to you.

(2) **Exclude yourself**. You may opt out of, and exclude yourself from the Settlement. If you opt out, you will not receive any cash payment, and you will not release any claims you may have against the Released Parties. If you opt out, you will be free to pursue whatever legal rights you may have by pursuing your own lawsuit against the Released Parties at your own risk and expense. To exclude yourself from the Settlement, you must mail a signed letter to the Settlement Administrator at Robocall Settlement Administrator, EXCLUSIONS, PO Box 170527, Milwaukee, WI 53217, postmarked by **May 13, 2013**, stating your full name, address, telephone numbers, whether each telephone number is a cellular phone or a residential landline, the number of telephone calls you received, the name and case number of the case, and that you exclude yourself from the Settlement.

(3) **Object to the Settlement**. If you object to the Settlement, submit your objection in writing to the Clerk of the Court of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. The objection must be received by the Court no later than **May 13, 2013**. You must also send a copy of your objection to the Settlement Administrator at Robocall Settlement Administrator, OBJECTIONS, PO Box 170527, Milwaukee, WI 53217, postmarked by **May 13, 2013**. Any objection to the proposed Settlement must be a complete written statement of all grounds for the objection, together with factual and legal support for the stated objection, and attaching a copy of any documents supporting the objection, along with your full name, address, telephone numbers, and whether each telephone number is a cellular phone or a residential landline. You may appear at the Final Approval Hearing, to be held on **June 21, 2013, at 1:30 p.m.**, in person or through counsel to show cause of why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, and/or the request for attorneys' fees, and/or the request for compensation awards to the Class Representatives are required to indicate in their written objection their intention to appear at the hearing on their own behalf or through counsel, and state the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing.

## HOW MUCH WILL I BE PAID?

If the Court approves the Settlement, every Class Member who submits a timely and valid Claim Form will be entitled to an equal payment from the Settlement Fund. The amount of your payment will depend on how many Class Members return Claim Forms.

Each household is entitled to make only one claim regardless of the number of telephone calls received. It is estimated based on typical response rates that each claimant is likely to receive between $50.00 and $100.00, but the amount could be higher or lower based on the actual number of valid Claim Forms submitted by Class Members. However, in no event will you be entitled to receive more than the statutory maximum of $500.00.

## WHEN WILL I BE PAID?

If the Court approves the Settlement, you will be paid as soon as possible after the court order becomes final. If there is an appeal of the Settlement, payment may be delayed. The Settlement Administrator will put information about the timing of payment at RobocallSettlement.com.

## WHAT IF I DO NOTHING?

If you do nothing, you will get no money from the Settlement Fund. Unless you exclude yourself from the Settlement, you will not be able to sue or continue a lawsuit against the Released Parties regarding the legal issues in this Case.

## WHAT WILL HAPPEN IF THE COURT DOES NOT APPROVE THE SETTLEMENT?

If the Court does not approve the Settlement, or if it approves the Settlement and the approval is reversed on appeal, or if the Settlement does not become final for some other reason, you will not be paid at this time and the case will continue, which may or may not be in the form of a class action. The parties may negotiate a different settlement or the case may go to trial.

## WHO REPRESENTS THE CLASS?

The attorneys who have been appointed by the Court to represent the Class are:

| John W. Barrett | Brian K. Murphy | Alexander E. Burke | Matthew P. McCue | Edward A. Broderick |
|---|---|---|---|---|
| Jonathan Marshall | Joseph F. Murray | BURKE LAW | THE LAW OFFICE | Anthony I. Paronich |
| BAILEY & GLASSER LLP | MURRAY MURPHY |   OFFICES, LLC |   OF MATTHEW | BRODERICK LAW, P.C. |
| 209 Capitol Street | MOUL + BASIL LLP | 155 N. Michigan Ave. |   P. MCCUE | 125 Summer Street |
| Charleston, WV 25301 | 1533 Lake Shore Drive | Suite 9020 | 1 South Avenue | Suite 1030 |
| | Columbus, OH 43204 | Chicago, IL 60601 | Third Floor | Boston, MA 02110 |
| | | | Natick, MA 01760 | |

## WHERE CAN I GET ADDITIONAL INFORMATION?

This Notice is only a summary of the proposed Settlement of this lawsuit. You can obtain a copy of the Settlement Agreement at RobocallSettlement.com and other documents relevant to the Settlement. All pleadings and documents filed in Court may be reviewed or copied in the Office of the Clerk. Please do not call the Judge or the Clerk of the Court about this Case. They will not be able to give you advice on your options.

DATED: FEBRUARY 19, 2013
By order of: Honorable Elaine E. Bucklo, District Court Judge, United States District Court, Northern District of Illinois

**ROBOCALL SETTLEMENT**

**PLEASE CUT ON THE DOTTED LINE PRIOR TO SUBMISSION**

<table><tr><td>**DUE POSTMARKED NO LATER THAN JUNE 10, 2013**</td><td>‖‖‖‖‖‖‖‖‖<br>For Official Use Only</td></tr></table>

**[CLAIMANT'S FIRST AND LAST NAME]**
**[STREET ADDRESS]**
**[CITY] [STATE] [ZIP]**

**PHONE NUMBER CALLED [PHONE NUMBER FROM CALL LOG]**
**DATE OF CALL [DATE OF CALL LOG]**

**PROOF OF CLAIM FORM**

To receive a payment from the Settlement Fund you must complete and return this Proof of Claim Form ("Claim Form"). **IMPORTANT NOTE:  You <u>must</u> return this Claim Form or submit an online Claim Form to receive payment.**

Please complete the Claim Form and return it by one of the following methods:

1.  Online by visiting RobocallSettlement.com and completing an online Claim Form no later than midnight, U.S. Eastern Standard Time, on **June 10, 2013**.

2.  By mail to the Settlement Administrator, completed, signed, and postmarked no later than **June 10, 2013**, sent to the following address:  ROBOCALL SETTLEMENT ADMINISTRATOR, c/o A.B. DATA, LTD., PO BOX 170600, MILWAUKEE, WI 53217.

3.  By email to the Settlement Administrator at info@RobocallSettlement.com no later than midnight, U.S. Eastern Standard Time, on **June 10, 2013**.  If you use email, you must send the Claim Form in a format that includes a legible signature.

   **NOTE:  Each household is entitled to make only one claim regardless of the number of telephone calls received.**

4.  In addition, you must certify the following statements:

   **I was the registered user of the above telephone number on the date provided (information in top-left corner of page).**

   Please check only one        YES_____                    NO_____

**I certify that the foregoing statements are true to the best of my knowledge.**  I understand that the Settlement Administrator has the right to verify my responses and dispute any claims that are based on inaccurate responses.

_____        _____
**Signature**                                                          **Date**

**Print name and/or address below, if different from above**
Last name (or business name)                                    First name

Current street address (line 1)

Current street address (line 2)

City                                              State      Zip code

# Exhibit C

# IF YOU RECEIVED PRE-RECORDED CALL(S) OR CALL(S) TO YOUR CELL PHONE USING AUTOMATED DIALING EQUIPMENT WHICH ADVERTISED ADT'S GOODS OR SERVICES, YOU MAY BENEFIT FROM A PROPOSED CLASS ACTION SETTLEMENT

A proposed Settlement has been reached in a class action case regarding telemarketing calls promoting the goods and services of ADT Security Services, Inc. (now known as The ADT Corporation or ADT, LLC) (collectively "ADT" or "ADT Security Services, Inc."). The name of the case is *Desai, et al. v. ADT Security Services, Inc.*, Case No. 1:11-cv-1925, pending in the United States District Court for the Northern District of Illinois.

**What is the lawsuit about?**
The lawsuit alleges that certain ADT Authorized Dealers or lead generators, seeking to sell ADT's products and services, made telemarketing calls, either by (1) delivering a pre-recorded message or (2) to cell phones using automated dialing equipment, that violate the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227. ADT and ADT's Authorized Dealers contest the claims. Further, ADT denies that it authorized the calls or is responsible for the acts of those who made them.

**What are the terms of the proposed Settlement?**
The total amount of the Settlement Fund is $15,000,000.00. To make a claim, you must complete and send in a claim form or submit it online at RobocallSettlement.com certifying that you received a pre-recorded call or a call to your cell phone using automated dialing equipment that promoted ADT's goods or services. If the Court approves the Settlement, every Class Member who submits a timely and valid claim form will be entitled to an equal payment from the Settlement Fund. The amount of your payment will depend on how many Class Members return valid claim forms. Each household is entitled to make only one claim regardless of the number of telephone calls received. This advertisement contains only a summary of the Settlement terms. You can receive additional details regarding the proposed Settlement, including a copy of the Settlement Agreement, by visiting RobocallSettlement.com or calling 1-800-513-1506.

**What are my rights?**
- **You can make a claim** to get money from the Settlement Fund. All claim forms must be postmarked or submitted online no later than **June 10, 2013**.
- **If you do not want to be a member of the Class**, you **must** send a letter and ask to be excluded. Your request must be postmarked no later than **May 13, 2013**, to Robocall Settlement Administrator, c/o A.B. Data, Ltd., EXCLUSIONS, PO Box 170527, Milwaukee, WI 53217. If you do not exclude yourself, you agree never to sue ADT or its Authorized Dealers in the future for the claims covered by this Settlement.
- **You can tell the Court if you do not like this proposed Settlement** or some part of it if you do not exclude yourself. To object, you must file an objection with the Court no later than **May 13, 2013**. You may also hire your own lawyer, at your own cost, to speak for you.

A detailed Notice of Class Action Lawsuit and Proposed Settlement and the claim form are available at RobocallSettlement.com or by writing the Settlement Administrator at the address below. The detailed Notice explains how to exclude yourself or comment on the case. It also explains what rights you are giving up if you stay in the Class.

**Will the Court Approve the proposed Settlement?**
The Court will hold a Final Approval Hearing on **June 21, 2013 at 1:30 p.m.** to consider whether the proposed Settlement is fair, reasonable, and adequate, the motion for attorneys' fees and expenses and the motion for compensation awards to the Class Representatives. If comments or objections have been received, the Court will consider them at that time.

**For more information and a claim form, visit RobocallSettlement.com, write to Robocall Settlement Administrator, c/o A.B. Data, Ltd., PO Box 170600, Milwaukee, WI 53217, or call 1-800-513-1506.**

# Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

VISHVA DESAI and PHILIP J. CHARVAT, on
behalf of themselves and others similarly situated,
      Plaintiffs,

v.                                     Case No. 1:11-cv-1925

ADT SECURITY SERVICES, INC.,
      Defendant.

| **DUE POSTMARKED NO LATER THAN JUNE 10, 2013** | **ROBOCALL SETTLEMENT** <br> **PROOF OF CLAIM FORM** | ‖‖‖‖‖‖‖‖‖ <br> For Official Use Only |
| --- | --- | --- |

To receive a payment from the Settlement Fund you must complete, sign and return this Proof of Claim Form ("Claim Form").
Please complete the Claim Form, sign it and return it by one of the following methods:

1.  Online by visiting RobocallSettlement.com and completing an online Claim Form no later than midnight, U.S. Eastern Standard Time, on **June 10, 2013**.

2.  By mail to the Settlement Administrator, completed, signed, and postmarked no later than **June 10, 2013**, sent to the following address: ROBOCALL SETTLEMENT ADMINISTRATOR, c/o A.B. DATA, LTD., PO BOX 170600, MILWAUKEE, WI 53217.

3.  By email to the Settlement Administrator at info@RobocallSettlement.com no later than midnight, U.S. Eastern Standard Time, on **June 10, 2013**. If you use email, you must send the Claim Form in a format that includes a legible signature.

    **NOTE: Each household is entitled to make only <u>one</u> claim regardless of the number of telephone calls received.**

LAST NAME                FIRST NAME

STREET ADDRESS

CITY                  STATE    ZIP CODE

PHONE NUMBER (where we may call you if we have questions)

4.  **In addition, you must certify the following statements with your signature below:**

    a.   I received an unsolicited pre-recorded call at my residence that I believe came from an authorized dealer of ADT Security Services, Inc. (now known as The ADT Corporation or ADT, LLC (collectively "ADT" or "ADT Security Services, Inc.")) (or from ADT or a company that provides leads to ADT authorized dealers) sometime between January 1, 2007, and January 30, 2013. At the time I received the call, I did not consent to receive such a call, I was not a customer of ADT or anyone purporting to sell its products, nor have I had any type of business relationship with ADT or anyone purporting to sell its products.

    b.   The following is true with regard to each call on which I base the foregoing statement:

        PHONE NUMBER (include area code) where I received the call

        DATE (or approximate date) of the call

        At the time I received the call, this phone number was my: ☐ home number ☐ cell phone number

    c.   Provide a brief description of the contents of the call you received to the best of your recollection:
        _____

**I certify that the foregoing statements are true to the best of my knowledge under penalty of perjury pursuant to 28 U.S.C. § 1746.** I understand that the Settlement Administrator has the right to verify my responses and dispute any claims that are based on inaccurate responses.

Signature: _____

Print Name: _____

Date: _____

# Exhibit E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Case No. 1:11-cv-1925

VISHVA DESAI and PHILIP J. CHARVAT, on behalf of themselves and others similarly situated,

      Plaintiffs

v.

ADT SECURITY SERVICES, INC.,

      Defendants.

---

**STATE OF WISCONSIN**      )
                         ) ss
**COUNTY OF MILWAUKEE**    )

### AFFIDAVIT OF LINDA V. YOUNG

I, Linda V. Young, being duly sworn, depose and state that:

1.      I submit this affidavit in order to provide the Court and the parties to the above-captioned litigation, confirmation that the Summary Notice, attached as Exhibit 1, was published pursuant to the Preliminary Approval Order (the "Order"). I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      I am Vice President of Media with A.B. Data, Ltd. ("A.B. Data"), a full-service claims administration firm that provides media research and analysis services, creative development, and media planning and implementation.

3.      To this extent, A.B. Data completed a publication media plan that targeted potential Settlement Class members across the United States. Below is a listing of the targeted weekly

and monthly magazines, newspapers, and newspaper supplements in which the Summary Notice was published along with the issue date:

| PUBLICATION | ISSUE DATE(S) |
|---|---|
| *Parade* | April 21, 2013 and April 28, 2013 |
| *USA Weekend* | April 21, 2013 |
| *Reader's Digest* | May 2013 |
| *Good Housekeeping* | May 2013 |
| *People* | April 8, 2013 |
| *TV Guide* | April 22, 2013 |
| *Sports Illustrated* | April 1, 2013 |
| *Time* | April 1, 2013 |
| *USA Today* | March 22, 2013 |

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of June 2013.

Linda V. Young

SUBSCRIBED and SWORN before me on the 6th day of June 2013.

Mary Rebekah Thigpen, Notary Public
My commission is permanent.

# Exhibit 1

# IF YOU RECEIVED PRE-RECORDED CALL(S) OR CALL(S) TO YOUR CELL PHONE USING AUTOMATED DIALING EQUIPMENT WHICH ADVERTISED ADT'S GOODS OR SERVICES, YOU MAY BENEFIT FROM A PROPOSED CLASS ACTION SETTLEMENT

A proposed Settlement has been reached in a class action case regarding telemarketing calls promoting the goods and services of ADT Security Services, Inc. (now known as The ADT Corporation or ADT, LLC) (collectively "ADT" or "ADT Security Services, Inc."). The name of the case is *Desai, et al. v. ADT Security Services, Inc.*, Case No. 1:11-cv-1925, pending in the United States District Court for the Northern District of Illinois.

## What is the lawsuit about?

The lawsuit alleges that certain ADT Authorized Dealers or lead generators, seeking to sell ADT's products and services, made telemarketing calls, either by (1) delivering a pre-recorded message or (2) to cell phones using automated dialing equipment, that violate the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227. ADT and ADT's Authorized Dealers contest the claims. Further, ADT denies that it authorized the calls or is responsible for the acts of those who made them.

## What are the terms of the proposed Settlement?

The total amount of the Settlement Fund is $15,000,000.00. To make a claim, you must complete and send in a claim form or submit it online at RobocallSettlement.com certifying that you received a pre-recorded call or a call to your cell phone using automated dialing equipment that promoted ADT's goods or services. If the Court approves the Settlement, every Class Member who submits a timely and valid claim form will be entitled to an equal payment from the Settlement Fund. The amount of your payment will depend on how many Class Members return valid claim forms. Each household is entitled to make only one claim regardless of the number of telephone calls received. This advertisement contains only a summary of the Settlement terms. You can receive additional details regarding the proposed Settlement, including a copy of the Settlement Agreement, by visiting RobocallSettlement.com or calling 1-800-513-1506.

## What are my rights?

- **You can make a claim** to get money from the Settlement Fund. All claim forms must be postmarked or submitted online no later than **June 10, 2013**.
- **If you do not want to be a member of the Class**, you **must** send a letter and ask to be excluded. Your request must be postmarked no later than **May 13, 2013**, to Robocall Settlement Administrator, c/o A.B. Data, Ltd., EXCLUSIONS, PO Box 170527, Milwaukee, WI 53217. If you do not exclude yourself, you agree never to sue ADT or its Authorized Dealers in the future for the claims covered by this Settlement.
- **You can tell the Court if you do not like this proposed Settlement** or some part of it if you do not exclude yourself. To object, you must file an objection with the Court no later than **May 13, 2013**. You may also hire your own lawyer, at your own cost, to speak for you.

A detailed Notice of Class Action Lawsuit and Proposed Settlement and the claim form are available at RobocallSettlement.com or by writing the Settlement Administrator at the address below. The detailed Notice explains how to exclude yourself or comment on the case. It also explains what rights you are giving up if you stay in the Class.

## Will the Court Approve the proposed Settlement?

The Court will hold a Final Approval Hearing on **June 21, 2013 at 1:30 p.m.** to consider whether the proposed Settlement is fair, reasonable, and adequate, the motion for attorneys' fees and expenses and the motion for compensation awards to the Class Representatives. If comments or objections have been received, the Court will consider them at that time.

**For more information and a claim form, visit RobocallSettlement.com, write to Robocall Settlement Administrator, c/o A.B. Data, Ltd., PO Box 170600, Milwaukee, WI 53217, or call 1-800-513-1506.**

# Exhibit F



# Exhibit G

Exhibit C1: Exclusion Requests page 1 of 2

| | Name | Address | Postmark Status |
|---|------|---------|-----------------|
| 1 | Theresa Ann Demni | | timely |
| 2 | Barbara Fore | | timely |
| 3 | Suzanne Parker | | timely |
| 4 | Frank Gilman Crocker | | timely |
| 5 | Abraham H. Palacios | | timely |
| 6 | Reita Copeland FBO decedent Charles Copeland | | timely |
| 7 | Lillie Milton | | timely |
| 8 | Jeffry Martin Davidson | | timely |
| 9 | Margaret Katz | | timely |
| 10 | Gerald Roylance | | timely |
| 11 | Bonnie Hawthorne | | timely |
| 12 | Morris Mayeaux | | timely |
| 13 | Julio Encarnacion | | timely |
| 14 | Samuel Phelps | | timely |
| 15 | Elaine A Taylor | | timely |
| 16 | Nathan Sawyer | | timely |
| 17 | Joe Dobson Jr | | timely |
| 18 | Francis Koerner | | timely |
| 19 | Maria De La Luz Soza | | timely |
| 20 | Byron H. Cole | | timely |
| 21 | William F. Maguire, MD | | timely |
| 22 | Cheryl Robinson for Howard Robinson(Deceased) | | timely |
| 23 | Carolyn Wilson | | timely |
| 24 | Lawrence T. Bridgett | | timely |
| 25 | J. Micheal Gear | | timely |
| 26 | Allene Pollitt | | timely |
| 27 | Kimberley Diane Sullivan | | timely |
| 28 | Opal Jones | | timely |
| 29 | Emilenan P. Allen | | timely |
| 30 | Carol Gibson | | timely |
| 31 | David E. Larsen | | timely |
| 32 | Jordan Dees | | timely |
| 33 | Clarence Bonin | | timely |
| 34 | Elvira Reed | | timely |
| 35 | Tracey Almy | | timely |
| 36 | Eunice Gillespie | | timely |
| 37 | Velma Forehand | | timely |
| 38 | Linda Thelen | | timely |
| 39 | Paul Irvin | | timely |
| 40 | Burnadene Opheim | | timely |
| 41 | Myrna Mull | | timely |
| 42 | B. Griffin for Charles Griffin (Deceased) | | timely |
| 43 | Rosemary Franceschini | | timely |
| 44 | James O. Guleke II | | timely |
| 45 | Daniel Monroe | | timely |
| 46 | Maria Parmer | | timely |
| 47 | Donna Stapish | | timely |
| 48 | Theodore Moran | | timely |
| 49 | David B. Miller | | timely |

| Name | Address | Postmark Status |
| --- | --- | --- |
| 50 | Sandra Meche | | timely |
| 51 | Cheryl Newman | | timely |
| 52 | Leonard Bashaw | | timely |
| 53 | I.E. DuPont de Nemours and Company | | timely |
| 54 | Dan Houchins | | timely |
| 55 | Julie A Petrik | | timely |
| 56 | Josie Ellis | | timely |
| 57 | Melissa Carden | | timely |
| 58 | Patricia Garcia | | untimely |
| 59 | Krassimir Dimitrov Tchernookov | | untimely |

# Exhibit H

APR 0 4 2013

3-16-13

To : RoBoCAll Settlement Administrator:

In this Settlement All that Are
to Receive $30.000.⁰⁰ Should Be
For All, not Just A Select few.
That is to Say, All involved
Should Be treated equal.
Thats our Rights According
to the Constitution in which
we Live By, and its the LAW.

Thank You & GOD Bless.

Rev
Thomas A. Hamilton
23695 B. Dr. North
Albion Mich 49224
517-629-6071
Home Phone

**APR 0 4 2013**

3—16-13

To BoBocALL Settlement ADministrator:

In this Settlement all that Are to Receive Said money $30,000.<sup>CO</sup> should Be for All Not Just A Select few. That is to Say All involveD should Be treated equal. Thats our Rights According to the Constitution in which we live By, And is the LAW.

Thank You God Bless

Rev
Thomas A. Hamilton

P.S. DO the Right & legal thing!

**PLEASE CUT ON THE DOTTED LINE PRIOR TO SUBMISSION**

| | |
|---|---|
| **DUE POSTMARKED NO LATER THAN JUNE 10, 2013** | ‖‖‖‖‖‖‖ ‖‖‖‖<br>For Official Use Only |

**THOMAS HAMILTON**
**23695 B DR N**
**ALBION, MI 49224-9665**

**PHONE NUMBER CALLED (517) 629-6071**
**DATE OF CALL 2011-02-09**

APR 04 2013

### PROOF OF CLAIM FORM

To receive a payment from the Settlement Fund you must complete and return this Proof of Claim Form ("Claim Form"). **IMPORTANT NOTE: You <u>must</u> return this Claim Form or submit an online Claim Form to receive payment.**

Please complete the Claim Form and return it by one of the following methods:

1. Online by visiting RobocallSettlement.com and completing an online Claim Form no later than midnight, U.S. Eastern Standard Time, on **June 10, 2013**.

2. By mail to the Settlement Administrator, completed, signed, and postmarked no later than **June 10, 2013**, sent to the following address: ROBOCALL SETTLEMENT ADMINISTRATOR, c/o A.B. DATA, LTD., PO BOX 170600, MILWAUKEE, WI 53217.

3. By email to the Settlement Administrator at info@RobocallSettlement.com no later than midnight, U.S. Eastern Standard Time, on **June 10, 2013**. If you use email, you must send the Claim Form in a format that includes a legible signature.

   **NOTE: Each household is entitled to make only one claim regardless of the number of telephone calls received.**

4. In addition, you must certify the following statements:

   **I was the registered user of the above telephone number on the date provided (information in top-left corner of page).**

   Please check only one     YES _✓_          NO _____

**I certify that the foregoing statements are true to the best of my knowledge.** I understand that the Settlement Administrator has the right to verify my responses and dispute any claims that are based on inaccurate responses.

_Thomas A. Hamilton_                               _3-16-13_
**Signature**                                        **Date**

**Print name and/or address below, if different from above**

Last name (or business name)                              First name

Current street address (line 1)

Current street address (line 2)

City                                    State      Zip code

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VISHVA DESAI and PHILIP J. CHARVAT, on
behalf of themselves and others similarly situated,
      Plaintiffs,

v.

                                Case No. 1:11-cv-1925

ADT SECURITY SERVICES, INC.,
      Defendant.

## NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT

### PLEASE READ THIS NOTICE CAREFULLY.
### IT EXPLAINS THAT YOU MAY BE ENTITLED TO RECEIVE A PAYMENT FROM SETTLEMENT FUNDS.
### THIS IS NOT NOTICE OF A LAWSUIT AGAINST YOU.

### WHY DID I GET THIS NOTICE?

This is a Notice of a Proposed Settlement ("Notice") in a class action lawsuit. The Settlement would resolve a lawsuit brought on behalf of individuals who received telemarketing phone calls that either (1) delivered a pre-recorded message or (2) were made to a cell phone using automated dialing equipment (commonly referred to as "robocalls"), which allegedly were made by Persons or entities seeking to sell products and services of ADT Security Services, Inc. (now known as The ADT Corporation or ADT, LLC, collectively "ADT" or "ADT Security Services, Inc."). You were identified as someone who may have received one of these phone calls since January 1, 2007, based on telephone records obtained in the lawsuit.

### WHAT IS THIS LAWSUIT ABOUT?

The lawsuit alleges that certain ADT Authorized Dealers or lead generators, seeking to sell ADT's products and services, made numerous calls that violate the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. ADT contests the claims in the Complaint and denies that it authorized or is responsible for the acts of those who made the phone calls.

### WHY IS THIS A CLASS ACTION?

In a class action, one or more people, called "Class Representatives," sue on behalf of people who have similar claims. All of these people together are a "Class" or "Class Members." The Settlement, if approved by the Court, resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### WHY IS THERE A SETTLEMENT?

The Court did not decide in favor of the Plaintiffs or the Defendant. Instead, both sides have agreed to a settlement. This avoids the cost, risk and delay of trial. Under the Settlement, Class Members will have the opportunity to obtain a payment in exchange for giving up certain legal rights. The Class Representatives and their attorneys think the Settlement is best for all Class Members. ADT has not conceded it is liable for the calls by settling, but is instead agreeing to settle to avoid the costs and risks associated with litigation.

### WHAT DOES THE SETTLEMENT PROVIDE?

The total amount of the Settlement Fund is $15,000,000.00. The lawyers who brought this lawsuit (listed below) will ask the Court to award them 33 1/3% of the Settlement Fund, plus expenses for the substantial time, costs, and effort they put into this case. The Class Representatives also will apply to the Court for payments, in the total amount of $30,000.00, each, for their service to the Class. Any amount awarded will be paid from the Settlement Fund. The Settlement Fund will also cover costs associated with notice and administration of the Settlement. These costs include the cost of publishing and mailing the Notice, as well as the costs of processing claims, maintaining the Settlement website, and mailing Settlement checks.

### WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?

Unless you exclude yourself from this Settlement, you will be considered a member of the Class, which means you give up your right to sue or continue a lawsuit against ADT, its Authorized Dealers, and others, including anyone who made a call seeking to sell ADT's products or services ("Released Parties"), related to past phone calls and other communications that violate state or federal law and relate to ADT goods or services. Giving up your legal claims is called a release. Unless you formally exclude yourself from this Settlement, you will release your claims whether or not you submit a Claim Form and receive payment.

### WHAT ARE MY OPTIONS?

(1) **Accept the Settlement**. To accept the Settlement, send in a complete and timely Claim Form. A Claim Form is enclosed with this Notice. You also may obtain a Claim Form at RobocallSettlement.com or submit an online claim at the same website. You also may email the Claim Form to the Settlement Administrator at info@Robocallsettlement.com. If the Settlement is approved, a check will be mailed to you.

Thomas A. Hamilton
23695 B. Dt. North
Albion, Mich. 49224

16 MAR 2013 PM 4 L

Liberty
FOREVER

RoBoCALL Settlement ADminSTvAtor
c/o A.B. DAtA, Lt D.
P.O. Box 170600
MilwAUkee, WI. 53217

53217060000

ADT Robocall - 50050

Robocall Settlement Administrator
OBJECTIONS
PO Box 170527
Milwaukee, WI 53217

14143726



APR 1 1 2013

Thursday, March 28, 2013

My full name is: Mr. Lawrence T. Bridgett, Address: 1335 Wentworth Road, Winston-Salem, North Carolina, 27105, Telephone numbers: Residential landline (336) 293 – 3136 and Cellular phone (336) 837 – 5965. The number of telephone calls I received: (574) 970-0866 and (425) 320 – 5012. The name and case number of the case: VISHV A DESAI and PHILIP J. CHARVAT, on behalf of themselves and others similarly situated, Plaintiffs, v. ADT SECURITY SERVICES, INC., Defendant. Case No. 1:11-ev-1925.

My reason for objection is due to the returning nuisance and invasion of privacy. From the unsolicited pre-recorder phone message to my residential home and cellular phone number to advertise the sale of goods and services. I do not like all grounds about this Settlement. My reason for objection is the proposed Settlement should not be approved as fair, reasonable, and adequate. I am requesting my "Class Counsel" to appear at the Fairness Hearing on my behalf.

I find on all grounds for the objection, together with factual and legal support for the stated objection, and attaching copies of any, documents supporting this objection, along with causes why the proposed Settlement should not be approved as fair, reasonable, and adequate. 7. On or about February 27, 2011, at approximately 4:21 Eastern Time plaintiff (Lawrence T. Bridgett) received a telephone call on his cellular telephone, phone number (336) 837 – 5965. 8. Plaintiff's cellular telephone voice mail answered the call. 9. The following automated message was then played on plaintiff's voice mail: [Unintelligible] With an alarm system from ADT, you'll have total protection. Soon, because it's obvious that you have an alarm, you significantly reduce the possibility of burglary or [unintelligible] robbery. To get this free in-home system, press 1 now and we can schedule your installation. You just pay the monthly monitoring fee. Press 1 now. Press 1 now. Press 1 and get protected. Press 1. 10. The caller identification for the call indicated telephone number (574) 970-0866. 11. Upon information and belief, based upon the content of the call ADT, or a party authorized by ADT, placed this call. ADT was the intended beneficiary of the advertising included in this call. 12. Upon information and belief, this call was dialed by a machine, rather than by a human being. 13. Plaintiff does not have any relationship with ADT. 14. Upon information and belief, based upon the type of message and equipment used, defendant or some person in defendant's behalf, made more called more than 100 similar calls to cell phones, nationwide, during February 2011.

The request for attorneys' fees and / or the request for compensation awards to the Class Representatives. Through Class Counsel, and state the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing. Class Counsel request the Court will consider if the Settlement is fair, reasonable and adequate, and whether it should be granted final approval. For attorneys' fees, costs and expenses not to exceed 33 1/3% of the Settlement Fund, and compensation awards to the Class Representatives in an amount up to $30,000.00 each of the Class Representatives.

Sincerely,

Lawrence T. Bridgett

Reference: Case: 1:11-cv-01925 Document #: 1 Filed: 03/21/11 Page 1 of 6 PageID #: 1
**FACTS**:  Case: 1:11-cv-01925 Document #: 1 Filed: 03/21/11 Page 2 of 6 PageID #: 2:
Numbers 7 – 14, Paragraph 3.

.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| VISHVA DESAI and PHILIP J. CHARVAT, on behalf of themselves and others similarly situated, | Case No. 1:11-cv-1925 |
| Plaintiffs, | Judge Bucklo |
| vs. | Magistrate Judge Keys |
| ADT SECURITY SERVICES, INC., Defendant. | JURY DEMANDED |

### AMENDED CLASS ACTION COMPLAINT

In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy . . ." 47 U.S.C. §227, Congressional Statement of Findings #5. Specifically, in enacting the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls, finding:

> Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

47 U.S.C. §227, Congressional Statement of Findings ##10 and 12. Telemarketing via pre-recorded phone message is similarly prohibited by the Telemarketing and Consumer Fraud Abuse Prevention Act, 15 U.S.C. §6101, a law enacted in 2004 and enforced by the Federal Trade Commission via the Telemarketing Sales Rule ("TSR"), 16 CFR Part 310.

This consumer class action concerns widespread institutional disregard for the TCPA by defendant, ADT Security Systems, Inc. ("ADT" or "Defendant"), and ADT's authorized retailers. Upon information and belief, over the past four years, hundreds of thousands of unsolicited pre-recorded telephone calls have been made by or on behalf of ADT, and/or with ADT's knowledge, consent, approval and/or acquiescence, to residential and mobile phone numbers throughout the United States, as part of a campaign to promote ADT's products in violation of the TCPA and the privacy rights of citizens of the United States.

## THE PARTIES

1. Vishva Desai ("Ms. Desai") and Philip J. Charvat ("Mr. Charvat") bring this case against ADT Security Services, Inc. ("ADT") to secure redress for violation of the TCPA.

2. Ms. Vesau is an individual who resides in this District.

3. Mr. Charvat is an individual with a principal residence in Westerville, Ohio.

4. ADT is a Delaware corporation located at 2711 Centerville Road in Wilmington, DE 19808.

5. ADT's corporate headquarters are located at One Town Center Road in Boca Raton, Florida, 33486.

6. At all relevant times, ADT has conducted business in Illinois, solicited business in Illinois, engaged in a persistent course of conduct in Illinois, or has derived substantial revenue from services rendered in Illinois.

## JURISDICTION

7. The District Court has original jurisdiction pursuant to 28 U.S.C. 1332(d)(2)(A) because, on information and belief, the matter in controversy is believed to exceed the sum or value of $5,000,000 for the class, exclusive of interests and costs, and is a class action in which a member of the plaintiff class is a citizen of a state different from the defendant.

2

8.   The District Court also has federal question jurisdiction over these claims pursuant to 28

U.S.C. 1331. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 466 (7th Cir. 2005).

## THE LEGAL BASIS OF THE CLASS CLAIMS

9.   The claims of the Plaintiffs, and the class of persons they seek to represent, arise pursuant to

the provisions of the TCPA, a federal statute enacted to prohibit unreasonable invasions of privacy via

certain telemarketing practices.

10. The TCPA specifically prohibits the use of an unsolicited pre-recorded phone message to

residential homes to advertise the sale of goods and services.  47 U.S.C. § 227(b)(1)(B); 47 C.F.R.

§64.1200.

11. It is also a violation of the TCPA to call a person's cellular telephone using an automatic

telephone dialing system or prerecorded or artificial voice message.  47 U.S.C. § 227(b)(1)(A)(iii);

12. Under the TCPA, as interpreted by the Federal Communications Commission, a person or

entity can be liable for calls made on its behalf even if that person or entity did not directly place those

calls.

13. The Federal Communications Commission has explained that its "rules generally establish

that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations."

*See* *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,*

*Memorandum and Order, 10 FCC Rcd. 12391, 12397, Paragraph 13 (1995).*

14. In 2005, the FCC reiterated that "a company on whose behalf a telephone solicitation is

made bears the responsibility for any violation of our telemarketing rules and calls placed by a third

party on behalf of that company are treated as if the company itself placed the call." *See* *Rules and*

*Regulations Implementing the Telephone Consumer Protection Act of 1991: Request of State Farm*

PIEDMONT TRIAD AREA
08 APR 2013 PM 3 L

Liberty
FOREVER

Robocall Settlement Administrator
OBJECTIONS
PO Box 170527
Milwaukee, WI 53217

53217804627

MAY 1 4 2013

5/9/13

I Luis Navarrette Object
To the Settlement Amount
To CASE # 1ill-ev-1925

VISHVA Desal & Philip J. Charvat,
~~On~~ Due To The FAct That
it WAS my Number that WAS
being tArgeted. I would like
To have the Remaining Funds
divided up equelly between
myself & my Representives

Thank You!
Luis Navarrette

5518 S. Robin Ave.
Tucson AZ, 85746
Phone # (520) 883-1555
Land line

L. NAVarrette
5518 S. Robin Ave,
Tucson Az,
    85746

PHOENIX AZ 852

11 MAY 2013 PM 9 1

Freedom
FOREVER

Settlement ADministrator
Robocall Settlement Administrator
OBJECTIONS, P.O. Box 170527
milwaukee, WI,
    53217

53217804627

MAY 1 5 2013

May 11, 2013

To Whom It May Concern,

Hi my name is Tyrone Tennyson, me and my family (befoe they passed) have been harassed on numerous accounts from telemarketing services and ADT happens to be one. Everyday American citizens such as myself are being hound about different services from corporations about how they can benefit us. With no knowledge of how they recieved our telephone number.

ADT is persistent in getting there motto and soliciting schemes across to those who aren't interested. They even come to your house, knock on your door & sometimes if your not home they'll leave things (flyers) to inform you that they were at your residence.

Question, when will it stop the phone calls, the door to door, etc... All the methods & schemes to persuade a person who isn't interested in there services. I'm a young man who was raised by his grandparents (deceased). I'm steady being harassed by telemarketers. So I honestly feel your offer isn't enough to compensate for the harassment and my lost.      5.11.13

Case: 1:11-cv-01925 Document #: 240-2 Filed: 06/07/13 Page 44 of 49 PageID #:3186

# Telephone Consumer Protection Act of 1991

From Wikipedia, the free encyclopedia

The **Telephone Consumer Protection Act of 1991** (TCPA) was passed by the United States Congress in 1991 and signed into law by President George H. W. Bush as Public Law 102-243. It amended the Communications Act of 1934. The TCPA is codified as 47 U.S.C. 227. The TCPA restricts telephone solicitations (i.e., telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems—principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

## Contents

- 1 General provisions
- 2 Unusual statutory provision
- 3 Major court cases
- 4 See also
- 5 References
- 6 Law review articles
- 7 External links

# General provisions

Unless the recipient has given prior express consent, the TCPA and Federal Communications Commission (FCC) rules under the TCPA generally:[1]

- Prohibits solicitors from calling residences before 8 a.m. or after 9 p.m., local time.
- Requires solicitors maintain a "do-not-call" (DNC) list of consumers who asked not to be called; the DNC request must be honored for 5 years.
- Requires solicitors honor the National Do Not Call Registry.
- Requires solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.
- Prohibits solicitations to residences that use an artificial voice or a recording.[2]
- Prohibits any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.[3]
- Prohibits autodialed calls that engage two or more lines of a multi-line business.
- Prohibits unsolicited advertising faxes.
- In the event of a violation of the TCPA, a subscriber may sue for up to $1,500 for each violation or to recover actual monetary loss, whichever is higher. In addition, the subscriber may seek an injunction.

The FCC's initial do-not-call list regulations were ineffective at proactively stopping unsolicited calls because the consumer had to make a do-not-call request for each telemarketer. This burden was lifted by the Do-Not-Call Implementation Act's establishment of the National Do Not Call Registry and adoption

**ROBOCALL SETTLEMENT**

PLEASE CUT ON THE DOTTED LINE PRIOR TO SUBMISSION

| |
|---|
| **DUE POSTMARKED NO LATER THAN JUNE 10, 2013** |

For Official Use Only

**TYRONE TENNYSONHALL**
**12921 SAINT MARYS ST**
**DETROIT, MI 48227-4909**

**PHONE NUMBER CALLED (313) 454-6346**
**DATE OF CALL 2011-03-01**

## PROOF OF CLAIM FORM

To receive a payment from the Settlement Fund you must complete and return this Proof of Claim Form ("Claim Form"). **IMPORTANT NOTE: You must return this Claim Form or submit an online Claim Form to receive payment.**

Please complete the Claim Form and return it by one of the following methods:

1. Online by visiting RobocallSettlement.com and completing an online Claim Form no later than midnight, U.S. Eastern Standard Time, on **June 10, 2013**.

2. By mail to the Settlement Administrator, completed, signed, and postmarked no later than **June 10, 2013**, sent to the following address: ROBOCALL SETTLEMENT ADMINISTRATOR, c/o A.B. DATA, LTD., PO BOX 170600, MILWAUKEE, WI 53217.

3. By email to the Settlement Administrator at info@RobocallSettlement.com no later than midnight, U.S. Eastern Standard Time, on **June 10, 2013**. If you use email, you must send the Claim Form in a format that includes a legible signature.

   **NOTE: Each household is entitled to make only one claim regardless of the number of telephone calls received.**

4. In addition, you must certify the following statements:

   **I was the registered user of the above telephone number on the date provided (information in top-left corner of page).**

   Please check only one   YES __✓__          NO _____

**I certify that the foregoing statements are true to the best of my knowledge.** I understand that the Settlement Administrator has the right to verify my responses and dispute any claims that are based on inaccurate responses.

_____          _____
Signature                                                              Date

**Print name and/or address below, if different from above**

Last name (or business name)                              First name

*Tennyson*                                                          *Tyrone*

Current street address (line 1)

*12921 St. Marys*

Current street address (line 2)

City                                          State        Zip code

*Detroit*                                    *MI*          *48227 -*

FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**VISHVA DESAI and PHILIP J. CHARVAT, on**
**behalf of themselves and others similarly situated,**
      **Plaintiffs,**

**v.**

                                    **Case No. 1:11-cv-1925**

**ADT SECURITY SERVICES, INC.,**
      **Defendant.**

## NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT

### PLEASE READ THIS NOTICE CAREFULLY.
### IT EXPLAINS THAT YOU MAY BE ENTITLED TO RECEIVE A PAYMENT FROM SETTLEMENT FUNDS.
### THIS IS NOT NOTICE OF A LAWSUIT AGAINST YOU.

**WHY DID I GET THIS NOTICE?**
This is a Notice of a Proposed Settlement ("Notice") in a class action lawsuit. The Settlement would resolve a lawsuit brought on behalf of individuals who received telemarketing phone calls that either (1) delivered a pre-recorded message or (2) were made to a cell phone using automated dialing equipment (commonly referred to as "robocalls"), which allegedly were made by Persons or entities seeking to sell products and services of ADT Security Services, Inc. (now known as The ADT Corporation or ADT, LLC, collectively "ADT" or "ADT Security Services, Inc."). You were identified as someone who may have received one of these phone calls since January 1, 2007, based on telephone records obtained in the lawsuit.

**WHAT IS THIS LAWSUIT ABOUT?**
The lawsuit alleges that certain ADT Authorized Dealers or lead generators, seeking to sell ADT's products and services, made numerous calls that violate the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. ADT contests the claims in the Complaint and denies that it authorized or is responsible for the acts of those who made the phone calls.

**WHY IS THIS A CLASS ACTION?**
In a class action, one or more people, called "Class Representatives," sue on behalf of people who have similar claims. All of these people together are a "Class" or "Class Members." The Settlement, if approved by the Court, resolves the issues for all Class Members, except for those who exclude themselves from the Class.

**WHY IS THERE A SETTLEMENT?**
The Court did not decide in favor of the Plaintiffs or the Defendant. Instead, both sides have agreed to a settlement. This avoids the cost, risk and delay of trial. Under the Settlement, Class Members will have the opportunity to obtain a payment in exchange for giving up certain legal rights. The Class Representatives and their attorneys think the Settlement is best for all Class Members. ADT has not conceded it is liable for the calls by settling, but is instead agreeing to settle to avoid the costs and risks associated with litigation.

**WHAT DOES THE SETTLEMENT PROVIDE?**
The total amount of the Settlement Fund is $15,000,000.00. The lawyers who brought this lawsuit (listed below) will ask the Court to award them 33 1/3% of the Settlement Fund, plus expenses for the substantial time, costs, and effort they put into this case. The Class Representatives also will apply to the Court for payments, in the total amount of $30,000.00, each, for their service to the Class. Any amount awarded will be paid from the Settlement Fund. The Settlement Fund will also cover costs associated with notice and administration of the Settlement. These costs include the cost of publishing and mailing the Notice, as well as the costs of processing claims, maintaining the Settlement website, and mailing Settlement checks.

**WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?**
Unless you exclude yourself from this Settlement, you will be considered a member of the Class, which means you give up your right to sue or continue a lawsuit against ADT, its Authorized Dealers, and others, including anyone who made a call seeking to sell ADT's products or services ("Released Parties"), related to past phone calls and other communications that violate state or federal law and relate to ADT goods or services. Giving up your legal claims is called a release. Unless you formally exclude yourself from this Settlement, you will release your claims whether or not you submit a Claim Form and receive payment.

**WHAT ARE MY OPTIONS?**
(1) **Accept the Settlement**. To accept the Settlement, send in a complete and timely Claim Form. A Claim Form is enclosed with this Notice. You also may obtain a Claim Form at RobocallSettlement.com or submit an online claim at the same website. You also may email the Claim Form to the Settlement Administrator at info@RobocallSettlement.com. If the Settlement is approved, a check will be mailed to you.

**(2) Exclude yourself** — If you opt out of the settlement, you will not receive any cash payment, and you will not release any claims you may have against the Released Parties. If you opt out, you will be free to pursue whatever legal rights you may have by pursuing your own lawsuit against the Released Parties at your own risk and expense. To exclude yourself from the Settlement, you must mail a signed letter to the Settlement Administrator at Robocall Settlement Administrator, EXCLUSIONS, PO Box 170527, Milwaukee, WI 53217, postmarked by **May 13, 2013**, stating your full name, address, telephone numbers, whether each telephone number is a cellular phone or a residential landline, the number of telephone calls you received, the name and case number of the case, and that you exclude yourself from the Settlement.

**(3) Object to the Settlement.** If you object to the Settlement, submit your objection in writing to the Clerk of the Court of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. The objection must be received by the Court no later than **May 13, 2013**. You must also send a copy of your objection to the Settlement Administrator at Robocall Settlement Administrator, OBJECTIONS, PO Box 170527, Milwaukee, WI 53217, postmarked by **May 13, 2013**. Any objection to the proposed Settlement must be a complete written statement of all grounds for the objection, together with factual and legal support for the stated objection, and attaching a copy of any documents supporting the objection, along with your full name, address, telephone numbers, and whether each telephone number is a cellular phone or a residential landline. You may appear at the Final Approval Hearing, to be held on **June 21, 2013, at 1:30 p.m.**, in person or through counsel to show cause of why the proposed Settlement should not be approved as fair, reasonable, and adequate. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, and/or the request for attorneys' fees, and/or the request for compensation awards to the Class Representatives are required to indicate in their written objection their intention to appear at the hearing on their own behalf or through counsel, and state the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Approval Hearing.

**HOW MUCH WILL I BE PAID?**
If the Court approves the Settlement, every Class Member who submits a timely and valid Claim Form will be entitled to an equal payment from the Settlement Fund. The amount of your payment will depend on how many Class Members return Claim Forms.

Each household is entitled to make only one claim regardless of the number of telephone calls received. It is estimated based on typical response rates that each claimant is likely to receive between $50.00 and $100.00, but the amount could be higher or lower based on the actual number of valid Claim Forms submitted by Class Members. However, in no event will you be entitled to receive more than the statutory maximum of $500.00.

**WHEN WILL I BE PAID?**
If the Court approves the Settlement, you will be paid as soon as possible after the court order becomes final. If there is an appeal of the Settlement, payment may be delayed. The Settlement Administrator will put information about the timing of payment at RobocallSettlement.com.

**WHAT IF I DO NOTHING?**
If you do nothing, you will get no money from the Settlement Fund. Unless you exclude yourself from the Settlement, you will not be able to sue or continue a lawsuit against the Released Parties regarding the legal issues in this Case.

**WHAT WILL HAPPEN IF THE COURT DOES NOT APPROVE THE SETTLEMENT?**
If the Court does not approve the Settlement, or if it approves the Settlement and the approval is reversed on appeal, or if the Settlement does not become final for some other reason, you will not be paid at this time and the case will continue, which may or may not be in the form of a class action. The parties may negotiate a different settlement or the case may go to trial.

**WHO REPRESENTS THE CLASS?**
The attorneys who have been appointed by the Court to represent the Class are:

| | | | | |
|---|---|---|---|---|
| John W. Barrett<br>Jonathan Marshall<br>BAILEY & GLASSER LLP<br>209 Capitol Street<br>Charleston, WV 25301 | Brian K. Murphy<br>Joseph F. Murray<br>MURRAY MURPHY<br>MOUL + BASIL LLP<br>1533 Lake Shore Drive<br>Columbus, OH 43204 | Alexander E. Burke<br>BURKE LAW<br>OFFICES, LLC<br>155 N. Michigan Ave.<br>Suite 9020<br>Chicago, IL 60601 | Matthew P. McCue<br>THE LAW OFFICE<br>OF MATTHEW<br>P. MCCUE<br>1 South Avenue<br>Third Floor<br>Natick, MA 01760 | Edward A. Broderick<br>Anthony I. Paronich<br>BRODERICK LAW, P.C.<br>125 Summer Street<br>Suite 1030<br>Boston, MA 02110 |

**WHERE CAN I GET ADDITIONAL INFORMATION?**
This Notice is only a summary of the proposed Settlement of this lawsuit. You can obtain a copy of the Settlement Agreement at RobocallSettlement.com and other documents relevant to the Settlement. All pleadings and documents filed in Court may be reviewed or copied in the Office of the Clerk. Please do not call the Judge or the Clerk of the Court about this Case. They will not be able to give you advice on your options.

DATED: FEBRUARY 19, 2013
By order of: Honorable Elaine E. Bucklo, District Court Judge, United States District Court, Northern District of Illinois

**ROBOCALL SETTLEMENT ADMINISTRATOR**
**c/o A.B. DATA, LTD.**
**PO BOX 170400**
**MILWAUKEE, WI 53217**

PRESORTED
FIRST CLASS
U.S. POSTAGE
PAID
CAROL STREAM, IL
PERMIT NO 1984

### COURT-APPROVED NOTICE REGARDING ROBOCALL CLASS ACTION SETTLEMENT

**\*\*\*\*\*\*\*\*\*\*\*AUTO\*\*5-DIGIT 48227**

F01R03-0680471-0340304A          30/1749/3600

**TYRONE TENNYSONHALL**
**12921 SAINT MARYS ST**
**DETROIT, MI 48227-4909**



13119034

**DATED MATERIAL–PLEASE OPEN IMMEDIATELY**

ROBO_IN4_50050

Tyrone D Tennyson
12921 Saint Marys St.
Detroit, MI 48227-4909

METROPLEX MI 480

13 MAY 2013 PM 14 L

Settlement Administrator
at
Robocall Settlement Administrator,
OBJECTIONS,
PO Box 170627,
Milwaukee, WI 63217

53217804627