IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**VISHVA DESAI and PHILIP J. CHARVAT**, on
behalf of themselves and others similarly
situated,

        Plaintiffs,

        v.

**ADT SECURITY SERVICES, INC.,**

        Defendant.

Case No. 1:11-cv-1925

## FINAL ORDER OF JUDGMENT AND DISMISSAL

This matter coming to be heard on Plaintiffs Vishva Desai and Philip J. Charvat's (collectively, "Plaintiffs") Unopposed Motion for Final Approval of Class Action Settlement ("Motion"), due and adequate notice having been given to the Settlement Class, and the Court having considered all papers filed and proceedings in this matter, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

        1.    All capitalized terms in this Final Order of Judgment and Dismissal shall have the same meaning as ascribed to them in the Settlement Agreement and Release, unless otherwise noted.

        2.    This Court has jurisdiction over the subject matter of the Action and personal jurisdiction over all parties to the Action, including all Settlement Class Members.

        3.    The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated February 19, 2013, and notice was given to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order.

4. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class and the defendant, ADT Security Services, Inc. ("ADT") (now known as The ADT Corporation or ADT, LLC (collectively "ADT" or "ADT Security Services, Inc."), and supporting declarations. The Court has also read and considered any written objections filed with the Clerk of the Court by Settlement Class Members. The Court held a hearing on June 21, 2013, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

5. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. Specifically, the complex legal and factual posture of the Action, and the fact that the Settlement Agreement is the result of arms' length negotiations presided over by a neutral mediator support this finding.

6. Pursuant to Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following Settlement Class:

> All persons or entities who, at any time from January 1, 2007 through the date of the Settlement Agreement, received one or more Covered Calls. "Covered Calls" means either (1) a telemarketing call utilizing a pre-recorded message or (2) a telemarketing call to a cell phone that was made through the use of automated dialing equipment, where the call described in (1) and/or (2) relates in any way to ADT Security Services, Inc. Covered Calls include calls initiated or made by ADT or by someone acting or purporting to act on behalf of ADT, or calls initiated or made by someone seeking to sell products or services relating in any way to ADT, including calls made by ADT's Authorized Dealers, ADT's Authorized Telemarketers, ADT's Marketing Partners, or calls initiated or made by anyone seeking to sell leads relating to ADT, or any calls initiated or made by

anyone seeking to sell leads relating to ADT to anyone else, where the lead sought to be generated from the call ultimately could have been sold to ADT, ADT's Authorized Dealers, ADT's Authorized Telemarketers, or ADT's Marketing Partners, including but not limited to any calls made or caused to be made by Christopher Long (or any entity associated with Christopher Long), Oscar Montenegro (or any entity associated with Oscar Montenegro), EMI, Inc. (also known as European Marketing International and European Media International and Nationwide Media, Inc.) (collectively "EMI") (or anyone acting by, through, or with EMI), Direct Savings USA, LLC (or anyone acting by, through, or with Direct Savings USA, LLC), Direct Savings USA, Inc. (or anyone acting by, through, or with Direct Savings USA, Inc.), Paramount Media Group (or anyone acting by, through or with Paramount Media Group), Dynamic Interactive Corp. (or anyone acting by, through or with Dynamic Interactive Corp.), Pete Tolman, Leads Direct Marketing (or anyone acting by, through, or with Leads Direct Marketing), Voice Tel Corp. (or anyone acting by, through, or with Voice Tel Corp.), TM Caller ID (or anyone acting by, through, or with TM Caller ID), City VIP (or anyone acting by, through, or with City VIP), and JMB Enterprises (or anyone acting by, through, or with JMB Enterprises). Covered Calls included any such calls whether or not authorized by, approved by, or known by ADT.

7. Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, plaintiffs Vishva Desai and Philip J. Charvat are hereby appointed as class representatives and the following counsel are hereby appointed as Class Counsel:

Edward A. Broderick
Anthony I. Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA 02110

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Ave, Third Floor
Natick, MA 01760

Alexander E. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601

Brian K. Murphy
Joseph F. Murray
Murray Murphy Moul + Basil LLP
1533 Lake Shore Drive
Columbus, OH 43204

John W. Barrett
Jonathan Marshall
Bailey & Glasser, LLP
227 Capitol Street
Charleston, West Virginia 25301

8. With respect to the Settlement Class, this Court finds for settlement purposes only that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the class representatives, identified above, are typical of the claims of the Settlement Class; (d) the class representatives will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that (A) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (B) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (C) it is desirable to concentrate the claims in this forum; and (D) it is unlikely that there will be difficulties encountered in administering this Settlement. In the event the Settlement Agreement terminates pursuant to its terms for any reason, the conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and shall be null and void, and this Action shall revert to its status immediately prior to the execution of the Settlement Agreement.

9. The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Due Process, Federal Rule of Civil Procedure 23, and all applicable law.

10. The Court finds that ADT properly and timely notified the appropriate state and federal officials of the Settlement Agreement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of ADT's notices and accompanying materials, and finds that they complied with all applicable requirements of CAFA.

11. The persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Order of Judgment and Dismissal.

12. The Court orders the parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

13. The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiffs' and all Settlement Class Members' claims against ADT, and ADT's claims against third-party defendants Eversafe Security Systems Inc. and Safe Streets USA, LLC only. All other claims in the Action shall remain active, including ADT's other third party claims for indemnification. The Court adjudges that the Released Claims and all of the claims described in the Settlement Agreement are released against the Released Parties.

14. The Court adjudges that the Plaintiffs and all Settlement Class Members who receive money from the Settlement Fund under the Settlement Agreement shall be deemed to have fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties, as defined by the Settlement Agreement. The Court further adjudges that each Settlement Class Member who does not opt out of the Settlement, but for whatever reason does not receive money from the Settlement Fund, has nonetheless received valid consideration in the form of the additional measures ADT has undertaken regarding pre-recorded telemarketing calls, and they shall be deemed to have fully, finally and forever released relinquished and discharged all Released Claims against the Released Parties.

15. The Released Claims specifically extend to claims that Plaintiffs and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement Agreement, and the releases contained therein, become effective. The Court finds that Plaintiffs have, and the Settlement Class Members are deemed to have, knowingly waived California Civil Code section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases.

16. The Court further adjudges that upon the Effective Date, the above-described release of the Released Claims and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of, Plaintiffs and all other Settlement Class Members (who did not validly and timely opt out of the Settlement), and their respective affiliates, assigns, heirs, executors, administrators, successors and agents. The Released Parties may file the Settlement Agreement and/or this Final Order of Judgment and Dismissal in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of

*res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

        17.      Plaintiffs and Settlement Class Members (who did not validly and timely opt out of the Settlement) are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against anyone.

        18.      Without affecting the finality of this Final Order of Judgment and Dismissal in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and the Settlement Class members for the purpose of implementing and enforcing the Settlement Agreement, including the bar order set forth in paragraph 17.

        19.      The Court approves payment of attorneys' fees, costs and expenses to Class Counsel in the amount of $5,090,895.99. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Plaintiffs' counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons: First, the Court finds that the quantifiable value of the Settlement is at least $15 million and that the Settlement also provides additional unquantifiable but nevertheless

valuable benefits to Settlement Class Members in the form of changes to ADT's practices. The Court therefore considers the Settlement to provide substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Plaintiffs' counsel. Third, the Court concludes that the Settlement was negotiated at arms' length and without collusion, and that negotiation of the attorney's fees followed agreement on the settlement benefits for Settlement Class Members. Finally, the Court notes that the class notice specifically and clearly advised the class that Class Counsel, as a group, would seek the award.

20. The Court approves the incentive fee payments of $30,000 each for Philip J. Charvat and Vishva Desai and specifically finds such amount to be reasonable in light of the service performed by Plaintiffs for the class. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

21. Neither this Final Order of Judgment and Dismissal nor the Settlement Agreement shall be construed or used as an admission or concession by or against ADT or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Final Order of Judgment and Dismissal is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by ADT or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiffs, the Settlement Class Members, or ADT.

22. Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no just reason exists for delay in entering this Final Order of

Judgment and Dismissal.  Accordingly, the Clerk is hereby directed forthwith to enter this Final Order of Judgment and Dismissal.

It is so ordered, this_____day of June, 2013.

_____
U.S.  District Court Judge Elaine E. Bucklo
