IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VISHVA DESAI and PHILIP J. CHARVAT on behalf of themselves and others similarly situated, | |
| Plaintiffs, | |
| v. | |
| ADT Security Services, Inc., | |
| Defendant/Third-Party Plaintiff, | |
| v. | Case No. 1:11-cv-1925 |
| PETE TOLMAN, LEADS DIRECT MARKETING, VOICE TEL CORPORATION, CHRISTOPHER LONG, EMI, INC., JMB ENTERPRISES, CITY VIP, LLC, DIRECT SAVINGS, USA, INC., OSCAR MONTENEGRO, EVERSAFE SECURITY SYSTEMS, INC., SAFE STREETS USA, LLC, PARAMOUNT MEDIA GROUP, THE ELEPHANT GROUP, INC., AND UNKNOWN JOHN DOE DEFENDANTS I THROUGH XX, | Judge Bucklo<br>Magistrate Judge Keys |
| Third-Party Defendants. | |
| SAFE STREETS USA, LLC, SUCCESSOR BY MERGER TO EVERSAFE SECURITY SYSTEMS, INC., | |
| Fourth-Party Plaintiff, | |
| v. | |
| DIRECT SAVINGS USA, LLC, | |
| Fourth-Party Defendant. | |

## ADT'S OPPOSED MOTION TO STRIKE ELEPHANT GROUP'S ANSWER AS FILED WITHOUT LEAVE OF COURT *TWO YEARS* TOO LATE

Third-Party Plaintiff, ADT Security Services, Inc. ("ADT"), moves the Court pursuant to Rules 6(b) and 12(f) of the Federal Rules of Civil Procedure for an order striking the newly-filed answer [DE 274] of Third-Party Defendant Elephant Group, Inc., ("Elephant") to the Corrected Amended Third-Party Complaint [DE 121], and in support states:

### FACTS

ADT filed the current third-party complaint on October 28, 2011. [DE 121.] Elephant waived service on November 10, 2011, [DE 132] and timely moved to dismiss the complaint. [DE 169.] On September 26, 2012, the Court denied Elephant's motion with respect to ADT's contract claims. [DE 216.] Elephant was required to answer the contract claim 14 days after the Court's ruling. *See* FED. R. CIV. P. 12(a)(4)(A).

Elephant, however, waited until July 10, 2014, to serve its answer to the complaint, *nearly two years after it was due*. [DE 274.] Elephant did not serve a motion for leave to file a late answer, or otherwise offer any grounds on which the Court might find "excusable neglect" for the purposes of Rule 6(b) of the Federal Rules of Civil Procedure. Discovery closed in this case two months ago, on May 30, 2014. [DE 265.] Summary judgment motions are due on July 14 [DE 273] – *four days* after Elephant filed this new pleading.

### ARGUMENT

Rule 12(f) provides for the striking of insufficient pleadings, and is the "primary procedure" by which a plaintiff may challenge the sufficiency of a defendant's answer. 5C C. Wright & A. Miller, FED. PRAC. & PROC.: CIVIL 3d § 1380 (2014). As a matter of substance, an answer is insufficient if it is untimely filed, the defendant's lapse was not due to "excusable

neglect," and the lapse caused prejudice to the plaintiff. FED. R. CIV. P. 6(b)(2). As the Seventh Circuit recently stated:

> The Supreme Court has concluded that the determination of "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." The factors to consider include the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant had acted in good faith.

*Lewis v. School District #70*, 523 F.3d 730, 740 (7th Cir. 2008), *quoting Pioneer Investment Services Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993); *see Calumet Lumber Inc. v. Mid-America Industrial, Inc.*, 103 F.3d 612, 614, 616-17 (7th Cir. 1997). As *Lewis* suggests, courts typically excuse late-filed answers where "the delay was short," and the plaintiff "did not suffer prejudice." *Mommaerts v. Hartford Life & Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007).

These factors should lead the Court to strike DE 274. Defendant did not move for leave to file a late answer. Defendant offers no grounds whatsoever by which the Court might find excusable neglect. Even setting aside the egregious passage of 21 months before answering, Elephant's failure to ask the Court for permission to serve a late answer, and its failure to offer the Court or ADT any explanation for its neglect, is reason enough to strike the pleading.

Moreover, the prejudice is obvious, as is the havoc the new answer will wreak with this case and the Court's schedule, should the Court permit it. Defendant missed the deadline not by a few days, but by two years. Defendant waited until two months after the close of discovery, and four days before the submission of summary judgment motions, to file an answer. The delay prejudices ADT in several ways. First: The late answer makes it impossible to serve discovery within the confines of the current schedule to test the answer's allegations. In many

instances, the new answer claims Elephant lacks information adequate to frame a response, even after two years of litigation and the close of discovery.

Second: ADT relied on Elephant's decision not to contest the factual allegations of the complaint. Rule 8(b) provides that allegations that are not denied are deemed admitted. See FED. R. CIV. P. 8(b)(6). As Rule 8 provides, ADT built its discovery and pretrial work around the understanding that Elephant had not contested the allegations of its complaint, and that those allegations are now established in this case.

Third: ADT filed its third-party complaint nearly three years ago. It is a simple claim for indemnity. The case is ready for trial, if the Court does not grant summary judgment. If defendant is permitted to serve an answer at this very latest hour, in violation of Rules 6, 8 and 12, then ADT will be forced to choose between going to trial with no opportunity to test the answer's contentions, or asking the Court to delay the case so the parties may repeat discovery in the light of those contentions. Both options prejudice ADT.

Given the clear prejudice this answer will cause ADT, and the disruption it will cause to the case, it is hard to imagine *any* set of facts that might constitute excusable neglect under *Lewis* or *Pioneer Investment Services* – but Rule 6(b) requires Elephant to explain itself regardless. The Court deserves to know the reasons for Elephant's extraordinary pleading. Absent truly compelling reasons for Elephant's two-year delay in serving its answer, the Court should strike the new answer forthwith.

## CONCLUSION

Third-Party Plaintiff, ADT Security Services, Inc. respectfully requests this Court grant its motion and strike the late-filed answer [DE 274] of Third-Party Defendant, Elephant Group, Inc., and grant any further relief that is just and equitable.

Dated: July 11, 2014

        Respectfully submitted,

        POLSINELLI PC

        By: /s/ John A. Leja
            John A. Leja (ARDC # 6256269)
            161 N. Clark Street, Suite 4200
            Chicago, IL 60601
            (312) 819-1900
            (312) 819-1900 *facsimile*
            Email: jleja@polsinelli.com
            Cook County Atty. No. 47375

        Of Counsel:

        Charles Sanders McNew

        NcNew P.A.

        2385 Nw Executive Center, Suite 100

        Boca Raton, FL 33431

        (561) 299-0257

        E-mail: mcnew@mcnew.net

        *Attorneys for Defendant/Third-Party Plaintiff*

        *ADT Security Services, Inc. (n/k/a The ADT*

        *Corporation or ADT, LLC)*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on July 11, 2014, he caused the foregoing **ADT'S OPPOSED MOTION TO STRIKE ELEPHANT GROUP'S ANSWER AS FILED WITHOUT LEAVE OF COURT *TWO YEARS* TOO LATE** to be filed electronically with Court's CM/ECF system. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system.

/s/ John A. Leja