IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VISHVA DESAI and PHILIP J. CHARVAT,
on behalf of themselves and others similarly
situated

        Plaintiffs,

v.

ADT SECURITY SERVICES, INC.

        Defendant/Third Party Plaintiff,

v.

MR. PETE TOLMAN, LEADS DIRECT MARKETING, DIRECT SAVINGS USA, INC., MR. CHRISTOPHER LONG, EMI, INC., JMB ENTERPRISES, CITY VIP, LLC, MR. OSCAR MONTENEGRO, EVERSAFE SECURITY SYSTEMS, INC., SAFE STREETS USA, LLC AND UNKNOWN JOHN DOE DEFENDANTS I THROUGH XX

        Third Party Defendants.

Case No. 1:11-cv-1925

Judge Bucklo
Magistrate Judge Keys

**THIRD PARTY DEFENDANT PARAMOUNT MEDIA GROUP'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

      Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, Third Party Defendant Paramount Media Group hereby gives notices of serving the attached Responses to Plaintiffs' First Set of Interrogatories ("Interrogatories") and First Request for the Production of Documents.

                                                           _____
                                                           REBECCA F. BRATTER (Fla. Bar No. 685100)
                                                           Rebecca.Bratter@gmlaw.com
                                                           GREENSPOON MARDER, P.A.
                                                           100 W. Cypress Creek Road, Suite 700
                                                           Fort Lauderdale, FL 33309
                                                           Telephone No. 954-491-1120; Fax 954-343-6952
                                                           *Attorneys for Paramount Media Group, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered, via Electronic mail and Federal Express to the following on this 24th day of January, 2012

**ATTORNEYS FOR PLAINTIFF:**
Edward A. Broderick
Broderick Law, P.C.
727 Atlantic Avenue
Second Floor
Boston, MA 02111
(617) 738-7080
Email: ted@broderick-law.com

**ATTORNEYS FOR ADT SECURITES SERVICES, INC.**
**Michael E Baughman**
**Robert L. Hickok**
Pepper Hamilton, LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4969
Email: baughmam@pepperlaw.com
Email: hickokr@pepperlaw.com

REBECCA F. BRATTER

## ANSWERS INTERROGATORIES

**Interrogatory No. 1:** Identify by name and address all persons who have or may have information or knowledge of any fact or claim alleged in Plaintiffs' Amended Complaint or ADT's Third Party Complaint and provide a detailed description of the information or knowledge possessed by each person.

Response: Paramount has no further information in this regard other than what was previously submitted in response to Plaintiff's subpoena on October 11, 2011.

**Interrogatory No. 2:** Describe in detail your relationship with EMI, Inc., Chris Long, and any other corporation owned, operated by, or that employs Chris Long. Include in your response, an explanation of your relationship and a summary of each contact you had with Chris Long, including the contract entered into with Chris Long.

Response: Paramount has no knowledge regarding Chris Long. EMI was a lead broker that Paramount indentified from Craig's List.

**Interrogatory No. 3:** Identify the person or persons responsible for receiving, maintaining, investigating and responding to consumer complaints submitted to you relating to the alleged illegal or inappropriate telemarketing being conducted by you, your marketers, lead generators, or any third parties concerning ADT good or services.

Response: Ryan Neil

**Interrogatory No. 4:** Identify by trade name and address, corporate name, e-mail, phone number and address, and by the name of principal, all ADT Authorized Dealers; Authorized Marketers or Authorized Telemarketers that have engaged or consulted you in the last five years.

Response: Saveology

**Interrogatory No. 5:** Identify all Caller ID numbers and/or ANIs that appear on the outbound telemarketing calls that any entity identified in response to Interrogatory No. 2 has

3

made since 2007 to the present date. Include in this response to phone company(ies) utilized to transmit these calls, and the respective date you utilized these company(ies).

Response: Paramount has no further information in this regard other than what was previously submitted in response to Plaintiff's subpoena on October 11, 2011.

**Interrogatory No. 6:** Identify all communications that relate to telemarketing of ADT products or services. Include the type of communication, the date/time of the communication, all persons involved, any document commemorating or recording the communication and the substance of the communication.

A full response would include but not be limited to:

a) Internal communications, including entails, memos, telephone conversations and meetings;
b) Communications between you (your agents or lawyers) and ADT or its agents or lawyers;
c) Communications between you and Direct Savings USA;
d) Communications between you and Eversafe Security Systems;
e) Communications between you and any third party that made or allegedly made telemarketing calls regarding ADT products and services, WITHOUT REGARD to whether ADT was mentioned in the telemarketing message;
f) Communications between you and any person involved in any aspect of telemarketing, including but not limited to companies that communicate or administer "cloud" servers, providers of telephone, caller identification or ANI service, providers of do-not-call services, independent contractors, agents, sub-agents affiliates, persons who provided lists of telephone numbers to be called,

Response: Paramount has no further information in this regard other than what was previously submitted in response to Plaintiff's subpoena on October 11, 2011.

**Interrogatory No. 7:** Identify and provide the total number of calls, for any and all calls that fits into the following set:

- Any call advertising ADT goods or services (regardless of whether **ADT** was mentioned in the call), where a predictive dialer or prerecorded message or both was used, where the call was made at any time between April 18, 2007 and the present.

For purposes of this interrogatory, "identify" means to provide all information you have regarding the call, including but not limited to: who made the call, the phone number called, the date and time, the duration of the call and all sources from where the phone number called

4

was obtained.

Response: None.

**Interrogatory No. 8:** If you contend that you had the recipient's "prior express consent" or that you had an "existing business relationship", or that you were privileged or permitted to make any call that is responsive to the previous interrogatory, please identify all documents, data, testimony, and all other types of facts and forms of proof that support or refute this contention for each call. Cite to BATES numbers. If documents, testimony or other things that relate to such defense are in the hands of some other party, identify the responsive items, and identify who is in custody, possession or control of such, and your relationship with such person.

Response: None. Paramount did not conduct outbound calls as a part of its security program with Saveology.

**Interrogatory No. 9:** State whether any documents responsive to this Request for Production of Documents have been destroyed or lost, or cannot be accounted for. If your answer to the preceding is anything other than an unqualified negative, please:

(a) identify each and every document which was destroyed or lost, or is unaccounted for;
(b) state when the Plaintiff believes the document(s) was destroyed or lost, or became unaccounted for;
(c) state what reason or explanation the Plaintiff has, if any, for the destruction, loss, or inability to account for the document(s) identified in sub-part (a); and
(d) identify the persons who are most knowledgeable about the information in sub-parts (a) through (c) of this Interrogatory.

Response: No documents were destroyed in this case, however, some documents may not be available because of Paramount's internal record retention policy.

Case No. 1:11-cv-1925

## VERFICATION

I have read the foregoing responses to Plaintiffs' First Request for Production and know its contents. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

PARAMOUNT MEDIA GROUP
By: _[signature]_
Title: President Paramount Media group LLC
Date: 1/24/11

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1:** All documents which identify the entity or individual who you retained, that has transmitted, or may be associated with any complaint made to you, regarding pre-recorded phone messages relating to ADT goods or services, at any time in the last five years.

Response:   Paramount has no further information in this regard other than what was previously submitted in response to Plaintiff's subpoena on October 11, 2011.

**Request No. 2:** All documents, including correspondence, sent to, or received from, any individual or entity identified in Request No. 1, at any time in the past five years.

Response:   Paramount has no further responsive documents other than what was previously produced in response to Plaintiff's subpoena on October 11, 2011.

**Request No. 3:** A copy of any pre-recorded message utilized by you, your marketers, lead generators, or any third parties concerning ADT good or services at any time in the past five years.

Response:   None.

**Request No. 4:** All documents relating to complaints made to you in any way relating to allegations of unlawful telemarketing that also relate to ADT goods or services.

Response:   Paramount has no further responsive documents other than what was previously produced in response to Plaintiff's subpoena on October 11, 2011.

**Request No. 5:** All documents concerning you, or any agent or third party, using auto-dialers or telemarketing via pre-recorded voice message.

Response:   None.

**Request No. 6:** All documents concerning the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA"), including Complaints, as it relates to telemarketing done by you or any agent, marketers, lead generators, or any third parties relating to ADT goods or services.

Response:   Paramount has no further responsive documents other than what was

previously produced in response to Plaintiff's subpoena on October 11, 2011.

**Request No. 7:** All documents concerning internal investigations conducted by you or on your behalf concerning complaints regarding the TCPA or allegedly unlawful telemarketing calls done by you or any agent, marketers, lead generators, or any third parties relating to ADT goods or services.

Response: Paramount has no further responsive documents other than what was previously produced in response to Plaintiff's subpoena on October 11, 2011.

**Request No. 8:** All documents reflecting or relating to any correspondence between you and Chris Long, including, but not limited to those made with EMI, Inc.

Response: Paramount has no knowledge of Chris Long. Regarding EMI, Paramount has no further responsive documents other than what was previously produced in response to Plaintiff's subpoena on October 11, 2011.

**Request No. 9:** All contracts and documents concerning agreements entered into between you and any person who has ever used telemarketing with regard to ADT good or services, including, but not limited to Chris Long and EMI, Inc.

Response: Paramount has no knowledge of Chris Long. Regarding EMI, Paramount has no further responsive documents other than what was previously produced in response to Plaintiff's subpoena on October 11, 2011.

**Request No. 10:** All documents concerning your record-retention policies regarding telemarketing.

Response: Paramount has no further responsive documents other than what was previously produced in response to Plaintiff's subpoena on October 11, 2011.

**Request No. 11:** All documents relating to any sales awards or recognition in any way relating to ADT.

Response: None.

**Request No 12:** All documents concerning ADT and telemarketing. A full response

will include but not be limited to correspondence and communications between you and ADT, communications between your lawyers and ADT's lawyers, regarding this or any other lawsuit, settlement, allegation or demand relating to telemarketing calls advertising ADT products or services.

>Response: Paramount has no further responsive documents other than what was previously produced in response to Plaintiff's subpoena on October 11, 2011.
>
>**Request No. 13:** All documents concerning any call that fits into the following set:
>
>- Any call advertising ADT goods or services (regardless of whether ADT was mentioned in the call), where a predictive dialer or prerecorded message or both was used, where the call was made at any time between April 18, 2007 and the present.
>
>Response: None.
>
>**Request No. 14:** For any call responsive to document request 13, please provide all documents that relate to the idea that you, ADT or any other relevant party had the recipient's prior express consent to receive such call(s), or had an existing business relationship with the recipient.
>
>Response: None.
>
>**Request No. 15:** All documents that relate to any affirmative defense you raise.
>
>Response: Paramount has not yet answered the Complaint.
>
>**Request No. 16:** All documents that identify the names and web-sites of all entities with which you are affiliated in any way relating to ADT.
>
>Response: None.
>
>**Request No. 17:** All documents evidencing or relating to your maintenance of an internal Do Not Call list and all documents evidencing you providing that to any agent, marketers, lead generators, or any third parties relating to ADT goods or services.

Response:     Paramount has no knowledge of Chris Long. Regarding EMI, Paramount has no further responsive documents other than what was previously produced in response to Plaintiff's subpoena on October 11, 2011. Further, Paramount did not conduct outbound calls as a part of its security program with Saveology.

**Request No. 18:** All documents concerning your monitoring of outbound telemarketing campaigns conducted by any person, including but not limited to, any agent, marketers, lead generators, or any third parties relating to ADT goods or services.

Response:     None. Paramount did not conduct outbound calls as a part of its security program with Saveology.

**Request No. 19:** All documents concerning any attempt by ADT to investigate you or any agent, marketers, lead generators, or any third parties relating to ADT goods or services.

Response:     Paramount has no further responsive documents other than what was previously produced in response to Plaintiff's subpoena on October 11, 2011.

**Request No. 20:** All documents sent to or received from any third party monitoring services used, including monthly reports from any such third-party monitoring service to you or any other person, as to ADT-related calls.

Response:     Paramount has no further responsive documents other than what was previously produced in response to Plaintiff's subpoena on October 11, 2011.

**Request No. 21:** All documents concerning reports of outbound telemarketing campaigns conducted by any agent, marketers, lead generators, or any third parties relating to ADT goods or services.

Response:     None. Paramount did not conduct outbound calls as a part of its security program with Saveology.

**Request No. 22:** All documents sent to or received from the FTC relating to the Consent Decree.

Response:     All responsive documents, if any, were previously produced by

Paramount in response to Plaintiff's subpoena on October 11, 2011.

**Request No. 23:** Produce, for each person you may call as an expert witness, the following documents:

- (a) All documents upon which the witness relied in forming his/her opinions in this matter.
- (b) All documents reviewed by the witness in connection with this matter.
- (c) All documents written or prepared by the witness (or under his/her supervision) in connection with this matter, including but not limited to any notes, reports or drafts of reports.
- (d) All documents that the witness received from counsel in connection with this matter.
- (e) All correspondence, including e-mails, with counsel.
- (f) The witness's complete file pertaining to this matter.
- (g) All documents reflecting or constituting any research the witness conducted in connection with this matter.
- (h) The witness's current resume or curriculum vitae.
- (i) A list of cases in which the witness has testified, either at trial or in deposition, in the last four years.
- (j) A list of all academic, scientific or other literature or any other source of information upon which the witness has relied on in reaching his/her opinions.
- (k) A list of all publications by the witness, if not included on the curriculum vitae.
- (l) All invoices sent to counsel in this matter.

Response: Paramount has not yet identified any experts at this time.

7603878_1.DOC

7603878 .17893.0010v1