UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VISHVA DESAI and PHILIP J. CHARVAT, on
behalf of themselves and others similarly situated

Plaintiffs,

vs.

ADT SECURITY SERVICES, INC.

Defendant.

Case No. 1:11-cv-1925

Judge Bucklo

Magistrate Judge Keys

JURY DEMANDED

## <u>PLAINTIFFS' ANSWERS TO INTERROGATORIES</u>

Plaintiffs Vishva Desai and Philip Charvat respond to the Interrogatories propounded by

ADT Security Services, Inc., as follows:

1.      Identify by name and address all persons who have or may have information or

knowledge of any fact or claim alleged in the Amended Complaint, and provide a detailed

description of the information or knowledge possessed by such person.

**RESPONSE: <u>OBJECTION:</u>** The plaintiffs object to this request to the extent it calls

for the production of information that is attorney work product.  Subject to and without waiving

this objection the plaintiffs state as follows:

- Philip Charvat, 636 Colony Drive, Westerville, Ohio.  Mr. Charvat has knowledge as to the substantive nature of the calls at issue; that the calls were received via pre-recorded voice; that no consent was given to receive such calls, and there was no established business relationship between Mr. Charvat and ADT.

- Vishva Desai, 2128 W. Dickens Ave., Apartment 2R, Chicago, IL 60647.  Ms. Desai has knowledge as to the substantive nature of the call at issue; that the call was received on her cell-phone via pre-recorded voice via auto-dialer, and that no consent was given to receive such call.

- ADT personnel responsible for investigating and responding to consumer telemarketing complaints;

                                    CONFIDENTIAL

- ADT personnel responsible for ensuring that ADT's authorized agents comply with telemarketing law when they market ADT products;

- ADT personnel responsible for training ADT employees, and ADT's agents, as to telemarketing compliance;

- ADT personnel responsible for ensuring compliance with the 2007 Consent Decree entered into between ADT and the Federal Trade Commission;

- Personnel from the FTC charged with negotiating and overseeing the Consent Decree;

- Personnel from the Federal Communications Commission charged with receiving and responding to consumer telemarketing complaints.

- Consumers who have complained to the FTC or to ADT directly as to the unlawful telemarketing actions of ADT's agents;

- Consumers including but not limited to Stuart Abramson, Matthew Donaca, Jay Connor, Robert Bigerstaff, and Robert Braver who have complained to ADT's authorized agents as to unlawful telemarketing actions on behalf of ADT. Documents detailing the substance of their complaints is in the possession of ADT and its agents;

- All consumers who complained directly to ADT as to illegal pre-record telemarketing being conducted on behalf of ADT;

- ADT agents who have been identified as engaging in unlawful telemarketing on behalf of ADT, including but not limited to Paramount Media Group, EMI, Peter Tolman, Saveology, Elephant Group, Savilo, Defender Direct, Leads Direct Marketing, Engagetel, TM Caller ID, Eversafe, Direct Savings, Alarm Pros, City VIP, LLC, and Robert Baker whose specific addresses have previously been produced. As plaintiffs investigation continues, this list is not exhaustive;

- Third party lead generators hired by ADT, or by ADT's authorized agents, to procure "leads" for ADT via the use of auto-dialer or pre-recorded voice message.

- Phone companies whose phone lines have been utilized to transmit pre-recorded messages on behalf of ADT.

2.     For each of the calls at issue in the Amended Complaint (the Desai Call, the First Charvat Call, and the Second Charvat Call) state in as much detail as possible the circumstances surrounding the call, including but not limited to, when the call was received; the telephone number to which the call was placed; the caller ID of the person or entity that placed the call; the

length of the call; the company or individual that made the call; whether there are any recordings or notes of the call, and if it was recorded, the method used to record the call; state verbatim what the caller (whether automated or live) said during the call; and state everything that you said and did in response to the call.

**RESPONSE:** On or about February 27, 2011, at approximately 4:21 central time, Ms. Desai received a pre-recorded telephone call on her cellular telephone (the "Desai Call"), the number for which is (405) 326-9079. The Caller ID for the Desai Call was (574) 970-0866. Ms. Desai's cellular telephone voice mail answered the call. The entity responsible for making the Desai Call failed to identify the business, individual, or other entity responsible for initiating the Desai Call, and failed to include the phone number on whose behalf the solicitation was made

An ADT marketing agent, or a marketing agent of an ADT Authorized Dealer placed the Desai Call. Ms. Desai believes the Desai Call was dialed by a machine, rather than by a human being, and the message left on her voice mail was a pre-recorded message. Ms. Desai never gave anyone consent to contact her on her cell phone via auto-dialer and pre-recorded message, on behalf of ADT. The verbatim response of the Desai Call is disclosed in the Amended Complaint.

During the course of this litigation, class counsel conducted independent research to identify the source of the Desai Call and to connect it to ADT. First, class counsel determined that the phone number (574) 970-0866 was assigned to Earthlink who disclosed, in response to a subpoena, that the customer using this phone number as of February 27, 2011 was EngageTel, Inc. EngageTel, in response to a subpoena, disclosed that it had assigned the phone number (574) 970-0866 to an individual named Christopher Long, of EMI, Inc., a company that offers "voice broadcasting" services. Mr. Long initially resisted a subpoena but after being compelled to respond by a court in California produced evidence of 2.4 million phone calls made in just February of 2011, using the phone number (574) 970-0866. Mr. Long also disclosed that he had

been hired to generate leads for Paramount Media Group which, in turn, had been hired by Saveology, Inc. to generate leads for ADT Authorized Dealers. Saveology, Inc. was hired by ADT directly to provide marketing services for ADT's Authorized Dealers. The investigation of class counsel as to the details of the Desai Call is ongoing.

On September 7, 2010, ADT, either directly or via one of its authorized dealers, employed the use of automated telephone equipment to deliver a pre-recorded message (the "First Charvat Call") to Mr. Charvat's residential phone line ((614) 895-8940), without Mr. Charvat's prior express consent. The First Charvat Call promoted ADT's goods and services. The Caller ID for the First Charvat Call was (401) 558-0010. A tape recording of the First Charvat Call has been previously disclosed that contains the verbatim substance of the First Charvat Call. Phone records, and a call log, have also been produced which documents the length of the First Charvat Call.

The First Charvat Call failed to identify the business, individual, or other entity responsible for initiating the First Call. The First Charvat Call failed to include the phone number on whose behalf the solicitation was made. After receiving the First Charvat Call, Mr. Charvat followed the instructions of the pre-recorded message in order to reach a live operator and to identify the parties responsible for the First Charvat Call. After following a "Press 1" prompt, Mr. Charvat was referred to a live operator who informed Mr. Charvat that he worked for Direct Savings, who he stated was an ADT authorized dealer. The ADT agent told Mr. Charvat that his name was Jason and that he worked for Direct Savings located at 6245 North Powerline Road in Fort Lauderdale, Florida. The web site for Direct Savings (www.directsavingsusa.com) confirms that Direct Savings is an Authorized Dealer for ADT. Direct Savings, to date, has ignored a duly served subpoena. It has failed to respond to the third party lawsuit filed against it by ADT.

CONFIDENTIAL

During the course of this litigation, class counsel conducted independent research to identify the source of the First Charvat Call and to connect it to ADT. First, class counsel determined that the phone number (401) 558-0010 was assigned to Earthlink who, in response to a subpoena, indicated that it assigned (401) 558-0010 to Engagetel, Inc. Engagetel, in response to a subpoena, indicated that it, in turn, assigned (401) 558-0010 to an individual named Peter Tolman of a company called Leads Direct Marketing. A subpoena was then sent to Mr. Tolman who, in conversations with class counsel, disclosed that he had been hired by Direct Savings and provided Direct Savings with access to his automated pre-recorded dialing system. Class counsel also discovered that Direct Savings was hired by Eversafe, Inc., an ADT Authorized Dealer, to generate leads for new ADT customers. Mr. Tolman, to date, has ignored a duly served subpoena. He has failed to respond to the third party lawsuit filed against him by ADT. The investigation of class counsel as to the details of the First Charvat Call is ongoing.

On January 18, 2011, ADT, either directly or via one of its authorized dealers, employed the use of automated telephone equipment to deliver a pre-recorded message to Mr. Charvat's residential phone line ((614) 895-8940), without Mr. Charvat's prior express consent (the "Second Charvat Call"). The CID for the Second Charvat Call was (918) 442-0937. The Second Charvat Call promoted ADT's goods and services. A tape recording of the Second Charvat Call has been previously disclosed that contains the verbatim substance of the Second Charvat Call. Phone records, and a call log, has also been produced which documents the length of the Second Charvat Call.

The Second Charvat Call failed to identify the business, individual, or other entity responsible for initiating the Second Charvat Call. The Second Charvat Call failed to include the phone number on whose behalf the solicitation was made. At no time did Mr. Charvat give prior express consent to ADT, or its agents, to contact him at home via pre-recorded message.

 CONFIDENTIAL

Mr. Charvat did not have a prior business relationship with ADT or its agents.  After receiving the Second Charvat Call, Mr. Charvat followed the instructions of the pre-recorded message in order to reach a live operator and to identify the parties responsible for the First Call.  After following a prompt, Mr. Charvat was referred to an individual named "Scott" with an entity called "Home Security" and was offering a ADT home security system.  "Scott" informed Mr. Charvat that he was an "authorized agent" for ADT.

During the course of this litigation, class counsel conducted independent research to identify the source of the Second Charvat Call and to connect it to ADT.  First, class counsel determined that the phone number (918) 442-0937 was assigned to a company called FullTel, Inc who, in response to a subpoena disclosed that the number was, in turn, assigned to a company called TM Caller ID.  In response to a subpoena, TM Caller ID disclosed that , as of January of 2011, the phone number (918) 442-0937 was assigned to a company called City, VIP, LLC and was programmed to display a "Home Security" message on a consumer's CID screen.  City, VIP is a company associated with an individual named Robert Baker.  Class counsel have reason to believe that Robert Baker was hired by Direct Savings, acting on behalf of ADT Authorized Agent Eversafe, when it made the Second Charvat Call.  Mr. Baker, to date, has ignored a duly served subpoena.  He has failed to respond to the third party lawsuit filed against him by ADT. The investigation of class counsel into the entities responsible for the Second Charvat Call is ongoing.

3.      Identify all facts and documents that support your contention in the Amended Complaint that the Desai Call was made "on behalf of" ADT, including all facts and documents that support your contention that ADT is legally responsible for the Desai Call.

**RESPONSE:  OBJECTION:**  The plaintiffs object to this request to the extent it calls for the production of information that is attorney work product, and is a contention interrogatory

which is inappropriate at this stage of the litigation as ADT's substantive discovery responses are not complete. The plaintiffs' further object as this Interrogatory calls for a legal conclusion beyond the expertise of the representative plaintiffs. Subject to and without waiving this objection the plaintiffs state: The Desai Call and the two Charvat Calls all promoted ADT's goods and services. The Desai Call and the two Charvat Calls were attempts to solicit new customers for the benefit of ADT. As ADT stood to benefit from these calls, such calls were made on ADT's behalf. The documents that would demonstrate the benefit ADT enjoyed from telemarketing calls made on its behalf by its agents are all in the possession of ADT. Plaintiffs also note that their counsel have already submitted extensive briefing in this case discussing the reasons why the calls at issue in this litigation were made "on behalf of" ADT.

4.      Identify all facts and documents that support your contention in the Amended Complaint that the First Charvat Call was made "on behalf of" ADT, including all facts and documents that support your contention that ADT is legally responsible for the First Charvat Call.

**RESPONSE:** <u>See</u> Response No. 3.

5.      Identify all facts and documents that support your contention in the Amended Complaint that the Second Charvat Call was made "on behalf of" ADT, including all facts and documents that support your contention that ADT is legally responsible for the Desai Call.

**RESPONSE:** <u>See</u> Response No. 3.

6.      Identify all persons or entities that were involved in any way in the Desai Call and state in detail the role each person or entity played and the source of your information to support your assertion.

**RESPONSE:** <u>See</u> Response No. 2.

                    CONFIDENTIAL

7.     Identify all persons or entities that were involved in any way in the First Charvat Call and state in detail the role each person or entity played and the source of your information to support your assertion.

**RESPONSE:**  <u>See</u> Response No. 2.

8.     Identify all persons or entities that were involved in any way in the Second Charvat Call and state in detail the role each person or entity played and the source of your information to support your assertion.

**RESPONSE:**  <u>See</u> Response No. 2.

9.     Identify all residential and cellular phone lines owned and used by Plaintiffs for the last 5 years.

**RESPONSE:**  Ms. Desai's current cell phone number is (312) 799-0411.  Her prior number was (405) 326-9079.  Over the past five years, the only phone numbers used by Mr. Charvat were (614) 895-1351 and (614) 895-8940.

10.     Identify each and every lawsuit that Plaintiffs have ever been involved in, including any claims brought under the TCPA, and for each state the caption, the court, the date the action was filed, and the case number, summarize the nature of the lawsuit and state whether the lawsuit sought and/or received class action status.

**RESPONSE:  <u>OBJECTION:</u>**  Plaintiff's object to this request as it is overbroad, unduly burdensome, and calls for information that is public record.  Subject to this objection, and answering further, Ms. Desai had not been involved in any other TCPA lawsuit.  For many years now, Mr. Charvat has been a leading consumer advocate in the fight against unlawful telemarketing.  This is Mr. Charvat's first class action.  Mr. Charvat's individual TCPA litigations, summarized to the best of his current memory, are detailed as follows:

**<u>Pending Cases</u>**
1.   Charvat v. EchoStar Satellite, LLC, 630 F.3d 459 (6th Cir. 2010).

- o Matter referred to FCC by appellate court.
2. Charvat v. NMP, LLC, 703 F. Supp. 2d 735 (S.D. Ohio 2010).
   - o Motion to dismiss granted by trial court. Sixth Circuit reversed and case remanded to trial court. Court has federal question jurisdiction and amount in controversy was met.

## Completed Cases
### Federal Cases
3. Charvat v. GVN Michigan, Inc., 561 F.3d 623 (6th Cir. 2009).
   - o TCPA allows plaintiff to recover damages for the first live telephone call that violates the Act (but damages only available on a per call basis).
4. Charvat v. DFS Services LLC, No. 2:09-CV-490, 2011 WL 1043551 (S.D. Ohio 2011).
   - o Settled and dismissed by Plaintiff.

## State Cases
**Ohio Supreme Court**
5. State ex rel. Charvat v. Frye, 868 N.E.2d 270 (Ohio 2007).
   - o Held that Judge Frye abused his discretion by refusing to hear Dish TV case unless Plaintiff registers his home telephone number on the national do not call list.
6. Charvat v. Ryan, 879 N.E.2d 764 (Ohio 2007).
   - o Affirmed lower court judgment on denial of attorney fees under CSPA.
   - o Reversed lower court judgment on the award of treble damages under TCPA.
   - o Case remanded to trial court so that the court can apply law Ohio Supreme Court applied:.
     - ▪ TCPA – "knowing" violation requires only that plaintiff prove defendant acted or failed to act and that such conduct violated TCPA; "willful" violation requires plaintiff to prove that defendant consciously and deliberately committed or omitted an act that violated the TCPA
     - ▪ CSPA – "knowing" violation requires only that plaintiff prove defendant acted in a manner that violated CSPA
7. Charvat v. Dispatch Consumer Services, Inc., 769 N.E.2d 829 (Ohio 2002).
   - o Defendant violated TCPA by placing two telemarketing calls to Plaintiff after customer was placed on the list.

**Ohio Court of Appeals**
8. Charvat v. GVN Michigan, Inc., No. 09AP-1075, 2010 WL 2706163 (Ohio Ct. App. July 8, 2010).
   - o Reversed lower court and found that defendant failed to establish that the three entities were in privity for purpose of parties' prior suit in federal court (defendant res judicata argument failed).
9. Charvat v. Dish TV Now, Inc., No. 07AP-759, 2008 WL 1886311 (Ohio Ct. App. Apr. 29, 2008).
   - o Affirmed lower court's holding denying summary judgment and dismissing OCSPA claim against Dish.
10. Charvat v. Credit Foundation of America, No. 08AP-477, 2008 WL 5381935 (Ohio Ct. App. Dec. 23, 2008).
    - o Court affirmed lower court's granting of defendant's motion to enforce a settlement agreement.
11. Charvat v. Farmers Insurance Columbus, Inc., 897 N.E.2d 167 (Ohio Ct. App. Aug. 26, 2008).
    - o Affirmed lower court's dismissal of claims, but reversed lower court noting that issuing by Ohio Supreme Court of *Charvat v. Ryan*, 879 N.E.2d 765 (Ohio 2007) affected trial court's holdings on definitions of "willful" and "knowingly."
12. Charvat v. Telelytics, LLC, No. 05AP-1279, 2006 WL 2574019 (Ohio Ct. App. Aug. 31, 2006).
    - o Affirmed lower court's dismissal of claims, but reversed lower court and remanded on question regarding whether defendants "knowingly" violated OCSPA (Ohio Court of Appeals here holds that defendants are not exempt from OCSPA).
13. Charvat v. Oasis Mortgage, Inc., No. 02AP-1090, 2003 WL 21291046 (Ohio Ct. App. June 5, 2003).

                     CONFIDENTIAL

- o Court affirmed lower court's granting of Plaintiff's motion to enforce settlement agreement.

14. Charvat v. Crawford, 799 N.E.2d 661 (Ohio Ct. App. Nov. 4, 2003).
    - o Reversed lower court and held that telemarketer's prerecorded telephone calls were advertisements under TCPA.

15. Charvat v. Colorado Prime, Inc, No. 97APG09-1277, 1998 WL 634922 (Ohio Ct. App. Sept. 17, 1998).
    - o Court affirms lower court's ruling for Plaintiff in the sum of $1,000 plus costs.

16. Charvat v. ATW, Inc, 712 N.E.2d 805 (Ohio Ct. App. Apr. 21, 1998).
    - o Court affirms lower court's ruling for Plaintiff in the sum of $500.

II.     Ohio Franklin County Court of Common Pleas

17. Charvat v. Health Care Plan of America, Inc., No. 05CVH10-11542 (Ohio Ct. Com. Pl. March 16, 2007)
    - o Judgment for Plaintiff.

18. Charvat v. Foley, No. 06 CV 1 (Ohio Ct. Com. Pl. Filed on May 5, 2006)
    - o Settled and dismissed by Plaintiff.

19. Charvat v. Konah Industries, Ltd., No. 04 CVH 04-4211 (Ohio Ct. Com. Pl. Oct. 28, 2005) (found on Ohio AG Website PIF #2401).
    - o Judgment for Plaintiff.

20. Charvat v. Doucet, No. 03CVH08-9221 (Ohio Ct. Com. Pl. Feb. 23, 2004)
    - o Judgment for Plaintiff.

21. Charvat v. Certa ProPainters, Ltd., No. 03 CV 006678 (Ohio Ct. Com. Pl. Jan. 14, 2004)
    - o Settled and dismissed by Plaintiff.

22. Charvat v. Accurate Collision Repair, Inc., No. 03 CV 001991 (Ohio Ct. Com. Pl. Dec. 19, 2003)
    - o Settled and dismissed by Plaintiff.

23. Charvat v. Direct Connect Digital, Inc., No. 03 CVH 05-5265 (Ohio Ct. Com. Pl. Oct. 6, 2003)
    - o Default judgment entered against defendant.

24. Charvat v. Secure Life and Income, Inc., No. 03 CV 005875 (Ohio Ct. Com. Pl. July 29, 2003)
    - o Settled and dismissed by Plaintiff.

25. Charvat v. Peterson, No. 03 CV 004397 (Ohio Ct. Com. Pl. July 14, 2003)
    - o Settled and dismissed by Plaintiff.

26. Charvat v. Advantage Home Equity, Inc., No. 03 CV 003474 (Ohio Ct. Com. Pl. July 2, 2003)
    - o Settled and dismissed by Plaintiff.

27. Charvat v. Voice Power Telecommunications Inc., No. 00 CV 008019 (Ohio Ct. Com. Pl. June 24, 2003) (found on Franklin County Clerk of Courts website).
    - o Settled and dismissed by Plaintiff.

28. Charvat v. Kohls Department Stores, Inc., No. 03 CV 002485 (Ohio Ct. Com. Pl. May 5, 2003)
    - o Settled and dismissed by Plaintiff.

29. Charvat v. Michael Miller Briggs Insurance, No. 03 CV 000001 (Ohio Ct. Com. Pl. March 25, 2003)
    - o Settled and dismissed by Plaintiff.

30. Charvat v. Universal Energy Inc., No. 02 CV 001314 (Ohio Ct. Com. Pl. Feb. 19, 2003)
    - o Settled and dismissed by Plaintiff.

31. Charvat v. Tamte, No. 02 CV 002304 (Ohio Ct. Com. Pl. Sept. 18, 2002)
    - o Settled and dismissed by Plaintiff.

32. Charvat v. Wieland, No. 02 CV 002606 (Ohio Ct. Com. Pl. Sept. 18, 2002)
    - o Settled and dismissed by Plaintiff.

33. Charvat v. Mobley, No. 02 CVH 01-01 (Ohio Ct. Com. Pl. Sept. 2, 2002)
    - o Default judgment entered against defendant.

34. Charvat v. Hallmark Mortgage Services Inc., No. 00 CV 008352 (Ohio Ct. Com. Pl. July 10, 2002)
    - o Settled and dismissed by Plaintiff.

35. Charvat v. Mortgage Firm Inc., No. 01 CV 000001 (Ohio Ct. Com. Pl. Jan. 11, 2002)

CONFIDENTIAL

- o Settled and dismissed by Plaintiff.
36. Charvat v. National Voice Communications Inc., No. 01 CV 001401 (Ohio Ct. Com. Pl. May 23, 2001)
    - o Settled and dismissed by Plaintiff.
37. Charvat v. Crown Carpet Service, Inc., No. 01 CV 004022 (Ohio Ct. Com. Pl. May 1, 2001)
    - o Settled and dismissed by Plaintiff.
38. Charvat v. Integrity Industries of Ohio, No. 00 CV 004795 (Ohio Ct. Com. Pl. Jan. 25, 2001)
    - o Judgment for Defendant.
39. Charvat v. Soft n Green Inc., No. 00 CV 002082 (Ohio Ct. Com. Pl. Sept. 6, 2000)
    - o Settled and dismissed by Plaintiff.
40. Charvat v. Continental Mortgage Services, Inc., No. 99CVH12-10225, 2002 WL 1270182 (Ohio Ct. Com. Pl. June 1, 2000)
    - o Judgment in favor of Plaintiff.
41. Charvat v. Multi-Fund Inc., No. 00 CV 000909 (Ohio Ct. Com. Pl. Apr. 17, 2000)
    - o Settled and dismissed by Plaintiff.
42. Charvat v. Scotts Company LLC, No. 11 CV 002287 (Ohio Ct. Com. Pl).
    - o Settled and dismissed by Plaintiff.
43. Charvat v. Dispatch Consumer Services, Inc., No. 10 CVH 09-013289 (Ohio Ct. Com. Pl).
    - o Settled and dismissed by Plaintiff.
44. Charvat v. Monitronics International Inc., No. 11 CV 006370 (Ohio Ct. Com. Pl May 23, 2011)
    - o Dismissed without prejudice by Plaintiff.
45. Charvat v. TruGreen Limited Partnership, No. 11 CV 001737 (Ohio Ct. Com. Pl. March 16, 2011).
    - o Settled and dismissed by Plaintiff
46. Charvat v. CarCorp Inc., No. 10 CV 000001 (Ohio Ct. Com. Pl. March 11, 2011).
    - o Settled out of court after dismissal without prejudice by Plaintiff.
47. Charvat v. American Satellite Inc., No. 09 CV 008501 (Ohio Ct. Com. Pl. Feb. 24, 2011).
    - o Settled and dismissed by Plaintiff.
48. Charvat v. Credit Foundation America, No. 09 CV 006148 (Ohio Ct. Com. Pl. Jan. 7, 2010).
    - o Judgment for Plaintiff..
49. Charvat v. Auto Direct LLC, No. 07 CV 009526 (Ohio Ct. Com. Pl. Nov. 5, 2009).
    - o Settled and dismissed by Plaintiff.
50. Charvat v. Golden Senior Advisors Inc., No. 09 CV 008228 (Ohio Ct. Com. Pl. July 24, 2009).
    - o Settled and dismissed by Plaintiff.
51. Charvat v. Progressive Energy Partners LLC, No. 09 CV 003605 (Ohio Ct. Com. Pl. June 15, 2009).
    - o Settled and dismissed by Plaintiff.
52. Charvat v. Direct Security Services Ohio Inc. Kansas Corp., No. 04 CV 003578 (Ohio Ct. Com. Pl. June 10, 2009).
    - o Judgment in favor of Plaintiff.
53. Charvat v. First National Bullion LLC, No. 09 CV 000001 (Ohio Ct. Com. Pl. March 19, 2009).
    - o Settled and dismissed by Plaintiff.
54. Charvat v. Four Star Mortgage Inc., No. 08 CV 006536 (Ohio Ct. Com. Pl. Nov. 25, 2008).
    - o Judgment in favor of Plaintiff.
55. Charvat v. Progressive Energy Partners LLC, No. 08 CV 000724 (Ohio Ct. Com. Pl. Oct. 20, 2008).
    - o Default judgment for Plaintiff.
56. Charvat v. McLendon, No. 08 CV 009099 (Ohio Ct. Com. Pl. Oct. 16, 2008).
    - o Case dismissed due to bankruptcy filing by Defendant.
57. Charvat v. Shenandoah Life Insurance Company, No. 08 CV 001010 (Ohio Ct. Com. Pl. Oct. 10, 2008).
    - o Settled and dismissed by Plaintiff.
58. Charvat v. First National Bullion LLC, No. 08 CV 006739 (Ohio Ct. Com. Pl. Sept. 30, 2008).
    - o Default judgment to Plaintiff.
59. Charvat v. Oxford Diabetic Supply Inc., No. 08 CV 008104 (Ohio Ct. Com. Pl. Sept. 10, 2008).

- o Settled and dismissed by Plaintiff.
60. Charvat v. General Warranty Services Inc., No. 08 CV 009796 (Ohio Ct. Com. Pl. Sept. 3, 2008).
    - o Default judgment to Plaintiff.
61. Charvat v. Teleytics, No. 04 CV 005861 (Ohio Ct. Com. Pl. July 1, 2008).
    - o Judgment in favor of Plaintiff.
62. Charvat v. 220 Corporation, No. 06 CV 014824 (Ohio Ct. Com. Pl. June 24, 2008).
    - o Settled and dismissed by Plaintiff.
63. Charvat v. P C & H LTD, No. 07 CV 013835 (Ohio Ct. Com. Pl. Apr. 25, 2008).
    - o Settled and dismissed by Plaintiff.
64. Charvat v. Global Mortgage Inc., No. 06 CV 014056 (Ohio Ct. Com. Pl. March 3, 2008).
    - o Judgment in favor of Plaintiff.
65. Charvat v. Credit Foundation America, No. 06 CV 006535 (Ohio Ct. Com. Pl. Nov. 27, 2007).
    - o Settled and dismissed by Plaintiff.
66. Charvat v. Debbie Montgomery Insurance Agency Inc., No. 07 CV 007193 (Ohio Ct. Com. Pl. Oct. 3, 2007).
    - o Settled and dismissed by Plaintiff.
67. Charvat v. Sage Telecom Inc., No. 06 CV 016008 (Ohio Ct. Com. Pl. Sept. 13, 2007).
    - o Settled and dismissed by Plaintiff.
68. Charvat v. Gramley LTD, No. 06 CV 014058 (Ohio Ct. Com. Pl. June 18, 2007).
    - o Default judgment to Plaintiff.
69. Charvat v. Cotner Financial Enterprises LLC, No. 06 CV 007074 (Ohio Ct. Com. Pl. May 16, 2007).
    - o Judgment for Plaintiff.
70. Charvat v. Byers Realty LLC, No. 07 CV 000001 (Ohio Ct. Com. Pl. March 8, 2007).
    - o Settled and dismissed by Plaintiff.
71. Charvat v. AG Financial, No. 06 CV 011674 (Ohio Ct. Com. Pl. Jan. 19, 2007).
    - o Settled and dismissed by Plaintiff.
72. Charvat v. M W V E Inc., No. 06 CV 013284 (Ohio Ct. Com. Pl. Nov. 13, 2006).
    - o Settled and dismissed by Plaintiff.
73. Charvat v. Thermal Seal, No. 04 CV 002902 (Ohio Ct. Com. Pl. Aug. 28, 2006).
    - o Judgment for Plaintiff.
74. Charvat v. Safe n Sound Security Inc., No. 06 CV 005851 (Ohio Ct. Com. Pl. Aug. 10, 2006).
    - o Settled and dismissed by Plaintiff.
75. Charvat v. Foley, No. 06 CV 000001 (Ohio Ct. Com. Pl. Apr. 6, 2006).
    - o Judgment for Plaintiff.
76. Charvat v. Interstate Gas Supply Inc., No. 05 CV 012785 (Ohio Ct. Com. Pl. Feb. 7, 2006).
    - o Settled and dismissed by Plaintiff.
77. Charvat v. Peters, No. 05 CV 008387 (Ohio Ct. Com. Pl. Nov. 17, 2005).
    - o Case dismissed due to bankruptcy of defendant.
78. Charvat v. Hashimoto, No. 03 CV 008155 (Ohio Ct. Com. Pl. Nov. 2, 2005).
    - o Judgment in favor of Plaintiff.
79. Charvat v. John Doe 1, No. 04 CV 009669 (Ohio Ct. Com. Pl. Sept. 28, 2005).
    - o Settled and dismissed by Plaintiff.
80. Charvat v. Apaz Inc., No. 04 CV 009668 (Ohio Ct. Com. Pl. May 25, 2005).
    - o Notice of Bankruptcy.  Case dismissed.
81. Charvat v. Muscarello, No. 04 CV 000001 (Ohio Ct. Com. Pl. Dec. 28, 2004).
    - o Settled and dismissed by Plaintiff.
82. Charvat v. Wieland, No. 04 CV 005234 (Ohio Ct. Com. Pl. Aug. 25, 2004).
    - o Settled and dismissed by Plaintiff.
83. Charvat v. Willis, No. 04 CV 004210 (Ohio Ct. Com. Pl. Aug. 25, 2004).
    - o Settled and dismissed by Plaintiff.

84. Charvat v. Herbalife International America Inc., No. 04 CV 005889 (Ohio Ct. Com. Pl. Aug. 18, 2004).
    o Settled and dismissed by Plaintiff.
85. Charvat v. Tamte, No. 04 CV 005238 (Ohio Ct. Com. Pl. Aug. 18, 2004).
    o Settled and dismissed by Plaintiff.
86. Charvat v. MavComm, No. 04 CV 000602 (Ohio Ct. Com. Pl. March 16, 2004).
    o Settled and dismissed by Plaintiff.
87. Charvat v. Singh, No. 03 CV 012008 (Ohio Ct. Com. Pl. March 11, 2004).
    o Settled and dismissed by Plaintiff.
88. Charvat v. Egelhoff, No. 03 CV 010004 (Ohio Ct. Com. Pl. Dec. 26, 2003).
    o Settled and dismissed by Plaintiff.
89. Charvat v. Voice Power Telecommunications, Inc., No. 00 CV 008019 (Ohio Ct. Com. Pl. June 24, 2003).
    o Settled and dismissed by Plaintiff
90. Charvat v. Carpet Color Systems Inc., No. 99 CV 009694 (Ohio Ct. Com. Pl. Dec. 11, 2000).
    o Settled and dismissed by Plaintiff.
91. Charvat v. AT&T Corporation, No. 98 CV 009334 (Ohio Ct. Com. Pl. Nov. 9, 2000).
    o Settled and dismissed by Plaintiff
92. Charvat v. America's Tele-Network Corp., No. 99 CV 010226 (Ohio Ct. Com. Pl. May 12, 2000).
    o Settled and dismissed by Plaintiff.
93. Charvat v. Atlas Capital Services Inc., No. 99 CV 007519 (Ohio Ct. Com. Pl. Jan. 11, 2000).
    o Settled and Dismissed by Plaintiff.

**Ohio Franklin County Municipal Court**
94. Charvat v. Johnson Agencies Ltd., No. 2010 CVH 035881 (Franklin Cty. Mun. Ct. Filed on Sept. 10, 2010)
    o Settled and dismissed by Plaintiff.
95. Charvat v. HBW LEADS LLC, 2010 CVH 027540 (Franklin Cty. Mun. Ct. Filed on July 15, 2010)
    o Settled and dismissed by Plaintiff.
96. Charvat v. Protect America Inc., No. 2009 CVH 038054 (Franklin Cty. Mun. Ct. Filed on Aug. 28, 2009)
    o Settled and dismissed by Plaintiff.
97. Charvat v. Progressive Energy Partners, Inc., No. 2009 CVH 038055 (Franklin Cty. Mun. Ct. Filed on Aug. 28, 2009)
    o Plaintiff awarded default judgment of $6900.
98. Charvat v. Direct Energy Services, LLC, No. 2009 CVH 043478 (Franklin Cty. Mun. Ct. Filed on Oct. 5, 2009) (found on FCMC website).
    o Settled and dismissed by Plaintiff.
99. Charvat v. Capital One Bank, No. 2011 CVH 005129 (Franklin Cty. Mun. Ct. Filed on Feb. 8, 2011) (found on FCMC website).

11.    Identify each and every class action lawsuit each of the Plaintiffs' counsel has

ever filed or worked on, including the court in which the action was filed, the case number, and

the name of the judge to whom the case was assigned.

**RESPONSE:** **OBJECTION:** The plaintiffs object to this request to the extent it is

overbroad and unduly burdensome, and seeks information that is public record readily available

to defense counsel. Subject to this objection and answering further, class counsel are all

experienced class action practitioners and will submit detailed affidavits documenting their class experience upon filing a Motion for Class Certification.

12.     State the precise definition of the class(es) you seek to represent, state the basis for your standing to represent that class, and state in detail how you intend to identify all members of the proposed class.

**RESPONSE:  OBJECTION:**  The plaintiffs object to this request to the extent it calls for the production of information that is attorney work product, and is a contention interrogatory which is inappropriate at this stage of the litigation as ADT's substantive discovery responses are not complete.  Class counsel will submit a detailed explanation as to how they will identify class members in this case upon filing a Motion for Class Certification.  Answering further, the class definition is included in the Amended Class Complaint.  As to standing, both Mr. Charvat and Ms. Desai have standing to represent the class as they both received illegal ADT pre-recorded phone calls.  As to identifying the class, class counsel are currently in possession of a list of over two million consumers who are believed to have been contacted by EMI, Inc., via pre-recorded message, on behalf of ADT to generate new customers for ADT and its Authorized Agents.

13.     State in detail your plan for managing the proposed class in this case, including your plan for presenting the class action to the jury and why you believe the class is manageable and the superior method for proceeding, including, but not limited to, whether you are proposing sub-classes and what they are; the procedures you propose for handling the factual differences between claims, including calls that were placed by, or made at the direction of, different entities; the procedures proposed for proving that any particular calls were knowing violations of the Act; the procedures proposed for proving that ADT is responsible for the various calls placed by different entities; and the proposed procedures for handling affirmative defenses based on consent and prior existing business relationship.

**RESPONSE:** **OBJECTION:** The plaintiffs object to this request to the extent it calls for the production of information that is attorney work product, and is a contention interrogatory which is inappropriate at this stage of the litigation as ADT's substantive discovery responses are not complete. Class counsel will submit a detailed explanation as to how they will propose for the management of this class upon filing a Motion for Class Certification. As to identifying the class, class counsel are currently in possession of a list of over two million consumers who are believed to have been contacted by EMI, Inc., via pre-recorded message, on behalf of ADT to generate new customers for ADT and its Authorized Agents.

14.     Identify all facts and documents supporting the claims in the introductory paragraph to the Amended Complaint that ADT has engaged in "widespread institutional disregard for the TCPA" and that "hundreds of thousands of unsolicited pre-recorded telephone calls have been made by or on behalf of ADT, and/or with ADT's knowledge, consent, approval and/or acquiescence, to residential and mobile phone numbers throughout the United States."

**RESPONSE:** **OBJECTION:** The plaintiffs object to this request to the extent it calls for the production of information that is attorney work product. Subject to and without waiving this objection Mr. Charvat states that prior to filing suit his counsel obtained from the Federal Trade Commission evidence of thousands of consumer complaints submitted to the FTC in regard to illegal telemarketing conducted on behalf of ADT. The representative plaintiffs have also learned, from their class counsel, that ADT itself has produced tens of thousands of documents detailing the fact that consumers have been complaining to ADT for several years now in regard to illegal pre-recorded telemarketing calls being made on behalf of ADT. The investigation of class counsel is ongoing but the evidence of ADT's "widespread institutional disregard for the TCPA" is overwhelming. Answering further, plaintiffs and their counsel now believe the actual number of illegal pre-recorded telemarketing calls at issue in this case is not

                                        CONFIDENTIAL

"hundreds of thousands" as alleged in the Amended Class Complaint, but actually number well into the millions of illegal phone calls.

15.     Have you, or has anyone acting on your behalf or your instruction, ever requested information about home or business security services (including from ADT), including but not limited to internet based requests for information?  If so, describe in as much detail as possible the nature of the request, including to whom the request was made, where and how the request was made, when the request was made, who made the request, and identify all documents relating to the request.

**RESPONSE:**  In late 2010, or early 2011, Ms. Desai spoke with ADT on the phone and discussed security services.  Ms. Desai did not purchase services or enter into any contract with ADT or its agents.  Ms. Desai did not provide ADT with her cellular phone number during this call and did not provide ADT, or its agents, with prior express consent, to send pre-recorded telephone solicitations to her cell phone.  Ms. Desai suspects that ADT "trapped" her telephone number during this inquire and then used it to send pre-recorded ADT solicitations to her cell phone.  Mr. Charvat has never requested home or business security services information from ADT or any of ADT's agents.

16.     Provide all details regarding the call referenced in the subpoena attached hereto as Exhibit A that you served on Savilo Support Services including but not limited to:  the person who received the call, the phone number to which the call was placed, the phone number which placed the call, the content of the alleged message, and what was done in response to the call, and identify all documents relating to the call.

**RESPONSE: <u>OBJECTION:</u>**  The plaintiffs object to this request to the extent it calls for the production of information that is attorney work product.  Answering further, neither Mr. Charvat nor Ms. Desai have any personal knowledge of the above reference phone call.  In the

spirit of full disclosure, as per the instructions of the Court, the plaintiffs have been informed by their counsel that the pre-recorded call at issue in this specific interrogatory was made to the cell phone of Matthew McCue, one of the attorney for the class (the "McCue Pre-Record"). The McCue Pre-Record was received at 11:40 on June 24, 2011, many months after this class litigation had been filed. The McCue Pre-Record was received on cell phone (508) 498-3765, a number assigned to Attorney McCue for approximately the past four years. The CID for the McCue Pre-Record was (508) 409 6227. The substance of the pre-record promoted ADT's home security services. When Mr. McCue pressed 1 to obtain more information as to who was responsible for the call, he was transferred to a live operator who identified himself as working for "Security Solutions of Irvine California." Mr. McCue then asked for more specific information as to the entity responsible for making the call, and the call was then disconnected. Minutes later, Mr. McCue received another phone call from the same operator at "Security Solutions" services. The CID for the second call was (269) 288 1181. The operator for "Security Solutions" then transferred Mr. McCue to another individual who informed Mr. McCue that he worked for "ADT Powered by Saveology." Mr. McCue then informed Saveology that advertising via pre-recorded message was illegal and asked for a supervisor. He was told the supervisor's name was "Dan" and would call Mr. McCue back. The call was then terminated. No return phone call was made to Mr. McCue.

It should also be noted that Stuart Abramson, a Pennsylvania based consumer similarly received an ADT pre-record that was tracked back to both Saveology and Savilo.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _____ DAY OF
NOVEMBER, 2011.

_____
Vishva Desai

I attest that the above Answers are true and accurate to my best knowledge. The specific
questions directed to my personal information, and the specifics of the First and Second Charvat
Calls, are based on my personal knowledge. I have no personal knowledge in regard to the Desai
Call. Many questions, however, sought information solely in the possession of my counsel. In
the interests of full disclosure, information responsive to these interrogatories are provided in
these Answers, but are not based on my personal knowledge.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ___11___ DAY OF
NOVEMBER, 2011.

_____
Philip J. Charvat

AS TO OBJECTIONS,

PLAINTIFFS, VISHVA DESAI and PHIL CHARVAT,

By their attorneys,


/s/ **Matthew P. McCue**
Matthew P. McCue, Esq. *Pro Hac Vice*
The Law Office of Matthew P. McCue
1 South Ave., Third Floor
Natick, MA 01760
(p) (508 655 1415
(f) (508 319 3077
e-mail: mmccue@massattorneys.net

Alexander E. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 6060
(312) 729-5228
e-mail: ABurke@BurkeLawLLC.com

Brian K. Murphy
Joseph F. Murray
Murray Murphy Moul & Basil LLP
1533 Lake Shore Drive
Columbus, OH 43204

ADT 001871          CONFIDENTIAL

AS TO OBJECTIONS,

PLAINTIFFS, VISHVA DESAI and PHIL CHARVAT,

By their attorneys,


**/s/ Matthew P. McCue**
Matthew P. McCue, Esq. *Pro Hac Vice*
The Law Office of Matthew P. McCue
1 South Ave., Third Floor
Natick, MA 01760
(p) (508 655 1415
(f) (508 319 3077
e-mail: mmccue@massattorneys.net

Alexander E. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 6060
(312) 729-5228
e-mail: ABurke@BurkeLawLLC.com

Brian K. Murphy
Joseph F. Murray
Murray Murphy Moul & Basil LLP
1533 Lake Shore Drive
Columbus, OH 43204
(614) 488-0400
(614) 488-0401 *facsimile*
E-mail: murphy@mmmb.com


## CERTIFICATE OF SERVICE

I, Matthew McCue, does certify that on November 11, 2011, a true and accurate copy of Plaintiffs' Answers to Interrogatories propounded by ADT Security Services, Inc., was served electronically on the below counsel of record.

John A. Leja
Polsinelli & Shugart, PC
161 N. Clark Street, Suite 4200
Chicago, IL 60601
jleja@polsinelli.com

Robert Hickok
Michael Baugman

Pepper Hamilton, LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
hickocr@pepperlaw.com
baughmanm@pepperlaw.com

/s/ *Matthew P. McCue*
Matthew P. McCue

November 11, 2011

                                                      CONFIDENTIAL