# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VISHVA DESAI and PHILIP J. CHARVAT, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ADT SECURITY SYSTEMS, INC., <br><br> Defendant. <br> ------ <br> ADT SECURITY SYSTEMS, INC., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> MR. PETE TOLMAN; LEADS DIRECT MARKETING; VOICE TEL CORP.; MR. CHRISTOPHER LONG; EMI, INC.; CITY VIP, LLC; JMB ENTERPRISES; DIRECT SAVINGS USA, INC.; MR. OSCAR MONTENEGRO; EVERSAFE SECURITY SYSTEMS, INC.; SAFE STREETS USA, LLC; PARAMOUNT MEDIA GROUP; THE ELEPHANT GROUP, INC.; and UNKNOWN JOHN DOE DEFENDANTS I THROUGH XX, <br><br> Third-Party Defendants. <br> ------ <br> SAFE STREETS USA, LLC, as successor to EVERSAFE SECURITY SYSTEMS, INC., <br><br> Cross-Claimant and Third-Party Plaintiff <br><br> v. <br><br> DIRECT SAVINGS USA, INC.; MR. OSCAR MONTENEGRO; DIRECT SAVINGS USA, <br><br> Cross-Defendants and Third-Party Defendants. | Case No. 11 C 1925 <br><br> Judge Bucklo |

## DECLARATION OF DANIEL PISANI

Now comes Daniel Pisani, and declares under penalty of perjury that the following is true and correct and is based upon his own personal knowledge:

1. I am an attorney with the law firm of Sessions Fishman Nathan & Israel, LLC. My business address is 55 W. Monroe, Suite 1120, Chicago, IL 60603.

2. I am one of the attorneys representing Elephant Group, Inc. (EG) in this matter.

3. On January 31, 2012, EG filed a motion to dismiss ADT's third party complaint pursuant to Fed.R.Civ.P.12(b)(6). *Doc. 169.*

4. On September 26, 2012, this Court entered its memorandum and opinion granting EG's motion to dismiss in part and denying it in part. *Doc. 217.*

5. Following the entry of the opinion, the 14 day deadline for EG to file an answer to the surviving claims pursuant to Fed.R.Civ.P. 12(a)(4)(A) was inadvertently not calendared. As a result, the deadline passed and an answer to ADT's third party complaint was not filed at that time.

6. In the midst of preparing the dispositive motions in this matter, I recognized that EG had yet to file an answer to the surviving claims of ADT's third party complaint. Immediately upon recognizing this oversight, an answer was filed.

7. Even though the answer was not previously filed, counsel for EG operated under the mistaken presumption that an answer had been filed in which EG denied all material allegations of liability.

8. Prior and subsequent to the court's memorandum and opinion of September 26, 2012, the parties were actively engaged in settlement discussions and had repeatedly reported to the court that they were close to a settlement. EG through it corporate representatives and its attorneys actively participated in those settlement discussions which included multiple sessions with a private mediator.

9. Settlement discussions continued and ultimately resulted in a class wide settlement that was approved by the court on June 21, 2013. *Doc. 243*

10. The settlement approved on June 21, 2013 did not resolve the third party claims between ADT and EG. Nevertheless, ADT and EG continued to discuss a resolution of their third party claims, including discussions between the lawyers and additional discussions between representatives of the parties.

11. As recently as May 27, 2014, EG and ADT representatives along with their attorneys met for a nearly full day conference in Florida to discuss a possible settlement.

12. Counsel for EG have appeared before this Honorable Court for each scheduled hearing and have actively participated in all aspects of the litigation.

13. During the course of this litigation, I have worked cooperatively with counsel for ADT. I have exchanged hundreds of e-mails and other correspondence with counsel for ADT, participated in dozens of phone conferences and in-person meetings and attended numerous depositions.

14. On January 14, 2014, ADT served written discovery requests on EG. On January 17, 2014, EG served written discovery on ADT. The focus of the written discovery by both ADT and EG was on the merits of ADT's contractual claim for indemnity against EG.

15. After exchanging written discovery responses, ADT and EG engaged in oral discovery. This included depositions of six witnesses taken on the following dates:

    o May 6, 2014 – deposition of Hannah Lim
    o May 7, 2014 – deposition of Dan Geiger
    o May 8, 2014 – deposition of Daphne Fernandes
    o June 18, 2014 – deposition of Reid Shapiro
    o June 19, 2014 – deposition of Joseph Bamira
    o June 27, 2104 – deposition of Renata Bergman
    o June 27 2014 – deposition of Hannah Lim
    o June 30, 2014 – deposition of Hannah Lim

16. I have provided this declaration of my own free will and I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 15th day of July, 2014.

_____
Daniel W. Pisani