# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


VISHVA DESAI, on behalf of herself and
others similarly situated,                        No.  1:11-cv-1925

                    Plaintiff,                Judge Bucklo
v.                                       Magistrate Judge Keys

ADT SECURITY SERVICES, INC.,
                    Defendant.
_____/


## NOTICE OF SUBPOENA


TO:    Daniel W. Pisani, Esq.
       Sessions Fishman Nathan & Israel LLP
       55 West Monroe, Suite 1120
       Chicago, IL 60603


       PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil

Procedure, the undersigned attorney will issue and serve a subpoena in the form attached to Reid

Shapiro, 7111 Mandarin Drive, Boca Raton, FL 33433.

       Dated: June 9, 2014             McNEW P.A.


                                       s/ C. Sanders McNew
                                     C. Sanders McNew (*pro hac vice*)
                                     2385 NW Executive Center Drive
                                     Suite 100
                                     Boca Raton, Florida 33431
                                     Telephone: (561) 299-0257
                                     mcnew@mcnew.net
                                     *Counsel for Third-Party Plaintiff ADT*

1

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by email on this 9th day of June 2014 on all counsel of record on the service list below.

Daniel W. Pisani
Sessions Fishman Nathan & Israel LLP
55 West Monroe, Suite 1120
Chicago, IL 60603
(312) 578-0990
dpisani@sessions-law.biz

James K. Schultz
Sessions Fishman Nathan & Israel LLP
55 West Monroe, Suite 1120
Chicago, IL 60603
(312) 578-0990
jschultz@sessions-law.biz

By: s/ C. Sanders McNew
C. Sanders McNew

2

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Illinois

| | | |
|---|---|---|
| Vishva Desai | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:11-cv-1925 |
| ADT Security Services, Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:              Reid Shapiro, 7111 Mandarin Drive, Boca Raton, FL 33433

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Veritext Legal Solutions<br>Boca Raton Conference Center<br>301 NE 51st Street, #1240, Boca Raton, FL 33431 | Date and Time:<br>06/20/2014 9:00 am |
|---|---|---|

The deposition will be recorded by this method:   stenographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
              See attached Rider

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/09/2014

                    *CLERK OF COURT*

                                                OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     ADT
Security Services, Inc. _____, who issues or requests this subpoena, are:

Sanders McNew, 2385 NW Executive Center Drive, Suite 100, Boca Raton, FL 33431, mcnew@mcnew.net, (561) 299-0257

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:11-cv-1925

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Reid Shapiro

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named individual as follows:  _____

_____  on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because:  _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

Print      Save As...      Add Attachment      Reset

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

RIDER
<u>SUBPOENA to REID SHAPIRO</u>

*ADT Security Services, Inc. v. Elephant Group, Inc.*, No. 1:11-cv-1925 (N.D. Ill.)

YOU ARE COMMANDED to bring to the deposition all e-mails, phone texts, audio and video recordings and electronic and paper documents in your possession and control that relate in any way to the following subjects:

1.      All documents concerning the Agreement dated May 28, 2008, between Elephant Group, Inc., and ADT by which Elephant Group agreed to provide services to ADT.

2.      All documents concerning any request by Elephant Group or Saveology for ADT's consent to an assignment under paragraph 17 of the Agreement dated May 28, 2008.

3.      All contracts and agreements whereby Elephant Group and/or Saveology assigned, delegated, or contracted with any third party to perform marketing for ADT products and services.

4.      All documents relating to telemarketing services provided by Saveology and/or its Affiliates for ADT products or services.

5.      All documents concerning complaints against Saveology and/or its Affiliates related to telemarketing activities for ADT products or services.

6.      All documents concerning Saveology's policies, procedures, manuals, guidelines, handbooks, and instructions concerning compliance with Telemarketing Law.

7.      All documents, policies, procedures, manuals, guidelines, handbooks, and instructions concerning compliance with Telemarketing Law that Saveology provided to its Affiliates who performed telemarketing of ADT products or services.

8.      All documents concerning Saveology's enforcement of its policies and procedures for compliance with Telemarketing Law.

9.     All documents concerning the criteria Saveology used in selecting, approving, or contracting with Affiliates who performed telemarketing for ADT products or services.

10.    All documents concerning Saveology's policies or procedures for monitoring or supervising its Affiliates who performed telemarketing for ADT products or services.

11.    All documents concerning any restrictions on Affiliates' ability to subcontract telemarketing services.

12.    All documents concerning the use of third party vendors or lead generators by Saveology's Affiliates.

13.    All documents concerning the use of prerecorded messages in telemarketing of ADT products and services.

14.    All documents concerning any complaint, lawsuit, or grievance related to an Affiliate's telemarketing for ADT products or services.

15.    All contracts and agreements between Saveology and Paramount Media Group, including any drafts, amendments or modifications, concerning marketing of ADT products or services.

16.    All documents concerning due diligence performed by Saveology prior to contracting with Paramount.

17.    All documents concerning any audit of Paramount.

18.    All documents concerning Paramount's use of third party vendors or lead generators.

19.    All documents concerning any complaint, lawsuit, or grievance related to Paramount's telemarketing activities.

20.    All documents concerning the relationship between Paramount and EMI.

21.    All documents concerning EMI's telemarketing activities.

2