IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VISHVA DESAI, on behalf of herself and others similarly situated, | No.  1:11-cv-1925 |
| Plaintiff, | Judge Bucklo |
| v. | Magistrate Judge Keys |
| ADT SECURITY SERVICES, INC., Defendant. _____/ | |

**THIRD PARTY PLAINTIFF ADT'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS TO ELEPHANT GROUP, INC.**

Third-Party Plaintiff, ADT Security Services, Inc. ("ADT"), by and through its undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby requests that Third-Party Defendant Elephant Group, Inc., ("Elephant") produce the requested documents within thirty (30) days from the date of service of this request.

**DEFINITIONS**

A. "Communication" or "Communications" means any oral, written, or electronically stored information ("ESI") and includes, without limitation, discussions, negotiations, correspondence, faxes, memoranda, notes, presentations, conversations, meeting minutes and conferences. The term includes communications and statements which were made face-to-face, as well as those which were transmitted by media such as intercom, telephone, televisions, modem, e-mail, instant message or text message.

B.	"Document" or "Documents" includes all things which come within the definition of a "document" under Federal Rule of Civil Procedure 34, whether completed or not, and whether a draft or not. Without limitation, the word "document" shall include the following items, whether printed, microfilmed, electronically recorded in sound or in pictures, stored in computer memory or in a computer database, or reproduced by any process, or written or produced by hand or typed: all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and intra office communications, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, financial schedules, financial or other forecasts, statistical statements, policy statements, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or natural records or representations of any kind (including without limitation photographs, microfiche, microfilm, videotape, recordings, motion pictures) and electronic, mechanical or electric data or representations of any kind (including without limitation tapes, cassettes, discs and records), as well as ESI.

C.	"Electronically Stored Information" or "ESI" means writings, drawings, graphs, charts, photographs, sound recordings, images, emails, and other data or data compilations stored

in any medium from which information can be obtained and which is translated, if necessary, into reasonably usable form.

    D.    "Lawsuit" means the above-styled lawsuit pending in the United States District Court for the Northern District of Illinois, Case No.1:11-cv-1925.

    E.    "Concerning" or "relating to" any given subject means in whole or in part constituting, embodying, reflecting, identifying, stating, referring to, evidencing, commenting on, discussions, describing, mentioning, or in any way being relevant to that given subject.

    F.    "You" and "Your" shall mean or refer to Defendant Elephant Group, Inc. and its officers, directors, employees, representatives, attorneys, and agents.

    G.    "Agreement" shall mean and refer to the written agreement dated May 28, 2008 between Elephant Group and ADT Security Services, Inc.

    H.    "Telemarketing Laws" shall mean the federal Telephone Consumer Protection Act, all rules and official guidance promulgated by the Federal Communications Commission pursuant to the TCPA, the federal Telemarketing and Consumer Fraud and Abuse Prevention Act, the Telemarketing Sales Rule, and official guidance promulgated by the Federal Trade Commission, and all other applicable federal, state, and local laws and regulations concerning telemarketing.

    I.    "Paramount" shall mean or refer to Third Party Defendant Paramount Media Group, and its officers, directors, employees, representatives, attorneys, and agents.

    J.    "EMI" shall mean or refer to Third Party Defendant EMI, Inc., and its officers, directors, employees, representatives, attorneys, and agents.

    K.    The following words shall have the following meanings:

        a. The word "or" means "and/or."

  b. The word "and" means "and/or."

  c. The word "all" means "any and all."

  d. The word "any" means "any and all."

## INSTRUCTIONS

  L. The response and production of documents shall include all Documents and ESI within Your possession, custody, or control. Documents and ESI in the "possession, custody or control" means all documents and ESI held, stored or maintained by Elephant or to which Elephant has the legal or practical ability to obtain or access and which are stored, held, or maintained by any other person.

  M. If any Document or ESI has been lost or destroyed, You shall submit in lieu of such Document and ESI a written statement (a) describing in detail the nature of the document and its contents; (b) identifying the persons who prepared or authorized the document, and if applicable the person to whom the document was sent; (c) specifying the date on which the document was prepared or transmitted or both; (d) specifying if possible the date on which the document was lost or destroyed and if destroyed the condition or reason for such destruction and the person or persons requesting or performing the destruction.

  N. If any requested Documents or ESI are withheld on the basis of a claimed privilege, please list the following for each item claimed to be privileged:

  (a) a brief description of the nature and contents of the matter claimed to be privileged;

  (b) the name, occupation and capacity of the individual from whom the privileged matter emanated;

  (c) the name, occupation and capacity of the individual to whom the allegedly privileged matter was directed;

  (d) the name, occupation and capacity of each person or entity that received, reviewed, or has seen a copy of the privileged matter, together with a description of the method by which such person or entity received the material;

  (e) the date the item bears;

  (f) the privilege claimed; and

  (g) the present custodian of the item.

 O. All Documents and ESI to be produced shall be produced in their original form that they are maintained in the ordinary course of business. To the extent possible, the native production of ESI shall include and preserve all relevant metadata.

 P. All e-mails produced shall include the custodian's original folder structure of the e-mails produced with all attachments.

 Q. Except as otherwise indicated, responses shall include the time period beginning January 1, 2008 and continuing through the date of your responses to this request.

REQUESTS FOR PRODUCTION

 1. All contracts, agreements, proposals, work orders, or understandings between You and ADT, including any modifications, revisions, addendums, amendments or change orders thereto.

 2. All documents concerning or constituting communications between You and ADT relating to the Agreement.

5

3. All documents concerning or constituting internal communications, whether between or among Your employees or representatives, or by a single one of Your employees (i.e. handwritten notes, memos to file) relating to the Agreement.

4. All documents interpreting the Agreement, or any part thereof.

5. All documents relating to marketing services (including but not limited to telemarketing and e-mailing services) provided by You in connection with ADT products or services.

6. All documents concerning complaints, demand letters, grievances, or lawsuits against You alleging that You engaged in unsolicited outbound telemarketing, use of pre-recorded messages or robocalls, or any other violation of the Telemarketing Laws in connection with marketing ADT products or services.

7. All documents concerning any judgment, fine, penalty, settlement, or other obligation imposed on You by reason of or relating to any allegation that You violated the Telemarketing Laws.

8. All documents, policies, procedures, manuals, guidelines, handbooks, standards and instructions concerning compliance with Telemarketing Laws.

9. All documents, policies, procedures, manuals, guidelines, handbooks, standards and instructions concerning compliance with Telemarketing Laws that You provided to or distributed to Paramount or EMI.

10. All documents concerning Your enforcement of all policies and procedures for compliance with Telemarketing Laws.

11. All documents concerning any allegations that any of Your agents or Affiliates have violated or failed to comply with Telemarketing Laws in connection with the marketing of ADT products or services.

12. All documents concerning any allegations that any of Your agents and Affiliates have violated or failed to comply with the terms of the Agreement.

13. All documents concerning the criteria You used to determine whom to retain or contract with as an Affiliate.

14. All documents concerning Your supervision, oversight, and monitoring of Your Affiliates.

15. All contracts and agreements whereby You assigned, delegated, or contracted with any third party to perform any work, duties or obligations under the Agreement.

16. Documents sufficient to identify the persons responsible for supervising, overseeing, or monitoring Paramount.

17. All contracts, agreements, proposals, work orders, or understandings between You and Paramount, including any modifications, revisions, addendums, amendments or change orders thereto concerning the marketing of ADT products or services.

18. All documents concerning negotiations or communications between You and Paramount relating to the marketing of ADT products or services.

19. All documents concerning or constituting communications between You and Paramount relating to EMI.

20. All documents concerning or constituting communications between You and Paramount relating to this Lawsuit.

21. All documents concerning EMI, including without limitation, all contracts, agreements, proposals, work orders, understandings, memos, correspondence, or communications between You and EMI or between You and any other person or entity concerning EMI.

22. All documents concerning EMI's telemarketing activities involving ADT products or services.

23. All documents concerning or constituting communications between You and EMI relating to this Lawsuit.

24. All documents concerning any investigation by You of EMI or investigation of the relationship between Paramount and EMI.

25. All documents concerning any complaints, demand letters, grievances, or lawsuits against Paramount alleging that Paramount engaged in unsolicited outbound telemarketing, use of pre-recorded messages or robocalls, or any other violation of the Telemarketing Laws.

26. All documents concerning any complaints, demand letters, grievances, or lawsuits against EMI alleging that EMI engaged in unsolicited outbound telemarketing, use of pre-recorded messages or robocalls, or any other violation of the Telemarketing Laws.

27. All sworn statements by any person concerning the facts or allegations in the Lawsuit.

28. All written requests to ADT for consent or permission to assign any part of Your rights or delegate any part of Your obligations under the Agreement, pursuant to paragraph 17 of the Agreement.

29. All documents referred to in Your Responses to ADT's Interrogatories.

| | |
|---|---|
| January 14, 2014 | McNEW P.A. |
| | |
| | s/ C. Sanders McNew |
| | _____ |
| | C. Sanders McNew (pro hac vice) |
| | 2385 NW Executive Center Drive |
| | Suite 100 |
| | Boca Raton, Florida  33431 |
| | Telephone:  (561) 299-0257 |
| | mcnew@mcnew.net |
| | |
| | *Counsel for ADT* |

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by email on this 14th day of January 2014 on all counsel of record on the service list below.

Gary S. Betensky
Richman Greer, P.A.
250 Australian Avenue South, Suite 1504
West Palm Beach, FL 33401
(561) 803-3500
gbetensky@richmangreer.com

Joshua L. Spoont
Richman Greer, P.A.
250 Australian Avenue South, Suite 1504
West Palm Beach, FL 33401
(561) 803-3500
jspoont@richmangreer.com

Howard L. Teplinsky
Beermann Pritikin Mirabelli Swerdlove LLP
161 N. Clark Street, #2600
Chicago, IL 60601
(312) 621-9700
hteplinsky@beermannlaw.com

Daniel W. Pisani
Sessions Fishman Nathan & Israel LLP
55 West Monroe, Suite 1120
Chicago, IL 60603
(312) 578-0990
dpisani@sessions-law.biz

James K. Schultz
Sessions Fishman Nathan & Israel LLP
55 West Monroe, Suite 1120
Chicago, IL 60603
(312) 578-0990
jschultz@sessions-law.biz

By: ____s/ C. Sanders McNew_____
      C. Sanders McNew