IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VISHVA DESAI, on behalf of herself and
others similarly situated,                            No.  1:11-cv-1925

                        Plaintiff,                            Judge Bucklo
v.                                                    Magistrate Judge Keys

ADT SECURITY SERVICES, INC.,
                        Defendant.
_____/


## THIRD PARTY PLAINTIFF ADT'S OBJECTIONS AND RESPONSES TO ELEPHANT GROUP INC.'S FIRST DISCOVERY REQUESTS TO ADT

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff ADT Security Services, Inc. ("ADT") hereby objects and responds to Elephant Group Inc.'s First Discovery Requests Directed to ADT as follows:

## GENERAL OBJECTIONS

Plaintiff makes the following General Objections to each of the Requests, which objections are hereby incorporated by reference into each specific response.

1.      ADT objects generally to the Requests, including the Definitions and Instructions, to the extent they impose burdens or duties upon ADT that are greater than required by the Federal Rules of Civil Procedure and/or applicable law.

2.      ADT objects generally to the Requests to the extent the response thereto would cause undue burden, undue expense, and/or oppression.

1

3.      ADT objects generally to the time frame given in the Requests insofar as such time frame is overbroad and unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of relevant evidence.

4.      ADT objects generally to the Requests to the extent they seek information and/or documents that are neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

5.      ADT objects generally to the Requests to the extent they seek the disclosure of information or production of documents protected from disclosure or production by the attorney-client privilege, the work-product doctrine, or by any other privilege or doctrine available under statutory, constitutional, or common law. Inadvertent disclosure of such information or production of such documents shall not constitute a waiver of any privilege, doctrine, or any other ground for objecting to discovery with respect to such information or documents, nor shall inadvertent disclosure or production waive ADT's right to object to the use of any such information or documents in any proceeding.

6.      ADT objects generally to the Requests to the extent they call for information or documents that may be otherwise confidential or contain commercially sensitive information; disclosure of such information or documents will be provided by ADT upon entry of and subject to an appropriate protective order.

7.      ADT objects generally to the Requests to the extent they are vague or ambiguous.

8.      ADT objects generally to the Requests to the extent that the requested documents or information have already been produced or are otherwise available through other means.

9.      ADT objects generally to the Requests to the extent they seek production of documents or information that are not within ADT's possession, custody, or control.

10.     ADT's responses to these Requests, notwithstanding the objectionable nature of any of the Requests, should not be construed as: (a) a concession that any information or document is relevant; (b) a waiver of the general objections or the objections asserted in response to a specific Request; or (c) an agreement that a similar Request in this or any other related proceeding will be treated in a similar manner

11.     ADT reserves the right to amend or supplement these Responses should that become necessary or appropriate.

12.     The General Objections stated herein are incorporated by reference into each response herein, as if fully set forth below. No such objection is waived by answering any particular Request in whole or in part. Any response provided herein is subject to and limited by all General Objections stated herein.


**INTERROGATORY RESPONSES**

1.     Identify each and every person who provided any information in connection with answers to these Interrogatories and Requests for Production of Documents served contemporaneously with these Interrogatories.

Response:
Dan Geiger, Group Director, Strategic Partnerships & Relations
David Bleisch, Senior Vice President, Chief Legal Officer and Corporate Secretary
Lee Jackson, Vice President and Associate General Counsel
Hannah Lim, Vice President, Chief Litigation Counsel
Maria DiGiorgio, Sr. Corporate Counsel


2.     State the amount of damages you are claiming against Elephant Group, Inc. and provide the factual basis for your damages claim.

Response: ADT seeks damages from Elephant Group in the amount of $10 million.

3

Pursuant to the Class Action Settlement approved by the Court, ADT settled all claims and allegations in the Lawsuit against ADT for a total of $15 million. ADT has received indemnification from certain third party defendants and/or their affiliates in the total amount of $7 million. ADT now seeks indemnification for the remaining $8 million that it paid to settle the Class Action claims.   In addition, ADT seeks $2 million in litigation costs (including attorney's fees and costs) incurred in defending the Lawsuit, and reserves its right to seek attorney's fees, costs, and prejudgment interest for its indemnification claim as well.

3.     Identify every person or entity from whom you have sought indemnity or contribution, either formally or informally, for any of the claims or allegations in this Lawsuit.

Response:  ADT has sought indemnification or contribution from each of the Third-Party Defendants as well as Absolute Security of America, LLC, Absolute Security, Inc., Defender Security Company, and Home Alert, Inc.  In addition, ADT has sought indemnification from its insurer, AIG.

4.     Identify every person or entity from whom you have received any form of compensation for any claims or allegations made in this Lawsuit and state the amount and form of said compensation.

Response:  ADT objects to this Interrogatory to the extent it calls for disclosure of confidential information, including the terms of confidential settlement agreements.  Subject to, and without waiver of the foregoing, ADT responds as follows:   ADT reached confidential settlements with certain third party defendants and/or their affiliates covering the claims and allegations in the Lawsuit.  The total amount of compensation received by ADT pursuant to those settlements is $7 million.

5.    Identify every person who has knowledge regarding the claims and allegations in this Lawsuit and provide a description of the substance of his/her knowledge.

Response:

a.  Dan Geiger, Group Director, Strategic Partnerships & Relations, has knowledge concerning the development of the Elephant Group/ADT relationship, and the day-to-day communications with Elephant Group and/or Saveology following the execution of the Agreement.

b.  Matt Boyd, Manager, Strategic Partnerships & Relations, has knowledge concerning the day-to-day communications with Elephant Group and/or Saveology following execution of the Agreement.

c.  Nick English, Sr. Manager, Strategic Partnerships & Relations, has knowledge concerning the day-to-day communications with Elephant Group and/or Saveology following execution of the Agreement.

d.  Bill Barnes, VP of Dealer Channel (no longer employed by ADT), has knowledge concerning the development of the Elephant Group/ADT relationship.

e.  Steve Gribbon, SVP North America Residential Sales (no longer employed by ADT), has knowledge concerning the development of the Elephant Group/ADT relationship.

f.  Joe Schlitz, Vice President, In-Direct Sales Channel, has knowledge concerning the allegations in the Lawsuit.

g.  Barbara Rabaa, Manager of Due Diligence, Dealer Development & Acquisitions, has knowledge concerning the due diligence process prior to the Agreement.

h.  David Bleisch, Senior Vice President, Chief Legal Officer and Corporate Secretary, has knowledge concerning the allegations in the Lawsuit.

i.  Lee Jackson, Vice President and Associate General Counsel, has knowledge concerning the allegations in the Lawsuit.

j.  Hannah Lim, Vice President, Chief Litigation Counsel, has knowledge concerning the allegations in the Lawsuit.

k.  Maria DiGiorgio, Sr. Corporate Counsel, has knowledge concerning the allegations in the Lawsuit.


6.    Identify every person or entity from whom you have obtained a statement, whether sworn or otherwise, relating to any of the allegations in this Lawsuit.

Response: ADT objects to this Interrogatory on the grounds that "statement" as used in

the Interrogatory is vague, and to the extent it may be construed to impose burdens upon ADT

that are greater than required by the Federal Rules of Civil Procedure and/or applicable law.

Subject to, and without waiver of the foregoing objections, ADT responds that ADT has not

obtained any executed affidavits in this Lawsuit.

7.    Identify all other lawsuits, court proceedings or regulatory matters in which ADT is or was a party that involve any of the same parties or claims in this Lawsuit.

Response:  ADT objects to this Interrogatory to the extent the response thereto is a matter of public record and thus the burden of obtaining such information is no greater for Elephant Group than ADT.   ADT further objects to this Interrogatory to the extent that "any of the same . . . claims" is overbroad, unduly burdensome and unlikely to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing objection, ADT responds as follows: *Guarisma v. ADT Security Services, Inc., ADT LLC, Saveology.com LLC, and Elephant Group, Inc.*, 12-CV- 61782 (S.D.FL); *Julie Petrik v. ADT Security Services, Inc. and Safe Streets USA, LLC*, Case no. 13-02620 (Mich.); *Leonard Bashaw v. ADT Security Services, Inc*., Case no. 13-CV-12718 (E.D. Mich.).

8.    Identify who placed the call to Vishva Desai referenced in ¶ 30 of your Third Party Complaint (Dkt. 121) and state on whose behalf the call was made.

Response:  Based on information available to ADT to date, ADT believes that EMI placed the call to Vishva Desai, and that the call was made on behalf of Paramount.  ADT did not make or authorize such call.  ADT's investigation is ongoing and to the extent that additional information responsive to this request is discovered by ADT, such information will be provided at a later date.

9.    Identify who placed the calls to Philip Charvat referenced in ¶ 61 and 111 of your Third Party Complaint (Dkt. 121) and state on whose behalf the call was made.

Response:  Based on information available to ADT to date, ADT believes that EMI was responsible for at least one call to Philip Charvat.  ADT did not make or authorize such calls.

ADT's investigation is ongoing and to the extent that additional information responsive to this request is discovered by ADT, such information will be provided at a later date.

10.     Identify all experts you may use at trial, specifying the name and address of the expert and the expert's expected testimony.

Response: Unknown at this time. ADT's investigation is ongoing and ADT reserves the right to supplement these answers at a later date, including identification of any experts.

11.     Identify all persons who were involved in negotiating the Agreement.

Response:  Dan Geiger, National Director, ADT Dealer Development, Steve Gribbon, SVP North America Residential Sales (no longer employed by ADT), and Bill Barnes, VP of Dealer Channel (no longer employed by ADT) negotiated the Agreement on behalf of ADT.

12.     Identify all persons who participated on ADT's behalf in selecting, approving, or deciding to contract with Elephant Group, Inc.

Response:  Dan Geiger, National Director, ADT Dealer Development; Steve Gribbon, SVP North America Residential Sales (no longer employed by ADT); Bill Barnes, VP of Dealer Channel (no longer employed by ADT).

13.     Identify all persons who participated on ADT's behalf in reviewing, supervising, overseeing, or monitoring Elephant Group's activities performed pursuant to the Agreement.

Response:  Dan Geiger, National Director, ADT Dealer Development; Nick English, Sr. Manager, Strategic Partnerships & Relations; Matt Boyd, Manager, Strategic Partnerships & Relations;  Laure Roy, Sr. Corporate Counsel (no longer employed by ADT).

7

14.     Identify all persons who communicated on ADT's behalf with Elephant Group concerning the terms of the Agreement.

Response:  ADT objects to this Interrogatory on the grounds that the phrase "concerning the terms of the Agreement" is vague, overly broad, unduly burdensome, and seeks information that is not relevant.  Subject to, and without waiver of the foregoing objections, ADT responds: Dan Geiger, National Director, ADT Dealer Development; Nick English, Sr. Manager, Strategic Partnerships & Relations; Matt Boyd, Manager, Strategic Partnerships & Relations; Steve Gribbon, SVP North America Residential Sales (no longer employed with ADT); Laure Roy, Sr. Corporate Counsel (no longer with ADT); Maria DiGiorgio, Sr. Corporate Counsel.

15.     Identify any limitations, restrictions, or rules ADT placed on Elephant Group concerning the subcontracting of marketing services.

Response: For its response, ADT refers to and incorporates the terms of the Agreement, and in particular, Paragraph 17 of the Agreement.

16.     State what, if any precautions ADT took to ensure that Elephant Group was complying with the terms of the Agreement.

Response:  ADT's business development team and legal department conducted due diligence at the beginning of the relationship with Elephant Group.  During the course of the relationship, Elephant Group was required to submit all marketing materials, including website content, for review and approval by ADT's marketing approval team. Further, all of ADT's marketing partners are contractually obligated to comply with all telemarketing laws and ADT's telemarketing compliance requirements as set forth in their agreements with ADT, and to have, and are required to follow, their own telemarketing policies.

17.     State the date of each audit performed by ADT pursuant to paragraph 13 of the Agreement and identify each person who participated in the audit.

Response:  Outside counsel for ADT conducted a telemarketing compliance audit of

Saveology in approximately June 2012.


18.     Identify all persons participating in any communications between Elephant Group and ADT concerning marketing of products or services, compliance with Telemarketing Laws, prohibited telemarketing practices, or any of the allegations in the Lawsuit.

Response: Kim Banz, Marketing Specialist; Laure Roy, Sr. Corporate Counsel (no longer

with ADT); Maria DiGiorgio, Sr. Corporate Counsel; Dan Geiger, National Director, ADT

Dealer Development; Steve Gribbon, SVP North America Residential Sales (no longer employed

with ADT).


19.     Describe how each of the persons and entities listed in paragraph 1.5 of the Settlement Agreement and Release (Dkt. 240-1) were connected to the calls at issue in this Lawsuit.

Response:   Upon information and belief, EMI, a lead generator, and its principal,

Christopher Long, used prerecorded messages, and retained Dynamic Interactive Corp., a

telecommunication services company, to provide the platform for EMI's pre-recorded

telemarketing campaigns.   EMI contracted with the following companies for purposes of

marketing ADT products and services:  Paramount, Alarm Pros, Home Alert, and Eversafe.  EMI

sold leads to each of those entities.  Paramount then sold those leads to Saveology, which sold

leads to various ADT Dealers.  ADT's investigation is ongoing and to the extent that additional

information responsive to this request is discovered by ADT, such information will be provided

at a later date.

9

20.    State when and how ADT first became aware that EMI, Inc. was marketing ADT products and services.

Response:  ADT first became aware that EMI, Inc. was marketing ADT products and services through discovery conducted in this Lawsuit.

21.    Identify every person or entity of which you are aware with whom EMI, Inc. contracted or agreed to market ADT products and services.

Response:  Upon information and belief, EMI contracted with the following companies to market ADT products and services:  Paramount, Alarm Pros, Home Alert, and Eversafe.  ADT's investigation is ongoing and to the extent that additional information responsive to this request is discovered by ADT, such information will be provided at a later date.

22.    Identify every entity with whom ADT contracted to promote ADT products and services since January 1, 2007.

Response:  ADT objects to this interrogatory on the grounds that it is unduly broad, excessively burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

## VERIFICATION

I, _DANIEL J. GEIGER_ under penalty of perjury, do swear (a) that I have personal knowledge of the facts stated herein; (b) that, to the extent that I do not have personal knowledge of these facts, I have consulted the regularly kept business records and employees of ADT to determine the accuracy of the facts stated in these responses, (c) that based upon my knowledge and investigation, the facts stated in these responses are true.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.      Produce all documents that support the factual basis and amounts of all damages you claim you have suffered, including but not limited to statutory damages, actual damages, and other claimed damages.

Response:  ADT objects to this Request to the extent it calls for disclosure of confidential

information or confidential settlement agreements.  Subject to and without waiver of the

foregoing objection, ADT will produce non-privileged, responsive documents that are not

subject to a confidentiality agreement, within its possession, custody or control.


2.      Produce all documents identified in your responses to the Interrogatories or relied on in preparing your interrogatory responses.

Response:  ADT objects to this Request to the extent it calls for disclosure of confidential

information or confidential settlement agreements.  Subject to and without waiver of the

foregoing objection, ADT will produce non-privileged, responsive documents that are not

subject to a confidentiality agreement, within its possession, custody or control.


3.      Produce all documents related to any settlement, resolution, agreement or release of your claims against any of the parties in this Lawsuit.

Response: ADT objects to this Request on the grounds that it calls for disclosure of

confidential information and confidential settlement agreements.  ADT further objects to this

request to the extent it calls for documents that are protected from disclosure by any applicable

privilege including but not limited to, attorney-client privilege and work product privilege.


4.      Produce all billing records, time sheets and other documents related to ADT's legal fees incurred in this Lawsuit.

11

Response:  Subject to, and without waiver of the General Objections, ADT will produce responsive, non-privileged documents within its possession, custody or control.

5.     Produce all documents pertaining to the matter *Desai v. ADT Sec. Servs., Inc*., Civil Action No. 11-04026 (N.D. Cal.)

Response:   ADT objects to this Request on the grounds that it is not aware of any case captioned  *Desai v. ADT Sec. Servs., Inc*., bearing case no. 11-04026 in the Northern District of California. ADT is aware of a case captioned *Desai v. ADT Sec. Servs., Inc*., bearing case no. 11-04026 in the Central District of California.  Subject to, and without waiver of the foregoing, ADT will produce responsive, non-privileged documents within its possession, custody or control.

6.     Produce all documents pertaining to the matter of *ADT Security Services, Inc. v. Christopher Long*, 8:12-ap-01170-CB (C.D. Cal. Bankruptcy Court).

Response:  ADT objects to this Request as it is unduly broad and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of the foregoing, ADT will produce responsive, non-privileged documents within its possession, custody or control.

7.     Produce all documents pertaining to any other litigated matter arising from or related to the allegations in this Lawsuit.

Response:  ADT objects to this Request as the information sought is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiver of the foregoing, ADT will produce responsive, non-privileged documents concerning opt-outs from the instant Lawsuit.

8.      Produce all documents pertaining to the November 2007 Consent Decree and Order for Civil Penalties ("Consent Decree") between ADT and the FTC.

Response:  ADT objects to this Request on the grounds that the information sought is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

9.      Produce copies of each consumer complaint relating to telemarketing ADT received since January 1, 2007.

Response:  ADT objects to this Request on the grounds that the information sought is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.  ADT further objects to this request on the grounds that it violates consumer privacy as ADT cannot disclose consumer names and identifying information (including telephone numbers) without consumers' consent.

10.      Produce all monthly reports submitted to the FTC documenting the complaints made to ADT since January 1, 2007.

Response:  ADT objects to this request on the grounds that the information sought is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

11.      Produce all complaints received from any Attorney General relating to allegedly unlawful robo-telemarketing since January 1, 2007.

Response:  ADT objects to this request on the grounds that the information sought is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.  ADT further objects to this request on the grounds that it violates consumer privacy as ADT cannot disclose consumer names and identifying information (including telephone numbers) without consumers' consent.

13

12.     Produce all documents pertaining to any contract or agreement between EMI, Inc. and any other person or entity relating to the marketing of ADT products and services., including but not limited to EMI's contracts or agreements with Home Alert, Inc. AlarmPros, Defender Direct, Inc., DirectSavings USA or Paramount Media Group.

Response:  Subject to, and without waiver of the General Objections, ADT will produce responsive, non-privileged documents, if any, within its possession, custody or control.

13.     Produce all documents relating to calls placed by EMI, Inc. relating to marketing of ADT products and services.

Response:  Subject to, and without waiver of the General Objections, ADT will produce responsive, non-privileged documents, if any, within its possession, custody or control.

14.     Produce all statements by any person, whether sworn or not, concerning the facts or allegations in the Lawsuit.

Response:  ADT objects to this Request on the grounds that "statement" as used in the Request is vague, and to the extent it may be construed to impose burdens upon ADT that are greater than required by the Federal Rules of Civil Procedure and/or applicable law.  Subject to, and without waiver of the foregoing objections, ADT responds as follows: ADT has not obtained any executed affidavits in this Lawsuit.

15.     Produce all statements, documents, notes, records and any other materials you obtained from Christopher Long.

Response:  Subject to, and without waiver of the General Objections, ADT will produce responsive, non-privileged documents, if any, within its possession, custody or control.

16.     Produce all contracts, agreements, proposals, work orders, or understandings between ADT Security Services, Inc. and every released party identified in paragraph 2.24 of the Settlement Agreement and Release (Dkt. 240-1).

14

Response:  ADT objects to this Request on the grounds that it is vague, unduly broad, excessively burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing objections, ADT will produce the contracts between ADT Security Services, Inc. and each of Defender Security, Inc., Eversafe Security Systems, Inc., Home Alert, Inc., and Elephant Group, LLC/ Saveology LLC.

17.     Produce all documents, notes, records, checks, and other materials relating to any form of compensation you received from any of the released parties identified in paragraph 2.24 of the Settlement Agreement and Release (Dkt. 240-1).

Response:  ADT objects to this Request on the grounds that it calls for disclosure of confidential information, including the terms of confidential settlement agreements.

18.     Produce all documents relating to marketing services (including but not limited to telemarketing and e-mailing services) ADT provided to any of the individuals and entities identified in paragraph 2.24 of the Settlement Agreement and Release (Dkt. 240-1).

Response:  ADT objects to this request on the grounds that it is unduly broad, excessively burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing objection, ADT will produce the telemarketing guidelines provided to ADT Authorized Dealers, ADT Authorized Telemarketers, and ADT Authorized Marketing Partners.

19.     Produce all contracts, agreements, proposals, work orders, or understandings between ADT and Elephant Group, including any modifications, revisions, addendums, amendments or change orders thereto.

Response:  Subject to, and without waiver of the General Objections, ADT will produce responsive, non-privileged documents within its possession, custody or control.

15

20.     Produce all contracts, agreements, proposals, work orders, or understandings between ADT any of the individuals and entities identified in paragraph 2.24 of the Settlement Agreement and Release (Dkt. 240-1) including any modifications, revisions, addendums, amendments or change orders thereto.

Response:  ADT incorporates its Response to Request no. 16.

21.     Produce all documents concerning or constituting communications between Elephant Group and ADT relating to the Agreement.

Response:  Subject to, and without waiver of the General Objections, ADT will produce

responsive, non-privileged documents within its possession, custody or control.

22.     Produce all documents concerning or constituting internal communications, whether between or among ADT employees or representatives, or by a single one of your employees (i.e. handwritten notes, memos to file) relating to the Agreement.

Response:  Subject to, and without waiver of the General Objections, ADT will produce

responsive, non-privileged documents within its possession, custody or control.

23.     Produce all documents interpreting the Agreement, or any part thereof.

Response:  Subject to, and without waiver of the General Objections, ADT  will produce

responsive, non-privileged documents within its possession, custody or control.

24.     Produce all documents concerning complaints, demand letters, grievances, or lawsuits against ADT alleging that ADT or any of its affiliates engaged in unsolicited outbound telemarketing, use of prerecorded messages or robocalls, or any other violation of the Telemarketing Laws in connection with marketing ADT products or services.

Response:  ADT objects to this Request on the grounds that the information sought is not

relevant and not reasonably calculated to lead to the discovery of admissible evidence.

16

25.    Produce all documents concerning any judgment, fine, penalty, settlement, or other obligation imposed on ADT by reason of or relating to any allegation that ADT violated the Telemarketing Laws.

Response:  ADT objects to this Request on the grounds that the information sought is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

26.    Produce all documents, policies, procedures, manuals, guidelines, handbooks, standards and instructions concerning compliance with Telemarketing Laws.

Response: ADT objects to this Request on the grounds that it is overbroad, excessively burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiver of the foregoing objection, ADT will produce the telemarketing policies and guidelines provided to ADT Authorized Dealers, ADT Authorized Telemarketers, and ADT Authorized Marketing Partners.

27.    Produce all documents, policies, procedures, manuals, guidelines, handbooks, standards and instructions concerning compliance with Telemarketing Laws that ADT provided to or distributed to Elephant Group.

Response:  Subject to, and without waiver of the General Objections, ADT will produce responsive, non-privileged documents within its possession, custody or control.

28.    Produce all documents, policies, procedures, manuals, guidelines, handbooks, standards and instructions concerning compliance with Telemarketing Laws that ADT provided to or distributed to any of the individuals and entities identified in paragraph 2.24 of the Settlement Agreement and Release (Dkt. 240-1).

Response:  ADT objects to this Request on the grounds that it is unduly broad, excessively burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, ADT will produce the telemarketing policies and guidelines provided to

17

ADT Authorized Dealers, ADT Authorized Telemarketers, and ADT Authorized Marketing Partners.

29.     Produce all documents concerning ADT's enforcement of all policies and procedures for compliance with Telemarketing Laws.

Response:  ADT objects to this Request on the grounds that it is unduly broad, excessively burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

30.     Produce all documents concerning any allegations that any of ADT's agents or Affiliates have violated or failed to comply with Telemarketing Laws in connection with the marketing of ADT products or services.

Response:  ADT objects to this Request on the grounds that it is unduly broad, excessively burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiver of the foregoing objections, ADT will produce all documents concerning any allegations that Elephant Group and its Affiliates have violated or failed to comply with Telemarketing Laws in connection with the marketing of ADT products or services.

31.     Produce all documents concerning the criteria ADT uses to determine whom to retain or contract with to promote and refer leads and market ADT products and services.

Response: ADT objects to this Request on the grounds that the information sought is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

32.     Produce all documents concerning ADT's supervision, oversight, and monitoring of any of the individuals and entities identified in paragraph 2.24 of the Settlement Agreement and Release (Dkt. 240-1).

18

Response: ADT objects to this Request on the grounds that it is overbroad, excessively burdensome, and the information sought is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

33.     Produce all documents sufficient to identify the persons responsible for supervising, overseeing, or monitoring each of the individuals and entities identified in paragraph 2.24 of the Settlement Agreement and Release (Dkt. 240-1).

Response: ADT objects to this request on the grounds that it is vague, unduly broad, excessively burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

34.     Produce all documents concerning negotiations or communications between ADT and Elephant Group relating to the marketing of ADT products or services.

Response: Subject to, and without waiver of the General Objections, ADT will produce responsive, non-privileged documents within its possession, custody or control.

35.     Produce all documents concerning EMI's telemarketing activities involving ADT products or services.

Response: Subject to, and without waiver of the General Objections, ADT will produce responsive, non-privileged documents within its possession, custody or control.

36.     Produce all documents concerning or constituting communications between ADT and EMI relating to this Lawsuit.

Response: Subject to, and without waiver of the General Objections, ADT will produce responsive, non-privileged documents, if any, within its possession, custody or control.

37.     Produce all documents concerning or constituting communications between ADT and each of the individuals and entities identified in paragraph 2.24 of the Settlement Agreement and Release (Dkt. 240-1) relating to this lawsuit.

Response:  ADT objects to this Request on the grounds that it is unduly broad, excessively burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.

38.     Produce all documents concerning any investigation by ADT of EMI or investigation of the relationship between EMI and any of the individuals and entities identified in paragraph 2.24 of the Settlement Agreement and Release (Dkt. 240-1).

Response:  ADT objects to this Request on the grounds that all documents responsive to this Request are protected from disclosure by privilege including but not limited to, attorney-client privilege and work product privilege.

39.     Produce all documents concerning any complaints, demand letters, grievances, or lawsuits against EMI alleging that EMI engaged in unsolicited outbound telemarketing, use of prerecorded messages or robocalls, or any other violation of the Telemarketing Laws.

Response:  Subject to, and without waiver of the General Objections, ADT will produce responsive, non-privileged documents, if any, within its possession, custody or control.

40.     Produce all documents concerning any complaints, demand letters, grievances, or lawsuits against any of the individuals or entities identified in paragraph 2.24 of the Settlement Agreement and Release (Dkt. 240-1) alleging that any of those individuals or entities engaged in unsolicited outbound telemarketing, use of prerecorded messages or robocalls, or any other violation of the Telemarketing Laws.

Response:  ADT objects to this Request on the grounds that it is unduly broad, excessively burdensome, and seeks information that is not relevant, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiver of the foregoing objections, ADT will produce responsive, non-privileged documents concerning complaints that

20

Elephant Group and/or Saveology have violated or failed to comply with Telemarketing Laws in connection with the marketing of ADT products or services.

<div style="margin-left:40%">

McNEW P.A.

s/ C. Sanders McNew
C. Sanders McNew (*pro hac vice*)
2385 NW Executive Center Drive
Suite 100
Boca Raton, Florida 33431
Telephone: (561) 299-0257
mcnew@mcnew.net
*Counsel for ADT*

</div>

<div style="text-align:center">

## CERTIFICATE OF SERVICE

</div>

     I hereby certify that a true and correct copy of the foregoing was served by email on this 3rd day of March 2014 on all counsel of record on the service list below.

Daniel W. Pisani
Sessions Fishman Nathan & Israel LLP
55 West Monroe, Suite 1120
Chicago, IL 60603
(312) 578-0990
dpisani@sessions-law.biz

James K. Schultz
Sessions Fishman Nathan & Israel LLP
55 West Monroe, Suite 1120
Chicago, IL 60603
(312) 578-0990
jschultz@sessions-law.biz

<div style="margin-left:50%">

By: s/ C. Sanders McNew
        C. Sanders McNew

</div>