IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VISHVA DESAI and PHILIP J. CHARVAT, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>ADT SECURITY SYSTEMS, INC.,<br><br>    Defendant/<br>  Third Party Plaintiff,<br><br>v.<br><br>PETE TOLMAN, *et al.*<br><br>  Third Party Defendants.<br><br>---<br><br>SAFE STREETS USA, LLC, as successor to EVERSAFE SECRUITY SYSTEMS, INC.<br><br>  Third Party Defendant/<br>    Cross-Plaintiff,<br><br>v.<br><br>DIRECT SAVINGS USA, INC., *et al.*<br><br>  Third Party Defendants/<br>    Cross-Defendants/<br>  Fourth Party Defendant. | No. 11 C 1925 |

1

ORDER

The Elephant Group, Inc. ("EG") has filed a motion asking me to "clarify whether the award of $8 million in settlement costs and reasonable attorneys' fees to...ADT Security Systems, Inc. ("ADT") is a final judgment from which an appeal can be taken." Dkt. No. 305 at 1-2. The motion is denied, but I will take this opportunity to clarify the posture of this case.

On January 30, 2015, I granted ADT's motion for summary judgment on its contractual indemnification claim against EG, but left open the amount ADT could recover from EG for "reasonable attorney's fees and costs" under Paragraph 23.F of the Agreement. See Dkt. No. 304.

Importantly, I did not enter a final judgment on January 30, 2015 because ADT had unresolved claims against other third party defendants. See Dkt. No. 248 (July 2013 order granting ADT's motion to modify previous docket entry such case remained open with respect to its indemnification claims against all third party defendants other than Eversafe Security Systems, Inc. and Safe Streets USA, LLC).

Since July 2013, ADT has dismissed its third party claims against Christopher Long upon entry of a permanent injunction against him (Dkt. No. 255 at ¶ 7) and moved for summary judgment on its contractual indemnification claim against EG (Dkt. No. 280). ADT has taken no action, however, against the other third

party defendants against whom it purported to have live claims in July 2013 when I approved the class settlement. Therefore, I dismiss ADT's claims against all third party defendants other than EG for failure to prosecute.[1] The only other claim in this case--Safe Streets USA, LLC's cross claim against Direct Savings USA, Inc. and Oscar Montenegro and fourth party claim against Direct Savings USA LLC--were resolved by default. *See* Dkt. No. 156.

Having resolved all claims in this case, I will now enter a final judgment in accordance with Rule 58(a). ADT's pending claim for attorney's fees under Paragraph 23.F of the Agreement does not preclude EG from taking an appeal under 28 U.S.C. § 1291. *See Ray Haluch Gravel Co. v. Central Pension Fund of the Int'l Union of Operating Engineers and Participating Employers*, 134 S. Ct. 773, 777 (2014) ("Whether the claim for attorney's fees is based on a statute, a contract, or both, the pendency of a ruling on an award for fees and costs does not prevent, as a general rule, the merits judgment from becoming final for purposes of appeal."); *Continental Bank, N.A. v. Everett*, 964 F.2d 701, 702-3 (7th Cir. 1992) (same).

---

[1] ADT previously obtained a default judgment against several third party defendants. *See* Dkt. No. 119 (granting ADT's motion to default against City VIP, LLC; Direct Savings USA, Inc.; JMB Enterprises; Leads Direct Marketing; Oscar Montenegro; Pete Tolman; and Voice Tel Corporation); Dkt. No. 138 (granting ADT's motion for default against EMI, Inc. and Christopher Long).

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: February 26, 2015