# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| VISHVA DESAI and PHILIP J. CHARVAT on behalf of themselves and others similarly situated, | |
| Plaintiffs, | Case No: 1:11-cv-1925 |
| vs. | |
| ADT Security Services, Inc., | Judge Bucklo |
| Defendant/Third Party Plaintiff, | Magistrate Judge Keys |
| v. | |
| PETE TOLMAN, LEADS DIRECT MARKETING, VOICE TEL CORP., CHRISTOPHER LONG, EMI, INC., CITY VIP, LLC, JMB ENTERPRISES, DIRECT SAVINGS USA, INC., OSCAR MONTENEGRO, EVERSAFE SECURITY SYSTEMS, INC., SAFE STREETS USA, LLC, PARAMOUNT MEDIA GROUP, THE ELEPHANT GROUP, INC., and UNKNOWN JOHN DOE DEFENDANTS I THROUGH XX, | |
| Third-Party Defendants, | |
| SAFE STREETS USA, LLC, SUCCESSOR BY MERGER TO EVERSAFE SECURITY SYSTEMS, INC., | |
| Fourth-Party Plaintiff, | |
| v. | |
| DIRECT SAVINGS USA, LLC, | |
| Fourth-Party Defendant. | |

**ADT'S MOTION FOR AN AWARD OF FEES AND INTEREST**

Third-Party Plaintiff, ADT Security Services, Inc. ("ADT"), moves the Court pursuant to Local Rule 54.3 and this Court's order [DE 304 at 20] for an order awarding ADT's fees and costs in the amount of $2,628,719, and prejudgment interest in the amount of $915,272, and in support states:

1.     The Court granted ADT's motion for summary judgment against Elephant Group in the amount of $8 million.  [DE 304 at 20.]  The Court found that it found insufficient support in the record for a finding that ADT's fees incurred had been "reasonable," and directed the parties to comply with the requirements of Local Rule 54.3 to settle fees and costs, including the submission of a joint statement no later than April 18.  [*Id.*]

2.     Despite ADT's best efforts to comply with the Court's order, ADT has been unable to elicit Elephant Group's consent to fees or cooperation in defining areas of dispute. Undersigned counsel has sent counsel for Elephant Group no fewer than ten emails to defendants' counsel (on February 5, February 11, February 12, February 21, March 4, March 13, March 14, March 27, April 1, and April 2), and has spoken at least as many time by telephone with defense counsel, asking the defense to engage ADT in this process – either to agree with the fees and costs sought, or else to specify its areas of disagreement.  In response, Elephant Group has done neither, instead largely ignoring ADT's numerous efforts to engage it in this process.

3.     In addition, the parties have *twice* mediated Elephant Group's overall liability to ADT since the Court awarded summary judgment, on April 3 and again on April 17.  At both mediations, ADT again restated its distress that Elephant Group had not conferred with ADT as required by Local Rule 54.3, and again asked either for consent to ADT's requested fees, or else an explanation as to any objection Elephant Group might present.  Apart from a vague assertion

that Elephant Group's board of directors needs more information, Elephant Group has not answered these requests.

4.   More than two months ago, by email dated February 5, 2015, undersigned counsel pointed the defense to the ADT billing records that ADT had already produced in discovery, with redactions as provided by the local rule.  (Exhibit 1, at Exhibit A.)  On February 12, Elephant Group stated by email that it required proof that ADT had in fact *paid* these invoices.  In response, ADT provided its records documenting payments of the invoices on March 4. (Exhibit 1, at 2 & Exhibit B.)

5.   Elephant Group now contends that it cannot determine the reasonableness of ADT's fee requests unless it is permitted to review the unredacted billing records of ADT's attorneys, so that Elephant Group may go behind them to determine the charges that Elephant Group concedes are reasonable, and those which it contends are not.  Elephant Group has not objected to any particular time entries, or to any particular records, or to any particular fee or expense, nor has it identified any particular records that it believes it must review in unredacted form.  Instead, Elephant Group states categorically that unless it is given ADT's unredacted records, it cannot engage ADT in this process.

6.   ADT is unwilling to release its unredacted statements to Elephant Group.  The local rule does not require it.  If need be, ADT will submit the unredacted bills *in camera* for the Court to review.

7.   The Court should note, in reviewing the accompanying billing records, that the amounts ADT seeks in fact understate ADT's entitlement to fees.  ADT has agreed to pay McNew P.A. a fixed fee to litigate ADT's claims against Elephant Group, plus a percentage of any fees ADT actually recovers from Elephant Group.  Given ADT's uncertain ability to recover

the judgment from Elephant Group, ADT is not asking the Court to award it the contingent portion of the McNew P.A. fee. (Exhibit 1, at 2.)

***The Court Should Award The Requested Fee As Reasonable.***

8. Elephant Group should not be permitted to insist on a detailed review of ADT's attorney fees that ADT paid to defend itself in this TCPA class action. As the Court has elsewhere noted, this case presented ADT with the risk of *billions of dollars* in liability to the putative class under the TCPA – a risk directly caused by Elephant Group's failure to exercise due care in the supervision of its agents and subagents. In the context of the claims asserted against ADT, and the two years of class litigation before this Court, the fee sought is reasonable by any rational standard. The Court may review its own docket, and consider the work required of ADT's lawyers to defend and mediate this class action, in determining whether the fee sought is reasonable. *See, e.g., Cintas Corp. v. Perry*, 517 F.3d 459, 470 (7th Cir. 2008) (the "district court is in a superior position to observe the work of the attorneys and appraise the appropriate value of their services"; internal punctuation omitted); *accord, e.g., Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 569 (7th Cir. 2006).

9. Elephant has not contended – nor can it – that ADT did not pay these fees, or that ADT improvidently paid them. The Seventh Circuit has repeatedly held that payment of a fee is the best evidence that it was reasonable: "the evidence in the fee proceeding established that Aramark paid Perry's bills; '[i]f counsel submit bills with the level of detail that paying clients find satisfactory, a federal court should not require more.'" *Cintas Corp.* 517 F.3d at 469, *quoting In re Synthroid Mkt'g Litig.*, 264 F.3d 712, 722 (7th Cir. 2001). "The best evidence of whether attorney's fees are reasonable is whether a party has paid them." *Id.; accord, e.g., RK Co. v. See,* 622 F.3d 846, 854 (7th Cir. 2010); *Stark v. PPM Am., Inc.*, 354 F.3d 666, 675 (7th

Cir. 2004); *Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 200 F.3d 518, 520–21 (7th Cir. 1999); *Balcor Real Estate Holdings, Inc. v. Walentas–Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996). As Judge Easterbrook stated in similar circumstances in *Balcor*:

> Courts award fees at the market rate, and the best evidence of the market value of legal services is what people pay for it. Indeed, this is not "evidence" about market value; it *is* market value. Although courts interpolate the word "reasonable" into clauses of this kind, the best guarantee of reasonableness is willingness to pay. Balcor asked Walentas to make good its actual outlays. Although Walentas denies that Balcor got its money's worth, it does not deny that these were real bills that Balcor paid and it does not argue that Balcor's lawyers ran the meter because they thought that Walentas would have to cover the tab. Corporate inside counsel monitor bills submitted by outside counsel; nothing in the record suggests that these bills received less than the usual review. They were deemed commercially reasonable and paid. Having defaulted on its obligations and forced Balcor to incur these costs, Walentas is in no position to complain that it induced Balcor to incur large legal costs—especially not when the lengthy discovery into the negotiating history was at Walentas's insistence. By protesting the quantification of fees, Walentas is trying to weasel out of the contract yet again, for the contract requires him to hold Balcor harmless—that is, to make it whole.

*Balcor*, 73 F.3d at 153.

10.     For these reasons, supported by the controlling Seventh Circuit authorities, and in light of Elephant Group's persistent refusal to engage meaningfully in the requirements of Local Rule 54.3, ADT asks the Court to enter judgment on attorney fees and costs in the amount of $2,628,719. ADT will present its unredacted billing records to the Court for in camera review if the Court wishes to conduct an independent review of the records.

**The Court Should Award Prejudgment Interest.**

11.     In addition, the Court should award prejudgment interest in the amount of $915,272. ADT did not specifically plead for an award of prejudgment interest. The Seventh Circuit has held that a party does not waive a right to an award of prejudgment interest by failing to request it. *See RK Co.*, 622 F.3d at 853-54. As the Seventh Circuit observes: "Rule 54(c) of

the Federal Rules of Civil Procedure provides that a prevailing party will be granted all the relief to which it is entitled, 'even if the party has not demanded that relief in its pleadings.'" *Id*. at 853. "Prejudgment interest is presumptively available in this circuit, and Dr. See cannot argue that he would have acted any differently had the request been spelled out" prior to entry of judgment. *Id.* at 854.

12. As the Court has recognized, ADT's indemnity claim is governed by Colorado law. [DE 304 at 12.] Prejudgment interest ordinarily would be decided by Colorado law. Colorado, however, requires the forum court to apply the forum's law in awarding prejudgment interest. *See Sharp Bros. Contracting Co. v. Westvaco Corp.*, 878 P.2d 38, 46 (Colo. 1994). The Seventh Circuit, interpreting Illinois law, awards prejudgment interest on contractual indemnity claims. *See, e.g., U.C. Castings Co. v. Knight*, 754 F.2d 1363, 1376 (7th Cir. 1985). Illinois appears to apply a five-percent statutory rate. *See* 815 ILCS 205/2. ADT provided this analysis to Elephant Group over two months ago, by email dated February 5, and Elephant Group has not contested it.

13. ADT paid the class settlement on or about August 9, 2013. ADT's attorney fees and costs, except for fees paid to undersigned counsel, were incurred no later than August 2013. Elephant Group's $8 million share of the judgment, plus ADT's fees and costs through August 2013, amount to $10,460,257. Interest on this sum at five percent accrues at a monthly rate of $43,584. Assuming entry of judgment sometime in early May 2015, ADT should be entitled to 21 months of interest on that sum, in the total amount of $915,272. This amount does not provide ADT with prejudgment interest on the sums it has paid, and will continue to pay, to McNew P.A. to obtain judgment against Elephant Group in this matter.

## CONCLUSION

ADT respectfully asks that this Court grant its motion, enter judgment for fees and costs in the amount of $2,628,719.40, enter judgment for prejudgment interest in the amount of $915,272, and grant any further relief that the Court finds just and equitable.

Dated:   April 22, 2015                    Respectfully submitted,

                              _____ /s/ Mark T. Deming____
                              Mark T. Deming (IL 6299631)
                              POLSINELLI PC
                              161 North Clark Street, Suite 4200
                              Chicago, Illinois  60601
                              T: (312) 819-1900
                              F: (312) 819-1910
                              *mdeming@polsinelli.com*

                              C. Sanders McNew
                              MCNEW P.A.
                              2385 Nw Executive Center Drive
                              Suite 100
                              Boca Raton, Florida  33431
                              T: (561) 299-0257
                              F: (561) 299-3705
                              *mcnew@mcnew.net*

                              *Attorneys for ADT Security Services, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 22 2015, a public version of the foregoing motion and related exhibits was filed with the Court's CM/ECF system, notice of which was sent to all counsel of record by the Court's CM/ECF system.   A confidential version of the foregoing motion and related exhibits was also served on The Elephant Group's counsel of record by electronic mail.

                              _____ /s/Mark T. Deming____

7