UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VISHVA DESAI and PHILIP J. CHARVAT on behalf of themselves and others similarly situated, <br><br> *Plaintiffs,* <br><br> v. <br><br> ADT SECURITY SERVICES, INC., <br><br> *Defendant/Third Party Plaintiff,* <br><br> v. <br><br> PETE TOLMAN, LEADS DIRECT MARKETING, VOICE TEL CORP., CHRISTOPHER LONG, EMI, INC., CITY VIP, LLC, JMB ENTERPRISES, DIRECT SAVINGS USA, INC., OSCAR MONTENEGRO, EVERSAFE SECURITY SYSTEMS, INC., SAFE STREETS USA, LLC, PARAMOUNT MEDIA GROUP, THE ELEPHANT GROUP, INC., *and* UNKNOWN JOHN DOE DEFENDANTS I THROUGH XX, <br><br> *Third-Party Defendants.* <br><br> SAFE STREETS USA, LLC, SUCCESSOR BY MERGER TO EVERSAFE SECURITY SYSTEMS, INC., <br><br> *Fourth-Party Plaintiff,* <br><br> v. <br><br> DIRECT SAVINGS USA, LLC, <br><br> *Fourth-Party Defendant.* | Case No. 11 C 1925 <br><br> Judge Elaine E. Bucklo |

## THE ELEPHANT GROUP'S MOTION TO CONTINUE, OR TO EXTEND TIME TO RESPOND TO, ADT'S MOTION FOR ATTORNEY FEES

Third-Party Defendant The Elephant Group, Inc. ("EG"), hereby moves the Court for an order entering and continuing, or extending by 30 days from the date of this filing the time within which it may respond to, the motion for an award of attorney fees filed by Defendant and Third-Party Plaintiff ADT Security Services, Inc. ("ADT"). In support of this motion, undersigned counsel states as follows:

On January 30, 2015 the Court issued an opinion and order granting ADT's motion for summary judgment against EG in part, and denying EG's motion for summary judgment. In that ruling the District Court awarded $8 million in damages to ADT against EG, but left pending the issue of ADT's recovery of attorney fees. ECF Doc. #s 303 (minute order), 304 (opinion). On April 22, 2015, ADT filed a motion seeking an award of attorney fees. ECF Doc. # 326. On April 27, 2015 the Court set a response date of May 20, 2015 for ADT's fee motion, and set a ruling date of July 9, 2015. ECF Doc. # 329.

Before and after the filing of ADT's fee motion, counsel for EG communicated with counsel for ADT in accordance with Local Rule 54.3(d), which requires parties in a fee dispute to attempt to agree on the amount of fees that should be awarded prior to the filing of a motion. During these exchanges EG's counsel made several requests that ADT provide it with copies of the invoices its counsel had provided to ADT in connection with their work on this case. In response, counsel provided invoices that had been redacted to remove *all* descriptive information regarding work done for *all* of the time

entries on the invoices, leaving only dates and amounts of time. See Exhibit A to ADT's fee motion. When ADT declined to provide unredacted (or less redacted) invoices, EG filed a motion to compel production of invoices that complied with Local Rule 54.3(d)(1). That motion was filed on May 11, 2015. ECF Doc. # 335. Shortly after that motion was filed, ADT agreed to provide EG with unredacted invoices, and EG's motion was withdrawn. ECF Doc. # 337.

ADT provided unredacted invoices to EG on May 14, 2015. The invoices provided are voluminous, and include bills from at least three law firms, one legal support firm, four vendors and a mediation service. The review of these invoices for purposes of responding to ADT's fee motion will take substantial additional time. That task will be complicated by the fact that undersigned counsel and his firm were not involved in this case until after the Court entered its summary judgment order, and thus do not have historical knowledge of the case. This will necessitate at least some consultation with EG's prior counsel, which will add to the time required to review the bills and draft a response.

In addition, undersigned counsel notes that the parties are actively engaged in efforts to resolve pending matters in this case, including those posed by ADT's fee motion. To that end, undersigned counsel has been in communication with counsel for ADT during the last 10 days regarding whether ADT's fee motion should be entered and continued while settlement discussions continue. (Should those efforts succeed, they would obviate the need for a ruling on ADT's fee motion (or any response to it).) Those

3

discussions were extended by the tendering of the most recent settlement proposal and by the recently passed holiday weekend. While these discussions have been constructive, counsel have not yet been able to come to an agreement on this issue. One alternative discussed was to ask the Court to enter and continue ADT's fee motion pending further settlement discussions, and to set a status hearing (or require a written status report) in two to three weeks. EG requests that the Court consider doing so as an alternative to EG's extension request.

Accordingly EG requests that the Court either (1) enter and continue ADT's fee motion and set a status date (for hearing or report) within two to three weeks from the date of this filing, or (2) extend the date for EG to respond to ADT's fee motion by 30 days from the date of this filing, to and including June 25, 2015, and set a new date thereafter for a ruling.

    Respectfully submitted,

*/s/ Joel D. Bertocchi*
David M. Schultz
Joel D. Bertocchi
Gretchen Harris Sperry
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
312-704-3000
Fax 312-704-3001
jbertocchi@hinshawlaw.com

*Counsel for Third-Party Defendant*
*The Elephant Group, Inc.*

## DECLARATION

The undersigned states that the facts set forth in this motion are true and correct to the best of his knowledge.

<em>/s/ Joel D. Bertocchi</em>

## CERTIFICATE OF SERVICE

I certify that on May 26, 2015 the preceding document was filed electronically with the Court using the CMF/ECF system, which will accomplish service on all counsel of record.

<em>/s/ Joel D. Bertocchi</em>